UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2003 OCT 31  P 3: 12

US DISTRICT COURT
BRIDGEPORT CT

SUSAN E. WOOD,

    Plaintiff,

- against -

SEMPRA ENERGY TRADING
CORPORATION,

    Defendant.

CIVIL ACTION NO.
3:03-CV-986 (JCH)

October 31, 2003

## JOINT STATUS REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, and this Court's Status Conference Order dated July 23, 2003 [doc. #12], Plaintiff Susan Wood ("Plaintiff" or "Wood") and Defendant Sempra Energy Trading Corp. ("Defendant" or "Sempra") respectfully submit this Joint Status Report. Consistent with the Court's Status Conference Order, the parties jointly report as follows:

### 1. Nature of the Case and Relief Requested

Among other claims articulated in greater detail in her Complaint, Plaintiff alleges that she is a lesbian and that she suffered: (i) sexual discrimination, (ii) sexual orientation discrimination, and (iii) retaliation, which resulted in the unjustified termination of Plaintiff from her position of Assistant Vice President. In particular, Plaintiff alleges that she was physically assaulted and verbally attacked by Joe Howley ("Howley Incident"), a managing director of Defendant, on Sempra's trading room floor and, after making a number of complaints about the Howley Incident, was subsequently terminated by Defendant at a termination meeting which

Plaintiff alleges was tainted, in part, by the presence of Sarathi Roy, (a) who was Plaintiff's supervisor, (b) had a close working relationship with Howley, (c) was a witness to the Howley Incident, and (d) had a role in deciding to terminate Plaintiff.

Further, prior to assuming her position with Defendant, Plaintiff claims that she was promised as part of her employment package with Defendant that she would receive a bonus of 10% to 15% of profits booked by Plaintiff for Defendant. Despite this alleged promise, Plaintiff was not paid a bonus following her termination.

As a result of Defendant's alleged conduct, Plaintiff seeks: (i) compensatory damages, (ii) double damages, (iii) punitive damages, (iv) payment of the performance bonus which she allegedly earned prior to her termination, (v) unreimbursed business expenses, (vi) attorneys' fees, and (vii) interest.

Among other defenses articulated at length in its Answer, Defendant denies that the Plaintiff was discriminated against or retaliated against in any way and affirmatively alleges that all actions taken with respect to Plaintiff's employment were taken for legitimate business reasons and in accordance with obligations, rights, and privileges afforded by law. Defendant further contends that Plaintiff is not entitled to a performance bonus, whether that claim is asserted as a matter of contract law or under the Connecticut wage and hour statute. As such, Defendant believes that Plaintiff cannot recover anything in this lawsuit.

Plaintiff disputes Defendant's defenses and asserts that they are false and otherwise pretextual.

This case, to the best of the parties' knowledge, has no relationship to other pending actions.

2. **Summary of Disputed Issues of Fact and Law**

Plaintiff has brought a multi-count Complaint predicated on (i) gender discrimination, (ii) sexual orientation discrimination, (ii) retaliatory termination for lodging complaints as to such discrimination, (iv) breach of an employment agreement, and (v) breach of an obligation to pay a bonus.

Defendant disputes Plaintiff's claims. In particular, Defendant disputes that Plaintiff was discriminated against on the basis of her gender or sexual orientation or retaliated against for allegedly complaining about such alleged discrimination. Defendant further disputes that Plaintiff is entitled to payment of any performance bonus, whether as a matter of contract law or pursuant to the Connecticut wage and hour statute.

Among other alleged facts, Defendant disputes that: (i) Plaintiff was promised payment of a performance bonus; (ii) Plaintiff complained that she had been harassed on the basis of her gender or sexual orientation; (iii) the person who made the decision to terminate Plaintiff's employment, Sarathi Roy, made sexual innuendos to Plaintiff; and (iv) Mr. Roy was uncomfortable with Plaintiff's homosexuality.

3. **Discovery**

Defendant has served its First Set of Interrogatories and Requests for Production of Documents, to which Plaintiff has responded.

On October 27, 2003, Plaintiff served her First Set of Interrogatories and Requests for Production of Documents. Defendant's objections and responses are currently due to be served on December 1, 2003.

Defendant intends to depose Plaintiff in November 2003. Plaintiff intends to depose ten of Defendant's witnesses in November and December 2003.

### 4. Dispositive Motions

Defendant intends to file a dispositive motion as to some or all of the claims in the Complaint, as Defendant believes that there is no genuine issue of material fact to be tried on Plaintiff's discrimination or contract-based claims. In particular, there is no evidence showing that Plaintiff was subject to a hostile work environment or terminated because of her gender or sexual orientation. Similarly, Plaintiff was an at-will employee who had no contractual or other entitlement to payment of a bonus, as she contends.

Plaintiff intends to file a Memorandum of Law in opposition to Defendant's Motion for Summary Judgment. It is Plaintiff's position that the admitted facts of this case controvert Defendant's stated factual defenses, and that clear legal precedent in the area of employment discrimination and employment contracts will necessitate summary denial of Defendant's Motion for Summary Judgment.

### 5. Additional Pleadings To Be Filed

The additional pleadings that the parties contemplate filing at this point are Defendant's Motion for Summary Judgment and, if necessary, a Joint Pre-Trial Memorandum and any other necessary pre-trial motions, including, but not limited to, motions in limine.

### 6. Trial Readiness

The parties submit that this case can be ready for trial within sixty (60) days of the Court's ruling on dispositive motions. Given the current dispositive motion deadline of March 15, 2004 and assuming that the Court will take at least 90 days to rule on any dispositive motions, this case would be ready for trial no later than August 15, 2004. At this juncture, without the benefit of having completed discovery or having engaged in dispositive motion practice to narrow the claims before the Court, the parties anticipate that this trial will last

approximately 3-5 days.

Plaintiff agrees to maintain the schedule set forth in the Rule 26(f) Report of the Parties' Planning Meeting. It is Plaintiff's belief that the myriad of significant disputed factual issues in this matter make summary judgment inappropriate and, hence, a denial of Defendant's motion for summary judgment will be swift, and therefore, this case may be set down for trial forthwith. Based on the foregoing, it is the Plaintiff's view that the parties should be prepared to go to trial in June or July of 2004.

### 7. **Additional Preparation**

Based upon facts disclosed by the discovery detailed above, Plaintiff believes that she may need to take third-party depositions. Beyond that, the parties cannot conceive of additional preparation required at this time.

### 8. **Court Assistance**

The parties believe that they can work cooperatively through the discovery process and do not presently anticipate the need for assistance from the Court.

### 9. **Settlement**

The parties believe that a December 2003/January 2004 settlement conference would be beneficial, following the deposition of Plaintiff and Defendant's witnesses, and Defendant's response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. The parties do not believe that assignment to a special master would be beneficial.

Both parties respectively certify that they have engaged in settlement discussions in good faith as required by the Court's Rule 16 Status Conference Order. Despite these efforts, the parties have been unable to reach a settlement.

**10. Trial By Magistrate**

Counsel for the parties have substantively discussed with their clients and with opposing counsel the option of consent to referral by a Magistrate Judge. The parties do not consent to trial by a Magistrate Judge.

Dated: 10/31/03

Respectfully submitted,

By: *[signature]*
Mary C. Dollarhide (ct12251)
Peter M. Schultz (ct19425)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email: peterschultz@paulhastings.com
Counsel for Defendant

Dated: 10·31·03

Respectfully submitted,

By: *[signature]*
Brendan J. O'Rourke (ct00522)
Jeffrey M. McCormick (ct21185)
O'ROURKE & ASSOCIATES, LLC
27 Pine Street
New Canaan, CT 06840
Telephone: (203) 966-6664
Facsimile: (203) 966-5710
Email: brendan@orourkeandassoc.com
Counsel for Plaintiff

STM/261818.3