UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                     Plaintiff,<br><br>- against -<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>                     Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br>January 2, 2004 |

## JOINT MOTION FOR PROTECTIVE ORDER

The parties respectfully move jointly pursuant to Federal Rule of Civil Procedure 26(c) for entry of a Protective Order to preserve the confidentiality of certain information and documents containing information to be produced in the course of discovery in this case which they believe to be confidential commercial, financial, business or personal information. The proposed Protective Order would allow any party to maintain the confidentiality of such documents and information without compromising their ability to litigate this action or to make use of such documents and information at trial. The proposed Protective Order is appropriate under Federal Rule of Civil Procedure 26(c). The proposed form of Order is attached hereto.

Brendan J. O'Rourke (ct00522)
O'ROURKE & ASSOCIATES, LLC
27 Pine Street
New Canaan, CT 06840
Telephone: (203) 966-6664
Facsimile: (203) 966-5710
Email: brendan@orourkeandassoc.com
Counsel for Plaintiff

Mary C. Dollarhide (ct12251)
Peter M. Schultz (ct 19425)
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email: peterschultz@paulhastings.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

This is to certify that on this 2nd day of January 2004, a copy of the foregoing Joint Motion for Protective Order and attached Stipulated Protective Order was forwarded via regular mail to counsel for the Defendant at the following address:

        Peter M. Schultz, Esq.
        Paul, Hastings, Janofsky & Walker, LLP
        1055 Washington Blvd.
        Stamford, CT  06901

_____
Brendan J. O'Rourke

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                    Plaintiff,<br><br>    - against -<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>                    Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH) |

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties to this action are engaged in discovery proceedings, which will include, among other things, the noticing of depositions and the production of documents for inspection and copying;

WHEREAS, these discovery proceedings may involve the production of information and documents containing nonpublic information which the parties, in good faith, believe to be confidential or proprietary commercial, financial, business or personal information;

WHEREAS, certain documents and information to be produced during discovery in this litigation may be entitled to protection against unrestricted use and dissemination.

THEREFORE, PURSUANT TO THE COURT'S AUTHORITY UNDER FED. R. CIV. P. 26(c), THE COURT HEREBY ENTERS A PROTECTIVE ORDER WITH THE PARTIES' CONSENT, AS FOLLOWS:

1. <u>Definition of Documents</u>: As used herein, the term "Documents" means all written, recorded, electronic, coded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, agreement or otherwise.

2. <u>Discovery Material</u>: As used herein, "Discovery Material" means any and all documents, information, testimony or things produced in discovery in this action.

3. <u>Discovery Material Designated As "Confidential"</u>:

    a. Any party who believes that Discovery Material contains or reflects nonpublic information of a confidential or proprietary commercial, financial, business or personal nature which should remain confidential, may designate and mark such Discovery Material as "Confidential." The designating party shall inform all parties in writing as to the designation of any and all Discovery Material as "Confidential."

    b. Any party may designate any Discovery Material as "Confidential," subject to the obligations of this Protective Order.

    c. With respect to Discovery Material designated "Confidential," access shall be limited to: (1) the parties to this action; (2) counsel of record for the parties in this action who are actively engaged in the conduct of this litigation, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter; (3) any person identified as having authored or previously having received the designated material; (4) court officials involved in this litigation, including court reporters and persons operating video recording equipment at depositions; and (5) such other outside consultants or experts retained for the purpose of assisting counsel in this litigation. Provided that, with respect to all of the above-

mentioned categories of individuals, access to Discovery Material may be granted only to the extent that it is necessary to the prosecution or defense of this action and such Discovery Material may be used only for those purposes. Any retained consultant or expert or any individual or entity entitled to receipt of Discovery Material designated "Confidential" must agree in advance of disclosure of such material to be bound by the provisions of this Protective Order and agree to be subject to the Court's jurisdiction to enforce the terms of this Protective Order.

        d.     Access to "Confidential" Discovery Material shall also be afforded to persons being deposed in this action who first have been provided a copy of this Protective Order, who shall then maintain the confidentiality of any and all Discovery Material designated "Confidential" in accordance with this Protective Order, use it solely in connection with the litigation of this action, and share it only with those entitled to access to it under this Protective Order; and have signed a Confidentiality Agreement, in a form identical in all material respects to the form attached hereto as Exhibit A, which will be identified by the deponent as an exhibit to the deponent's deposition.

    4.    <u>"Confidential" Discovery Material in Depositions</u>:

        a.     With respect to depositions, the stenographer or other person recording each deposition will be informed of this Stipulation and will be directed to operate in a manner consistent with the provisions of this Protective Order. For deposition transcripts containing Discovery Material designated "Confidential" pursuant to subparagraph 3a., the stenographer shall place on the cover of any deposition a legend to the effect that the transcript contains confidential information subject to the Protective Order.

b.  In the event that deposition testimony is to be given that is subject to the provisions of subparagraph 3a., or if Discovery Material designated "Confidential" is in any way used during a deposition, any party may designate such testimony as "Confidential" and so inform the stenographer of the designation at any time during the deposition. The stenographer shall then segregate the portion of the testimony given pursuant to the terms of this paragraph and separately bind that portion of the transcript so designated and only produce an original and copies of the transcript in sealed envelopes with appropriate exterior labeling, provided, however, that the persons allowed access to confidential information under subparagraphs 3c. and 3d. of this Protective Order may have access to the transcript for the purposes, and subject to the limitation of access provided in this Protective Order. Confidential testimony recorded by other means as provided in Rule 30(b)(2), including, but not limited to, videotape, shall be segregated on separate recording media from non-confidential testimony, appropriately labeled "Confidential," and the recording service shall only produce an original and copies of the recording appropriately sealed and labeled; provided, however, that the persons allowed access to confidential information under subparagraphs 3c. and 3d. of this Protective Order may have access to the recording for the purposes, and subject to the limitation of access, provided in this Protective Order.

c.  All deposition transcripts shall be treated as presumptively "Confidential" for a period of ten days after the transcripts are received. Within ten days after receiving a transcript, any party may designate specific testimony as "Confidential," subject to the obligations of this Protective Order. Within ten days after receiving a transcript any party shall so inform the stenographer and all parties of the designation. The stenographer shall then segregate the portion of the testimony so identified and separately bind that portion of the

transcript and only produce an original and copies of the transcript in sealed envelopes with appropriate exterior labeling, provided, however, that the persons allowed access to confidential information under subparagraphs 3c. and 3d. of this Protective Order may have access to the transcript for the purposes, and subject to the limitation of access provided in this Protective Order.

5. <u>Inadvertent Production</u>: Any information, document, transcript or thing not designated as "Confidential" shall not be covered by this Protective Order, provided, however, that inadvertent production of any information, document or thing without such designation shall not in and of itself be deemed a waiver of any party's claim of confidentiality as to such matter, and that any party may thereafter designate the same as "Confidential." Disclosure by any party of such undesignated confidential information prior to notice by any party of the confidential nature thereof shall not be deemed a violation of this Protective Order.

6. <u>Challenges to Designation of Discovery Material</u>: Acceptance by any party of Discovery Material designated as "Confidential" shall not constitute a concession that any such Discovery Material is appropriately so designated. If, subsequent to the acceptance of the Discovery Material so designated, any receiving party wishes the Court to rule upon a claim of confidentiality, the receiving party may move for such determination. However, before making such a motion, the parties agree first to attempt to resolve any such dispute on an informal basis. In the event that such a motion is ultimately filed, the burden of establishing the propriety of the "Confidential" designation shall be on the party that designated the Discovery Material as "Confidential." Discovery Material designated as "Confidential" shall be treated as such during the pendency of any motion challenging such a designation.

7. <u>Filing Confidential Discovery Material in Court</u>: If any material designated "Confidential" is filed with the Court incident to any pretrial motion practice, then the Discovery Material so designated shall be filed under seal and identified with the motion, memorandum or other pleading to which it relates and the designation that it is filed under seal pursuant to this Protective Order.

8. <u>Non-Termination</u>: This Protective Order shall survive the termination of this litigation. Within thirty (30) days of the termination of this action, including any appeals or any resolution by settlement, all Discovery Material designated as "Confidential," including any copies, extracts or summaries thereof shall be returned to the party that originally produced the Discovery Material unless by written agreement or Court Order a different disposition of such material is required. As to transcripts of depositions marked "Confidential," including any copies, extracts or summaries thereof, any party or person and their attorneys or representatives in possession will be responsible for ensuring that such transcripts remain confidential or are destroyed.

9. <u>Responsibilities</u>: The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Protective Order is achieved.

10. <u>No Waiver of Rights</u>:

    a. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to any confidential documents or information; or to object to the production of documents it considers to be confidential; or to

apply to the Court for an order compelling production of documents; or for modification of any resulting Protective Order of the Court.

      b.    Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of the confidential documents and information sought.

      11.    <u>Parties' Consent</u>:  The parties agree to move jointly for the Court to enter this Protective Order.

| | |
|---|---|
| _/s/ Brendan J. O'Rourke_ | _/s/ Peter M. Schultz w/permission_ |
| Brendan J. O'Rourke (ct00522) | Mary C. Dollarhide (ct12251) |
| O'ROURKE & ASSOCIATES, LLC | Peter M. Schultz (ct 19425) |
| 27 Pine Street | Neil B. Stekloff (ct 19778) |
| New Canaan, CT 06840 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| | 1055 Washington Boulevard |
| Telephone: (203) 966-6664 | Stamford, CT 06901-2217 |
| Facsimile: (203) 966-5710 | Telephone: (203) 961-7400 |
| Email: brendan@orourkeandassoc.com | Facsimile: (203) 359-3031 |
| | Email: peterschultz@paulhastings.com |
| | |
| Counsel for Plaintiff | Counsel for Defendant |
| SUSAN E. WOOD | SEMPRA ENERGY TRADING CORPORATION |

SO ORDERED ON THIS _____ DAY OF _____, 200_

_____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                      Plaintiff,<br><br>- against -<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>                      Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH) |

## **CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____, 200\_, in the above action and that he/she understands the terms thereof and agrees, upon threat of penalty of Contempt of Court, to be bound by such terms.

Date:_____, 200\_

_____
Signature

_____
(Please print name)