UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



7004 JAN -5 P 12: 03

| | |
|---|---|
| SUSAN E. WOOD, | CIVIL ACTION NO. |
| Plaintiff, | 3:03-CV-986 (JCH) |
| - against - | |
| SEMPRA ENERGY TRADING CORPORATION, | December 31, 2003 |
| Defendant. | |

**PLAINTIFF'S MOTION FOR ADJUDICATION OF OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

## I.    INTRODUCTION

Plaintiff Susan E. Wood files this motion regarding Defendant Sempra Energy Trading

Corporation's ("Defendant" or "Sempra") objections to Plaintiff Susan E. Wood's ("Plaintiff" or

"Wood") First Set of Interrogatories and Requests for Production, dated December 1, 2003

("Plaintiff's Discovery Requests").  Pursuant to D. Conn. L. Civ. R. 37(a)2, the undersigned

counsel to Plaintiff represents that he has conferred in good faith with Defendant's counsel to

resolve the objections to Plaintiff's Discovery Requests, but we were unable to resolve all such

objections.  In furtherance of the Pre-trial conference held before the Court on November 19,

2003, during which the Court directed the parties to format the discovery disputes in a brief and

simplified fashion, the Plaintiff has set forth in this motion Defendant's objections to Plaintiff's

Discovery Requests, and Plaintiff's responses to same.  Accordingly, set forth below are those

objections which were not resolved and which therefore necessitate the Court's ruling.

**ORAL ARGUMENT REQUESTED**

## II.    **BACKGROUND**

Plaintiff has brought a complaint alleging (i) sexual discrimination, (ii) sexual orientation discrimination, and (iii) retaliatory discharge by Defendant. Such discriminatory conduct by the Defendant involved what Plaintiff has alleged as a physical and verbal assault by a Mr. Joe Howley, who is a Managing Director of Sempra. After the Howley incident, Plaintiff alleges that an inadequate investigation was conducted, and that Plaintiff became alienated within the workplace. Ultimately, Sempra fired Plaintiff despite the fact that Plaintiff had been told she was doing a good job and had been paid bonuses over and above her base salary. Significantly, Mr. Howley was not fired. The person communicating the termination to Plaintiff was a Mr. Sarati Roy, who was a witness to the Howley incident and had a close working relationship with Mr. Howley. As part of her discrimination claim, Plaintiff also alleges that Defendant breached its agreement to follow the protocols required under Sempra's Employee Handbook, as well as its express policies prohibiting harassment and discrimination.

In addition to the foregoing claims, Plaintiff has claimed that Defendant, by terminating her employment, breached its employment agreement with Plaintiff. Still further, Plaintiff claims Sempra's failure to pay her a bonus on profits that she had booked while an employee at Sempra constitutes a breach of its agreement to pay a minimum bonus to Plaintiff based on her booked profits. Plaintiff's claims in this area are couched in breach of express contract, breach of implied contract, promissory estoppel, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and breach of Connecticut General Statute Section 31-71a.

Defendant denies each and every one of these essential allegations of Plaintiff's complaint, and affirmatively has alleged that all actions taken with respect to the termination of Plaintiff's employment were taken for legitimate lawful business reasons.

Based upon the foregoing allegations, Plaintiff propounded Plaintiff's Discovery Requests on or about December 1, 2003. Plaintiff's Discovery Requests seek information reasonably designed to lead to admissible evidence on each of the discrimination claims, as well as each of the breach of contract and implied contract claims relating to her employment and bonus. Plaintiff has propounded Plaintiff's Discovery Requests with an intent to seek information "reasonably calculated to lead to the discovery of admissible evidence". (Fed. R. Civ. P. 26(b)1). Further, Plaintiff points out that she is entitled to seek information relating to both her claims as well as defenses which have been interposed by Sempra.

The parties have agreed to have a Stipulated Confidentiality Order entered in this matter, and by filing a motion simultaneous herewith, the parties have presented such Stipulated Confidentiality Order for the Court's signature. Upon the entry by the Court of that Stipulated Protective Order, Defendant has agreed to withdraw its omnibus and specific objections based upon asserted privacy rights and matters involving confidential, sensitive and proprietary information. Thus, the parties agreed that such objections shall be deemed resolved and therefore need not be ruled on by the Court in adjudicating the objections set forth below.

## III.   PLAINTIFF'S DISCOVERY REQUESTS, DEFENDANT'S OBJECTIONS AND PLAINTIFF'S RESPONSES THERETO

Set forth below are Sempra's Preliminary Objections, Plaintiff's Discovery Requests, Sempra's Objections and Plaintiff's responses thereto.

### A.   Sempra's Preliminary Objections

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant Sempra Energy Trading Corporation ("Sempra" or "Defendant") hereby objects to Plaintiff Susan E. Wood's ("Wood" or "Plaintiff") First Set of Interrogatories and Requests for Production of Documents as follows:

Specific Objections To Definitions And Instructions

1.      Sempra objects to these Interrogatories and Requests to the extent that the Definitions and/or Instructions accompanying them purport to place a greater obligation on Sempra than that provided for in the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure in the District of Connecticut.

Specific Objections Applicable To All Interrogatories And Requests

1.      Sempra objects to these Interrogatories and Requests to the extent that the terms or phrases contained therein are undefined, vague or ambiguous.

2.      Sempra objects to these Interrogatories and Requests to the extent that they seek information and/or production of documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or any other applicable privileges.

3.    Sempra objects to these Interrogatories and Requests to the extent that they are overly broad, unduly burdensome, immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Interrogatories and Requests subject to this objection include, for example, those that: (i) seek information or documents for an indefinite time period or for a time period beyond a reasonable scope of discovery appropriate to this action; or (ii) are not limited to appropriate employees.

4.    Sempra objects to these Interrogatories and Requests to the extent that they seek confidential, proprietary and/or sensitive business documents and/or information, including without limitation confidential documents and/or information pertaining to third parties that cannot be disclosed without violating third party privacy rights.  In the event that the disclosure of such information and/or documents is necessary, Sempra objects to such disclosure without the entry of an appropriate Protective Order to safeguard the confidentiality of all such information and documents.

5.    Sempra objects to these Interrogatories and Requests to the extent that they exceed the scope of discovery permitted under Fed. R. Civ. P. 26.

6.    These Specific Objections are continuing and therefore applicable to each of the following Interrogatories and Requests.  The production of any document in response to these Interrogatories and Requests is made without waiving any objections Sempra may have with respect to the admissibility of the document or any portion thereof.

### B.  Plaintiff's Interrogatories

## INTERROGATORY NO. 1

1.     State the name of each person who participated in responding to these Interrogatories, along with their residential and work addresses.

## OBJECTIONS TO INTERROGATORY NO. 1

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Interrogatory on the grounds that the phrase "participated in responding" is vague and ambiguous.  Sempra further objects to this Interrogatory to the extent that it seeks the residential addresses of persons answering these interrogatories.  Such information is irrelevant, violative of third-party privacy rights and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, a Sempra employee, who may be contacted through counsel, will provide verified answers to those Interrogatories as to which the Company has not asserted a comprehensive objection.

## AGREEMENT

Plaintiff has offered to change the term, "participated in responding", to "provided information relevant to this response".  Further, Plaintiff has agreed to withdraw her Request for the residential addressees as set forth in this Interrogatory.  Based upon the foregoing, Defendant has withdrawn its objection to respond to this Interrogatory.

## INTERROGATORY NO. 3

3.      State the names of each Assistant Vice President and Vice President in Sempra's Gas and Petroleum Derivatives Department from 1999 through the present, and provide for each such person their (i) annual base salary, (ii) annual bonus, and (iii) fringe benefits that were paid from 1999 through the present.

## OBJECTIONS TO INTERROGATORY NO. 3

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Interrogatory to the extent that it seeks information regarding the annual base salary, annual bonus, and fringe benefits paid to Sempra employees. Such information is irrelevant, violative of third-party privacy rights and not reasonably calculated to lead to the discovery of admissible evidence.

Notably, Plaintiff makes no claim in this litigation with respect to the payment (or non-payment) of base salary or fringe benefits. Although Plaintiff does claim that she was entitled to receive an annual bonus, the only issues relevant to this claim are whether promises were made to Plaintiff regarding bonus payments and, if so, whether those promises are legally enforceable. The fact that bonus payments may or may not have been paid to employees other than Plaintiff is irrelevant to the question of whether an enforceable agreement to make such payments existed as between Sempra and Plaintiff. Consequently, this Interrogatory clearly does not seek admissible evidence nor is it reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Sempra will provide the names of each Assistant Vice President and Vice President in Sempra's Petroleum Derivatives Departments from September 2000 through the present.

## PLAINTIFF'S ARGUMENT

Plaintiff claims that the information sought from 1999 for each Assistant Vice President and Vice President in the Gas and Petroleum Derivative Departments of Sempra is reasonably designed to lead to information which may lead to admissible evidence relating to (i) Defendant's reasons and motivations to terminate Plaintiff, (ii) the perceptions of the other employees at Sempra vis a vis Plaintiff, (iii) the custom and consistency of Sempra's payment of bonuses, which may serve to corroborate Plaintiff's contract and implied contract claims, and (iv) Plaintiff's damages on both her discrimination and contract claims.

## COURT'S RULING:




## INTERROGATORY NO. 4

4.      State the name of each person at Sempra (Company wide, and then further broken out as to the Stamford Office) from 1999 through the present who has been terminated at Sempra, including (i) the reasons for the termination, and (ii) the sex and sexual orientation of each such person.

## OBJECTIONS TO INTERROGATORY NO. 4

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Interrogatory on the grounds that the information sought is irrelevant, violative of third-party privacy rights and not reasonably calculated to lead to the discovery of admissible evidence. Sempra further objects to this Interrogatory on the grounds that it does not maintain information regarding the sexual orientation of its employees.

## PLAINTIFF'S ARGUMENT

The Plaintiff claims that this Interrogatory seeks information reasonably calculated to lead to potentially admissible evidence on the reasons for Plaintiff's termination. Plaintiff has alleged a work environment hostile to women and, in particular, to her. Information in this Interrogatory, which is sought in the normal course by the Connecticut Commission on Human Rights and Opportunities ("CCHRO") (and was sought by the CCHRO at the time Plaintiff filed her discrimination claims with that agency), may establish a pattern and/or modus operandi relevant to Plaintiff's discrimination claims.

## COURT'S RULING:

## INTERROGATORY NO. 6

6.     State what methodologies Sempra employs to calculate and pay compensation to employees at the Assistant Vice President level in Sempra's Gas and Petroleum

Derivatives Department, including the persons involved and any criteria used to provide salary increases and pay bonuses.

## OBJECTIONS TO INTERROGATORY NO. 6

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Interrogatory on the grounds that it is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. In particular, information regarding the compensation paid to Sempra employees other than Plaintiff and the criteria used to determine salary increases and bonuses for those employees is irrelevant to Plaintiff's claims in this lawsuit. As an initial matter, Plaintiff makes no claim with respect to the payment (or non-payment) of base salary. Although Plaintiff does claim that she was entitled to receive an annual bonus, the only issues relevant to this claim are whether promises were made to Plaintiff regarding bonus payments and, if so, whether those promises are legally enforceable.

## PLAINTIFF'S ARGUMENT

Plaintiff asserts that the methodology employed by Sempra to calculate and pay compensation to employees at the Assistant Vice President level may lead to admissible evidence in the areas relating to Plaintiff's (i) discrimination claims (ii) breach of contract claims relating to her bonus, and (iii) damages. Significantly, before Plaintiff was terminated, she was paid two bonuses. An analysis regarding how bonuses were calculated at Plaintiff's employment level may well lead to information enabling Plaintiff to prove that she was terminated even in the face of being paid a bonus, which reflected valued work.

## COURT'S RULING:

## INTERROGATORY NO. 7

7.    State an objective appraisal of Susan Wood's job performance while she was employed at Sempra, and include specific references to revenue and/or profits she generated for Sempra, giving specific reference to clients and transactions from the date of her employment through the date of her termination.

## OBJECTIONS TO INTERROGATORY NO. 7

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Interrogatory on the grounds that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## PLAINTIFF'S ARGUMENT

Plaintiff claims that this Interrogatory seeks information which could reasonably lead to admissible evidence as to the reasons for Sempra's termination of Plaintiff.  Plaintiff has pleaded that she was terminated in a manner which constituted unlawful discrimination and a breach of agreement.    Sempra has stated in its response to Plaintiff's allegations that Plaintiff's professionalism raised questions as to her being a capable, "team player".  In light of Plaintiff's allegations and Defendant's defenses, Plaintiff is entitled to have Sempra provide the specific details of their objective and subjective assessment of her as an employee.

## COURT'S RULING:

## INTERROGATORY NO. 8

8.    Provide a performance evaluation of all other Assistant Vice Presidents and Vice Presidents in Sempra's Gas and Petroleum Derivatives Departments as compared to Susan Wood's performance using objective and subjective criteria.

## OBJECTIONS TO INTERROGATORY NO. 8

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Interrogatory on the grounds that it is vague, overbroad, violative of third-party privacy rights, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## PLAINTIFF'S ARGUMENT

Plaintiff contends that this Interrogatory seeks information which could reasonably lead to probative evidence as to the reasons for Sempra's termination of Plaintiff.  Plaintiff was terminated while Mr. Howley was retained as an employee.  Defendant has stated that it sought to find Plaintiff another job at Sempra, but could not.  This Interrogatory is narrowly tailored to obtain comparative information as to other similarly situated Sempra employees so that Plaintiff can evaluate Sempra's compensation treatment of its other similarly situated employees.

## COURT'S RULING:

## INTERROGATORY NO. 13

13.    State (A) what actions were taken by Sempra including, specific reference to all individuals involved, dates, and specific actions taken, with respect to the Howley Incident (as referenced in the Complaint and Answer), and (B) any final findings and employment actions resulting therefrom.

## OBJECTIONS TO INTERROGATORY NO. 13

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Interrogatory on the grounds that it is vague.  Subject to and without waiving the foregoing objections, Sempra will provide responsive information.

## AGREEMENT

The parties have resolved the objection to this Interrogatory based upon the agreement of Plaintiff that the word "action" in the first line shall be reworded to read "formal actions in the investigation and evaluation…".

## INTERROGATORY NO. 14

14.    State the details of the discussion that Ms. Mitchell and Susan Wood had with respect to Paragraph 32 of the Complaint (concerning which Sempra admitted in the

Answer that Plaintiff spoke with Ms. Mitchell regarding workplace issues), giving specific reference to the time and date of such conversation, and whether any documents exist to evidence such conversation, and identify any such documents.

## OBJECTIONS TO INTERROGATORY NO. 14

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Interrogatory on the grounds that it is ambiguous. Subject to and without waiving the foregoing objections, Sempra will provide responsive information regarding the workplace issues that Plaintiff discussed with Ms. Mitchell.

## AGREEMENT

The parties have resolved Sempra's objection to this Interrogatory, as Plaintiff has agreed to insert the clause "workplace issues referenced in …" in the second line of the Interrogatory, after the clause "with respect to".

## INTERROGATORY NO. 15

15.    State what procedures exist for terminating employees at Sempra, giving reference as to whom is in attendance at any such termination meeting, and what specific protocols are to be followed, and explain whether those procedures and protocols were followed by Sempra with respect to the termination of Susan Wood, and if not, why not.

## OBJECTIONS TO INTERROGATORY NO. 15

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Interrogatory on the grounds that the words "procedures" and "protocols" are vague and ambiguous. Subject to and without waiving the foregoing objections, and to the extent it understands this Interrogatory, Sempra will provide responsive information.

## PLAINTIFF'S ARGUMENT

Plaintiff claims that the terms, procedures and protocols are not ambiguous, and that information sought in this Interrogatory may reasonably lead to admissible evidence as to the reasons for the termination of Wood. Plaintiff has alleged as part of her discrimination claim that the protocols that Sempra would normally have followed for employment terminations, were not followed for her termination providing an additional basis to find discriminatory intent.

## COURT'S RULING:

## INTERROGATORY NO. 16

16.    State when, to whom, and the substance of any notice that was given at Sempra to employees or customers relating to Susan Wood's termination.

## OBJECTIONS TO INTERROGATORY NO. 16

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Interrogatory on the grounds that the information sought is overbroad, irrelevant, unduly burdensome, and not reasonably related to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Sempra will provide responsive information regarding any formal notification with respect to Plaintiff's termination, if any, provided to Sempra employees or customers.

## AGREEMENT

The parties have resolved Sempra's Objection to this Interrogatory by Plaintiff's agreement to insert the clause, "formal notice by Sempra", in lieu of the word "notice" in the first line of this Interrogatory.

## INTERROGATORY NO. 17

17.    State when and why Steve Soule was hired, and what background he had when hired, and what job responsibilities he assumed at Sempra.

## OBJECTIONS TO INTERROGATORY NO. 17

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Interrogatory on the grounds that it is vague, overbroad, violative of third-party privacy rights, and not reasonably related to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Sempra will provide responsive information

regarding Steve Soule's date of hire, job responsibilities, and position(s) while employed at Sempra.

## PLAINTIFF'S ARGUMENT

Plaintiff claims this Interrogatory seeks information which may lead to admissible evidence with respect to the Plaintiff's discrimination claims. Steve Soule, a male, replaced Plaintiff. In that regard, Mr. Soule's background is relevant to assess vis a vis Plaintiff's background.

## COURT'S RULING:

### C.    Requests For Production Of Documents

## REQUEST NO. 1

1.    Please produce any and all documents which relate to the hiring of Plaintiff.

## OBJECTIONS TO REQUEST NO. 1

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Interrogatory on the grounds that the phrase "relate to the hiring" is vague and ambiguous. Subject to and without waiving the foregoing objections, and to the extent it understands this Request, Sempra will produce responsive documents.

**AGREEMENT**

The parties have resolved this Objection on the basis that Plaintiff acknowledges that the term "relate to the hiring" in this Production Request is not to be given expansive interpretation, but may simply be given its common sense reading.

**REQUEST NO. 2**

2.    Please produce any and all documents which relate to the compensation paid to Plaintiff.

**OBJECTIONS TO REQUEST NO. 2**

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that the phrase "relate to the compensation" is vague and ambiguous. Subject to and without waiving these objections, and to the extent it understands this Request, Sempra will produce responsive documents.

**AGREEMENT**

The parties have resolved this objection on the same basis of the resolution set forth to Defendant's objections to Request No. 1.

## REQUEST NO. 3

3.    Please produce any and all documents which relate to the termination of Plaintiff's employment.

## OBJECTIONS TO REQUEST NO. 3

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that the phrase "relate to the termination" is vague and ambiguous. Sempra further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, and to the extent it understands this Request, Sempra will produce responsive documents.

## AGREEMENT

The parties have resolved Defendant's Objection by Plaintiff's argument that the phrase "relate to the termination" shall not be given expansive interpretation, but shall be given its common sense meaning. (With respect to any claim of privilege as a basis to withhold documents, Defendant has agreed to supply Plaintiff with a privilege log as required under D. Conn. L. Civ R. 37(a)).

## REQUEST NO. 4

4.     Please produce any and all documents which relate to the calculation and payment of bonuses paid to employees of Defendant in Stamford, Connecticut from 1999 through the present for employees at the Assistant Vice President and Vice President level.

## OBJECTIONS TO REQUEST NO. 4

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Request on the grounds that the phrase "relate to the calculation and payment" is vague and ambiguous.  Sempra further objects to this Request on the grounds that Plaintiff did not commence her employment with Sempra until September 2000.  Sempra further objects to this Request on the grounds that the information sought is irrelevant, violative of third party privacy rights, and not reasonably calculated to lead to the discovery of admissible evidence.

## PLAINTIFF'S ARGUMENT

Plaintiff seeks information from 1999 through the present regarding the calculation and payment of bonuses to employees in Stamford, Connecticut at the Assistant Vice President and Vice President level.  Plaintiff contends that the information sought may potentially lead to admissible evidence as to (i) the reasons for Defendant's termination of Plaintiff, which is relevant in Plaintiff's discrimination claims, (ii) Plaintiff's breach of contract claim regarding her bonus, and (iii)  Plaintiff's damages.

## COURT'S RULING:

## REQUEST NO. 5

5.    Please produce any and all documents relating to the executive search firm used by Defendant to recruit Plaintiff on Defendant's behalf and the efforts, promises, and inducements made by such search firm to induce Plaintiff to join Defendant.

## OBJECTIONS TO REQUEST NO. 5

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Request on the grounds that it is vague, ambiguous, and assumes that "promises" and "inducements" were made to Plaintiff.  Sempra further objects to this Request on the grounds that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Sempra will produce responsive documents in its possession, if any.

## PLAINTIFF'S ARGUMENT

Plaintiff claims Defendant's objection to this Request.  Plaintiff contends that the Request is clear and not ambiguous.  Further, in accepting her employment offer, Plaintiff has alleged that she relied on statements made by the executive search firm used by Defendant to hire Plaintiff.  Defendant's denial of this allegation is not sufficient to object to the Request, which is designed to obtain information in this area of dispute.

## COURT'S RULING: