## REQUEST NO. 6

6.      Please produce any and all documents which relate to the incident between Mr. Howley ("Howley") and the Plaintiff ("Howley Incident") as alleged in the Complaint and responded to in Defendant's Answer.

## OBJECTIONS TO REQUEST NO. 6

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Request on the grounds that the phrase "relate to the incident" is vague and ambiguous.  Sempra further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege and the work product doctrine.  Subject to and without waiving these objections, and to the extent it understands this Request, Sempra will produce responsive documents.

## AGREEMENT

The parties have resolved this Objection based upon Plaintiff's agreement that the phrase "relate to the incident" shall not be given an expansive interpretation, but shall be given its common sense interpretation. (Further, Defendant has agreed to create a privilege log regarding any responsive documents that are withheld based upon a claim of privilege.)

-22-

## REQUEST NO. 7

7.    Please produce any and all documents which relate to the investigation of the Howley Incident.

## OBJECTIONS TO REQUEST NO. 7

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that the phrase "relate to the investigation" is vague and ambiguous. Sempra further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, and to the extent it understands this Request, Sempra will produce responsive documents.

## AGREEMENT

The parties have resolved the foregoing objection based upon the same resolution set forth for Request No. 6.

## REQUEST NO. 8

8.    Please produce any and all documents which constitute a final report by the Defendant as to assessing responsibility regarding the Howley Incident, and any actions taken in response thereto.

**OBJECTIONS TO REQUEST NO. 8**

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that the phrase "actions taken in response" is vague and ambiguous. Subject to and without waiving these objections, and to the extent it understands this Request, Sempra will produce responsive documents in its possession, if any.

**AGREEMENT**

The parties have resolved the foregoing objection based upon the same resolution set forth for Request No. 6.

**REQUEST NO. 9**

9.      Please produce any and all documents which relate to any action or discipline by Sempra taken against Mr. Howley by reason of the Howley Incident.

**OBJECTIONS TO REQUEST NO. 9**

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that the phrase "relate to any action or discipline" is vague and ambiguous. Sempra further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege and the work product doctrine. Subject to and without waiving these objections, and to the extent it understands this Request, Sempra will produce responsive documents in its possession, if any.

## AGREEMENT

The parties have resolved the foregoing objection based upon the same resolution set forth for Request No. 6.

## REQUEST NO. 10

10.    Please produce any and all documents which reflect communications between Sarathi Roy ("Roy") and Howley from 1999 through the present.

## OBJECTIONS TO REQUEST NO. 10

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Request on the grounds that it is vague, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Sempra further objects to this Request on the grounds that Plaintiff did not commence her employment with Sempra until September 2000.  Subject to and without waiving these objections, Sempra will produce responsive documents in its possession, if any, for the period from June 2001 until the present, reflecting communications between Roy and Howley that refer to Plaintiff.

## PLAINTIFF'S ARGUMENT

The Plaintiff contends that the Request is clear and not ambiguous.  Further, Plaintiff contends that communications from 1999 through the present between two principal witnesses in

this action, Mr. Howley and Mr. Roy, may well lead to potentially admissible evidence in this action. Both individuals were key persons involved in the precipitating events and ultimate decision to terminate Plaintiff, and communications between them may well provide relevant information.

## COURT'S RULING:

## REQUEST NO. 11

11.    Please produce any and all documents which reflect communications by Sempra's General Counsel Michael Goldstein ("Goldstein") relating to Susan Wood, including without limitation, any investigation and any reports or actions taken as a result of the Howley Incident.

## OBJECTIONS TO REQUEST NO. 11

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that it is overbroad and seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Sempra will produce responsive documents in its possession, if any, for the period from June 2001 until the present.

Defendant is seeking to limit the production of communications between Sempra's general counsel and Wood to the time period after June 2001 through the present. Plaintiff rejects such limitation and believes that earlier communications may well lead to potentially admissible evidence. (As stated above, the parties have agreed that documents withheld based upon claims of privilege will be set forth in a privilege log).

## COURT'S RULING:

## REQUEST NO. 12

12.    Please produce any and all documents which reflect communications by (i) Jackie Mitchell ("Mitchell"), (ii) Steve Prince ("Prince"), (iii) Mr. Cookingham ("Cookingham"), and/or (iv) Ms. Freda ("Freda"), relating to Susan Wood.

## OBJECTIONS TO REQUEST NO. 12

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Sempra further objects to this Request on the grounds that is vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Sempra will produce: (a) with respect to Vin Cookingham and Denise

-27-

Freda, responsive documents in its possession, if any, for the period from January 2002 until the present, that refer to Plaintiff and relate to her claims in this lawsuit; and (b) with respect to Jackie Mitchell and Steve Prince, responsive documents in its possession, if any, for the period from September 2000 until the present, that refer to Plaintiff and relate to her claims in this lawsuit.

## PLAINTIFF'S ARGUMENT

Plaintiff claims this objection and asserts that communications between the parties reflected in Request No. 12, without any time limitation, is reasonably designed to lead to potentially admissible evidence. Each person was in communication with Wood and logically and reasonably may be concluded to have communicated on matters raised by this litigation, and such communications may lead to potentially admissible evidence.

## COURT'S RULING:

## REQUEST NO. 13

13.    Please produce any and all documents which relate to any explanation for the termination of Susan Wood.

**OBJECTIONS TO REQUEST NO. 13**

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that the phrase "relate to any explanation" is vague and ambiguous. Subject to and without waiving these objections, and to the extent it understands this Request, Sempra will produce responsive documents.

**AGREEMENT**

The parties have resolved Sempra's objection to Request No. 13 on the basis that the Plaintiff has agreed that the phrase "relate to any explanation" shall be reworded to state ,"reflect any explanation".

**REQUEST NO. 15**

15.    Please produce any and all documents which relate to Howley's job performance, including without limitation, performance reviews, reprimands or sanctions and/or future job prospects at Sempra.

**OBJECTIONS TO REQUEST NO. 15**

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that it is vague, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Sempra will produce responsive documents, if any, reflecting

disciplinary action taken against Howley in connection with the June 2001 incident involving Plaintiff and Howley.

## PLAINTIFF'S ARGUMENT

Plaintiff claims Sempra's objection to Request No. 15. Plaintiff asserts that the Request is straight forward and not ambiguous. Mr. Howley, who was involved in the altercation which is a material element of Plaintiff's claims, was retained as an employee of Sempra, while Plaintiff was terminated. Such circumstance presents issues as to why disparate treatment was rendered, and to that end, documents related to Mr. Howley's job performance may lead to relevant information.

## COURT'S RULING:

## REQUEST NO. 16

16.    Please produce any and all documents which relate to Roy's job performance, including without limitation, performance reviews, reprimands or sanctions and/or future job prospects at Sempra.

## OBJECTIONS TO REQUEST NO. 16

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that it is vague, overbroad, irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Sempra states that there are no responsive documents reflecting "reprimands or sanctions" taken against Mr. Roy relating to allegations of discrimination or harassment.

## PLAINTIFF'S ARGUMENT

Plaintiff claims Defendant's objections to Request No. 16 on the basis that information about Mr. Roy's job performance may lead to potentially relevant information. Mr. Roy, a colleague of Mr. Howley, was involved in the termination of Plaintiff. Plaintiff has alleged that Mr. Roy was part of a workplace environment that was hostile to her because of her sex and sexual orientation. Plaintiff is entitled to information regarding his employment background and what standing he had as an employee to be in a position to terminate Plaintiff.

## COURT'S RULING:

## REQUEST NO. 17

17.    Please produce any and all documents which relate to any and all communications between Goldstein and Susan Wood.

**OBJECTIONS TO REQUEST NO. 17**

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that the phrase "relate to any and all communications" is vague and ambiguous. Sempra further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Sempra will produce responsive documents in its possession, if any, for the period from June 2001 until the present, that refer to Plaintiff and relate to her claims in this lawsuit.

**PLAINTIFF'S ARGUMENT**

Plaintiff claims Defendant's objection to Request No. 17. (As set forth above, for any documents withheld based upon a privilege claim, Sempra shall present a privilege log.) With respect to the phrase "relate to any and all communications", Plaintiff is willing to allow such phrase be given a reasonable and common sense interpretation. Plaintiff rejects any time limitation on the production of communications between Goldstein and Plaintiff, particularly given the fact that Plaintiff was employed by Sempra for only a brief period of time and, therefore, this is not an overly burdensome demand. Further, Mr. Goldstein was an integral part of the Howley incident.

**COURT'S RULING:**

-32-

## REQUEST NO. 18

18.    Please produce any and all documents which relate to any and all communications between Goldstein and Howley.

## OBJECTIONS TO REQUEST NO. 18

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Request on the grounds that the phrase "relate to any and all communications" is vague and ambiguous.  Sempra further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, and to the extent it understands this Request, Sempra will produce responsive documents in its possession, if any, for the period from June 2001 until the present, that refer to Plaintiff and relate to her claims in this lawsuit.

## PLAINTIFF'S ARGUMENT

The Plaintiff has reached an agreement with Defendant that the phrase "relate to" shall be given a reasonable and common sense interpretation.  Plaintiff claims the portion of the objection that seeks to limit the time period of the production from June 2001 through the present for the same reasons asserted in the preceding Request.

## COURT'S RULING:

**REQUEST NO. 19**

19.    Please produce any and all documents which relate to any and all communications between Goldstein and Mitchell relating to Susan Wood, Howley & Roy.

**OBJECTIONS TO REQUEST NO. 19**

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Request on the grounds that the phrase "relate to any and all communications" is vague and ambiguous.  Sempra further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, and to the extent it understands this Request, Sempra will produce responsive documents in its possession, if any, for the period from June 2001 until the present, that refer to Plaintiff and relate to her claims in this lawsuit.

**PLAINTIFF'S ARGUMENT**

Plaintiff has agreed that the phrase "relate to" in the first sentence shall be deleted and the word "reflect" shall be inserted in lieu thereof.  Plaintiff claims that the same portion of the objection relating to limiting the time period of the production until after June 2001 for the same reasons articulated with regard to the two previous Requests.  (Any documents withheld based upon privilege shall be reflected in the privilege log.)

**COURT'S RULING:**

-34-

## REQUEST NO. 20

20.   Please produce any and all documents which relate to any and all communications to or from Prince relating to Susan Wood.

## OBJECTIONS TO REQUEST NO. 20

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Request on the grounds that the phrase "relate to any and all communications" is vague and ambiguous.  Sempra further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.  Subject to and without waiving these objections, Sempra will produce responsive documents in its possession, if any, for the period from September 2000 until the present, that refer to Plaintiff and relate to her claims in this lawsuit.

## PLAINTIFF'S ARGUMENT

Plaintiff claims the portion of the objection relating to the time limitation asserted by Sempra, but with respect to the matters regarding privilege and the interpretation of the word "relate", the parties have reached agreement in the same manner with respect to Request No. 19.

## COURT'S RULING:

## REQUEST NO. 21

21.    Please produce any and all documents from 1999 through the present relating to employees investigated and/or disciplined at Sempra for violation of Sempra's Employment Policies.

## OBJECTIONS TO REQUEST NO. 21

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Request on the grounds that it is vague, ambiguous, violative of third-party privacy rights, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## PLAINTIFF'S ARGUMENT

Plaintiff claims Defendant's objection to Request No. 21.    Plaintiff asserts that the manner in which Sempra has handled its Employment Policies, including without limitation, the way other employees have been investigated or disciplined, is reasonably designed to lead to admissible evidence as to the issue of Plaintiff's termination.  Plaintiff has alleged a hostile work environment and discriminatory treatment evidenced in part by Sempra's breach of its Employment Policies.   (As articulated above, the claim of privacy rights is resolved by the Confidentiality Order that the parties agreed to have entered.)

## COURT'S RULING:

## REQUEST NO. 22

22.    Provide a copy of all performance reviews of all employees at the Assistant Vice President level or higher in the Petroleum Derivatives Department of Sempra, and in the Gas Department of Sempra, from January 1, 1999 through the present.

## OBJECTIONS TO REQUEST NO. 22

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that it is vague, ambiguous, violative of third-party privacy rights, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## PLAINTIFF'S ARGUMENT

Plaintiff claims this objection for the same reasons as articulated previously with regard to Interrogatories and Production Requests relating to other employees at the Assistant Vice President level or higher in the Petroleum Derivatives department at Sempra and at the Gas department at Sempra.

## COURT'S RULING:

**REQUEST NO. 25**

25.     Provide any and all documents which relate to Steve Soule including his hiring, compensation and job performance.

**OBJECTIONS TO REQUEST NO. 25**

Sempra incorporates its Specific Objections as if fully set forth herein.  Sempra further objects to this Request on the grounds that it is vague, ambiguous, violative of third-party privacy rights, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Sempra will produce responsive documents reflecting Steve Soule's date of hire, job responsibilities, and position(s) while employed at Sempra.

**AGREEMENT**

The parties have resolved Defendant's objection to Request No. 25 based upon the agreement that Defendant shall provide the employment application of Steve Soule, including his resume.

**REQUEST NO. 26**

26.     Provide any and all documents relating to Sempra's attempt to find Susan Wood another position at Sempra by anyone at Sempra after it was decided to terminate her from her position in the Petroleum Derivatives Group.

## OBJECTIONS TO REQUEST NO. 26

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that it misstates the facts surrounding the termination decision. Subject to and without waiving these objections, Sempra will produce responsive documents, if any, reflecting Sarathi Roy's efforts to find a position for Plaintiff in another department after he decided to move Plaintiff out of the Petroleum Derivatives department.

## PLAINTIFF'S ARGUMENT

Plaintiff claims this objection. Plaintiff has alleged that Defendant has stated that steps were taken to find Plaintiff another job before her termination. In that context, this Request may well lead to relevant information regarding Plaintiff's termination.

## COURT'S RULING:

## REQUEST NO. 27

27.    Provide any and all documents and organization charts for the Gas and Petroleum Derivatives Department at Sempra.

## OBJECTIONS TO REQUEST NO. 27

Sempra incorporates its Specific Objections as if fully set forth herein. Sempra further objects to this Request on the grounds that it is vague, overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Sempra will produce organization charts for the Petroleum Derivatives Department, if any, for the period from January 2001 until the present.

## PLAINTIFF'S ARGUMENT

Plaintiff claims this objection. The Plaintiff is seeking documents and organizational charts for the Gas Department and Petroleum Derivatives Department, and is willing to limit such Request to a time period from 1999 through the present. For reasons articulated above, Plaintiff asserts that this request is reasonably designed to lead to potentially admissible evidence.

## COURT'S RULING:

DATED:  January 5, 2004          Respectfully submitted,


                                 PLAINTIFF,
                                 SUSAN E. WOOD



                                 By:_____
                                    Brendan J. O'Rourke (ct00522)
                                    Jeffrey M.  McCormick  (ct21185)
                                    O'ROURKE & ASSOCIATES LLC
                                    27 Pine Street
                                    New Canaan, CT  06840
                                    Telephone: (203) 966-6664
                                    Facsimile:  (203) 966-5710
                                    Brendan@orourkeandassoc.com

## CERTIFICATE OF SERVICE

This is to certify that on this 5th day of January 2004, a copy of the foregoing Motion was forwarded via regular mail to counsel for the Defendant at the following address:

Peter M. Schultz, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Blvd.
Stamford, CT 06901

Brendan J. O'Rourke