UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>　　　　　　　　　Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>January 20, 2004 |

**OBJECTION TO DEFENDANT'S MOTION FOR MODIFICATION
TO SCHEDULING ORDER**

**I.　Introduction**

　　Plaintiff Susan E. Wood ("Plaintiff" or "Wood") hereby objects ("Objection") to Defendant Sempra Energy Trading Corporation's ("Sempra") Motion for Modification to Scheduling Order, dated January 16, 2004 ("Motion").  A review of the chronology of this matter demonstrates that there is no good cause to modify the deadlines along the lines that have been requested by Sempra.  Further, as this is Sempra's <u>fourth</u> request for an extension regarding depositions and discovery responses, and given Sempra's newly articulated rationale for delay and its unjustified and unexplained failure to the Court's order directing Sempra to provide dates to Plaintiff's counsel so as to enable Plaintiff to complete depositions before mid-February, it is evident that Sempra is seeking to put off such discovery for unstated strategic reasons.  More particularly, in opposition to Sempra's Motion, Plaintiff states as follows:

**ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED**

-2-

## II.   Background and Argument

1.   Sempra's Motion is predicated on the anticipated disruption of the schedule of its counsel, Attorney Peter Schultz ("Attorney Schultz"), given his wife's pending childbirth. While Plaintiff and her counsel are happy for Attorney Schultz and his family, and sensitive to his personal concerns, such background should not be the basis to disrupt the carefully planned discovery schedule in this case. To do so would prejudice Plaintiff and her counsel.

2.   First, while Attorney Schultz, who is an associate at Paul, Hastings, Janofsky & Walker, LLP ("Paul Hastings"), has been active in this litigation, the Court should take note that Mary C. Dollarhide, a partner at Paul Hastings, has an appearance in this matter, and therefore should be available to attend and defend these depositions. Still further, Paul Hastings holds itself out as an institutional law firm, having a large employment department, with a significant number of partners and associates who would be more than well equipped to defend these depositions as well. Finally on this point, the defense of the depositions of the deponent witnesses should not necessarily require lead counsel's presence, given the limitations as to what counsel is authorized to interpose in the way of objections under the relevant Federal Rules of Civil Procedure. As such, it would be inappropriate to rewrite the Scheduling Order due to one attorney's personal schedule, particularly when the sensitive time period for Attorney Schulz has been known by Sempra and Paul Hastings for several months.

3.   Second, the Court should note that, during the teleconference hearing held with the Court on January 6, 2004 to adjudicate Defendant's Objections to Plaintiff's Discovery Requests, the Court granted Sempra's oral motion for a third extension of time to respond to Plaintiff's First Set of Discovery Requests. Such third motion for an extension of time was made

-3-

to extend Sempra's response deadline of January 9, 2004 to January 23, 2004[1]. Plaintiff's counsel articulated no objection to Sempra's third motion for extension of time, but did indicate a strong desire to move forward with the depositions of Sempra's employees, which were scheduled to be completed by January 31, 2004.

4. In that context, the Court agreed to a slight modification to the Scheduling Order, but ordered that the deposition schedule for the various Sempra employees should be established by Sempra <u>in advance</u> of the discovery responses due from Sempra. In furtherance of the Court's order and directive, on January 8, 2004, the undersigned counsel provided dates from January 21, 2004 through February 12, 2004 to permit Sempra to coordinate scheduling the depositions to commence late January and be complete by mid-February. As of the date of this Objection, Sempra has not provided dates for its employees' depositions as ordered by the Court.

5. During the teleconference with the Court, and in each of the three previous requests for an extension of time to respond to Plaintiff's pending discovery requests, which extensions of time pushed the deadline dates to the projected delivery date of Attorney Schultz's wife (from mid-January to mid-February), no mention of Attorney Schulz's personal schedule was articulated.

6. As to Plaintiff's schedule and her counsel's conflicts, Plaintiff's counsel operates without the institutional depth of Sempra's counsel, Paul Hastings. To that end, the discovery cut off of mid-February, and the anticipated deposition schedule contemplating depositions taking

---

[1] Please note that Sempra's counsel indicates in the Motion that the Supplemental Discovery deadline is "February 23, 2003". The undersigned counsel for Plaintiff believes that this is either a typographical error or a misunderstanding of Sempra's counsel in that, during the teleconference, the undersigned counsel for Plaintiff understood that the Court gave Sempra an additional two weeks to file Supplemental Responses from the revised discovery deadline of January 9, 2004 in furtherance of Defendant's Second Motion for Extension of Time to Respond to Plaintiff's First Set of Discovery Requests, dated December 30, 2003.

-4-

place between late-January and mid-February, has been slotted in the undersigned counsel's firm schedule.  Movement of the deposition schedule to late-February and March would result in tremendous conflict with the undersigned counsel's own trial schedule.  Because the undersigned counsel has limited resources available to meet his other trial and related Court deadlines, it would be grossly unfair to allow Sempra to rearrange the schedule due to one counsel's personal exigencies.

7.     Finally, the Court should be aware that Sempra in November and December of last year demanded that Plaintiff comply with all written discovery and make herself available for deposition in December, which Plaintiff did with some disruption to her personal schedule and the schedule of her counsel.  Thus, it is patently inconsistent and unfair for Sempra to have demanded compliance with the Scheduling Order, but now point to the potential personal disruption of one attorney's schedule as a basis to delay the discovery cut off, which will result in a delay of the trial in this matter.

-5-

### III.  Conclusion

For all the foregoing reasons, Plaintiff hereby requests that the Court deny Defendant's Motion, and in turn enter an affirmative order requiring that the Sempra employees make themselves available for depositions to go forward commencing in the last week of January through February 17, 2004.

DATED:  January 20, 2004

                      Respectfully submitted,

                      PLAINTIFF,
                      SUSAN E. WOOD


                      By:_____
                            Brendan J. O'Rourke (ct00522)
                            Jeffrey M.  McCormick  (ct21185)
                            O'ROURKE & ASSOCIATES LLC
                            27 Pine Street
                            New Canaan, CT  06840
                            Telephone: (203) 966-6664
                            Facsimile:  (203) 966-5710
                            Brendan@orourkeandassoc.com

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of January, 2004, a copy of the foregoing Motion was forwarded via regular mail to counsel for the Defendant at the following address:

        Peter M. Schultz, Esq.
        Paul, Hastings, Janofsky & Walker, LLP
        1055 Washington Blvd.
        Stamford, CT  06901

        _____
        Brendan J. O'Rourke