## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN E. WOOD, | ) | CIVIL ACTION NO. |
| | ) | 3:03-CV-986 (JCH) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| SEMPRA ENERGY TRADING | ) | January 21, 2004 |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR MODIFICATION OF SCHEDULING ORDER

Defendant, Sempra Energy Trading Corp. ("Sempra"), respectfully submits this brief response to Plaintiff's Objection to Defendant's Motion for Modification of the Scheduling Order in this case. As noted in its moving papers, Sempra requests an extension of the discovery end date from January 31, 2004 through March 19, 2004 - - a date that is approximately five weeks beyond the mid-February extension currently proposed by Plaintiff. This extension is requested in order to accommodate the undersigned's two-week paternity leave, which will likely take place between now and mid-February. Plaintiff's assertion to the contrary notwithstanding, Sempra's motion is not motivated by "unstated strategic reasons," <u>see</u> Pl.'s Objection at p.1, unless Plaintiff considers childbirth to be a stratagem.

Plaintiff's opposition to Sempra's requested extension is perplexing, to say the least. As an initial matter, Plaintiff asserts that a five week extension of the discovery cutoff date would cause "prejudice" to Plaintiff and her counsel, Pl.'s Objection at ¶ 1, yet Plaintiff fails to

**ORAL ARGUMENT NOT REQUESTED**

articulate precisely what prejudice would result were the Court to grant Sempra's request. Although Plaintiff asserts that an extension of the discovery end date until mid-March "would result in tremendous conflict" with the trial schedule of Plaintiff's counsel, Id. at ¶ 6, Plaintiff does not identify a single case that her attorney is scheduled to try in mid-March, or the approximate length of any such trial.[1]  Moreover, it is absurd to suggest, as Plaintiff apparently does, that are simply *no* dates from late February 2004 through March 2004, more than one month's time, on which Plaintiff's counsel is available to depose Sempra's witnesses.  Of course, to the extent that Plaintiff can, in fact, substantiate such extraordinary unavailability, Sempra is agreeable to any additional extension of time beyond the proposed March 19, 2004 cutoff that is necessary to accommodate counsel's trial schedule.  Given that this case is now barely eight months old, it strains credulity to suggest that any such extension would somehow prejudice Plaintiff's interests in this case.

Sempra, by contrast, would suffer significant prejudice were the Court to deny its motion.  As noted in Sempra's moving papers, the undersigned has represented Sempra in this case from the inception.  Plaintiff's apparent suggestion that any Paul Hastings attorney can defend the depositions of Sempra's witnesses is simply disingenuous.  As counsel is well aware, the witnesses that Plaintiff intends to depose include Sempra's President, its CEO, its General Counsel, and several of its Managing Directors.  Throughout this litigation, these individuals have dealt exclusively with the undersigned and with Mary Dollarhide, a partner in Paul

---

[1]  Plaintiff's counsel first noted his objection to Sempra's proposed motion in an e-mail message dated January 15, 2004.  See Exhibit A.  In that e-mail message, counsel stated: "I am primarily concerned about the trial schedule not being disrupted."  Id.  Notably, no mention was made regarding Plaintiff's purported concern, expressed for the first time in her opposition papers, that scheduling the depositions of Sempra's witnesses in late February and early March would conflict with counsel's trial schedule in other cases.

Hastings' San Diego office. From a client-relations perspective, it is therefore extremely important that the defense of these depositions be conducted by the undersigned or by Attorney Dollarhide. Moreover, from a practical standpoint, it makes little sense to suggest that the undersigned or Attorney Dollarhide should be compelled to bring another attorney "up to speed" to prepare Sempra's witnesses and to defend these depositions on short notice when a limited extension of the discovery end date would obviate this dilemma.

Plaintiff's suggestion that Sempra has failed to timely apprize the Court of the undersigned's conflict precipitating the instant motion is simply inaccurate. Prior to the first week of January 2004, Plaintiff's counsel had proposed deposing Sempra's witnesses in November and December 2003 and early January 2004. Had Plaintiff moved forward with the depositions at any of those times, no conflict would have arisen. It was not until January 6, 2004, when the Court ruled on Plaintiff's Motion to Adjudicate Sempra's Objections to Plaintiff's First Set of Interrogatories and Document Requests, that it became clear that the depositions of Sempra's witnesses would likely not be scheduled until the end of January and early February. Moreover, it was not until January 8, 2004, *following an e-mail request from the undersigned*, that Plaintiff's counsel actually provided available deposition dates, which extended through February 12, 2004 and clearly conflicted with the undersigned's impending two-week paternity leave. See Exhibit B. Sempra served its motion to modify the scheduling order on January 16, 2004, approximately one week thereafter. The one-week "delay" in filing the motion has caused no prejudice to Plaintiff, and is attributable solely to the undersigned's good-faith efforts to consider other reasonable options prior to filing the instant motion.

Finally, the Court should be aware that Plaintiff makes several misrepresentations in her opposition papers. As an initial matter, Plaintiff's assertion that "Sempra in November and

December of last year demanded that Plaintiff comply with all written discovery and make herself available for deposition in December, which Plaintiff did with some disruption to her personal schedule and the schedule of her counsel," Pl.'s Objection at 4, is demonstrably false. Indeed, Sempra has actually accommodated the schedule of Plaintiff and her attorney in this regard. On August 18, 2003, Sempra served its First Set of Interrogatories and Document Requests on Plaintiff. In September 2003, Plaintiff requested a ten (10) day extension of time, from September 22, 2003 until October 1, 2003, to serve her responses. Sempra consented to that request. See Exhibit C. No further extensions were sought, and Plaintiff served her responses on October 2, 2003. Sempra has shown similar flexibility with respect to deposition dates. Sempra originally noticed Plaintiff's deposition for October 8, 2003. The cover letter attached to that Notice expressly stated: "You will note that the deposition is scheduled for October 8, 2003, but that date is flexible. I anticipate that we will speak in the near future and set a mutually agreeable date for the proceedings." See Exhibit D. After consultation with Plaintiff's counsel, Plaintiff's deposition was scheduled for October 29, 2003. This date was subsequently adjourned at Sempra's request because the undersigned's sister was killed in a car accident in Florida on October 13, 2003.

In a letter dated November 12, 2003, Plaintiff's counsel advised that, in light of his client's "work schedule," she would not be available for deposition "until sometime in December." See Exhibit E. Counsel further stated that he would bring to the November 19, 2003 status conference "a list of [December] dates and times when [Plaintiff] will be available for her deposition." Id. Plaintiff's counsel did, in fact, provide such dates, which included December 12, 2003. On November 21, 2003, two days after the status conference, Sempra noticed Plaintiff's deposition for December 12, 2003. At no time thereafter did Plaintiff's

counsel indicate that this date - - which was offered by counsel - - posed a conflict.

Plaintiff also misleadingly contends that "this is Sempra's fourth request for an extension regarding depositions and discovery responses." Pl.'s Objection at p.1 (emphasis in original). In its current motion to modify the scheduling order, Sempra has requested that the dates for the depositions of its witnesses be rescheduled. This is Sempra's first such request. Moreover, Sempra has requested two extensions of time within which to respond to Plaintiff's First Set of Interrogatories and Document Requests. The first request was for a thirty (30) day extension, from December 1, 2003 until December 31, 2003. The second request was for a nine (9) date extension, from December 31, 2003 until January 9, 2004. Sempra did, in fact, serve its responses on January 9, 2004. On January 6, 2004, the Court granted in part Plaintiff's Motion to Compel Discovery and ordered Sempra to produce supplemental information and documents to Plaintiff by January 23, 2004. At no time has Sempra requested an extension of this deadline.

For all the reasons set forth in its motion papers, as supplemented herein, Sempra respectfully requests that its motion to modify the scheduling order in this case be granted.

Respectfully submitted,

Mary C. Dollarhide (ct12691)
Peter M. Schultz (ct19425)
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901
(203) 961-7400
(203) 359-3031 (fax)
peterschultz@paulhastings.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served on Plaintiff's counsel via United

Parcel Service (next business day delivery) this 21st day of January 2004 at the following address:

> Brendan J. O'Rourke
> O'Rourke & Associates, LLC
> 27 Pine Street
> New Canaan, CT 06840

_Peter M. Schultz_
Peter M. Schultz

STM/267077.1

# EXHIBIT A

**Schultz, Peter M.**

| | |
|---|---|
| **From:** | Brendan J. O'Rourke [brendan@orourkeandassoc.com] |
| **Sent:** | Thursday, January 15, 2004 12:01 AM |
| **To:** | Schultz, Peter M. |
| **Subject:** | Re: SEMPRA/WOOD - Proposed Extension of Discovery End Date ( Friday, M arch 19, |

Peter:

We need to discuss this matter. I am certainly sensitive to your birth schedule. However, if you became unavailable, presumably someone else at PH could defend the depositions. I am primarily concerned about the trial schedule not being disrupted.

Next, I have not heard back from you on the proposed deposition dates. I need to have you get back to me ASAP on those dates.

Let's talk.

Brendan

----- Original Message -----

**From:** Schultz, Peter M.
**To:** 'brendan@orourkeandassoc.com'
**Sent:** Thursday, January 15, 2004 7:29 AM
**Subject:** SEMPRA/WOOD - Proposed Extension of Discovery End Date (Friday, M arch 19, 2004)

Brendan,

I would like to move the court for an extension of the discovery end date until March 19, 2004. I am writing to ascertain your position with respect to this request.

My wife and I are expecting our first child at the end of this month (due date of January 31) and I am planning to take a paternity leave for two weeks. Because I cannot know exactly when the baby will come, I would prefer not to risk being called away on short notice and throwing into disarray the completion of the depositions of my client's witnesses. I had hoped to have the depositions completed by now but, given the discovery issues in the case, that has not happened. As you know, Mary Dollarhide is also working on this matter but she is in our San Diego office and is not in a position to complete the depositions here in Connecticut by early February. With a mid-March discovery cut off, I am confident that we will be able to complete all the depositions - - regardless of when the stork chooses to arrive.

Please let me know your thoughts at your earliest convenience.

Thanks.

---

Peter M. Schultz, Attorney | Paul, Hastings, Janofsky & Walker LLP | 1055 Washington Boulevard, Stamford, CT 06901 | direct: 203 961 7495 | main: 203 961 7400 | fax: 203 359 3031 | peterschultz@paulhastings.com| www.paulhastings.com

---

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

# EXHIBIT B

**Schultz, Peter M.**

| | |
|---|---|
| **From:** | Brendan J. O'Rourke |
| **Sent:** | Thursday, January 08, 2004 6:34 AM |
| **To:** | Schultz, Peter M. |
| **Subject:** | Re: SEMPRA/WOOD - Deposition Scheduling |

Peter

Jan 21, 22, 28, 29;  Feb 3,4,5,10,11,12

Brendan

----- Original Message -----
**From:** Schultz, Peter M.
**To:** 'brendan@orourkeandassoc.com'
**Sent:** Thursday, January 08, 2004 1:40 PM
**Subject:** SEMPRA/WOOD - Deposition Scheduling

Brendan,

Would you please give me a list of dates that you are available to depose my client's witnesses?

_____

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

# EXHIBIT C

# O'ROURKE & ASSOCIATES, LLC

ATTORNEYS AT LAW

27 Pine Street
New Canaan, Connecticut 06840
Telephone: (203) 966-6664
Facsimile: (203) 966-5710
www.orourkeandassoc.com

**VIA FACSIMILE**

September 19, 2003

Peter M. Schultz, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

RE:   **Wood v. Sempra Energy Trading Group**

Dear Peter:

This letter is written to confirm and thank you for the professional courtesy in providing the extension of the deadline to respond to Defendant's first set of discovery requests, dated August 18, 2003, until Wednesday, October 1, 2003.

With respect to the Rule 26(f) Report, which was dated July 14, 2003 and approved in part by the Court's margin order, dated July 22, 2003, please note the following: as discussed, the 26(f) Report provided for delivery to you of a damages analysis and an expert disclosure by September 15, 2003. At this point, I would ask for you to confirm that you would be comfortable with Plaintiff providing her damage analysis along with the discovery responses, which we intend to deliver on or before October 1, 2003. Further, with regard to the designation of an expert and delivery of the expert disclosure, we would seek extension of the September 15, 2003 deadline until October 15, 2003. In turn, we would propose to move the Defendant's disclosure deadline from November 30, 2003 to December 30, 2003. The deadline for completion of the deposition of the expert could remain at January 31, 2004, which is the deadline adopted by the Court's margin order. If you are amendable to that modification, I would propose to file a motion with the Court indicating your consent.

I further note that the Court's Status Conference Order, dated July 23, 2003, requires us to file the Joint Status Report on or before November 3, 2003. The Joint Status Report requires that substantive and good faith settlement discussions have ensued. In that regard, I would propose that the parties schedule to discuss settlement sometime before mid-October. I invite you to consider how your client would wish to commence such settlement discussions.

Peter M. Schultz, Esq.
September 19, 2003
Page Two


If you have any questions with regard to the foregoing, please feel free to call me.

Very truly yours,

Brendan J. O'Rourke

BJO/kad

cc.:   Mary Dollarhide, Esq.
       Susan E. Wood

# EXHIBIT D

**Paul**Hastings

Paul, Hastings, Janofs___ ___ Walker LLP
1055 Washington Boulevard, Stamford, CT 06901-2216
telephone 203-961-7400 / facsimile 203-359-3031 / internet www.paulhastings.com

Atlanta
Beijing
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Stamford
Tokyo
Washington, D.C.

(203) 961-7423
marydollarhide@paulhastings.com

August 18, 2003

28309.00004

## VIA UPS

Brendan J. O'Rourke
O'Rourke & Associates, LLC
27 Pine Street
New Canaan, CT 06840

Re:     *Susan E. Wood v. Sempra Energy Trading Corporation*
          Docket No. 3:03-CV-986 (JCH)

Dear Brendan:

Please find enclosed Defendant's First Sets of Interrogatories and Document Requests and a Notice of Videotaped Deposition for Plaintiff.  You will note that the deposition is scheduled for October 8, 2003, but that date is flexible.  I anticipate that we will speak in the near future and set a mutually agreeable date for the proceedings.

Very truly yours,

*Mary C. Dollarhide*

Mary C. Dollarhide
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

Enclosures

**EXHIBIT E**

# O'ROURKE & ASSOCIATES, LLC

ATTORNEYS AT LAW

27 Pine Street
New Canaan, Connecticut 06840
Telephone: (203) 966-6664
Facsimile: (203) 966-5710
www.orourkeandassoc.com

**VIA FACSIMILE**

November 12, 2003

Peter M. Schultz, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

> **RE:     Wood v. Sempra Energy Trading Corp.**

Dear Peter:

Your request that we reschedule Susan Wood's deposition has made it difficult for her to find another available date. In light of her current work calendar, Susan will not be available to sit for her deposition until sometime in December. In order that we might maintain the discovery schedule in this matter, I plan on bringing to the conference with Judge Hall, on November 19, 2003, a list of dates and times when Susan will be available for her deposition. I would propose that you bring a similar list designating dates and times for the depositions of (i) Sarathi Roy, (ii) Joe Howley, (iii) Michael Goldstein, (iv) Jackie Mitchell, (v) David Messer, (vi) Steve Soule, (vii) Denise Freda, (viii) Vin Cookingham, (ix) Steve Prince, and (x) Brian Cumming so that we can agree to a mutually agreeable deposition schedule at that time.

Please let me know if you are in accord with the above proposal at your earliest convenience.

Very truly yours,

Brendan J. O'Rourke

BJO/ab

cc:     Susan E. Wood