UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN E. WOOD, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 3: 03 CV 986 (JCH) |
| | ) | |
| - against - | ) | |
| | ) | |
| SEMPRA ENERGY TRADING | ) | March 15, 2004 |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendant Sempra Energy Trading Corp. ("Sempra") respectfully moves the Court for leave to amend its Answer in this case. Specifically, Sempra seeks to add two affirmative defenses to Plaintiff's claims for negligence and breach of the implied covenant of good faith and fair dealing: (1) Plaintiff's negligence claims are barred by the exclusivity provisions of the Connecticut Workers' Compensation Act; and (2) Plaintiff's claim for breach of an implied covenant of good faith and fair dealing is barred because Plaintiff has adequate statutory remedies. See First Amended Answer, Eleventh and Twelfth Affirmative Defenses (attached hereto at Tab 1).

As set forth fully in Sempra's Memorandum of Law, submitted in support of its motion, Plaintiff cannot show the requisite bad faith or undue prejudice necessary to warrant denial of Sempra's motion. Consequently, pursuant to Fed. R. Civ. P. 15(a), the Court should

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

grant Sempra's motion for leave to amend and permit Sempra to file the attached First Amended

Answer.

Dated:  Stamford, Connecticut
        March 15, 2004

                                        Respectfully Submitted,

                                        DEFENDANT
                                        SEMPRA ENERGY TRADING CORP.

                                        By: _Peter M. Schultz_____
                                            Mary C. Dollarhide (ct12251)
                                            Peter M. Schultz (ct19425)
                                            PAUL, HASTINGS, JANOFSKY
                                                & WALKER LLP
                                            1055 Washington Boulevard
                                            Stamford, CT 06901
                                            (203) 961-7400 (tel.)
                                            (203) 359-3031 (fax)
                                            E-mail: peterschultz@paulhastings.com

                                        Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, a member of the bar of this Court, hereby certifies that on this 15th day of March, 2004, a true and correct copy of the foregoing Motion for Leave to Amend Answer was served on the following counsel of record via United Parcel Service (overnight delivery):

Brendan J. O'Rourke, Esq.
O'ROURKE & ASSOCIATES, LLC
27 Pine Street
New Canaan, CT  06840

_Peter M. Schultz_
Peter M. Schultz

STM/270334.1

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SUSAN E. WOOD,

Plaintiff,

- against -

SEMPRA ENERGY TRADING
CORPORATION,

Defendant.

CIVIL ACTION NO.
3:03-CV-986 (JCH)

March 15, 2004

## DEFENDANT SEMPRA ENERGY TRADING CORPORATION'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

TO PLAINTIFF AND HER ATTORNEYS OF RECORD, BRENDAN J. O'ROURKE AND THE LAW FIRM OF O'ROURKE & ASSOCIATES, LLC:

Defendant, Sempra Energy Trading Corp. ("Sempra" or "the Company"), by its attorneys, hereby answers and otherwise responds to the Complaint filed on behalf of the Plaintiff in the above-captioned matter and admits, denies and alleges as follows:

## DEFENDANT'S ANSWER TO ALLEGATIONS CONTAINED IN COUNT ONE

1.    Sempra lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 1 of the Complaint.

2.    Sempra admits the allegations of Paragraph 2 of the Complaint.

3.    Sempra admits the allegations of Paragraph 3 of the Complaint.

4.    Sempra admits the allegations of Paragraph 4 of the Complaint.

5.    Sempra admits the allegations of Paragraph 5 of the Complaint.

6.      Sempra lacks information or knowledge sufficient to form a belief as to Plaintiff's specific employment experience prior to accepting an offer of employment from Sempra as alleged in Paragraph 6 of the Complaint.

7.      Sempra lacks information or knowledge sufficient to form a belief as to the allegations of Paragraph 7 of the Complaint.

8.      Sempra lacks information or knowledge sufficient to form a belief as to the allegations concerning Plaintiff's specific employment experience and denies each and every remaining allegation of Paragraph 8 of the Complaint.

9.      Sempra denies each and every allegation of Paragraph 9 of the Complaint.

10.     Sempra denies that the Company has a "customary practice" of paying bonuses in the amount of 10-15% of the profits booked by employees in a calendar year. Sempra lacks information or knowledge to form a belief as to the remaining allegations of Paragraph 10 of the Complaint.

11.     Sempra denies each and every allegation of Paragraph 11 of the Complaint.

12.     Sempra admits the allegations of Paragraph 12 of the Complaint.

13.     Sempra admits and alleges that, from approximately September 2000 through January 2001, Plaintiff worked in the Marketing Group under the supervision of Jackie Mitchell. Sempra denies each and every remaining allegation of Paragraph 13 of the Complaint.

14.     Sempra admits that David Messer is the President of Sempra. Sempra denies each and every remaining allegation of Paragraph 14 of the Complaint.

15.     Sempra denies each and every allegation of Paragraph 15 of the Complaint.

16.     Sempra denies each and every allegation of Paragraph 16 of the Complaint.

17.    Sempra admits that Plaintiff received a bonus of $50,000 for 2001. Sempra denies each and every remaining allegation of Paragraph 17 of the Complaint.

18.    Sempra admits that Plaintiff received a base salary increase of $10,000.00. Sempra denies each and every remaining allegation of Paragraph 18 of the Complaint.

19.    Sempra lacks information or knowledge sufficient to form a belief as to whether Plaintiff brought in sixteen new revenue-generating clients over the course of her employment. Sempra denies each and every remaining allegation of Paragraph 19 of the Complaint.

20.    Sempra admits that, in or about February 2001, Plaintiff transferred into the Petroleum Derivatives department under the supervision of Brian Cumming, Managing Director. Sempra denies each and every remaining allegation of Paragraph 20 of the Complaint.

21.    Sempra admits and alleges that in June 2001, Plaintiff was involved in an altercation with Joe Howley, a Sempra Managing Director. Sempra denies each and every remaining allegation of Paragraph 21 of the Complaint.

22.    Sempra admits and alleges that the June 2001 altercation between Plaintiff and Joe Howley concerned a business transaction in which Plaintiff and Mr. Howley were involved. Sempra denies each and every remaining allegation of Paragraph 22 of the Complaint.

23.    Sempra admits and alleges that Ms. Mitchell and Sarathi Roy witnessed the altercation that Plaintiff initiated with Mr. Howley. Sempra further admits that Mr. Roy was Plaintiff's colleague on the trading floor, later became her supervisor, and was involved in the decision to terminate Plaintiff. Sempra denies each and every remaining allegation of Paragraph 23 of the Complaint.

24.    Sempra admits that Joe Howley is a Managing Director. Sempra denies that Plaintiff was "verbally attacked" or "physically assaulted" by Mr. Howley. Sempra lacks

-3-

information or knowledge sufficient to form a belief as to whether Plaintiff was "greatly distressed." Sempra denies each and every remaining allegation of Paragraph 24 of the Complaint.

25.     Sempra admits that Plaintiff made a complaint about the incident with Mr. Howley to Michael Goldstein, Sempra's General Counsel. Sempra further admits that Plaintiff discussed the Howley incident with Brian Cumming. Sempra denies each and every remaining allegation in Paragraph 25 of the Complaint.

26.     Sempra admits that Plaintiff asked Mr. Goldstein to investigate the incident with Mr. Howley. Sempra denies each and every remaining allegation of Paragraph 26 of the Complaint.

27.     Sempra denies each and every allegation of Paragraph 27 of the Complaint.

28.     Sempra admits that Plaintiff requested that the incident with Mr. Howley be investigated. Sempra denies each and every remaining allegation of Paragraph 28 of the Complaint.

29.     Sempra lacks information or knowledge sufficient to form a belief as to whether Plaintiff felt discomfort or fear. Sempra admits and alleges that Plaintiff was advised that the incident with Mr. Howley would be investigated. Sempra denies each and every remaining allegation of Paragraph 29 of the Complaint.

30.     Sempra admits that Plaintiff was not specifically advised of any discipline or reprimand received by Mr. Howley. Sempra further admits that David Messer is the President of Sempra. Sempra denies each and every remaining allegation of Paragraph 30 of the Complaint.

31.     Sempra denies that Plaintiff's work environment became hostile. Sempra lacks information or knowledge sufficient to form a belief as to the remaining allegations of Paragraph 31 of the Complaint.

32.     Sempra denies that Plaintiff's work environment became hostile. Sempra lacks information or knowledge sufficient to form a belief as to whether Plaintiff believed "that she was going to become the subject of an adverse employment action." Sempra admits that Plaintiff spoke with Ms. Mitchell regarding workplace issues. Sempra lacks information or knowledge sufficient to form a belief as to whether Plaintiff told Ms. Mitchell that she (i.e., Plaintiff) felt that she was being treated "differently." Sempra denies each and every remaining allegation of Paragraph 32 of the Complaint.

33.     Sempra lacks information or knowledge sufficient to form a belief regarding Plaintiff's purported "efforts" to have the incident with Mr. Howley "promptly investigated." Sempra admits that Plaintiff asked Mr. Goldstein to complete the investigation that was ongoing. Sempra denies each and every remaining allegation of Paragraph 33 of the Complaint.

34.     Sempra admits and alleges that it conducted a timely and complete investigation. Sempra denies each and every remaining allegation of Paragraph 34 of the Complaint.

35.     Sempra admits that Mr. Roy became Plaintiff's supervisor. Sempra further admits that Mr. Howley, a Managing Director, is an active Sempra employee who continues to generate profits for the Company. Sempra denies each and every remaining allegation of Paragraph 35 of the Complaint.

36.     Sempra admits and alleges that Plaintiff and Mr. Roy became colleagues in the Petroleum Derivatives department in or about February 2001 and that Mr. Roy became Plaintiff's supervisor in February 2002 when he was appointed to head up the marketing function

of the Petroleum Derivatives department.  Sempra denies each and every remaining allegation of Paragraph 36 of the Complaint.

37.    Sempra denies each and every allegation of Paragraph 37 of the Complaint.

38.    Sempra admits that, on March 8, 2002, Mr. Roy advised Plaintiff that her employment with Sempra was being terminated.  Sempra denies that Plaintiff was subjected to disparate treatment or a hostile work environment.  Sempra lacks information or knowledge sufficient to form a belief as to what Plaintiff "feared."  Sempra denies each and every remaining allegation of Paragraph 38 of the Complaint.

39.    Sempra admits the allegations of Paragraph 39 of the Complaint.

40.    Sempra admits that Mr. Roy was aware of Plaintiff's altercation with Mr. Howley since he was on the trading floor when the incident occurred.  Sempra admits that Mr. Roy was the supervisor of both Plaintiff and Mr. Howley.  Sempra denies each and every remaining allegation of Paragraph 40 of the Complaint.

41.    Sempra admits that no Sempra attorney was present during the termination meeting with Ms. Wood.  Sempra denies each and every remaining allegation of Paragraph 41 of the Complaint.

42.    Sempra admits that Mr. Goldstein was not present at the termination meeting.  Sempra further admits that Plaintiff made a complaint to Mr. Goldstein in connection with the incident with Mr. Howley.  Sempra denies each and every remaining allegation of Paragraph 42.

43.    Sempra admits the allegations of Paragraph 43 of the Complaint.

44.    Sempra admits that Plaintiff asked a number of questions during the termination meeting.  Sempra denies each and every remaining allegation of Paragraph 44 of the Complaint.

45.    Sempra admits the allegations of Paragraph 45 of the Complaint.

46.    Sempra denies each and every allegation of Paragraph 46 of the Complaint.

47.    Sempra admits the allegations of Paragraph 47 of the Complaint.

48.    Sempra denies each and every allegation of Paragraph 48 of the Complaint.

49.    Sempra denies each and every allegation of Paragraph 49 of the Complaint.

50.    Sempra admits that Mr. Howley remained in the same position with the Company.
Sempra denies each and every remaining allegation of Paragraph 50 of the Complaint.

51.    Sempra lacks information or knowledge sufficient to form a belief as to what
information Plaintiff was informed of by an unidentified co-worker.  Sempra denies that Mr. Roy
was not comfortable with Plaintiff.

52.    Sempra denies each and every allegation of Paragraph 52 of the Complaint.

53.    Sempra denies each and every allegation of Paragraph 53 of the Complaint.

### DEFENDANT'S ANSWER TO ALLEGATIONS
### CONTAINED IN COUNT TWO

54.    Sempra incorporates its responses to Paragraphs 1 through 51 as if fully set forth
herein.

55.    Sempra denies each and every allegation of Paragraph 55 of the Complaint.

56.    Sempra denies each and every allegation of Paragraph 56 of the Complaint.

### DEFENDANT'S ANSWER TO ALLEGATIONS
### CONTAINED IN COUNT THREE

57.    Sempra incorporates its responses to Paragraphs 54 through 56 as if fully set forth
herein.

58.    Sempra lacks information or knowledge sufficient to form a belief as to the
allegations of Paragraph 58 of the Complaint.

59.    Sempra admits that, sometime after Plaintiff commenced her employment with Sempra, she disclosed that she was a lesbian.  Sempra denies each and every remaining allegation of Paragraph 59 of the Complaint.

60.    Sempra admits the Mr. Roy was Plaintiff's supervisor and was involved in the decision to terminate Plaintiff's employment.  Sempra denies each and every remaining allegation of Paragraph 60 of the Complaint.

61.    Sempra denies each and every allegation of Paragraph 61 of the Complaint.

62.    Sempra lacks information or knowledge sufficient to form a belief as to the number of Sempra employees who are homosexual.  Sempra admits that the Company employs approximately 300 people in Connecticut.  Sempra denies each and every remaining allegation of Paragraph 62 of the Complaint.

63.    Sempra lacks information or knowledge sufficient to form a belief as to the precise scope of Plaintiff's prior work experience.  Sempra denies each and every remaining allegation of Paragraph 63 of the Complaint.

64.    Sempra lacks information or knowledge sufficient to form a belief as to whether Plaintiff brought in sixteen new revenue-generating clients during the course of her employment. Sempra denies each and every remaining allegation of Paragraph 64 of the Complaint.

65.    Sempra admits that Plaintiff complained to Mr. Goldstein regarding the incident with Mr. Howley.  Sempra denies each and every remaining allegation of Paragraph 65 of the Complaint.

66.    Sempra lacks information or knowledge sufficient to form a belief regarding how Plaintiff felt.  Sempra denies each and every remaining allegation of Paragraph 66 of the Complaint.

67.     Sempra denies each and every allegation of Paragraph 67 of the Complaint.

68.     Sempra denies each and every allegation of Paragraph 68 of the Complaint.

69.     Sempra denies each and every allegation of Paragraph 69 of the Complaint.

## DEFENDANT'S ANSWER TO ALLEGATIONS
## CONTAINED IN COUNT FOUR

70.     Sempra incorporates its responses to Paragraphs 57 through 69 as if fully set forth

herein.

71.     Sempra admits that Plaintiff lodged a complaint with Mr. Goldstein after the

Howley incident.  Sempra lacks information or knowledge sufficient to form a belief as to

Plaintiff's reasons for lodging a complaint or how she purports to have "further pursued" her

complaint with Mr. Goldstein.  Sempra denies each and every remaining allegation of Paragraph

71 of the Complaint.

72.     Sempra admits that Plaintiff's employment was terminated.  Sempra denies each

and every remaining allegation of Paragraph 72 of the Complaint.

73.     Sempra denies each and every allegation of Paragraph 73 of the Complaint.

74.     Sempra admits that Mr. Roy offered a reason for Plaintiff's termination at the

meeting.  Sempra denies that Mr. Roy's offered reason was a pretext.

75.     Sempra admits that Plaintiff was advised at the termination meeting that she had

not done anything inappropriate to cause her termination.  Sempra denies each and every

remaining allegation of Paragraph 75 of the Complaint.

76.     Sempra admits that Plaintiff was terminated.  Sempra denies each and every

remaining allegation of Paragraph 76 of the Complaint.

77.     Sempra denies each and every allegation of Paragraph 77 of the Complaint.

78.    Sempra denies each and every allegation of Paragraph 78 of the Complaint.

## DEFENDANT'S ANSWER TO ALLEGATIONS
## CONTAINED IN COUNT FIVE

79.    Sempra incorporates its responses to Paragraphs 70 through 75 as if fully set forth herein.

80.    Sempra denies each and every allegation of Paragraph 80 of the Complaint.

81.    Sempra denies each and every allegation of Paragraph 81 of the Complaint.

82.    Sempra admits that Plaintiff was terminated.  Sempra denies each and every remaining allegation of Paragraph 82 of the Complaint.

83.    Sempra denies each and every allegation of Paragraph 83 of the Complaint.

84.    Sempra denies each and every allegation of Paragraph 84 of the Complaint.

## DEFENDANT'S ANSWER TO ALLEGATIONS
## CONTAINED IN COUNT SIX

85.    Sempra incorporates its responses to Paragraphs 79 through 82 as if fully set forth herein.

86.    Sempra denies that the Plaintiff signed the letter on September 9, 2000 and affirmatively alleges that the letter is dated "9/6/00."  Sempra admits the remaining allegations of Paragraph 86 of the Complaint.

87.    Sempra admits the allegations of Paragraph 87 of the Complaint.

88.    Sempra admits that it maintains an employee handbook, but denies that the handbook is entitled "The Employee Handbook of Sempra Energy Trading Corp."  Sempra further admits and alleges that Plaintiff was advised that the employee handbook, and any revisions to the handbook, governed her employment at Sempra.  Sempra denies the remaining allegations of Paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint states a legal conclusion to which no response is required.  However, to the extent that a response is deemed required, Sempra denies each and every allegation of Paragraph 89 of the Complaint.

90.     Sempra admits the allegations of Paragraph 90 of the Complaint.

91.     Sempra admits the allegations of Paragraph 91 of the Complaint.

92.     Sempra admits that Plaintiff accepted Sempra's offer of employment under the express terms of the Letter Agreement.  Sempra lacks information or knowledge sufficient to form a belief as to whether Plaintiff "changed her position" in consideration of such employment.

93.     Sempra denies each and every allegation of Paragraph 93 of the Complaint.

93 [sic].     Sempra denies each and every allegation of Paragraph 93 of the Complaint.

94.     Sempra denies each and every allegation of Paragraph 94 of the Complaint.

## DEFENDANT'S ANSWER TO ALLEGATIONS CONTAINED IN COUNT SEVEN

95.     Sempra incorporates its responses to Paragraphs 1 through 53 as if fully set forth herein.

96.     Sempra lacks information or knowledge sufficient to form a belief as to whether it is "industry practice" to pay out individual performance bonuses based on 10% to 15% of the profits booked by the individual in a given calendar year.  Sempra denies each and every remaining allegation of Paragraph 96 of the Complaint.

97.     Sempra denies each and every allegation of Paragraph 97 of the Complaint.

98.     Sempra denies each and every allegation of Paragraph 98 of the Complaint.

99.    Sempra denies each and every allegation of Paragraph 99 of the Complaint.

100.    Sempra denies each and every allegation of Paragraph 100 of the Complaint.

101.    Sempra denies each and every allegation of Paragraph 101 of the Complaint.

102.    Sempra denies each and every allegation of Paragraph 102 of the Complaint.

103.    Sempra denies each and every allegation of Paragraph 103 of the Complaint.

104.    Sempra denies each and every allegation of Paragraph 104 of the Complaint.

## DEFENDANT'S ANSWER TO ALLEGATIONS
## CONTAINED IN COUNT EIGHT

105.    Sempra incorporates its responses to Paragraphs 95 through 104 as if fully set forth herein.

106.    Sempra denies each and every allegation of Paragraph 106 of the Complaint.

107.    Sempra denies each and every allegation of Paragraph 107 of the Complaint.

108.    Sempra admits that Plaintiff accepted employment with the Company. Sempra denies each and every remaining allegation of Paragraph 108 of the Complaint.

109.    Sempra denies each and every allegation of Paragraph 109 of the Complaint.

110.    Sempra denies each and every allegation of Paragraph 110 of the Complaint.

## DEFENDANT'S ANSWER TO ALLEGATIONS
## CONTAINED IN COUNT NINE

111.    Sempra incorporates its responses to Paragraphs 105 through 110 as if fully set forth herein.

112.    Sempra denies each and every allegation of Paragraph 112 of the Complaint.

113.    Sempra denies each and every allegation of Paragraph 113 of the Complaint.

114.    Sempra denies each and every allegation of Paragraph 114 of the Complaint.

115.    Sempra denies each and every allegation of Paragraph 115 of the Complaint.

## DEFENDANT'S ANSWER TO ALLEGATIONS
## CONTAINED IN COUNT TEN

116.    Sempra incorporates its responses to Paragraphs 111 through 115 as if fully set forth herein.

117.    Sempra denies each and every allegation of Paragraph 117 of the Complaint.

118.    Sempra denies each and every allegation of Paragraph 118 of the Complaint.

119.    Sempra denies each and every allegation of Paragraph 119 of the Complaint.

120.    Sempra denies each and every allegation of Paragraph 120 of the Complaint.

121.    Sempra denies each and every allegation of Paragraph 121 of the Complaint.

## DEFENDANT'S ANSWER TO ALLEGATIONS
## CONTAINED IN COUNT ELEVEN

122.    Sempra incorporates its responses to Paragraphs 116 through 121 as if fully set forth herein.

123.    Sempra admits the allegations of Paragraph 123 of the Complaint.

124.    Sempra admits the allegations of Paragraph 124 of the Complaint.

125.    Sempra lacks information or knowledge sufficient to form a belief to the amount of unreported business expenses, if any, incurred by Plaintiff prior to her termination.  Sempra denies each and every remaining allegation of Paragraph 125 of the Complaint.

126.    Sempra denies each and every allegation of Paragraph 126 of the Complaint.

127.    Sempra denies each and every allegation of Paragraph 127 of the Complaint.

## DEFENDANT'S ANSWER TO ALLEGATIONS
## CONTAINED IN COUNT TWELVE

128.    Sempra incorporates its responses to Paragraphs 116 through 121 as if fully set forth herein.

129.    Sempra denies each and every allegation of Paragraph 129 of the Complaint.

130.    Sempra denies each and every allegation of Paragraph 130 of the Complaint.

131.    Sempra denies each and every allegation of Paragraph 131 of the Complaint.

132.    Sempra denies each and every allegation of Paragraph 132 of the Complaint.

133.    Sempra denies each and every allegation of Paragraph 133 of the Complaint.

134.    Sempra denies each and every allegation of Paragraph 134 of the Complaint.

## DEFENDANT'S ANSWER TO ALLEGATIONS
## CONTAINED IN COUNT THIRTEEN

135.    Sempra incorporates its responses to Paragraphs 85 through 94 as if fully set forth herein.

136.    Sempra denies each and every allegation of Paragraph 136 of the Complaint.

137.    Sempra denies each and every allegation of Paragraph 137 of the Complaint.

138.    Sempra denies each and every allegation of Paragraph 138 of the Complaint.

139.    Sempra denies each and every allegation of Paragraph 139 of the Complaint.

## DEFENDANT'S ANSWER TO ALLEGATIONS
## CONTAINED IN COUNT FOURTEEN

140.    Sempra incorporates its responses to Paragraphs 135 through 139 as if fully set forth herein.

141.    Sempra admits the allegations of Paragraph 141 of the Complaint.

142.    Sempra admits and alleges that it had a legal obligation to maintain a harassment-free workplace in accordance with state and federal law.  Sempra denies each and remaining every allegation of Paragraph 142 of the Complaint.

143.    Sempra denies each and every allegation of Paragraph 143 of the Complaint.

144.    Sempra denies each and every allegation of Paragraph 144 of the Complaint.

-14-

145.    Sempra denies each and every allegation of Paragraph 145 of the Complaint.

## DEFENDANT'S ANSWER TO
## PLAINTIFF'S PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, Sempra denies that Plaintiff is entitled to any of the relief requested therein.

## DEFENDANT'S GENERAL DENIAL

Sempra denies each and every allegation of the Complaint that is not expressly admitted.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, and under Connecticut state law are barred by Plaintiff's failure to exhaust her administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Title VII claims are barred by the applicable statute of limitations to the extent that they arose more than three hundred (300) days prior to the date on which Plaintiff filed a charge of discrimination, or to the extent that the Complaint in this action was filed more than ninety (90) days after Plaintiff received a "right to sue" notice.

## FOURTH AFFIRMATIVE DEFENSE

Sempra cannot be held liable for alleged acts of discrimination and/or harassment directed against Plaintiff to the extent that, contrary to the Company's Professional Conduct

-15-

Policy which prohibits discrimination and harassment, Plaintiff failed to timely notify Sempra of those alleged acts of discrimination and/or harassment.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each purported claim for relief contained therein, is barred in whole or in part in that actions taken with respect to Plaintiff's employment were taken for legitimate, non-discriminatory reasons and in accordance with obligations, rights, and privileges afforded by law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract fails because Plaintiff's employment was terminable at-will.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract fails because of the lack of specificity and ambiguity of its alleged terms.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract is unenforceable for lack of consideration.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract is unenforceable to the extent it is based upon alleged oral representations that are not contained in a signed writing.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's promissory estoppel claim fails because the alleged promises are not sufficiently clear and unambiguous to support such a cause of action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's negligence claims are barred by the exclusivity provisions of the Connecticut Workers' Compensation Act.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of an implied covenant of good faith and fair dealing is barred because Plaintiff has adequate statutory remedies.

## DEFENDANT'S PRAYER FOR RELIEF

Sempra denies that Plaintiff is entitled to any relief whatsoever. Sempra specifically denies that it is liable to Plaintiff in any way or in any manner, and denies that Plaintiff is entitled to any of the relief that she seeks.

WHEREFORE, having fully answered the Complaint, Sempra respectfully requests the following relief:

1. That the Complaint herein be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Sempra;

3. That Sempra be awarded its reasonable costs and attorneys' fees incurred in connection with this action; and

4. Such other and further relief as may be appropriate.

/

/

/

/

/

/

Respectfully submitted,

By:    *Peter M. Schultz*

Mary C. Dollarhide (ct12251)
Peter M. Schultz (ct19425)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email: marydollarhide@paulhastings.com

Counsel for Defendant

-18-

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, a member of the bar of this Court, hereby certifies that on this 15th day of March, 2004, a true and correct copy of the foregoing Amended Answer to the Complaint was served on the following counsel of record via United Parcel Service (overnight delivery):

> Brendan J. O'Rourke, Esq.
> O'ROURKE & ASSOCIATES, LLC
> 27 Pine Street
> New Canaan, CT  06840

_Peter M. Schultz_
Peter M. Schultz

STM/269666.1

-19-