UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD, ) <br> ) <br> Plaintiff, ) <br> ) <br> - against - ) <br> ) <br> SEMPRA ENERGY TRADING ) <br> CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. <br> 3: 03 CV 986 (JCH) <br><br><br><br> March 15, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER**

**I.      INTRODUCTION**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendant Sempra Energy Trading Corp. ("Sempra") respectfully submits this memorandum of law in support of its motion for leave to amend its Answer in this case. Specifically, Sempra seeks to add two affirmative defenses to Plaintiffs' claims for negligence and breach of the implied covenant of good faith and fair dealing.

Sempra's proposed affirmative defenses state as follows: (1) Plaintiff's negligence claims are barred by the exclusivity provisions of the Connecticut Workers' Compensation Act; and (2) Plaintiff's claim for breach of an implied covenant of good faith and fair dealing is barred because Plaintiff has adequate statutory remedies. See First Amended Answer, Eleventh and Twelfth Affirmative Defenses (attached to Sempra's Motion for Leave to Amend its Answer at Tab 1).

Sempra's counsel previously sought Plaintiff's consent to this proposed amendment. To date, however, Plaintiff's counsel has not responded to this inquiry. Accordingly, Sempra seeks the Court's permission to amend its Answer pursuant to Fed. R. Civ. P. 15(a). As set forth fully below, Plaintiff cannot show the requisite bad faith or undue prejudice necessary to warrant denial of Sempra's motion. Accordingly, consistent with Rule 15(a)'s dictate that leave "shall be freely given when justice so requires," the Court should grant Sempra's motion for leave to amend its Answer to include the additional affirmative defenses set forth above.

## II.    DISCUSSION

### A.    Leave to Amend Pleadings Is "Freely Given" And May Only Be Denied If the Party Opposing the Amendment Can Show Bad Faith or Undue Prejudice.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The United States Supreme Court has made clear that "in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). See also Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995) (noting that "[t]he Supreme Court has emphasized that amendment should normally be permitted"). Following Foman, the Second Circuit has held that amendments should be allowed absent "a showing by the nonmovant of prejudice or bad faith," and that "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis

for a district court to deny the right to amend." Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993) (citing State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).

These principles apply with full force in the context of a defendant seeking to amend its Answer to include an affirmative defense not initially raised. See, e.g., Rachman Bag, 46 F.3d at 234-35 (permitting defendant to amend Answer more than four years after complaint was filed to include additional defense where plaintiff "offered no reason, such as prejudice or bad faith," sufficient to warrant denial of leave to amend); Block, 988 F.2d at 350-51 (permitting defendant to amend answer to add statute of limitations defense more than four years after complaint was filed absent any showing of bad faith or "substantial prejudice"); White-Ruiz v. City of New York, No. 93 Civ. 7233 (DLC) (MHD), 1996 WL 744892, at *1-2 (S.D.N.Y. Dec. 31, 1996) (permitting defendant to amend answer to include statute of limitations defense on the eve of submission of joint pre-trial order and only two weeks prior to trial where defendant's "delay in asserting the defense has not harmed the plaintiff" and no evidence of bad faith existed) (attached hereto as Exhibit A).

Accordingly, the burden is squarely on Plaintiff to show that Sempra's proposed amendment is in bad faith or that Plaintiff would suffer undue prejudice if Sempra were permitted to add the affirmative defenses set forth above. Because Plaintiff cannot meet this burden, Sempra's motion for leave to amend its Answer should be granted.

### B. Plaintiff Cannot Show That Sempra is Acting in Bad Faith Or That Its Proposed Amendment Would Cause Plaintiff Undue Prejudice.

Plaintiff cannot meet her burden of demonstrating that Sempra's proposed amendment is in bad faith under the present circumstances or that Plaintiff would be unduly prejudiced if Sempra is permitted to add two additional affirmative defenses. Sempra has not gained any advantage by raising the affirmative defenses at this stage, and thus Plaintiff cannot show that Sempra is motivated by bad faith. See White-Ruiz, 1996 WL 744892, at *1 (noting that "we are at a loss to understand what advantage defendants might have thought to gain by deliberately withholding this defense until the proverbial last minute. Absent such an incentive, we find no ground for charging defendants with bad faith in this particular matter").

Nor can Plaintiff show any prejudice, as the proposed affirmative defenses will not require additional discovery and no dispositive motions have yet been filed. See Fluor Corp., 654 F.2d at 856 (permitting plaintiff to amend complaint where "no trial date had been set by the court and no motion for summary judgment had yet been filed by defendants" and where "the amendment will not involve a great deal of additional discovery"). Absent any showing of prejudice by Plaintiff, the Court should grant Sempra's motion.

### III. CONCLUSION

Plaintiff cannot meet her burden of showing that Sempra's proposed amendment is in bad faith or that granting the amendment would result in undue prejudice to her. Consequently, pursuant to Fed. R. Civ. P. 15(a), the Court should grant Sempra's motion for leave to amend its Answer in this case and permit Sempra to file the First Amended Answer, attached to Sempra's Motion for Leave to Amend.

Dated: Stamford, Connecticut
       March 15, 2004

                                        Respectfully Submitted,

                                        DEFENDANT
                                        SEMPRA ENERGY TRADING CORP.

                                        By: _____
                                             Mary C. Dollarhide (ct12251)
                                             Peter M. Schultz (ct19425)
                                             PAUL, HASTINGS, JANOFSKY
                                                 & WALKER LLP
                                             1055 Washington Boulevard
                                             Stamford, CT 06901
                                             (203) 961-7400 (tel.)
                                             (203) 359-3031 (fax)
                                             E-mail: peterschultz@paulhastings.com

                                             Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned, a member of the bar of this Court, hereby certifies that on this 15th day of March, 2004, a true and correct copy of the foregoing Memorandum of Law was served on the following counsel of record via United Parcel Service (overnight delivery):

>Brendan J. O'Rourke, Esq.
>O'ROURKE & ASSOCIATES, LLC
>27 Pine Street
>New Canaan, CT  06840

*Peter M. Schultz*
Peter M. Schultz

STM/270323.1

1996 WL 744892                                                                                            Page 1
(Cite as: 1996 WL 744892 (S.D.N.Y.))
**H**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

Paula WHITE-RUIZ, Plaintiff,
v.
THE CITY of NEW YORK et al., Defendants.

No. 93 Civ. 7233 DLC MHD.

Dec. 31, 1996.

Ronald Podolsky, c/o Sharon Cerelle Konits, Hauppauge, New York.

Patricia Miller, Office of the Corporation Counsel of the City of New York, New York City.

*MEMORANDUM & ORDER*

DOLINGER, United States Magistrate Judge.

*1 Defendants have moved for leave to amend their answer to assert a statute-of-limitations defense. The application is granted.

Defendants' motion comes on the eve of submission of the joint pre-trial order and only two weeks before the commencement of trial. Counsel's explanation for the peculiar timing of the request is simply a change in trial tactics occasioned by the substitution of new attorneys to handle the trial on behalf of the Corporation Counsel. (*See* Dec. 23, 1996 letter to the Court from Assistant Corporation Counsel Katherine A. Burroughs, Esq., at 2, 6).

In assessing this matter we start with the premise, embodied in Fed. R. Civ. P. 15, that leave to amend the pleadings is to be freely granted "when justice so requires." *See, e.g., Foman v. Davis,* 371 U.S. 178, 182 (1962). The limitation to this principle is that amendment should be denied if the other side would be unfairly prejudiced or if the amendment is a product of bad faith or if the amendment would be futile. *See, e.g. Yerdon v. Henry,* 91 F.3d 370, 378 (2d Cir. 1996); *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,* 22 F.3d 458, 462 (2d Cir. 1994); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Dev. Fund Co.,* 608 F.2d 28, 42 (2d Cir. 1979). None of these concerns is evident in this case.

On the matter of prejudice, I note that the limitations defense, even if finally upheld, would preclude only claims arising in 1988 through a portion of 1990. Some of the asserted misdeeds alleged were performed in later years, and thus inevitably are immune to such a defense. Moreover, plaintiff will not be precluded from offering evidence as to events during those earlier years since it may be probative on a number of factual issues in the case. Furthermore, depending on the nature of the evidence, it may be the case that plaintiff will be able to demonstrate a continuing wrong or other circumstance that might take the events of that period outside the scope of the limitations defense.

In any event, and more crucial to the question of unfair prejudice, is the fact that the delay in asserting the defense has not harmed the plaintiff. [FN1] Even if the defense had been raised at the outset of the litigation, there is no suggestion that plaintiff would have prepared her case differently or that she has lost any rights or claims that she might otherwise have retained.

> FN1. Delay, in and of itself, is generally not an adequate basis on which to deny leave to amend, *see, e.g., Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993); *Richardson Greenshields Secs., Inc. v. Lau,* 825 F.2d 647, 653 n.6 (2d Cir. 1987); *but see John Hancock,* 22 F.3d at 462, although the greater the delay, the less compelling need be the opposing party's showing of prejudice. *See, e.g., Block,* 988 F.2d at 350 (citing cases).

With regard to bad faith, plaintiff insists that defendants' reference to "a change of tactics" is tantamount to an admission of bad faith. We see no basis on the facts of this case for that inference. As noted, plaintiff fails to demonstrate prejudice. Moreover, defendants appear to have disadvantaged themselves since, by their delay, they have effectively forfeited the ability to obtain pretrial dismissal of at least one of the defendants and risked a court ruling denying them the defense based on the theory that they have waived it. In sum, we are at a loss to understand what advantage defendants might have thought to gain by deliberately withholding this defense until the proverbial last minute. Absent such an incentive, we find no ground for charging defendants with bad faith in this particular matter.

*2 As for futility, the proposed affirmative defense is colorable on its face. The statute of limitations under 42 U.S.C. § 1983 is three years. *Owens v. Okure,* 488

1996 WL 744892 Page 2
(Cite as: 1996 WL 744892, *2 (S.D.N.Y.))

U.S. 235, 251 (1989). Plaintiff alleges a series of events that commenced in 1988, but she did not file her complaint until 1993. Under the circumstances, there is at least a potential basis for finding some of her claims time-barred. That is all that we need conclude to permit an amendment. Although the defense might ultimately be unavailing in whole or in part, that will depend upon an assessment of evidence, and such evidentiary analysis is not an appropriate basis on which to deny a motion to amend. *See, e.g., CBS, Inc. v. Ahern,* 108 F.R.D. 14, 19 (S.D.N.Y. 1985)(citing cases).

There remains a question, raised originally by the court, as to whether the standard Rule 15 analysis should apply when the defendants seek belatedly to assert a waivable affirmative defense, such as a time bar. We are satisfied from a perusal of the applicable cases, including the decision of the Second Circuit in *Block v. First Blood Assocs.,* 988 F.2d at 350-51, that the defendants' failure to plead a limitations defense in the original answer, and their lengthy delay in seeking to amend to assert that defense, do not provide a basis for deeming the defense to have been waived. In this regard I note that Rule 12(h) provides for an automatic waiver of certain defenses based on a failure to plead them, but that rule does not encompass the statute-of- limitations defense.

## CONCLUSION

For the reasons stated, defendants' motion to amend their answer to assert a statute of limitations defense is granted. Defendants are to serve their amended answer by January 3, 1997.

1996 WL 744892, 1996 WL 744892 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works