32~

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2004 MAR 16  A 10: 09

| | | |
|---|---|---|
| SUSAN E. WOOD, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 3: 03 CV 986 (JCH) |
| | ) | |
| - against - | ) | |
| | ) | |
| SEMPRA ENERGY TRADING | ) | March 15, 2004 |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

U.S. DISTRICT COURT
BRIDGEPORT. CONN

### DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendant Sempra

Energy Trading Corp. ("Sempra") respectfully moves the Court for leave to amend its Answer in

this case. Specifically, Sempra seeks to add two affirmative defenses to Plaintiff's claims for

negligence and breach of the implied covenant of good faith and fair dealing: (1) Plaintiff's

negligence claims are barred by the exclusivity provisions of the Connecticut Workers'

Compensation Act; and (2) Plaintiff's claim for breach of an implied covenant of good faith and

fair dealing is barred because Plaintiff has adequate statutory remedies. See First Amended

Answer, Eleventh and Twelfth Affirmative Defenses (attached hereto at Tab 1).

As set forth fully in Sempra's Memorandum of Law, submitted in support of its

motion, Plaintiff cannot show the requisite bad faith or undue prejudice necessary to warrant

denial of Sempra's motion. Consequently, pursuant to Fed. R. Civ. P. 15(a), the Court should

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

GRANTED (Absent Objection

SO ORDERED

Janet C. Hall, U.S.D.J.