UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>      Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br>May 14, 2004 |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 56 and D. Conn. L. R. Civ. P. 56, Defendant, Sempra Energy Trading Corp. ("Sempra") respectfully moves the Court for an Order granting partial summary judgment in its favor on all claims in the Complaint, dated May 14, 2003 [doc. #1] (the "Complaint"), with the sole exception of Plaintiff's claim for breach of an implied contract to reimburse business expenses (Count Eleven). As set forth fully in the Defendant's accompanying brief, the thirteen counts of the Complaint on which Sempra now moves fail as a matter of law. More particularly:

    (1)  Plaintiff's claim that she was subjected to a hostile work environment on the basis of her gender and sexual orientation (Counts One, Two, Three) fails because the alleged conduct upon which she relies was not sufficiently severe or pervasive to alter the terms and conditions of her employment and because Plaintiff failed to notify Sempra of the alleged harassment.

**ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED**

(2) The decision to terminate Plaintiff's employment was entirely unrelated to her gender or sexual orientation (Counts One, Two, Three) and Plaintiff can adduce no facts from which an inference of discrimination can fairly be drawn.

(3) Plaintiff's retaliatory discharge claims (Counts Four, Five) are meritless, as there is no evidence that Plaintiff was discharged in retaliation for complaining about a business dispute in which she was involved nine months prior to her termination (the "Howley Incident").

(4) Plaintiff's claim for breach of an express contract (Count Six) cannot stand because Sempra's Employee Handbook - - and an Employment Application signed by Plaintiff - - contain clear and effective disclaimers of contract. Moreover, the undisputed facts show that Sempra investigated the Howley Incident in accordance with the terms of the Employee Handbook.

(5) Plaintiff's claims for breach of an implied contract, promissory estoppel and unjust enrichment (Counts Seven, Eight, Nine) fail because those claims are based upon alleged oral statements that are flatly inconsistent with the terms of Plaintiff's written Employment Agreement.

(6) Plaintiff's claim for breach of an implied covenant of good faith and fair dealing (Count Ten) is untenable because Plaintiff has adequate statutory remedies, the conduct about which she complains did not breach the Employment Agreement, and Sempra did not violate any public policy.

(7) Plaintiff's claim for unpaid wages (Count Twelve) fails because Plaintiff concedes that the alleged "wage" to which she claims entitlement - - i.e., a bonus payment for the

year 2002 - - was not tied solely to her job performance. Further, Plaintiff cannot demonstrate a contractual entitlement to any bonus payment.

(8)     Plaintiff's claims for negligent investigation (Counts Thirteen, Fourteen) are barred under Connecticut law and, in any event, the record evidence demonstrates that Sempra thoroughly investigated Plaintiff's complaint regarding the Howley Incident.

WHEREFORE, Sempra respectfully submits that the Court should grant its motion for partial summary judgment in its entirety.

Dated:  Stamford, Connecticut
        May 14, 2004

                                        Respectfully Submitted,

                                        By: /s/ Peter M. Schultz
                                        Mary C. Dollarhide (ct12251)
                                        Peter M. Schultz (ct19425)
                                        Paul, Hastings, Janofsky & Walker LLP
                                        1055 Washington Boulevard
                                        Stamford, CT  06901-2217
                                        Telephone:  (203) 961-7400
                                        Fax:  (203) 359-3031
                                        Counsel for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant's Motion for Partial Summary Judgment was served on the following counsel of record via courier on this 14th day of May 2004:

>Brendan J. O'Rourke
>O'Rourke & Associates, LLC
>27 Pine Street
>New Canaan, CT 06840

_____
Peter M. Schultz

STM/274120.2