UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>　　　　　　　　Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br>June 22, 2004 |

## MOTION FOR EXTENSION OF TIME

Plaintiff Susan E. Wood ("Plaintiff"), pursuant to Local Rule 7(b), hereby moves for an extension of time, up to and including July 13, 2004, within which to file a response to Defendant Sempra Energy Trading Corporation's ("Defendant") Motion for Partial Summary Judgment, dated May 14, 2004 ("Partial Summary Judgment Motion"). Plaintiff had previously been granted an extension until June 28, 2004 regarding this response. However, Plaintiff needs an additional fifteen (15) days to adequately respond, and offers the following basis for such request.

Good cause exists to grant this extension, as lead counsel for Plaintiff was on trial in an extremely complex litigation matter, which was tried in Tulsa, Oklahoma from June 7th through June 11th. In the weeks prior to such trial, Plaintiff's counsel was deeply involved in preparation for same. Upon returning from Oklahoma, the undersigned has been besieged by an onslaught of pressing professional obligations, including matters which had to be put off in the course of trial

preparation and, ultimately, the trial itself. In addition, the undersigned's two associates have similarly been unable to commit sufficient time to assist in formulating an appropriate response to the Partial Summary Judgment Motion by the new June 28th deadline.

Further, and as stated in Plaintiff's previous motion for extension of time, due to the size and scope of Defendant's Partial Summary Judgment Motion, it will be necessary to dedicate a considerable amount of time and resources to prepare and file an appropriate response to same. For the reasons set forth above, counsel for Plaintiff has been unable to dedicate the necessary time and resources to meet the June 28th deadline.

It should be further noted that during the course of this matter, Defendant, a publicly traded corporation, represented by a large institutional law firm, has requested the following extensions of time:

(i) First Motion for Extension of Time to Respond to Plaintiff's First Set of Discovery Requests, dated November 26, 2003;

(ii) Second Motion for Extension of Time to Respond to Plaintiff's First Set of Discovery Requests, dated December 30, 2003;

(iii) Motion for Modification of Scheduling Order, dated January 16, 2004 ("Motion for Modification"), seeking to move a) close of discovery, b) deadline for dispositive motions, c) due date for joint trial memorandum, and d) date of trial readiness; and

    (iv)         A second Motion for Modification of Dispositive Motion Deadline, dated March 23, 2004 ("Second Motion for Modification").

Plaintiff filed objections to Defendant's Motion for Modification and Second Motion for Modification predicated in large part on the effect such extensions would have on Plaintiff's counsel's schedule. In Plaintiff's Objection to Defendant's Motion for Modification to Scheduling Order, dated January 20, 2004 ("Plaintiff's Objection"), Plaintiff made it clear that any such modification would wreak havoc on counsel for Plaintiff's schedule, given the pending trial in Oklahoma. More particularly, Plaintiff stated, " … Plaintiff's counsel operates without the institutional depth of [Defendant's] counsel, Paul Hastings … Movement of the deposition schedule to late February and March would result in tremendous conflict with the undersigned counsel's own trial schedule." <u>See</u> Plaintiff's Objection, a copy of which is attached hereto as Exhibit A. In short, by Defendant's moving the deadlines for the close of discovery and the filing of dispositive motions into the middle of the burdensome schedule of Plaintiff's counsel in May and June, the concerns expressed in earlier filings have manifested themselves.

Based on the foregoing, Defendant cannot now claim that it is surprised or prejudiced by this requested extension. Still further, Defendant cannot assert that the granting of this requested extension will result in undue delay of the instant proceedings.

The undersigned counsel for Plaintiff contacted counsel for Defendant, Peter Schultz, regarding Defendant's position with respect to this motion, and has objected to this motion.

This is Plaintiff's second request to extend the time within which to respond to the Partial Summary Judgment Motion.

        PLAINTIFF,
        SUSAN E. WOOD


By:_____
        Brendan J. O'Rourke (ct00522)
        Jeffrey M. McCormick (ct21185)
        O'ROURKE & ASSOCIATES LLC
        27 Pine Street
        New Canaan, CT  06840
        Telephone: (203) 966-6664
        Facsimile:  (203) 966-5710
        Brendan@orourkeandassoc.com

**CERTIFICATE OF SERVICE**

The undersigned, a member of the bar of this Court, hereby certifies that on this 22nd day of June, 2004, a copy of the foregoing was served on the following counsel of record via first class mail, postage pre-paid:

>Mary C. Dollarhide (ct12251)
>Peter M. Schultz (ct19425)
>Neil B. Stekloff (ct19778)
>PAUL, HASTINGS, JANOFSKY & WALKER LLP
>1055 Washington Blvd.
>Stamford, CT  06901-2217
>Telephone: (203) 961-7400
>Facsimile:  (203) 359-3031
>Email: peterschultz@paulhastings.com

_____
Jeffrey M. McCormick