UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD, | CIVIL ACTION NO. |
|        Plaintiff, | 3:03-CV-986 (JCH) |
|    v. | |
| SEMPRA ENERGY TRADING CORPORATION, | September 1, 2004 |
|        Defendant. | |

**PLAINTIFF'S MOTION (i) TO STRIKE DEFENDANT'S REPLY, AND, IN THE
ALTERNATIVE, (ii) FOR LEAVE TO FILE A SURREPLY**

**I.     INTRODUCTION**

Plaintiff Susan E. Wood ("Wood" or "Plaintiff") respectfully moves the Court to strike Defendant Sempra Energy Trading Corporation's ("Sempra" or "Defendant") Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment on Plaintiff's Complaint, dated August 6, 2004 ("Defendant's Reply") for (a) failing to comply with the mandates of D. Conn. L. Civ. R. 7 (d) ("Local Rule 7"), (b) failing to properly authenticate exhibits in support thereof, and (c) for relying on inadmissible hearsay in support thereof. In the alternative, Plaintiff respectfully moves the Court for leave to file a surreply in response to Defendant's Reply.

## II.     LEGAL ARGUMENT

### A.     Defendant's Reply Should Be Stricken In Its Entirety Because It Is Not "Strictly Confined To A Discussion of Matters Raised By the Responsive Brief ", And As Such, Defendant's Reply Violates Local Rule 7.

Local Rule 7 provides, in part, "<u>A reply brief… must be **strictly confined** to a discussion of matters raised by the responsive brief and must contain references to the pages of the responsive brief to which reply is being made</u>." (Emphasis supplied).  Defendant's Reply strives to give the appearance that it comports with Local Rule 7 by making some references to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Partial Summary Judgment on Plaintiff's Complaint, dated July 13, 2004 ("Plaintiff's Opposition Brief").  It is, however, patently obvious that Defendant's Reply is not "strictly" tailored to respond to Plaintiff's Opposition Brief at all; rather, it is a stand alone brief filled with multiple factual assertions[1] and arguments not connected to the arguments made in Plaintiff's Opposition Brief in any way.  More particularly, Defendant has improperly utilized Defendant's Reply to submit additional facts and refine its legal arguments in an effort to revise and bolster Defendant's Memorandum of Law in Support of its Motion for Partial Summary Judgment on Plaintiff's Complaint, dated May 14, 2004 ("Defendant's Brief"). [2]

By way of example, Defendant's disregard of Local Rule 7 is glaringly apparent upon reading the first page of Defendant's Reply, entitled "Introduction".   More particularly,

---

[1] Defendant's factual onslaught merely serves to highlight the material factual disputes which define this case.

[2] An example of such a revision is Defendant's amplification of its description of one email forwarded to Sarathi Roy by Plaintiff.  <u>Compare</u> Defendant's Brief at 9, Fn. 8, with Defendant's Reply at 7.  In cavalier disregard of Local Rule 7, Defendant states in Defendant's Reply: "Tellingly, Plaintiff's opposition brief is devoid of any reference to this stunning piece of evidence." Defendant's Reply at 7-8.  Accordingly, Defendant had no right to amplify its argument in Defendant's Reply.

Defendant opens such section with a wholly unresponsive and inappropriate argument. See Defendant's Reply at 1. Further, Defendant alleges in the third paragraph of the "Introduction" that "… Plaintiff asserts for the first time 'facts' that directly contradict her deposition testimony and interrogatory responses," without one citation to the record in support of such assertion. See Defendant's Reply at 2.

As a further example of Defendant's disregard of Local Rule 7, the entire first paragraph of Defendant's Legal Argument restates the law previously set forth in Defendant's Brief. Compare Defendant's Reply at 3, with Defendant's Brief at 20.[3] Still further, Defendant's Reply barrages the Court and Plaintiff with a flurry of new factual assertions which go well beyond Plaintiff's Opposition Brief. See Defendant's Reply at 7-8 fn. 8-10. Among these new assertions is a reference by Defendant to the complaint filed by Plaintiff with the Connecticut Commission on Human Rights and Opportunities. See Defendant's Reply at 7 fn. 8. Similarly, Defendant goes well beyond Plaintiff's Opposition Brief by making reference to the fact that Plaintiff consulted with a general practitioner regarding sleep issues. See Defendant's Reply at 7 fn. 9.[4] Neither of such facts were touched upon in either Plaintiff's Opposition Brief or Defendant's Brief. Accordingly, it is a violation of Local Rule 7 to make such factual assertions at this time.

---

[3] Such blatant restatement stands in direct contradiction to Defendant's representation to this Court that " … mindful of the requirement[s] in D. Conn. L. Civ. R. 7(d) … [it] has made every reasonable effort to be as efficient as possible with [its] allotted pages, [and] it respectfully submits that an adequate reply cannot be accomplished within the Court's standard page limit." See Defendant's Amended Motion for Permission to Exceed the Page Limit with Respect to Defendant's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment, dated August 19, 2004, at 1 ("Second Motion to Exceed Page Limit").

[4] In this instance, Defendant mischaracterizes the newly raised facts. More particularly, Defendant is well aware, having taken the outrageous tactic of subpoenaing records from Plaintiff's general practitioner and psychologist without providing Plaintiff any notice, that Plaintiff consulted such medical professionals, in part, for treatment with respect to psychological distress arising from her termination by Defendant, and not merely, as Defendant suggests, for a sleeping issue.

**B.     Defendant's Reply Should Be Stricken For Failure To Properly Authenticate Evidence And For Reliance On Hearsay.**

1.     <u>Defendant failed to properly authenticate the Deposition of Michael Goldstein or the "Goldstein Notes".</u>

As a general rule,

A motion to strike will … be granted when it challenges documentary evidence that was submitted in support of … a summary judgment motion, but which has not been properly authenticated.  It is irrelevant that the documents may in the future be properly authenticated at trial through a witness.

<u>Dedyo v. Baker Engineering New York, Inc, and Michael Baker Corporation</u>, 1998 WL 9376, *4-5 (S.D.N.Y.).  In accordance with the Federal Rules of Evidence, in order for a deposition to be self-authenticating, the deposition must be " … accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments." Fed. R. Evid. 902 (8).  In the instant matter, Defendant has failed to properly authenticate excerpts from the deposition of Michael Goldstein. <u>See</u> Exhibit H to Defendant's Reply ("Goldstein Deposition").  Further, Defendant has referenced testimony from the Goldstein Deposition in support of its Reply.  <u>See</u> Defendant's Reply at 10-11.  Still further, Defendant has improperly utilized the unauthenticated Goldstein Deposition to introduce the so-called "Goldstein Notes".  <u>See</u> Defendant's Reply at 10, and Exhibit I to Defendant's Reply.

2.    <u>Defendant's Reply should be stricken because it relies on inadmissible hearsay</u>.

"The principles concerning admissibility of evidence do not change on a motion for summary judgment." <u>Dedyo</u>, 1998 WL 9376 at *4 (citation omitted).  Accordingly, on a motion for summary judgment, documents containing inadmissible hearsay are properly subject to a motion to strike.  <u>See</u> <u>Id</u>.

In the instant matter, the "Goldstein Notes" are offered as evidence in support of assertions in Defendant's Reply.  <u>See</u> Defendant's Reply at 10.  The "Goldstein Notes", however, constitute inadmissible hearsay in that they contain out of court statements made by Joseph Howley, Sarathi Roy, Brian Rickers, and Jackie Mitchell offered to prove the truth of the matter asserted in such statements.  Significantly, these hearsay statements are offered to prove Defendant's assertions with respect to the Howley Incident (as defined in the operative complaint), a pivotal factual dispute in this litigation.

Similarly, Defendant offers hearsay testimony from the depositions of Brian Cumming and Sarathi Roy with respect to statements allegedly made by Jamie/James Evans and Alberto Vogel with respect to Plaintiff's job performance.  <u>See</u> Defendant's Reply at 15-16, fn. 21, 24.  It is obvious that these statements are being offered to prove the truth of such statements, and, are therefore, inadmissible hearsay.  As with the "Goldstein Notes", this hearsay is being utilized by Defendant to prove its assertions as to a pivotal factual dispute in this matter.  In this instance, whether Defendant had a legitimate reason for terminating Plaintiff.

**C.    Justice Requires That The Court Grant Plaintiff Leave To File A Surreply.**

Contemporaneously with the filing of its Motion for Partial Summary Judgment on Plaintiff's Complaint, dated May 14, 2004, Defendant filed its Motion for Permission to Exceed the Page Limit with Respect to Defendant's Memorandum of Law in Support of its Motion for Partial Summary Judgment.  Defendant's submission in support of its partial summary judgment motion consisted of Defendant's Brief (which was forty-five (45) pages in length with thirty-three (33) single-spaced footnotes), and was accompanied by a plethora of exhibits (such exhibits consisting of forty-one (41) tabs, which were roughly two inches thick).

In its Second Motion to Exceed Page Limit, Defendant sought the Court's permission to file Defendant's Reply consisting of twenty-eight (28) pages (eighteen pages over the ten page limit set forth in Local Rule 7), thirty-eight (38) single-spaced footnotes, and 19 tabbed exhibits approximately one inch thick.  Now, the voluminous Defendant's Reply contains a multitude of new factual and legal assertions, which assertions (as demonstrated in Section B above) rest, in part, upon unauthenticated and inadmissible evidence.  Accordingly, it is vital for Plaintiff to file a surreply so that Plaintiff may have a fair and proper opportunity to respond to the numerous detailed arguments and allegations set forth in Defendant's Reply.  In short, Plaintiff asserts that a denial of leave to file a surreply would be highly prejudicial to her under the circumstances detailed herein.  This is particularly so since Defendant has moved for summary judgment on thirteen of the fourteen counts contained in Plaintiff's Complaint.

## III.     CONCLUSION

Based on the foregoing, Plaintiff respectfully moves the Court **(i)** to strike Defendant's

Reply, and, in the alternative, **(ii)** for leave to file a surreply.


PLAINTIFF,
SUSAN E. WOOD


By:_____
  Brendan J. O'Rourke (ct00522)
  Jeffrey M.  McCormick  (ct21185)
  O'ROURKE & ASSOCIATES LLC
  27 Pine Street
  New Canaan, CT  06840
  Telephone: (203) 966-6664
  Facsimile:  (203) 966-5710
  Brendan@orourkeandassoc.com

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was mailed via first class mail, postage prepaid, upon

counsel of record as listed below this 1st day of September, 2004.


_____

Jeffrey M. McCormick


Peter M. Schultz (ct19425)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Blvd.
Stamford, CT  06901-2217
Telephone: (203) 961-7400
Facsimile:  (203) 359-3031
Email: peterschultz@paulhastings.com