UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>       Plaintiff,<br><br>   v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>       Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>October 15, 2004 |

### MOTION FOR LEAVE TO FILE PLAINTIFF'S SUPPLEMENTAL APPENDIX

**I. INTRODUCTION**

Plaintiff Susan E. Wood ("Wood" or "Plaintiff") respectfully moves the Court for leave to file Plaintiff's Supplemental Appendix to augment the factual record submitted by Plaintiff in opposition to Defendant's Partial Summary Judgment Motion. Plaintiff's submission includes deposition excerpts, a favorable performance review, and a medical record of Plaintiff ("Supplemental Appendix", which is being filed concurrent herewith).

Plaintiff submits that good cause exists for the Court to grant this Motion. More particularly, the factual evidence contained in the Supplemental Appendix is responsive to new material facts asserted in Defendant's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment on Plaintiff's Complaint, dated August 6, 2004 ("Defendant's Reply"). As such, the evidence contained in the Supplemental Appendix is material to the Court's resolution of the pending partial

summary judgment motion filed by Defendant Sempra Energy Trading Corporation ("Sempra" or "Defendant").

## II. BACKGROUND

Defendant asserts in Defendant's Reply that " … Plaintiff relies entirely on a new affidavit in 'support' of her claims." (See Defendant's Reply at 1). In furtherance of the foregoing argument, Defendant states: "In the guise of facts, however, Plaintiff's affidavit offers little more than a slew of unsupported and incompetent legal and factual conclusions." (Id.). In support of such assertions, Defendant's Reply contains a substantial number of material factual allegations with references to a significant number of new documentary exhibits.

In particular, Defendant has asserted the following material facts in Defendant's Reply [1] (reference to Plaintiff's counter assertions, as contained in the Supplemental

---

[1] Significantly, discovery-related issues have surfaced in this matter which entitle Plaintiff to inferences in her favor. (See, Supplemental Appendix at 6, 12-15, 32-34, 68-69). In particular, while Defendant has managed to locate and use in support of its summary judgment motion personal e-mails between Plaintiff and friends outside of Sempra (see Defendant's Reply at 7-8, and 7, fn. 10), Defendant has inexplicably had limited success in locating and producing e-mails related to Plaintiff in the context of her employment with Defendant. Indeed, Defendant has produced a paltry number of e-mails referencing (i) Plaintiff's favorable job performance, (ii) bonus and salary decisions, (iii) the "Howley Incident", (iv) the decision to terminate Plaintiff, and (v) the decision to hire Plaintiff. Further, conflicting testimony provided by Defendant suggests that there likely exists e-mails pertaining to Plaintiff which were not, in fact, produced. By way of example, Sarathi Roy testified that he was unable to find any e-mails relevant to this matter, and yet he was unable to explain how e-mails from him had been produced by Defendant. (See Supplemental Appendix at 32-34). As further indicia of discovery irregularities, Mr. Roy had a practice of regularly making entries in notepads. Indeed, he had such a notepad with him at the taking of his deposition. However, Mr. Roy maintains that none of these notepads contain entries regarding Wood. (See Supplemental Appendix at 6). As demonstrated in the case of Zubulake v. UBS Warburg, 2004 WL 1620866 (S.D.N.Y. 2004), the issue of the handling of corporate e-communications has become a significant issue in employment litigation, and corporate defendants may be subject to negative inferences for failing to properly protect, or, otherwise produce, e-communications. Id. at *1.

Appendix, follow each reference to Defendant's Reply. To further ease the Court's review, reference to excerpts from Sempra employee deposition transcripts are marked in the lower left hand corner with the name of the deponent (Sarathi Roy, David Messer, Michael Goldstein, Denise Freda, Steven Prince, and Brian Cumming), and the date of the deposition. Additionally, the Supplemental Appendix has been paginated consecutively in the lower right hand corner):

(i)     The decision to terminate Plaintiff was Roy's alone. (See Defendant's Reply at 5, fn. 4). (But see Supplemental Appendix at 2-5, 8, 10, 39, 49-50, evidencing the participation of other Sempra executives in the decision to terminate Plaintiff).

(ii)    Plaintiff only consulted with a general practitioner because she "wasn't sleeping well." (See Defendant's Reply at 7 fn. 9). (But see Supplemental Appendix at 81, Plaintiff's medical record (which was in Defendant's possession), demonstrating that Plaintiff consulted with a psychologist regarding psychological issues arising from her being "fired from her job without warning").

(iii)   " … Plaintiff reviewed the Report and thereafter made proposed written changes which she then signed as revised." (See Defendant's Reply at 10). (But see Supplemental Appendix at 53-57, demonstrating that Plaintiff provided evidence which Mr. Goldstein refused to incorporate into the Report, which evidence was significant on the issue of unlawful termination).

(iv) Attorney Michael Goldstein did not jettison "his neutral role" as an investigator into the incident between Joseph Howley and Plaintiff by "participating in the termination of Plaintiff". (See Defendant's Reply at 10). Further, " … there is no evidence that Attorney Goldstein participated in the decision to terminate Plaintiff." (See Defendant's Reply at 11). (But see Supplemental Appendix at 27, 50, 59-61, evidencing that Attorney Goldstein participated in discussions concerning Plaintiff's termination, prior to such termination).

(v) Plaintiff's bonus was an estimation of the amount it would cost to replace Plaintiff. (See Defendant's Reply at 14-15). (But see Supplemental Appendix at 45-47, 72, demonstrating that Plaintiff's bonus was determined, at least in part, on her performance, and further, as an inducement for her to remain as an employee of Defendant).

(vi) There is no evidence of a single "good review" or "favorable job evaluation" of Plaintiff. (See Defendant's Reply at 15). (But see Supplemental Appendix at 42-47, 78-80, providing evidence of a good review, the fact Plaintiff was paid a bonus when other employees were not, as well as evidence of Plaintiff's favorable job performance by her supervisor, Brian Cumming).

(vii) There is no evidence that Steven Soule had less experience than Plaintiff. (See Defendant's Reply at 15). (But see Supplemental Appendix at 20-21, 29-31, demonstrating that Mr. Soule was (1) so inexperienced that he was granted a six month

probationary period to prove his ability to perform in the position from which Plaintiff had been terminated, and, otherwise, (2) less experienced than Plaintiff).

(viii)   There is no evidence that Steven Soule replaced Plaintiff.  (See Defendant's Reply at 15).  (But see Supplemental Appendix at 48-49, evidencing that Mr. Soule had replaced Plaintiff).

(ix)   Plaintiff was the " … weakest performer in the derivatives group." (See Defendant's Reply at 16).  (But see Supplemental Appendix at 7-8, 42-47, 72, 75-76, 78-80, providing the following evidence contradicting Defendant's assertions: (1) Plaintiff received a $50,000.00 bonus based upon performance, and as an inducement to Plaintiff to remain in Defendant's employ, (2) Plaintiff's favorable job review, and (3) there were other employees who received no bonus).

(x)   There is no " … admissible evidence to refute Sempra's legitimate, non-discriminatory reasons for her termination … "  (See Defendant's Reply at 18).  (But see Supplemental Appendix at 9, 11-13, 15-26, 28, 30, 40-45, 52, 58, 62, 65-67, 72, 75-76, 78-80, demonstrating, among other things, that: (1) Plaintiff received a favorable job review from her supervisor, (2) Plaintiff was awarded a $50,000 bonus based on her performance at a time when other employees received no bonus, (3) Plaintiff's employment file was not reviewed before the decision was made to terminate her, (4) no documents concerning revenue generation by Plaintiff were reviewed prior to the decision to terminate Plaintiff, and Mr. Sarathi Roy, Plaintiff's supervisor, testified that

the ability to generate a profit was a key factor in assessing an employee over which he had supervisory authority, (5) Plaintiff told Defendant she feared retaliation in response to her complaints regarding the incident with Mr. Joseph Howley both prior to her termination and at the time of such termination and Defendant was dismissive of such concerns, and (6) Mr. Steve Soule was unqualified for Plaintiff's position at the time he replaced her).

(xi)    There is no evidence that Mr. David Messer discussed bonuses with Plaintiff. (See Defendant's Reply at 22). (But see Supplemental Appendix at 38, demonstrating that Mr. Messer did, in fact, discuss bonuses with Plaintiff).

(xii)   Audrey Cullen had no actual or apparent authority to bind Defendant. (See Defendant's Reply at 23- 24). (But see Supplemental Appendix at 38(a), 38(b), 38(c)).

Plaintiff brought Plaintiff's Motion (1) To Strike Defendant's Reply, And, In The Alternative, (2) For Leave To File A Surreply, dated September 1, 2004 ("Motion to File Surreply") in order to respond to Defendant's new legal arguments and the baseless attack on the Affidavit of Plaintiff Susan E. Wood, dated July 13, 2004 ("Plaintiff's Affidavit"). The Motion to File Surreply was denied.

By this motion, Plaintiff merely seeks to supplement the factual record to counter the numerous factual assertions in Defendant's Reply, as well as Defendant's fallacious attack on Plaintiff's Affidavit. As demonstrated below, principles of fundamental

fairness require that Plaintiff be given such an opportunity.  Further, Defendant can claim no prejudice since it has exceeded the mandatory page limit on each of its submissions in support of its summary judgment motion.  Still further, as demonstrated above, Defendant's Reply contains an onslaught of factual assertions for which there exists evidence refuting each such assertion.  Accordingly, the Supplemental Appendix should be entered in the record in connection with Defendant's pending motion for summary judgment.

### III.    ARGUMENT

It is axiomatic that principles of fundamental fairness dictate that a party " … be given a full opportunity to present its case … ."  <u>Kaplan v. Alfred Dunhill of London, Inc.</u>,  1996 WL 640901, * 7 (S.D.N.Y.); <u>Gregory Lumber Co., v. U.S.</u>, 9 Cl. Ct. 503, 533 (1986) (justice and fundamental fairness require that plaintiff be allowed further discovery, particularly where the facts are peculiarly within the knowledge of the party moving for summary judgment, and therefore, defendant's motion for summary judgment was stayed pending the completion of discovery).

Further, federal courts maintain a strong preference for resolving disputes on the merits.  <u>See</u> <u>Radman v. Ashcroft</u>, 2004 WL 1737449, *2 (D.Conn.);  <u>Amberg v. Federal Deposit Insurance Corporation</u>, 934 F.2d 681, 686 (5th Cir. 1991) ("The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits.").

The foregoing prudential precepts are especially important on a motion for summary judgment where state of mind and intent are at issue.  <u>See</u>  <u>McInnis v. Harley</u>

Davidson Motor Co., Inc., 625 F.Supp. 943, 958 (D.R.I. 1986). In such circumstances, "… parties should be allowed adequate time to put their best foot forward so that the summary judgment trigger is not precipitately pulled." Id. (citation omitted). In accord with such fundamental principles of justice and fairness, the Court made clear in Hoyt v. Department of Children and Families, 309 F.Supp.2d 299 (D.Conn. 2004), that on a motion for summary judgment it is vital that the non-moving party have an opportunity to adduce evidence to refute the factual assertions of the moving party. Id. at 309.[2]

      Under the circumstances detailed above, fundamental fairness and the precept of adjudication on the merits require that Plaintiff have an opportunity to respond to Defendant's Reply by augmenting the factual record. Further, since the Defendant has moved for summary judgment on all but one of the counts contained in Plaintiff's complaint, it is critical that Plaintiff have a fair and proper opportunity to respond. In short, Plaintiff asserts that a denial of leave to file the Supplemental Appendix would be highly prejudicial to her under the circumstances recited herein, and would deprive her of a fair hearing of the pending partial summary judgment motion. In that context, Defendant can claim no prejudice in light of the breadth and nature of the assertions in Defendant's Reply. Further, Plaintiff makes this request before this matter has been heard by the Court, and therefore, any delay caused by the filing of the Supplemental Appendix would be *de minimis*.

---

[2] Plaintiff further submits that Plaintiff's Affidavit contains well-founded factual assertions which were offered to rebut Defendant's initial filing. However, in response to Defendant's Reply and Defendant's (i) numerous additional factual assertions, and (ii) mischaracterization of Plaintiff's factual submissions, Plaintiff seeks a reasonable and limited opportunity to supplement the factual record.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully moves the Court for leave to file the Supplemental Appendix attached hereto.

        PLAINTIFF,
        SUSAN E. WOOD


By:_____
        Brendan J. O'Rourke (ct00522)
        Jeffrey M. McCormick (ct21185)
        O'ROURKE & ASSOCIATES LLC
        27 Pine Street
        New Canaan, CT  06840
        Telephone: (203) 966-6664
        Facsimile:  (203) 966-5710
        Brendan@orourkeandassoc.com

**CERTIFICATE OF SERVICE**

The undersigned, a member of the bar of this Court, hereby certifies that a true and correct copy of the foregoing was served via first class mail, postage prepaid, to counsel of record as listed below this 15th day of October, 2004.

_____
Brendan J. O'Rourke


Peter M. Schultz, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Blvd.
Stamford, CT  06901-2217

**UNREPORTED CASES**