UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>    Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>March 3, 2005 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF PARTIAL DENIAL OF ITS SUMMARY JUDGMENT MOTION**

Submitted By,

*/s/ Peter M. Schultz*
Mary C. Dollarhide (ct12251)
Peter M. Schultz (ct19425)
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
peterschultz@paulhastings.com

ATTORNEYS FOR DEFENDANT

# ARGUMENT

Defendant Sempra Energy Trading Corp. ("Sempra") respectfully submits this memorandum of law in support of its motion for reconsideration of the Court's February 22, 2005 decision denying in part Sempra's motion for partial summary judgment. Specifically, Sempra requests that the Court reconsider its denial of Sempra's motion with respect to Plaintiff's claims that she was terminated: (1) because of her sexual orientation; and (2) in retaliation for complaining about the Howley Incident.[1]

## I. THE COURT'S DECISION DOES NOT INCLUDE EVIDENCE SUPPORTING PLAINTIFF'S CLAIM THAT SHE WAS TERMINATED BECAUSE SHE IS A LESBIAN AND PLAINTIFF HAS PROFFERED NO SUCH EVIDENCE

The "Conclusion" section of the Court's decision states that Sempra's motion for partial summary judgment is denied as to Counts One (gender discrimination), Two (gender discrimination) and Three (sexual orientation discrimination) of the Complaint, at least to the extent that Plaintiff contends she suffered an "adverse employment action." See 2/22/05 Ruling Re: Defendant's Motion for Summary Judgment, at 23. However, the Court's analysis of those three counts does not include a discussion of the evidence supporting Plaintiff's claim that she was terminated because she is a lesbian. Instead, the decision focuses exclusively on the evidence supporting Plaintiff's gender discrimination claim. Such evidence includes, for example, Plaintiff's assertion that: (i) she was replaced by a male and (ii) the supervisor who terminated her employment (i.e., Sarathi Roy) made statements stereotyping women. Id. at 12-14.

Sempra respectfully submits that evidence of gender stereotyping and replacement by a member of the opposite sex is not probative as to Plaintiff's claim that she was terminated because she is a lesbian. Moreover, as detailed in Sempra's summary judgment papers, Plaintiff has offered no admissible evidence showing that Sempra's decision to terminate her employment was motivated in any way by her sexual orientation. Consequently, Sempra respectfully requests that the Court reconsider its denial of Sempra's summary judgment motion with respect to Plaintiff's claim that she was terminated because of her sexual orientation.

---

[1] Sempra is not requesting reconsideration of the Court's denial of Sempra's motion with respect to Plaintiff's claim that she was terminated because of her gender.

## II. THERE IS NO EVIDENCE THAT SARATHI ROY AND JOSEPH HOWLEY ARE FRIENDS NOR IS THERE ANY OTHER EVIDENCE SHOWING A CAUSAL CONNECTION BETWEEN PLAINTIFF'S PROTECTED ACTIVITY AND HER TERMINATION AS REQUIRED TO STATE A RETALIATION CLAIM

In its discussion of Plaintiff's retaliatory discharge claim, the Court relies heavily on Plaintiff's allegation that "[Sarathi] Roy, who is friendly with Howley, could not terminate her until he was made her supervisor, only a month prior to her termination." Id. at 17. The Court goes on to state that "[t]he one month is sufficient to support an inference of causal connection [between Plaintiff's protected activity and her termination]." Id.

Plaintiff's naked allegation to the contrary notwithstanding, there is absolutely no evidence that Sarathi Roy and Joseph Howley were "friendly." As Sempra noted in its summary judgment papers, Mr. Howley recalled during his deposition that he interacted "infrequently" with Mr. Roy in 2001, e-mailing him on perhaps 3-4 occasions over the course of the *entire year*. See Def.'s Summary Judgment Reply Br., at 5-6. Mr. Howley further testified that he has never discussed Plaintiff's termination with Mr. Roy. Id. Mr. Roy similarly testified that he has never discussed the Howley Incident with Mr. Howley. Id. Indeed, setting aside the usual morning pleasantries, Mr. Roy testified that his interactions with Mr. Howley during the latter half of 2001 and early part of 2002 were business-related only. Id. In short, there is simply no evidence that Mr. Howley and Mr. Roy: (i) were friendly (or, indeed, *any* relationship other than that of professional colleagues); (ii) discussed the Howley Incident; or (iii) discussed Plaintiff's termination.

Sempra likewise respectfully submits that Sarathi Roy's decision to terminate Plaintiff's employment approximately one month after he became her supervisor does not provide a causal nexus between Plaintiff's complaint about the Howley Incident in June 2001 and her termination nine months later. Stated differently, Plaintiff's contention that Mr. Roy's decision was precipitous (a contention which is not supported by the record but taken as true for purposes of this motion) is not evidence that Mr. Roy harbored any animosity toward Plaintiff because she complained about the Howley Incident. See Cifra v. General Electric Co., 252 F.3d 205, 216 (2d Cir. 2001) (stating that "the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation [for the adverse employment action] is merely a pretext for impermissible retaliation."). Nor is any such evidence to be found in the record. If Plaintiff's theory were to prevail, a litigant could avoid summary judgment on an otherwise unsupported retaliation claim by the simple expedient of asserting that the adverse employment action was taken in haste, even where, as here, there is no

evidence linking the adverse action to the litigant's allegedly protected activity and the two events are far removed in time. Sempra respectfully submits that such is not the law in this Circuit.

## CONCLUSION

For all of the reasons discussed above, the Court should grant Sempra's Motion for Reconsideration.

Dated:  Stamford, Connecticut
       March 3, 2005

Respectfully Submitted,

By: /s/ Peter M. Schultz
Mary C. Dollarhide (ct12251)
Peter M. Schultz (ct19425)
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
peterschultz@paulhastings.com

**ATTORNEYS FOR DEFENDANT**

-3-

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant's Memorandum of Law in Support of Its Motion for Reconsideration was served on the following counsel of record via UPS (next business day delivery) on this 3rd day of March 2005:

>Brendan J. O'Rourke
>O'Rourke & Associates, LLC
>27 Pine Street
>New Canaan, CT 06840

>_____
>Peter M. Schultz

STM/291503.1