UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                Plaintiff,<br><br>    v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>                Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>March 28, 2005 |

**PLAINTIFF'S REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF PARTIAL DENIAL OF ITS SUMMARY JUDGMENT MOTION**

**I.     INTRODUCTION**

Plaintiff, Susan E. Wood ("Wood" or "Plaintiff"), hereby responds to Defendant Sempra Energy Trading Corporation's ("Sempra" or "Defendant") Motion for Reconsideration of Partial Denial of its Summary Judgment Motion, dated March 3, 2005 ("Motion for Reconsideration"), and Sempra's related Memorandum of Law of the same date ("Defendant's Memorandum").

**II.    BACKGROUND**

Sempra has moved for the Court's reconsideration of the Court ruling, dated February 22, 2005 ("Court Ruling"), denying Sempra's Motion for Summary Judgment directed to Plaintiff's claim alleging sexual orientation discrimination (Count Three).

Further, Sempra seeks reconsideration of the Court Ruling, denying its Motion for Summary Judgment directed to Plaintiff's claims of retaliatory discharge in violation of Connecticut and Federal law (Counts Four and Five).  Based upon the analysis in the Court Ruling, coupled with the factual record before the Court, there is no basis for the Court to reconsider its denial of Defendant's Motion for Partial Summary Judgment directed to Plaintiff's claims of sexual orientation discrimination and retaliatory discharge.

### III.   ARGUMENT

Sempra, in its Motion for Reconsideration, essentially makes a factual argument to the Court, seeking a reversal of the Court's Ruling.  Sempra asserts that there is nothing in the factual record to support the denial of summary judgment as to Wood's sexual orientation discrimination claim (Count Three) and retaliatory discharge claim (Counts Four and Five).  See Defendant's Memorandum, pp. 1-2.

The analysis of Defendant's arguments proceeds under the well recognized standard of review for summary judgment motions.  See Court Ruling, pp. 6-7.  In assessing Defendant's Motion for Reconsideration, "all ambiguities must be resolved, and all inferences [must be] drawn" in favor of Ms. Wood.  Id.  Based on such standard, the factual record fully supports a denial of Defendant's Motion for Partial Summary Judgment as to Wood's sexual orientation and retaliatory discharge claims.

    **A.**    **There is an ample factual record to conclude that Wood's termination was based in part on sexual orientation discrimination.**

In seeking to have the Court reverse its ruling and dismiss the sexual orientation

claim made by Plaintiff, Defendant asserts that Wood "has offered no admissible evidence showing that Sempra's decision to terminate her employment was motivated in any way by her sexual orientation". See Defendant's Memorandum, p. 1. The record, referenced in the Court's ruling, negates such assertion. In particular, as set forth in the Affidavit of Susan E. Wood, dated July 13, 2004 ("Wood Affidavit"), Roy made inappropriate comments related to Plaintiff's sexual orientation. See Wood Affidavit, ¶¶ 34-36. In reaching its holding, the Court referenced such factual record. See Court Ruling, p. 5. In addition, Billy Lasher, an employee of Sempra, told Wood that Roy said that he was not "comfortable" with Wood because she was a lesbian and a female. See Wood Affidavit, ¶¶ 44-45.[1]

The Court, in its ruling, noted that Wood established her prima facie case on the claims of sex discrimination and discrimination "on the basis of her sexual orientation." See Court Ruling, p. 12. Clearly, Wood, in proceeding under her sexual orientation claim, has established the prima facie elements: First, she is a lesbian. Second, Wood established that she had qualifications to maintain her position. Third, Wood was in fact fired and therefore suffered an adverse employment decision. Fourth, the adverse employment action occurred under circumstances "giving rise to an inference of discrimination." See Court Ruling, p. 13. Although the Court found that Sempra proffered a legitimate non-discriminatory reason for its action, the Court went on to find that Wood had presented a factual record that the proffered non-discriminatory reasons

---

[1] Plaintiff asserts that Lasher's statements would be admissible at trial based upon Federal Rules of Evidence 804(b)(3) (statement against interest), 801(d)(2) (admission by Party Opponent), 805 (satisfies hearsay within hearsay exceptions) and 807(residual exception because of circumstances of trustworthiness and interest of justice served, particularly in light of the fact put at issue on summary judgment).

were simply pretext and that an unlawful bias served as the motivating factor. See Court Ruling, pp. 13-14. While the Court in its ruling did not reference sexual orientation discrimination expressly, it is clear that the Wood Affidavit and Supplemental Appendix provide the same basis for the Court to conclude that "Roy's purported reasons for termination [of] Wood's employment are simply pretext." See Court Ruling, p. 14.

      **B.    There is an ample factual record to conclude that Sempra's termination of Wood was based upon an unlawful retaliatory motivation.**

Wood has claimed retaliatory discharge in violation of Title VII (Count Four) and in violation of Connecticut General Statute § 46(a)-60(a)4 (Count Five). Sempra predicates its Motion for Reconsideration with regard to Wood's two retaliatory discharge counts on the proffered basis that the Court was wrong when it found a causal connection between Wood's termination and the complaint that Wood filed. See Defendant's Memorandum, p. 2. In seeking to dispute the Court's factual findings, Sempra argues that Roy and Howley were not "friendly" and therefore no causal connection can be established. First, the Court Ruling is not dependent upon the relationship between Howley and Roy. As noted in the Court's finding, "Roy was involved in the investigation of the Complaint filed by Wood." See Court Ruling, page 16. The Court then went on to find that the termination of Wood occurred after Roy was made Wood's superior. See Court Ruling, page 17. Thus, the causal connection is not dependent upon the relationship between Howley and Roy as asserted by Sempra.

Second, Wood, who had the opportunity to interact with Howley and Roy, observed that "Roy had developed a close working relationship with Howley." Wood Affidavit, ¶ 33. Thus, there is a basis for the Court making the observation that Roy was

friendly with Howley. Defendant seeks to argue such fact; however such factual argument, and the Court's weighing of evidence on such point, is inappropriate in adjudicating a summary judgment motion.

Finally, and as noted above, while the Court in its ruling focuses on Roy as the principal decision maker in terminating Wood, there is an ample factual record to conclude that other persons were involved in the termination, including Sempra's General Counsel, Mr. Goldstein. Indeed, in the Court Ruling, the Court notes that Wood claims that other individuals participated in the decision to terminate Wood, including Sempra's General Counsel who was aware of Wood's complaint and expressed fear of retaliation. See Wood Affidavit, ¶ ¶ 12, 38; see Supplemental Appendix at 2-5, 8, 10, 39, 49-50. Based on the foregoing, Wood has established a factual record to demonstrate a causal connection between her complaint and claim of retaliatory discharge.

## IV.     CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion for Reconsideration.

                    PLAINTIFF,
                    SUSAN E. WOOD

By:_____
      Brendan J. O'Rourke (ct00522)
      Jeffrey M. McCormick (ct21185)
      O'ROURKE & ASSOCIATES LLC
      27 Pine Street
      New Canaan, CT 06840
      Telephone: (203) 966-6664
      Facsimile: (203) 966-5710
      Brendan@orourkeandassoc.com

## CERTIFICATE OF SERVICE

The undersigned, a member of the bar of this Court, hereby certifies that a true and correct copy of the foregoing was served via first class mail, postage prepaid, to counsel of record as listed below this 28th day of March, 2005.

_____
Brendan J. O'Rourke


Peter M. Schultz, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Blvd.
Stamford, CT  06901-2217