UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORP.,<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br><br>June 20, 2005 |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION IN LIMINE TO PRECLUDE TESTIMONY
OF PREVIOUSLY UNDISCLOSED WITNESSES

　　　　Defendant Sempra Energy Trading Corp. ("Sempra") respectfully moves that the Court preclude four of Plaintiff's proposed witnesses (Gary Barth, David Stowe, Jonathan Pardoe, and Jason Ervin) from testifying at trial. As discussed below, Plaintiff failed to timely disclose these witnesses, as required under the Court's Scheduling Order. Furthermore, three of the witnesses' witnesses (Gary Barth, David Stowe, Jonathan Pardoe) proposed testimonies are irrelevant to the issues before this Court, and are therefore inadmissible under Fed. R. Evid. 402.

I.　　**DISCUSSION**

　　A.　　**Factual Background**

　　The Court held a Rule 26(f) conference and issued its Scheduling Order on July 22, 2003 setting January 31, 2004 as the discovery deadline. On March 24, 2004 the Court extended the discovery deadline to March 24, 2004. Defendant filed its Motion for Partial Summary

1

Judgment on May 14, 2004, and the Court issued its ruling on February 22, 2005. Trial in this matter is set to commence on July 25, 2005.

On or about Friday, June 17, 205, Plaintiff's counsel informed Sempra for the first time that he intended to call three of Plaintiff's former clients to express their favorable opinions of Plaintiff's work while she was employed by Sempra. On Monday, June 20, 2005, Plaintiff's counsel informed Sempra for the first time that she intended to call Jason Ervin, a former colleague of Plaintiff's. Not only does Plaintiff's belated disclosures violate the Federal and Local Rules, it also comes as a surprise to Defendant at this late phase in proceedings when parties are preparing for trial.

**B.     Plaintiff's Witnesses Should Be Precluded From Testifying Under Local Rule 37**

D. Conn. L. Civ. R. 37(b)(2) states that:

> If a party . . . fails to obey an order to provide or permit discovery . . . or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters in evidence.

In addition, D. Conn. L. Civ. R. 26(a) states that:

> These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference and in the circumstances of the action and states the objection in the Rule 26(f) discovery plan . . . .

Furthermore, D. Conn. L. Civ. 26(e) requires that:

> A party who has made a disclosure under subdivision (a) . . . is under a duty to supplement or correct the disclosure or response to include the information thereafter acquired if ordered by the court

2

>or . . . (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery parties during the discovery process or in writing . . . .

Under the Local Rules, a party that fails to comply with the above rules "without substantial justification . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." See D. Conn. L. Civ. R. 37(c).

"Although preclusion is 'strong medicine,' it is necessary under the appropriate circumstances to ensure compliance with the rules of discovery." Szarmach v. Sikorsky Aircraft, No. 3:01CV699 (PCD), 2002 WL 32506292, at *1 (D. Conn. Apr. 15, 2002) (citing Daval Street Pods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991)). "Modern instruments of discovery serve a useful purpose . . . together with pretrial procedures [t]o make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." U.S. v. Procter & Gamble, 356 U.S. 677, 683 (1958).

Preclusion is proper in this case because Plaintiff, without reasonable explanation or justification, failed to timely disclose these individuals as potential witnesses in this matter. Rather, 15 months after the close of discovery, and a month before trial is set to commence, Plaintiff announced her intention to call former clients to testify about their opinion of her and a former colleague to testify regarding her job performance. Sempra has not had an opportunity depose these individuals and is therefore prejudiced by Plaintiff's surprise maneuver. In addition, the necessary depositions at this stage would potentially necessitate a delay of the trial. See Szarmach, 2002 WL 32506292, at *2 (precluding witnesses for failure to timely disclose them until almost two months after discovery closed because belated disclosure was "prejudicial to defendant's fashioning a defense," because "[i]t would be unjust to require defendant to

accommodate plaintiff's failure to disclose witnesses in a timely manner" and because court declined to delay trial for purposes of allowing defendant to depose those witnesses). See also Dunn v. Zimmer, Inc., No. 3:00CV1306 (DJS), 2005 WL 563095, at *1 (D. Conn. Mar. 9, 2005), 2005 WL 563095, at *2 (granting motion to preclude testimony because plaintiff failed to disclose proposed witness within time set forth by Rule 26, thereby causing, without adequate explanation, prejudice to defendant that could not "be cured in a reasonable fashion")[1]; Applera Corp. v. MJ Research Inc., 220 F.R.D. 13, 18-19 (D. Conn. 2004) (prohibiting testimony by certain belatedly disclosed expert witnesses after discovery had closed and trial was scheduled to commence in one month).

### C. Evidence of Client's Favorable Opinions of Plaintiff is Irrelevant

Even if the Court finds that Plaintiff's dilatory conduct does not warrant excluding the testimony, the Court should preclude Gary Barth, David Stowe, and Jonathan Pardoe from testifying because their testimony is irrelevant under Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible").[2] In Plaintiff's Witness List, Plaintiff states that she intends to call these witnesses to testify regarding their subjective assessment of Plaintiff's performance. See Parties Joint Pre-Trial Memorandum, Plaintiff's Witness List. These individuals' subjective opinions about Plaintiff are irrelevant to the issues of whether Sempra discriminated against Plaintiff. See Greene v. St. Elizabeth Hos. Med. Ctr., 134 F.3d 371 (6th Cir. 1998) (stating that admissible evidence must "contain[ ] ... [something] more than rumors, conclusory allegations

---

[1] Unpublished court opinions are attached hereto as Exhibit 1.

[2] "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

and subjective beliefs[,] which are wholly insufficient evidence to establish a claim of discrimination as a matter of law"). Therefore, this evidence should be excluded.

## II. CONCLUSION

For all the foregoing reasons, Sempra respectfully requests that the Court issue an Order excluding the testimony of Gary Barth, David Stowe, Jonathan Pardoe, and Jason Ervin.

Respectfully Submitted,

By: _____
Mary C. Dollarhide (ct12251)
Raymond W. Bertrand (ct22968)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email   marydollarhide@paulhastings.com
        raymondbertrand@paulhastings.com

Counsel for Defendant
Sempra Energy Trading Corp.

## CERTIFICATE OF SERVICE

The undersigned, a member of the bar of this Court, hereby certifies that on this 20th day of June, 2005, a true and correct copy of Defendant's Memorandum of Law in Support of Defendant's Motion in Limine to Preclude Testimony of Previously Undisclosed Witnesses was served on the following counsel of record via hand delivery to:

> Brendan J. O'Rourke, Esq.
> Jeffrey M. McCormick, Esq.
> Ann H. Brickley, Esq.
> O'Rourke & Associates, LLP
> 27 Pine Street
> New Canaan, CT  06840

_____
Raymond W. Bertrand

STM/298507.1

# EXHIBIT 1

Not Reported in F.Supp.2d  
2002 WL 32506292 (D.Conn.)  
(Cite as: 2002 WL 32506292 (D.Conn.))

Page 1

**H**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
Katherine SZARMACH, Plaintiff,
v.
SIKORSKY AIRCRAFT, Defendant.
No. Civ.3:01CV699(PCD).

April 15, 2002.

Eugene N. Axelrod, Employment Law Group, Woodbridge, CT, Michael J. Melly, New London, CT, for Plaintiff.

Charles L. Howard, Shipman & Goodwin, Hartford, CT, Jamal M. Dawkins, Natasha Marie Lipcan, Day, Berry & Howard, Stamford, CT, Kenneth William Gage, Paul, Hastings, Janofsky & Walker, Stamford, CT, for Defendant.

*RULING ON DEFENDANT'S MOTION TO PRECLUDE WITNESSES*

DORSEY, J.

*1 Defendant moves to preclude plaintiff from calling witnesses not disclosed in her trial memorandum dated March 22, 2002. For the reasons set forth herein, defendant's motion is granted.

I. BACKGROUND

In the order setting pretrial deadlines, the discovery cutoff was set for October 23, 2001, dispositive motions were due November 22, 2001 and amended pleadings were due June 23, 2001. In response to the report of parties' planning meeting filed August 14, 2001 pursuant to Fed. R. Civ. P. 26(f), the discovery deadline was extended to January 21, 2002 and the dispositive motion deadline was extended to February 20, 2002.

In this Court's Trial Preparation Order dated March 11, 2002, parties were required to list "all witnesses expected to be called, with a brief summary of the testimony of each." As to any expert witness expected to be called, the parties were to provide "a statement of the area of expertise, attaching a curriculum vitae, if available; and the opinion to be expressed with a brief summary of the basis for the opinion." The parties were required to provide these disclosures by March 22, 2002, for a trial date of April 22, 2002.

On March 22, 2002, plaintiff filed a trial memorandum listing fourteen witnesses she anticipated calling at trial. At jury selection on March 26, 2002, plaintiff's counsel was ordered to provide defendant the opportunity to depose plaintiff before trial. On March 27, 2002, plaintiff provided a response to defendant's production request of December 5, 2001, listing seven witnesses not identified in her trial memorandum. [FN1]

> FN1. Defendant states that it filed a motion to compel responses on November 19, 2001. A motion to compel was returned for failure to comply with this Court's Supplemental Order and was not refiled. There was thus no motion to compel discovery filed.

II. STANDARD

Sanctions for violation of a pretrial order are made "upon motion or the judge's own initiative" pursuant to Fed. R. Civ. P. 16(f). The rule provides that "[i]f a party or party's attorney fails to obey a ... pretrial order, the judge ... may make such orders with regard thereto as are just." *Id.* Fed. R. Civ. P. 16(f) incorporates the sanctions available under Fed. R. Civ. P. 37. *Hernandez v. Conriv Realty Assoc.*, 116 F.3d 35, 40 (2d Cir.1997). Thus, a party failing to produce documents which are the subject of a discovery order may be precluded from presenting the same at trial. *Smith v. Rowe*, 761 F.2d 360, 366 (7th Cir.1985); *Rabb v. Amatex Corp.*, 769 F.2d 996 (4th Cir.1985). Although preclusion is "strong medicine," it is necessary under the appropriate circumstances to ensure compliance with the rules of discovery. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir.1991). "Modern instruments of discovery serve a useful purpose ... together with pretrial procedures [to] make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble*, 356 U.S. 677, 683, 78 S.Ct. 983, 987, 2

Case 3:03-cv-00986-JCH   Document 86-2   Filed 06/21/2005   Page 9 of 11

Not Reported in F.Supp.2d
2002 WL 32506292 (D.Conn.)
(Cite as: 2002 WL 32506292 (D.Conn.))

Page 2

L.Ed.2d 1077 (1958).

III. DISCUSSION

Defendant moves to preclude the testimony of witnesses not disclosed in plaintiff's trial memorandum. Plaintiff responds that she served her responses to interrogatories and requests for production at jury selection and has made "best efforts to provide the defendant with all available information," thus the motion should be denied.

*2 The relevant question is whether plaintiff has violated the trial preparation order. Under the circumstances, the inescapable conclusion is that plaintiff has violated the order. Plaintiff does not dispute that she failed to disclose the seven witnesses by the date ordered, [FN2] nor does she account for the failure to disclose the witnesses until almost two months after the discovery deadline had lapsed. [FN3] She argues, however, that defendant has not been prejudiced by the delay. [FN4] Requiring defendant to depose seven witnesses days before a trial is prejudicial to defendant's fashioning a defense against plaintiff's claims, more so in light of the fact that it was first informed of the identities of fourteen other witnesses within four weeks of trial that are not a part of this motion to preclude. It would be unjust to require defendant to accommodate plaintiff's failure to disclose witnesses in a timely manner, see *Hernandez,* 116 F.3d at 40, and the trial date will not be delayed for purposes of allowing defendant to depose those witnesses. Plaintiff is therefore precluded from offering the testimony of those witnesses at trial who are not included in her trial memorandum.

> FN2. It is of no moment whether plaintiff provided her interrogatory response on the date of jury selection, March 26, 2002, or on March 27, 2002, as indicated on the document itself. In either case, her response was untimely and violative of the Trial Preparation Order.
>
> FN3. Much is made in the motion of plaintiff counsel's misapprehension as to plaintiff's physical condition and ability to be deposed by defendant. The delay in permitting her deposition does not account for the substantial delay in responding to defendant's other discovery requests.
>
> FN4. Specifically plaintiff responds that "[a]lthough this is inconvenient, it is no less inconvenient for the plaintiff who performs discovery and as well responds to defendants' many motions while also prepares [sic] for trial." Plaintiff fails to consider that the motions may be prompted by her failure to respond to legitimate discovery requests.

IV. CONCLUSION

Defendant's motion to preclude witnesses (Doc. 27) is granted

SO ORDERED.

2002 WL 32506292 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**

• 3:01CV00699 (Docket) (Apr. 23, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw

Slip Copy
2005 WL 563095 (D.Conn.)
(Cite as: 2005 WL 563095 (D.Conn.))

Page 1

**H**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
Dolores DUNN, et. al., Plaintiffs,
v.
ZIMMER, INC., Defendant.
No. 3:00CV1306 (DJS).

March 9, 2005.

Mark A. Dubois, Robert I. Reardon, Jr., Scott D. Camassar, Jennifer L. Booker, The Reardon Law Firm, New London, CT, for Plaintiffs.

Robert I. Reardon, Jr., Scott D. Camassar, Francis H. Morrison, III, Allan B. Taylor, Deborah Skelley Russo, Day, Berry & Howard Cityplace, Hartford, CT, Kelly S. Witte, Baker & Daniels, Indianapolis, IN, Albert J. Dahm, Michael S. Elvin, Dahm & Elvin, Fort Wayne, IN, for Defendant.

Stephen V. Manning, O'Brien, Tanski, Tanzer & Young Cityplace II, Michael P. Ungaro, Bingham McCutchen, Hartford, CT, for Movant.

MEMORANDUM OF DECISION

SQUATRITO, J.

*1 Defendant, Zimmer, Inc. ("Zimmer"), has moved the court [doc. # 207] to exclude the testimony of Dr. Lisa A. Pruitt ("Pruitt"), an expert retained by the plaintiffs as a rebuttal witness, on the grounds that the plaintiffs failed to disclose Dr. Pruitt as an expert in a timely fashion. The court GRANTS the motion for the following reasons.

Background

Plaintiffs Dolores Dunn, Stacia Bogden, Sonia Fuentes-Weed, Joann Lopes and Cynthia Vino (collectively "Plaintiffs" or "Dunn") filed the present lawsuit on July 10, 2000. All of the plaintiffs seek damages from Zimmer arising out of the manufacture of allegedly defective artificial hip implants. Plaintiffs have retained a variety of experts to aid in the presentation of their case. Dr. Pruitt was not among the experts disclosed by the plaintiffs. Defendant disclosed its experts in August 2002 and plaintiffs were scheduled to complete depositions of Zimmer's experts in September 2002. There was no provision in the court's scheduling order for the disclosure of rebuttal experts. Zimmer filed motions for summary judgment on December 5, 2002. Plaintiffs then produced Dr. Pruitt as an expert and produced her expert report in the responses to Zimmer's motions for summary judgment filed on March 14, 2003. Zimmer then moved to preclude Dr. Pruitt's expert testimony as untimely on April 30, 2003.

Discussion

Zimmer has moved to preclude Dr. Pruitt's testimony on the grounds that Plaintiffs failed to properly and timely disclose her as an expert in accord with the court's orders and the Federal Rules of Civil Procedure. Plaintiffs respond with the assertion that Dr. Pruitt is a rebuttal witness and thus need not be disclosed at the same time as other expert witnesses under the Federal Rules. Further, Plaintiffs dispute that Zimmer will be prejudiced in any fashion through the admission of Dr. Pruitt's testimony.

The Federal Rul provide that, where an expert's report is produced solely for the purpose of contradicting or rebutting the testimony of another party's expert, the rebuttal expert must be disclosed within thirty days after the other party's disclosure. Fed.R.Civ.P. 26(a)(2)(C). [FN1] The rule is a default that may be avoided by court order or by stipulation of the parties. In re Kreta Shipping, S.A., 181 F.R.D. 273, 276 (S.D.N.Y.1998). Failure to meet the deadlines set forth in either the Federal Rules or the court's orders may result in the exclusion of the rebuttal expert's testimony. Id.

> FN1. Zimmer claims that Local Rule of Civil Procedure 16(b) establishes the standard for review of the motion to exclude. Rule 16(b) establishes that the court's scheduling order may not be modified except by a showing of good cause by the party seeking modification. D.Conn.L.Civ.R. 16(b). There is not, however, any motion to modify any scheduling order pending in this case. The court's scheduling order did not establish a time for the disclosure of rebuttal experts

Case 3:03-cv-00986-JCH    Document 86-2    Filed 06/21/2005    Page 11 of 11

Slip Copy
2005 WL 563095 (D.Conn.)
(Cite as: 2005 WL 563095 (D.Conn.))

Page 2

and therefore the Rule 26(a)(2)(C) applies as a default. Thus, the court will apply the standard for reviewing motions made pursuant to Fed.R.Civ.P. 37(c), which governs the court's authority to remedy violations of Rule 26(a).

The remedy of exclusion is considered "drastic" and should not be imposed where it could frustrate the overarching objective of the Rules, which is to provide substantial justice for litigants. *Cartier, Inc. v. Four Star Jewelry Creations, Inc.,* No. 01 Civ.11295, 2003 WL 22471909 *1, (S.D.N.Y. Oct.31, 20003). The decision to preclude considers the existence of prejudice in fact against the surprised party, the ability to cure the prejudice, the extent to which the improperly disclosed testimony would disrupt trial and whether the failure to disclose was a bad faith or willful act. *See, In re Kreta,* 181 F.R.D. at 277; *Cartier,* 2003 WL 22471909 at *2.

*2 The facts here show that the thirty day window for disclosure of rebuttal experts began to tick at some point during September 2002. The report of Dr. Pruitt was not disclosed until March 2003, in response to Zimmer's motions for summary judgment. The post-motion disclosure of a witness that the plaintiffs were obligated to disclose, pursuant to Rule 26(a)(2)(C), no later than Nov. 1, 2002, at the latest, must be considered highly prejudicial. Zimmer was deprived of an opportunity to consider and respond to Dr. Pruitt's testimony in its motions for summary judgment. Re-opening the period for discovery, a necessary step to cure the prejudice suffered by Zimmer, would be disruptive and costly and is certainly unwarranted at this time. The prejudice to Zimmer is serious and extremely difficult to cure without severe disruptions of the case.

Plaintiffs offer no explanation for the late disclosure of Dr. Pruitt beyond an assertion that they are entitled to use rebuttal experts. The court does not question the right to use rebuttal experts, but that right is not unlimited and plaintiffs do not cite to, or show any awareness of, the time restrictions set forth in Rule 26(a)(2)(C). Plaintiffs make no claim that the late conclusion of discovery regarding defendants' experts led to the untimely disclosure of Dr. Pruitt, and there is nothing in the present record that would permit such an inference. Plaintiffs contend that there is no prejudice to Zimmer because Dr. Pruitt's testimony is rebuttal evidence that merely bolsters the testimony of other expert witnesses, but, even if that is the case, Zimmer was still entitled to consider Dr. Pruitt's report while preparing its motions for summary judgment. Plaintiffs' failure to properly disclose Dr. Pruitt has resulted in prejudice to Zimmer that cannot easily be cured.

*Conclusion*

Plaintiffs failed to disclose Dr. Pruitt as a rebuttal expert within the time set forth by Rule 26(a)(2)(C). Zimmer suffered prejudice to its case as a result of plaintiffs use of a surprise witness and that prejudice cannot be cured in a reasonable fashion. Plaintiffs offer no explanation for their failure to properly disclose Dr. Pruitt, and absent some explanation the witness must be excluded. Dr. Pruitt is not permitted to testify in this action and her expert report and affidavit are stricken from the record. The motion to preclude expert testimony [doc. # 207] is GRANTED.

IT IS SO ORDERED.

2005 WL 563095 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**

• 3:00CV01306 _____(Docket) (Jul. 14, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.