UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>              Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORP.,<br><br>              Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br><br>June 20, 2005 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
<u>PLAINTIFF'S ALLEGED DAMAGES POST-DECEMBER 2002</u>**

Defendant Sempra Energy Trading Corp. ("Sempra") respectfully requests that the Court issue an Order excluding evidence concerning Plaintiff's claim for back pay and front pay post-December 2002. As discussed in detail below, the business department that Plaintiff worked for at the time of her termination, the Petroleum Derivative Marketing group, was dissolved in December 2002. As a result of this dissolution, every employee in the Petroleum Derivative Marketing group who held the same title as Plaintiff was terminated, including the male employee who Plaintiff claims replaced her. For this reason, Plaintiff is not entitled to either front pay or back pay award following December 2002 as a matter of law and, therefore, evidence concerning either is irrelevant. Moreover, Plaintiff's claim for front pay is also overly speculative and evidence concerning this claim should be excluded for this additional reason.

1

I.  **RELEVANT BACKGROUND**

At the time of her termination in March 2002, Plaintiff was employed as an Assistant Vice President in Sempra's Petroleum Derivatives department. The group was then experiencing significant financial challenges. (Affidavit of Christine Cantor ¶4 ("Cantor Aff."), attached hereto as Exhibit 1). Unfortunately, the group continued to sustain losses throughout 2002 and Sempra ultimately dissolved the Petroleum Derivatives department in December 2002. Id. at ¶5. As a result of this unfortunate event, every employee in the Petroleum Derivatives Marketing group who held the same title as Plaintiff, Assistant Vice President, was terminated. Id. at ¶6. In addition, the male employee who Plaintiff alleges Sempra unlawfully replaced her with, Steve Soule, was also terminated. Id.[1] Had Plaintiff not been terminated in March 2002, her employment would nevertheless have ended in December 2002. Id. at ¶7.

Plaintiff is currently employed by AgCert International as a Marketing Manager. As of October 2, 2003, Plaintiff's salary was ninety thousand dollars ($90,000.00) per year. See Plaintiff's Response and Objection to Defendant's First Set of Interrogatories dtd. October 3, 2003, Response No. 3, (attached hereto as Exhibit 2). In this position, Plaintiff is also eligible for a target based bonus. Id. In addition, Plaintiff possesses an equity share interest in AgCert International by virtue of her employment with the company. Id.

As an employee of Sempra, Plaintiff was eligible to for bonuses that were "based on [Plainitiff's] performance *and that of Sempra Trading and its subsidiaries.*" Wood v. Sempra Energy Trading Corp., No. 3:03CV986 (JCH), 2005 WL 465423, at *12 (D. Conn. Feb. 22, 2005) (ruling on Defendant's motion for partial summary judgment) (attached hereto as Exhibit

---

[1] Defendant does not concede that Wood was replaced by Soule.

3). However, unlike the targeted bonus Plaintiff is eligible for at AgCert Internation, Plaintiff's bonus at Sempra was "not depend[ant] on her efforts alone but was determined according to the performance of the company and its subsidiaries." Id. (internal quotation omitted). Moreover, as a Sempra employee, Plaintiff did not have an equity interest in the Company.

## II. DISCUSSION

### A. Plaintiff cannot recover damages after the date her position with the Company would have lawfully ended

The Second Circuit has declared that a plaintiff who has been fired cannot recover damages after the date her position would lawfully have ended because such damages "would [] impermissibly place her in a better position than she would have been if she had not been fired." Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1182 (2d. Cir. 1996) (citations omitted) (limiting damages award to seven weeks after verdict because the plaintiff's job was scheduled to be eliminated at that date); see Bartek v. Urban Redev. Auth. of Pittsburgh, 882 F.2d 739, 747 (3d Cir. 1989) (affirming limiting damages where plaintiff's position was eliminated prior to judgment); see also Downs v. Volkswagon of Am., Inc., 41 F.3d 1132, 1143 (7th Cir. 1993) (suggesting front pay inappropriate when company's deteriorating financial condition and workforce reductions suggest little likelihood plaintiff's employment would have continued into the future); Graefenhain v. Pabst Brewing Co., 670 F. Supp. 1415, 1420 (E.D. Wis. 1987) (calculation of damages ends with the lawful elimination of the plaintiff's former position). Indeed, courts have limited post-job elimination damages even when the plaintiff may have been reassigned had she not been terminated. See Williams v. Pharmacia, Inc., 926 F. Supp. 791, 797-98 (N.D. Ind. 1998), aff'd, 137 F.3d 944, 953 (7th Cir. 1998) (district court appropriately limited front pay award to one year because of uncertainty regarding whether plaintiff would have lost

3

her position due to an impending merger which threatened 400 to 500 jobs, even though it was possible that plaintiff may have been reassigned).[2]

Here, Sempra dissolved its Petroleum Derivatives department in December 2002 because of sustained losses. (Cantor Aff. ¶ 5). Every Assistant Vice President in the Marketing group was terminated, along with the male employee Plaintiff claims Sempra replaced her with. Sempra would not have retained Plaintiff in December 2002 as it was terminating every other Assistant Vice President in the Petroleum Derivatives Marketing group. Id. ¶6. Therefore, even if Plaintiff could show she was unlawfully discriminated or retaliated against, her recovery should be limited to the time between her termination in March 2002 and the dissolution of the Petroleum Derivatives Marketing group in December 2002. Accordingly, Plaintiff should not be allowed to introduce evidence about her damages post-December 2002.

### B. In the Alternative, Front Pay Damages Would Be Overly Speculative

Even assuming, arguendo, Plaintiff could recover damages following Sempra's dissolution of the Petroleum Derivatives group in December 2002, Plaintiff nevertheless can not recover front pay damages because the method for calculating front pay in this case is too speculative.

---

[2] Courts, including the Second Circuit, have firmly held that a plaintiff cannot even state a prima facie case of discrimination without proffering evidence of a specific vacant position for which the plaintiff would have been qualified absence defendant's alleged discrimination. See Brown v. Coach Stores, Inc., 163 F.3d 706, 711-12 (2d Cir. 1998); see also Kaster v. Safeco Ins. Co. of Am., 212 F. Supp. 2d 1264, 1271-72 (D. Kan. 2002) ("[E]very Circuit that has addressed this issue has required a plaintiff, as part of that plaintiff's prima facie case, to come forward with evidence of a specific vacant position for which the plaintiff was qualified and on which the plaintiff's claim was based.") (collecting cases).

4

"It is well settled that front pay should not be awarded where the calculation method is unduly speculative." Esterquest v. Boo-Allen & Hamilton, Inc., No. 97 Civ. 6957 (LMM), 2003 WL 21673630, at *3 (S.D.N.Y. July 17, 2003) (citing Dunlap-McCuller v. Riese Org., 980 F.2d 153, 159 (2d Cir. 1992))[3]; see Rivera v. Baccarat, 34 F. Supp. 2d 870, 878 (S.D.N.Y. 1999) ("In order to qualify for front pay, a plaintiff must have been diligent in seeking comparable employment and under no circumstances can the award be based on speculation.") (citation omitted).

Any effort to predict what Plaintiff's earnings would have been had she continued to be employed by Sempra would require this Court to engage in wild speculation. First, Plaintiff's position and department were dissolved in December 2002. Any effort by Plaintiff to surmise what alternative position she might have occupied and the salary she could have received had she continued to be employed calls for the kind of wild speculation that courts refused to engage in. Id. Furthermore, as the Court alluded to its ruling on Defendant's motion for summary judgment, even if Plaintiff's position not been eliminated, Sempra's bonus structure makes it impossible to determine with any degree of certainty how much Plaintiff may have earned. See Wood v. Sempra Energy Trading Corp., No. 3:03CV986 (JCH), 2005 WL 465423, at *12 (D. Conn. Feb. 22, 2005) ("Wood's 'bonus did not depend on her efforts alone,' but was determined according to the performance of the company and its subsidiaries."). For these reasons alone, evidence concerning Plaintiff's claim for front pay damages should be excluded.

In addition, Plaintiff's compensation scheme at AgCert International makes it impossible for the Court to determine how much Plaintiff might reasonably be expected to earn

---

[3] Unpublished authorities are attached hereto as Exhibit 3.

in the future. As a Marketing Manager for AgCert International, Plaintiff is eligible for targeted based bonuses. See Plaintiff's Response and Objection to Defendant's First Set of Interrogatories dtd. October 3, 2003, Response No. 3. In addition, Plaintiff possesses an equity interest in AgCert International by virtue of her employment with the company. Id. In order for the Court to may a front pay award, it would need to speculate as to: (i) what Plaintiff's targeted bonuses will be in the future, (ii) whether Plaintiff will achieve these targets, (iii) the future value of Plaintiff's current equity interest in AgCert; and (iv) whether Plaintiff's equity interest in AgCert will increase or decrease in the future, and, if so, by how much. For these additional reasons, evidence concerning Plaintiff's claim for front pay should be excluded.

### III. CONCLUSION

For all the foregoing reasons, Sempra respectfully requests that the Court issue an Order excluding evidence concerning Plaintiff's claim for back pay following December 2002.

Respectfully Submitted,

By: _____
Mary C. Dollarhide (ct12251)
Raymond W. Bertrand (ct22968)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email  marydollarhide@paulhastings.com
        raymondbertrand@paulhastings.com

Counsel for Defendant
Sempra Energy Trading Corp.

## CERTIFICATE OF SERVICE

The undersigned, a member of the bar of this Court, hereby certifies that on this 20th day of June, 2005, a true and correct copy of the foregoing Memorandum of Law In Support of Its Motion in Limine to Exclude Evidence of Plaintiff's Alleged Damages Post-December 2002 was served on the following counsel of record via hand delivery to:

> Brendan J. O'Rourke, Esq.
> Jeffrey M. McCormick, Esq.
> Ann H. Brickley, Esq.
> O'Rourke & Associates, LLP
> 27 Pine Street
> New Canaan, CT 06840

_____
Raymond W. Bertrand

STM/298018.6