# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING<br>CORPORATION,<br><br>　　　　　　　Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>October 2, 2003 |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

To:   Mary C. Dollarhide, Esq.
　　　Peter M. Schultz, Esq.
　　　PAUL, HASTINGS, JANOFSKY & WALKER LLP
　　　1055 Washington Boulevard
　　　Stamford, CT 06901-2217

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Susan E. Wood ("Wood" or "Plaintiff") hereby responds to Defendant Sempra Energy Trading Corporation's ("Sempra" or "Defendant") First Set of Interrogatories ("Interrogatories") as follows:

## GENERAL OBJECTIONS

1.　Plaintiff objects to Sempra's Interrogatories insofar as their instructions and definitions exceed, enlarge or modify the requirements of the Federal Rules of Civil Procedure.

2.　Plaintiff objects to Sempra's Interrogatories to the extent that they call information that is protected from disclosure by the attorney-client privilege.

3.　Plaintiff objects to Sempra's Interrogatories to the extent that they call for information that

is protected from disclosure by the attorney work-product privilege.

4. Plaintiff objects to Sempra's Interrogatories insofar as they seek information relating to matters that are not raised in the pleadings on file in this case on the grounds that such information is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff objects to Sempra's Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive and constitute harassment.

6. Plaintiff objects to Sempra's Interrogatories to the extent they seek disclosure of any information when that disclosure is prohibited by any state or federal statute, regulation or common law.

## INADVERTENT DISCLOSURE

Plaintiff objects to the disclosure of any information falling within one of the general objections or specific objections stated within these responses to Interrogatories. In the event any information falling within such objections is disclosed by Plaintiff, its disclosure is inadvertent and does not constitute a waiver of objection or any other legal right. Subject to these general objections and those specific objections hereinafter set forth, Plaintiff responds as follows:

2

## INTERROGATORIES

INTERROGATORY NO. 1:

State your full name, Social Security number, date and place of birth, and each address (by number, street, city, and state) where you have resided during the last ten years, including the dates of residence at each such address.

RESPONSE:

Name: Susan E. Wood
SS#: 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
DOB: 3/19/1970
Birthplace: Melrose, MA

Residences:
    1993 – 1995: 18 Wild Rose Drive, Andover, MA
    1/96 – 1/98: 3 Swains Pond Ave, Malden, MA
    1/98 – 3/99: Indian Camp Lane, Lincoln, MA
    3/99 – 5/99: Rincon Apartments, Houston, TX
    5/99 – 3/00: 2111 Welsh Street, Houston, TX
    3/00 – 10/00: 6509A Minola St, Houston, TX
    10/00 – Present: 12 Ridgewood Road, Rowayton, CT

INTERROGATORY NO. 2:

Including military service(s), if any, state: the name and address of each of your employers since you completed your formal education setting forth: the inclusive date(s) of each such employment, your job titles, a complete and detailed description of the work performed in each such job title, hours of work, rates of compensation, reason for and dates of any changes in compensation, name(s) of your supervisor(s), and the reason(s) you left each such employer. Please identify all documents that relate or refer to any of the information requested in this interrogatory.

3

## OBJECTION:

Plaintiff objects on the grounds that this Interrogatory is unduly burdensome; not reasonably limited in scope and/or time; not reasonably calculated to lead to the discovery of admissible evidence; beyond the scope of permitted discovery. Subject to this objection and the general objections set forth above, Plaintiff responds as follows:

## RESPONSE:

1994 – 1996    Emcon
                 Andover, MA
                 Title: Associate (start) - Engineer/ Project Manager (end)
                 Work performed: Air quality/ environmental engineering
                 Full Time
                 Salary: ~$22k start - ~$35k end through general salary increases and promotions
                 Steve Piper – Supervisor
                 Reason for leaving: Recruited to work at their new company, The AirBank

1996 – 3/99    The AirBank
                 Andover, MA
                 Title: National Trading Manager
                 Work performed: Running brokerage operations
                 Full Time
                 Salary: $50k. Annual bonus of $5k - $10k
                 Tom Hopper – Supervisor
                 Reason for leaving: Recruited to work at Enron

3/99 – 9/00    Enron
                 Houston, TX
                 Title: Manager
                 Work performed: Commodities marketing. Started in emissions trading group and moved over to oil and natural gas group
                 Full Time
                 Salary: $75 start - $90k end (raise given at end of 1999). Bonus of $15k in 1999. Left company before 2000 bonus issued.
                 Supervisor: Started working for Jim Fallon in Emissions Group. Moved to work for Fred Lagrosta in Oil & Nat Gas Group.
                 Reason for leaving: Followed partner as she moved to CT for a new job.

10/00 – 3/02    Sempra Energy Trading
                  Stamford, CT
                  Title: Assistant Vice President
                  Work performed: Oil and natural gas marketing
                  Full Time

          Salary: $115 start - $125k end (raise given in early 2001). Bonus in 2000 of $10k. Bonus in 2001 of $50k
Supervisors: Started working for Jackie Mitchell in Nat Gas Group. Recruited by Brian Cumming in early 2000 to work in Oil Group. Sarathi Roy new supervisor when Brian left group
Reason for leaving: Unlawful termination

1/03 –    Consulting
Title: Emissions Consultant
Work performed: Consulting a major airline on their greenhouse gas exposure
Part Time (variable hours)
Salary: $80/hr (~ $1400/month)

9/03 -    Marketing for Environmental Company
Title: Marketing Manager
Work performed: Creating and selling greenhouse emission offsets
Full Time
Salary: $90,000.00 per year, plus target based bonus and equity share in company

INTERROGATORY NO. 3:

Identify each and every document which discusses, describes, or relates in any way to your employment with Sempra or the issues, claims or facts contained in any Complaint filed in this case.

OBJECTION:

Plaintiff objects on the grounds that this Interrogatory is unduly burdensome; not reasonably limited in scope and/or time; not reasonably calculated to lead to the discovery of admissible evidence; beyond the scope of permitted discovery. Subject to this objection and the general objections set forth above, Plaintiff responds as follows:

RESPONSE:

See documents provided in response to Defendant's First Set of Document Requests.

5

INTERROGATORY NO. 4:

Identify each and every person consulted in connection with your preparation of answers to these interrogatories. For each person so consulted, please identify his/her relationship to you, the topic discussed and the nature of the conversation.

OBJECTION:

Attorney-client privilege; attorney work-product privilege; beyond the scope of permissible discovery. Subject to this objection and the general objections set forth above, Plaintiff responds as follows:

RESPONSE:

Ann Brickley, Brendan O'Rourke, Lynda Clemmons

INTERROGATORY NO. 5:

Referring to the damages claimed against Sempra in your Complaint, including, but not limited to, actual damages representing past and future lost earnings, commissions, employment and pension benefits, damages representing the loss of earning capacity, and other damages you intend to seek, describe fully and specifically each category of costs, expenses, and damages attributed to each separate cause of action, including for each such category of damages: a full and specific calculation of the amount you seek in damages; a full and specific explanation of how you calculated the damages referred to in your Complaint; every fact upon which you base your damage calculations and allegations regarding damages; the identity of all persons with knowledge or information concerning the above; and the identity of all documents relating to or reflecting your answer to this Interrogatory.