OBJECTION:

Plaintiff objects on the grounds that this Interrogatory is unduly burdensome; not reasonably limited in scope and/or time; not reasonably calculated to lead to the discovery of admissible evidence; beyond the scope of permitted discovery. Subject to this objection and the general objections set forth above, Plaintiff response as follows:

RESPONSE:

Making the decision to move to the Northeast and obtaining an energy trading job in the Stamford area with a company like Sempra fit perfectly into my long term plans. I had every intention on staying with Sempra for at least 10 years and was looking forward to growing my customer base and marketing income for the company.

My job was terminated at a time when the economy and especially the energy sector was in a recession. Based on my inability to get comparable work with equivalent income, I decided it was necessary to take employment at less compensation than I would have earned at Sempra. I moved away from the energy sector and used my marketing skills to do some consulting. Starting in January 2003, I was employed by a local beverage distribution company to market their new vodka product and by a large multinational company to assist in their environmental management group. Total income from the marketing was $16,141. On October 1, 2003 I begin a full time marketing position with an environmental company with a base salary of $90,000, a target based bonus of $30,000 per year and a 0.17% equity position in the company.

Based on the foregoing, I have prepared a damages spreadsheet calculating the loss of earnings I am claiming. I have also incurred travel and related expenses in my search for employment, as well as medical and therapist expenses, which have not yet been finalized. Once finalized, I will provide such total.

INTERROGATORY NO. 6:

For the period September 1997 until the date of trial, identify each and every health care provider, counselor, advisor, and/or any person you have ever consulted, including but not limited to physicians, psychologists, social workers, therapists, hospitals, counselors, advisors, crisis counselors, clinical social workers, mental health workers, or other professionals, professional organizations or charitable organizations with whom or with which you consulted regarding any emotional condition, psychiatric condition, psychological condition, and/or personal problem of any type. State the nature of the condition,

7

the dates on which you experienced the condition and the treatment received. Please identify all documents that relate or refer to any of the information requested in this interrogatory. For each such physician, psychiatrist, psychologist, other medical practitioner, or other individual, please execute a copy of the authorization attached hereto as Exhibit "A."

## OBJECTION:

Beyond the scope of permitted discovery; seeks confidential, privileged patient-therapist records; not reasonably limited in time; irrelevant and immaterial; unduly burdensome; not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and the general objections set forth above, Plaintiff responds as follows:

## RESPONSE:

**Dr. Frederick Slogoff (General Practitioner)** – In March of 2001 I was having some stress with feeling uncomfortable at work. I had just moved into the Oil Marketing Group that was predominantly male and had already been questioned a couple of times by Sarathi as to my relationship with Lynda. I spoke to Dr. Slogoff about my lack on sleeping and was concerned that it might be a mild depression. He prescribed a trial of Zoloft that seemed to help my energy level but did not help the lack of sleeping. We ended the trial of Zoloft and started with Ambien to regulate my sleep patterns.

**Dr. Mel Solis (Psychologist)** – Consulted with Mel in April 2002 after losing my job to try dealing with anxiety attacks, a loss of self worth and confusion as a result of the sudden job loss. Completed 10 sessions with Solis.

## INTERROGATORY NO. 7:

Identify each and every person whom you, or anyone acting on your behalf, has interviewed or from whom you, or anyone acting on your behalf, has obtained a written or recorded statement, including draft statements, concerning the allegations contained in any pleading filed on your behalf. Please identify the individual(s) who conducted the interview(s) or obtained the statement(s) and/or draft statement(s), and state the date on which the interview was conducted or statement and/or draft statement was obtained. Identify any and all such statements or draft statements.

8

OBJECTION:

Attorney work-product; attorney-client privileged; impermissible invitation of attorney-client trial preparation; beyond the scope of permissible discovery; not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and the general objections set forth above, Plaintiff responds as follows:

RESPONSE:

No one has been interviewed and no statements have been obtained at this time.

INTERROGATORY NO. 8:

Identify each and every person who has personal knowledge of any fact upon which you base your claims in this lawsuit or with whom you have discussed your claims in this action or who you will use or may use as a witness in this action, excluding expert witnesses, and summarize the substance of each such person's knowledge, as well as each conversation with such person concerning the facts of this lawsuit.

OBJECTION:

Attorney-client privilege; attorney work-product privilege; beyond the scope of permissible discovery, subject to the Court's pre-trial orders. Subject to this objection and the general objections set forth above, Plaintiff responds as follows:

RESPONSE:

a.   <u>Billy Lasher</u> – Informed me repeatedly of the company and employees being uncomfortable with my status as a lesbian.

b.   <u>Jackie Mitchell</u> – Directly witnessed the incident and counseled me after the incident.

c.   <u>Michael Goldstein</u> – Responsible for carrying out company policy after the incident. Did not write up an incident in a timely manner and failed to properly follow through as per company guidelines.

9

d.  <u>Andy Giglia</u> – Witnessed the incident and commented that Joe Howley was definitely treating me unfairly during the trade.

e.  <u>Steve Soleil</u> – A man who filled my position immediately after I left and began calling on my customers.

f.  <u>David Messer</u> – Discussed the incident with me and told me not to worry about my job security because all he cared about was me making money and from what he had heard from Brian Cummings I was doing well and 2002 was looking like an excellent year for me.

g.  <u>Sarathi Roy</u> – Witnessed incident. Shared lack of concern and professionalism in responding to the incident. Sarathi is the person communicated my wrongful termination.

h.  <u>Brian Cummings</u> – My boss at the time of the incident. He was in Canada at the time but I talked to him by phone in a conference call with Jackie Mitchell and Joe Howley. Brian also indicated that my firing concerned him because he was only informed the night before I was fired.

i.  <u>Lynda Clemmons</u> – My partner. I have discussed the incident and my firing with her and its affect on my health.

j.  <u>Trish Johnsmeyer</u> – Former Sempra employee that quit because she felt she was discriminated against because she was a woman. Soon after the incident, I met with Trish to discuss the matter.

k.  <u>Alison (in HR)</u> – She told Billy Lasher that she thought the process for my firing was very strange. Said she is usually informed about a firing prior to it happening, but for this one, she was not.

l.  <u>Audrey Cullen</u> – I spoke with Audrey a week or so after I was fired.

m.  <u>Mel Solis</u> – Clinical psychologist. I met with him for a few months after I was fired to deal with the distress following.

## INTERROGATORY NO. 9:

Identify each and every person that you contend "promised that [you] would be paid an annual bonus in the range of 10% to 15% of the profits that [you] booked for [Sempra] in a given calendar year," as alleged in paragraph 9 of the Complaint. With respect to each and every person identified, state with specificity the date, time, and place at which the alleged "promise[s]" were made.

10