**EXHIBIT 3**

Westlaw.

Not Reported in F.Supp.2d  Page 1
2003 WL 21673630 (S.D.N.Y.)

(Cite as: 2003 WL 21673630 (S.D.N.Y.))

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
Judith B. ESTERQUEST, Plaintiff,
v.
BOOZ-ALLEN & HAMILTON, INC. Defendant.
No. 97 Civ. 6957(LMM).

July 17, 2003.

Former employee sued former employer, a management consulting firm, alleging discrimination based on gender and age, unlawful retaliation in violation of Title VII, the Age Discrimination in Employment Act (ADEA), the New York State Human Rights Law (NYHRL), and the New York City Administrative Code (NYCHRL), and constructive discharge. Following entry of partial summary judgment in favor of former employer in which former employee's retaliation and constructive discharge claims were dismissed, 2002 WL 237846, former employee sought enforcement of discovery requests pertaining to damages. The District Court, McKenna, J., held that: (1) verbal order issued by magistrate judge would not be enforced; (2) employee's requests for discovery regarding back pay damages would not be limited to date of her resignation, even though constructive discharge claim had been dismissed; and (3) method of calculating **front pay** was too **speculative** to assume former employee would have progressed beyond level four of former employer's partnership scheme, and warranted that former employee's discovery be limited accordingly.

Ordered accordingly.

West Headnotes

**[1] United States Magistrates** ⌬17
394k17 Most Cited Cases
Verbal order issued by magistrate judge during telephonic conference between plaintiff and defendant on plaintiff's motion for reconsideration regarding limits of discovery, stating that limit on discovery was "for now," would not be enforced by district court ruling on discovery motions five years later; in absence of written record it was impossible to tell what magistrate judge meant by term "for now," and it was debatable whether unwritten magistrate order was enforceable under applicable rule of civil procedure. Fed.Rules Civ.Proc.Rule 72(a), 28 U.S.C.A.

**[2] Federal Civil Procedure** ⌬1272.1
170Ak1272.1 Most Cited Cases
Employee's requests for discovery from employer regarding back pay damages would not be limited to date of her resignation, even though employee's constructive discharge claim had been dismissed; issue of whether employee was entitled to back pay past date of her resignation, and was entitled to discovery relevant to back pay, had not been decided, and limiting discovery at stage of litigation created possibility of inefficiency.

**[3] Civil Rights** ⌬1574
78k1574 Most Cited Cases

**[3] Federal Civil Procedure** ⌬1272.1
170Ak1272.1 Most Cited Cases
Method of calculating **front pay** sought by female employee, who alleged she was discriminated against by her employer, a management consulting firm, in violation of the ADEA and Title VII, was too **speculative** to assume that she would have progressed beyond level four of employer's partnership scheme, and warranted limiting of discovery with respect to partnership levels up to level four of employer's six-level partnership scheme; two comparators of employee who were still with firm had only progressed to level one or two of employer's partnership scheme. Age

Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq.; Civil Rights Act of 1964, § 701 et seq.,
42 U.S.C.A. § 2000e et seq.

*MEMORANDUM AND ORDER*

MCKENNA, J.

\*1 In a previous decision, familiarity with which is assumed, the Court denied in part the motion by defendant Booz-Allen & Hamilton, Inc. ("Booz-Allen") for summary judgment, and dismissed plaintiff Judith Esterquest's ("Esterquest") claims for constructive discharge and retaliation. *Esterquest v. Booz Allen & Hamilton, Inc.*, No. 97 Civ. 6957, 2002 WL 237846 (S.D.N.Y. Feb. 19, 2002).

Esterquest now raises certain outstanding discovery requests it has made on Booz-Allen with respect to damages. Specifically, plaintiff has requested:
 (a) complete compensation (salary, "bonus," transactions in [Booz-Allen] stock, "points," and all benefits information not previously provided to the Plaintiff) as to all levels of "partners" below the level of the CEO and president (showing the number of "partners" in each category and their average number of years at [Booz-Allen] and m/f breakdown);
 (b) all studies and histories of partner compensation, such as those described by Mr. Stasior in his deposition testimony; and,
 (c) complete compensation (salary, "bonus," and all benefits information previously provided to the Plaintiff) as to all levels of non-partner employees above Level 19 (showing the number of employees in each category, m/f breakdown, and their average number of years at [Booz-Allen] ); and W2 information for Messrs. Bianco, Stumpf, and Swenson.
(Pl.'s Letter at 7-8.)

Booz-Allen opposes the request on three grounds. First, Booz-Allen argues that a previous oral ruling made by Magistrate Judge Grubin regarding discovery in this matter should be enforced. (Def.'s Letter at 4.) Second, Booz-Allen argues that the Court's dismissal of Esterquest's constructive discharge claim precludes her recovery of back pay from the date of her resignation, and therefore discovery after that date is unnecessary. (*Id.* at 6-10.) Finally, Booz-Allen argues that Esterquest is not entitled to the discovery needed to calculate **front pay** because an award of **front pay** would be too **speculative** in this case. (*Id.* at 10-14.) For the reasons discussed below, the Court grants Esterquest's discovery requests, but only as they pertain to partnership levels 4 and below under Booz-Allen's current partnership scheme. [FN1]

> FN1. Prior to Spring 2000, Booz-Allen's partnership was comprised of a twelve step ranking such that the lowest level partners were level 1 and the highest level partners, such as the CEO and president, were level 12. In July 2000, Booz-Allen changed the rankings to a six-level system. (Def.'s Letter at 11.)

DISCUSSION
A. *Magistrate Judge Grubin's Order*

[1] On June 25, 1998, Magistrate Judge Grubin (who has since left the court) held a telephonic court conference to discuss discovery in this case. Magistrate Judge Grubin issued an oral ruling holding that plaintiff's damages discovery was limited to entry level and second-year Vice Presidents or partners under Booz-Allen's pre-July 2000 partnership scheme. (Def.'s Letter at 2.) Esterquest claims that in that oral ruling, Magistrate Judge Grubin stated that the limit on discovery was "for now." (Pl.'s Letter at 1.) Booz-Allen disputes this. According to Booz-Allen, Magistrate Judge Grubin did not use the words "for now" in connection with any specific ruling. (Def.'s Letter at 3 n. 3.) Booz-Allen claims that "[u]ltimately Magistrate Grubin ended the discussion and closed the conference with those are my rulings 'for now,' indicating that if either party wanted to have another conference on other issues they could do so. 'For now' was not related to the issues she had already ruled on." (*Id.*)

\*2 On July 1, 1998, plaintiff's counsel submitted a letter to Magistrate Judge Grubin purportedly requesting reconsideration of the portion of her

ruling limiting plaintiff's damages discovery. (Def.'s Letter at 2.) However, Magistrate Judge Grubin never reconsidered her discovery ruling. (*Id.*)

Booz-Allen now requests that the Court enforce Magistrate Judge Grubin's ruling and hold that damages discovery is limited to entry level and second year vice presidents or partners. (*Id.* at 4.) However, the Court declines to do so because it is not clear to the Court what the terms of the ruling were. Five years after the fact, and without a written record, it is impossible for the Court to determine what Magistrate Judge Grubin meant by the term "for now." Moreover, regardless of what "for now" meant, it is debatable whether under Federal Rule of Civil Procedure 72(a)("Rule 72(a)") [FN2] such oral orders are enforceable. [FN3]

> FN2. Rule 72(a) provides, in relevant part: "A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a *written* order setting for the disposition of the matter ."(emphasis added)

> FN3. For example, in *Bank Brussels Lambert v. Chase Manhattan Bank,* No. 93 Civ. 5298, 1996 WL 252374, at *3 (S.D.N.Y. May 14, 1996), the court held that there is ample authority that oral orders are enforceable under Rule 72(a), while in *United States v. Afram Lines, Ltd.,* 159 F.R.D. 408, 412 (S.D.N.Y.1994), the court found that failure to reduce ruling to writing renders it unenforceable under Rule 72(a).

Therefore, because Magistrate Judge Grubin did not make a ruling on plaintiff's motion for reconsideration regarding the limits of discovery in this case, the Court will consider the present motion as an extension of that motion and proceed to address the issues on their merits.

B. *Effect of Dismissal of Constructive Discharge Claim*

[2] Booz-Allen's second argument is that because the Court dismissed Esterquest's claim for constructive discharge, Esterquest is not entitled to back pay past the date of her resignation from Booz-Allen. (Def.'s Letter at 6.) Therefore, Booz-Allen argues, Esterquest should not be entitled to damages discovery beyond that date. (*Id.*)

While the Second Circuit has not yet ruled on this issue, the majority of the circuit courts have held that in order for an employee to recover backpay for lost wages beyond the date of his retirement or resignation, the evidence must establish that the employer constructively discharged the employee. *See, e.g., Marrero v. Goya of Puerto Rico, Inc.,* 304 F.3d 7, 28 (1st Cir.2002); *Durham Life Ins. Co. v. Evans,* 166 F.3d 139, 155 (3d Cir.1999); *Boehms v. Crowell,* 139 F.3d 452, 461 (5th Cir.1998); *Hertzberg v. SRAM Corp.,* 261 F.3d 651, 659 (7th Cir.2001); *Major v. Rosenberg,* 877 F.2d 694, 695 (8th Cir.1989); *Mallinson-Montague v. Pocrnick,* 224 F.3d 1224, 1237 (10th Cir.2000); *see also Thorne v. City of El Segundo,* 802 F.2d 1131, 1134 (9th Cir.1986) (noting that doctrine of constructive discharge generally limits backpay awards in failure to promote cases). However, some courts, including the Fourth Circuit and at least one court within this circuit, have declined to adopt the constructive discharge rule or permitted exceptions to it. *See Dennis v. Columbia Colleton Med. Ctr.* (4th Cir.2002) (rejecting constructive discharge rule and instead recognizing general statutory duty to mitigate employer damages); *Nobler v. Beth Israel Med. Ctr.,* 715 F.Supp. 570, 574 (S.D.N.Y.1989) (holding that if plaintiff proves his discrimination claim, he may be entitled to back pay although he was not constructively discharged).

*3 Because the Second Circuit has not yet taken a position on this issue, the Court denies Booz-Allen's request to limit discovery regarding back pay damages to the date of Esterquest's resignation. If the Court were to limit discovery at this point in time, and the Second Circuit were to reject the constructive discharge rule (as at least one circuit has) before the date of trial in this case, discovery might have to be reopened, only to delay the progression of the case. The Court prefers to avoid the possibility of such inefficiency.

Not Reported in F.Supp.2d                                                                 Page 4
2003 WL 21673630 (S.D.N.Y.)

(Cite as: 2003 WL 21673630 (S.D.N.Y.))

C. *Whether **Front Pay** Award is Too **Speculative***

[3] Booz-Allen argues that Esterquest is not entitled to discovery with respect to **front pay** because an award of **front pay** would be too **speculative** in this case. It is well settled that **front pay** should not be awarded where the calculation method is unduly **speculative.** *Dunlap-McCuller v. Riese Org.,* 980 F.2d 153, 159 (2d Cir.1992). The Court finds that it would be too speculative to assume that Esterquest would have progressed beyond level 4 of the current partnership scheme, considering the fact that her two comparators, Bianco and Swenson, who are still with the firm, have only progressed to level 1 or 2 of the current partnership scheme. (Def.'s Letter at 13.) Therefore, the Court will allow Esterquest to obtain the discovery she seeks with respect to partnership levels up to level 4 of the six level partnership scheme.

CONCLUSION

For the reasons discussed above, the Court grants Esterquest's discovery request, but only as it pertains to partnership levels 4 and below under Booz-Allen's current partnership scheme. In addition, the Court grants Booz-Allen's request to conduct additional discovery regarding Esterquest's earnings since the time of her resignation.

2003 WL 21673630 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:97CV06957  (Docket)
                                  (Sep. 17, 1997)

END OF DOCUMENT