UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                Plaintiff,<br><br>- against -<br><br>SEMPRA ENERGY TRADING CORP.,<br><br>                Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>June 20, 2005 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND TESTIMONY CONCERNING CLAIMS
<u>NO LONGER AT ISSUE</u>**

Defendant Sempra Energy Trading Corp. ("Sempra") hereby respectfully moves this Court for an Order instructing Plaintiff Susan Wood ("Plaintiff") and her counsel not to refer to, comment on, examine any witness, suggest to the Court, or introduce certain evidence or testimony solely related to claims previously dismissed by this Court. See Wood v. Sempra, No. 3:03CV986 (JCH), 2005 WL 465423, at *12 (D. Conn. Feb. 22, 2005 (attached hereto as Exhibit 1). Testimony or evidence of this nature should be excluded at trial because: (1) it is irrelevant to Plaintiff's remaining claims of gender discrimination, sexual orientation discrimination, retaliatory discharge and unreimbursed business expenses; and (2) any possible probative value is substantially outweighed by the danger of confusion of the issues, unfair prejudice and undue delay.

I.  **BACKGROUND**

In partially granting Sempra's motion for Summary judgment, the Court dismissed eight of Plaintiff's fourteen counts against Defendant. The Court dismissed Count Six (breach of contract), Count Seven (breach of implied contract), Count Eight (promissory estoppel), Count Nine (unjust enrichment), Count Ten (breach of implied covenant of good faith and fair dealing), Count Twelve (unpaid bonus), Count Thirteen (negligent failure to investigate harassment claims pursuant to employee handbook), and Count Fourteen (negligent failure to investigate). Id. The Court additionally dismissed Plaintiff's hostile work environment claim with respect to Counts One, Two and Three, gender discrimination and sexual orientation discrimination. Id. The only claims remaining before this Court are Plaintiff's gender and sexual orientation discrimination (Counts One, Two, and Three), retaliatory discharge (Counts Four and Five) and unreimbursed business expenses claims (Count Eleven).[1]

II.  **DISCUSSION**

Sempra anticipates that Plaintiff may attempt to offer testimony and evidence regarding the following issues arising from certain dismissed claims:

1.  **Hostile Work Environment**

Sempra anticipates that Plaintiff may seek to introduce evidence that is relevant only to her failed claim that Sempra employees created a hostile work environment. Such evidence includes alleged comments by a male co-worker, Sarathi Roy, regarding his private dating experiences. (See Plaintiff's Response to Defendant's First Set of Interrogatories, Interrogatory.

---

[1] Sempra is filing a separate Motion in Limine Requesting That The Court Refuse To Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claim For Unreimbursed Business Expenses on the ground that Plaintiff has endorsed and deposited Sempra's payment-in-full of Plaintiff's demanded amount. Accordingly, there is no meaningful relief Plaintiff can seek in Count Eleven.

2

No. 14, at 15 ("Pl.'s Interog. Resp."), attached hereto as Exhibit 2) ("boasting about his sexual conquests and how he was once dating two women from the Sempra office at the same time"); ("boasting about spending time down at the Boxing Cat Grille and being the resident 'stud'")). In addition, Plaintiff refers to "sexual innuendoes" and "inappropriate boasts" by Roy as evidence of an "increasingly hostile work environment." (See Complaint ¶¶ 37 and 38 ("Compl."), attached hereto as Exhibit 3). Plaintiff also testified in a deposition about Roy's visit to Apples Salon for a massage. (Deposition of Susan Wood at 113-114, attached hereto as Exhibit 4); see also Pl's Interrog. Resp., Interrog. No. 14, at 15 ("Continuous boasting about 'Miss Kim' his 'special masseuse' who is 'a lady who really knows how to treat a man.' This masseuse works for a local massage parlor, which parlors were referred to at Sempra as rub-and-tugs. He would often say he was going for a massage with Miss Kim after work"). All such alleged comments go directly to the dismissed hostile work environment claim, and do not relate to the remaining claims before this Court.

Even assuming, arguendo, that testimony or evidence Sempra seeks to exclude relating to the dismissed hostile work environment claim has some relevance to the remaining claims, the evidence should still be excluded under Rule 403, which permits the Court to exclude relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, . . . or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; see also U.S. v. Salameh, 152 F.3d. 88, 110 (2d Cir. 1998) ("A district court is obviously in the best position to do the balancing mandated by Rule 403."); U.S. v. Palumbo, 401 F.2d 270, 273 (2d Cir. 1968) ("We have long held that with any potentially prejudicial evidence the trial judge must balance all relevant factors to determine whether its probative value is outweighed by its prejudicial effect."). The

evidence relating to Roy's alleged comments about his private experiences confuses the issues before the Court, is prejudicial, and would unduly delay proceedings.

### 2. Unpaid Bonus

Sempra anticipates that Plaintiff also may attempt to introduce evidence related to Sempra's alleged refusal to pay her a bonus for work done in 2002. This issue is raised in relation to several dismissed claims, including breach of implied contract, promissory estoppel, unjust enrichment, breach of implied covenant of good faith and fair dealing, and unpaid bonus. (Wood, 2005 WL 465423, at *12; see also Compl. ¶¶ 97, 103, 107, 113, 117 and 129-34). In dismissing these claims, the Court ruled that Plaintiff's express contract with Sempra made any payment of a bonus discretionary and contradicted Plaintiff's allegation that an implied contract existed making bonus payments mandatory. Id. at *10. Therefore, evidence related to Defendant's alleged obligation to pay Plaintiff a bonus for work performed in 2002 is irrelevant and should be excluded.[2]

## III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that Plaintiff not be permitted to circumvent this Court's ruling or waste this Court's time by introducing evidence related to claims that this Court has rightfully dismissed, and that the Motion in Limine to Exclude All Evidence and Testimony Concerning Claims No Longer at Issue be granted.

---

[2] Such evidence includes Plaintiff's alleged reliance on alleged promises of an automatic bonus in deciding to leave a previous job and to relocate to Connecticut, and evidence relating to Defendant's alleged unjust enrichment by failing to pay such a bonus.

Respectfully Submitted,

By: _____
Mary C. Dollarhide (ct12251)
Raymond W. Bertrand (ct22968)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT  06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email: marydollarhide@paulhastings.com
          raymondbertrand@paulhastings.com

Counsel for Defendant Sempra Energy Trading Corp.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion in Limine to Exclude Evidence Concerning Claims No Longer at Issue was served on the following parties this 20th day of June, 2005 via hand delivery to:

> Brendan J. O'Rourke
> Jeffrey M. McCormick, Esq.
> Ann H. Brickley, Esq.
> O'Rourke & Associates, LLC
> 27 Pine Street
> New Canaan, CT 06840

_____
Raymond Bertrand

STM/298164.9