**EXHIBIT 3**

Case 3:03-cv-00986-JCH　　Document 88-6　　Filed 06/21/2005　　Page 1 of 5

# SUMMONS - CIVIL
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

Case 3:03-cv-00986-JCH    Document 88-6    Filed 06/21/2005    Page 2 of 5

"X" ONE OF THE FOLLOWING: Amount, legal interest or property in demand, exclusive of interest and costs is:
- [ ] less than $2,500
- [ ] $2,500 through $14,999.99
- [X] $15,000 or more
("X" if applicable)
- [ ] Claiming other relief in addition to or in lieu of money or damages.

## INSTRUCTIONS
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.) (Must be a Tuesday) 6/24/03

| | | | |
|---|---|---|---|
| [X] JUDICIAL DISTRICT [ ] HOUSING SESSION [ ] G.A. NO. | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) Stamford | CASE TYPE (See JD-CV-1c) Major **C** Minor **90** | |

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
123 Hoyt Street, Stamford, CT 06905
TELEPHONE NO. (w/area code) 203-965-5307

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial [ ] Form JD-CV-2 attached | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | Wood, Susan E., 12 Ridgewood Road, Rowayton, CT 06853 | | 01 |
| Additional Plaintiff | | | 02 |
| FIRST NAMED DEFENDANT | Sempra Energy Trading Corporation, 58 Commerce Road, Stamford, CT 06902 | | 50 |
| Additional Defendant | | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

## NOTICE TO EACH DEFENDANT

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 5/14/03 | SIGNED (Sign and "X" proper box) [signature] | [X] Comm. of Superior Court [ ] Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT Jeffrey M. McCormick |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) | TELEPHONE NUMBER | JURIS NO. (if atty. or law firm) |
|---|---|---|
| O'Rourke & Associates, LLC, 27 Pine Street, New Canaan 06840 | 203-966-6664 | 417178 |

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)
Heather Spaide, 39 Shadow Lane, New Canaan 06840

SIGNATURE OF PLAINTIFF IF PRO SE

| # PLFS. 1 | # DEFS. 1 | # CNTS. 14 | SIGNED (Official taking recognizance; "X" proper box) [signature] | [X] Comm. of Superior Court [ ] Assistant Clerk | For Court Use Only FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

A TRUE COPY
Attest
[signature]
SIEGRUN G. POTTGEN
STATE MARSHAL, FAIRFIELD COUNTY
STATE OF CONNECTICUT

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED 5/14/03 | DOCKET NO. CV-03-0195205-S |
|---|---|---|---|

STATE OF CONNECTICUT

| | | |
|---|---|---|
| RETURN DATE: June 24, 2003 | : | SUPERIOR COURT |
| | : | |
| SUSAN E. WOOD, | : | J.D. OF STAMFORD/NORWALK |
|     Plaintiff, | : | |
| | : | |
| V. | : | AT STAMFORD |
| | : | |
| SEMPRA ENERGY TRADING CORPORATION, | : | |
|     Defendant. | : | May 14, 2003 |

## COMPLAINT

COUNT ONE - Sexual Discrimination (42 U.S.C. § 2000e, et seq. ("Title VII"))

    1.    At all times relevant herein, Susan E. Wood ("Plaintiff") was a resident of the State of Connecticut, and she currently resides at 12 Ridgewood Road, Rowayton, Connecticut 06853.

    2.    The Sempra Energy Trading Corporation ("Defendant") is a Delaware corporation, and at all times relevant herein, Defendant's corporate headquarters were located at 58 Commerce Road, Stamford, Connecticut 06902.

    3.    On April 16, 2002, Plaintiff filed a written complaint with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") against Defendant.

    4.    On February 14, 2003, the CCHRO issued a Release of Jurisdiction, and in accordance with such Release, Plaintiff has commenced the instant action against Defendant.

    5.    Plaintiff is a woman, and as such, she is a member of a protected class under Title VII.

    6.    Prior to accepting an offer of employment from Defendant, Plaintiff held managerial positions in the financial services sector where she had experience in commodities risk management, trading, business development, and corporate management.

1

7. Further, prior to assuming a position with Defendant, Plaintiff was a manager with Enron in Houston, Texas where she handled marketing oil and natural gas.

8. Plaintiff's experience, and, in particular, her position at Enron, made her well qualified for the job she would assume at Defendant's corporate headquarters in Stamford.

9. Before Plaintiff accepted employment with Defendant, as an inducement to have Plaintiff accept employment, she was promised that she would be paid an annual bonus in the range of 10% to 15% of the profits that she booked for Defendant in a given calendar year.

10. Further, it was a customary and accepted practice in the industry to pay out performance based bonuses, and it was known within the industry that Defendant's customary practice was to pay out such bonuses to individuals based on 10-15% of the profits booked by such individual in a given calendar year.

11. Accordingly, as part of Plaintiff's employment agreement, Plaintiff was entitled to be paid a bonus based upon booked profits, and Plaintiff relied upon this promise in accepting employment with Defendant.

12. On or about September 18, 2000, Plaintiff took employment with Defendant at its corporate headquarters for the position of Assistant Vice President in the Natural Gas Marketing Department ("Marketing Group"), at a base salary of $115,000.00 per annum.

13. Jackie Mitchell ("Mitchell") was Plaintiff's immediate supervisor in the Marketing Group.

14. After Plaintiff took employment with Defendant, David Messer ("Messer"), President of Defendant, promised her on numerous occasions that, as long as she made money for the company, she would always have a job with Defendant, and Messer continued to assure such promise to Plaintiff throughout her tenure with Defendant.

2

15. In reliance on such statements by Messer, along with her employment agreement with Defendant that she would receive an annual bonus, Plaintiff continued to offer services and otherwise work for Defendant.

16. Through Plaintiff's efforts, substantial value accrued to the benefit of Defendant.

17. In acknowledgment of the value which Plaintiff contributed to Defendant, and consistent with Defendant's employment agreement with Plaintiff (as well as its customary practice), Plaintiff received a performance bonus of $50,000.00 in 2001, which bonus payment represented 10% of the profits that Plaintiff booked for Defendant in that year.

18. Defendant further recognized Plaintiff's contributions to the company in 2001 by awarding Plaintiff an increase of $10,000.00 to her annual base salary.

19. Plaintiff's value to Defendant was further demonstrated by the fact that she brought in sixteen new revenue-generating clients over the course of her employment with Defendant.

20. In or about March of 2001, at the request of Brian Cumming ("Cumming"), Plaintiff was moved to the Oil Trading Group ("Oil Group") where Cumming became her immediate supervisor.

21. In June of 2001, Plaintiff was physically attacked and verbally assaulted by a senior male employee and Managing Director of Defendant, Joe Howley ("Howley").

22. The physical attack and verbal assault arose out of a business transaction in which Plaintiff and Howley were involved. Howley initiated the physical contact by grabbing Plaintiff and shoving her out of his presence on the trading floor in front of approximately 150 of Defendant's employees. ("Howley Incident").