## COUNT EIGHT - Promissory Estoppel

105. Plaintiff repeats and realleges the allegations of Paragraphs 95 through 104 of Count Seven as Paragraph 105 of this Count Eight as if fully set forth herein.

106. From the inception of her employment with Defendant through the date of her termination, Plaintiff continued to rely on the representations and promises of Defendant.

107. More specifically, Plaintiff relied upon the promises that she would receive an annual bonus, and that she had a long-term employment contract as long as she made money for Defendant.

108. In reliance on such representations and promises, Plaintiff left her job in Texas to accept employment with Defendant, and continued to offer valuable employment services throughout her tenure at Defendant to Defendant's benefit.

109. Plaintiff changed her position in reliance of Defendant's promises, and has been damaged as a result.

110. Therefore, Defendant is estopped from denying the existence of its obligations to Plaintiff, and Plaintiff is entitled to the benefit of the promises that she received from Defendant.

## COUNT NINE - Unjust Enrichment

111. Plaintiff repeats and realleges the allegations of Paragraphs 105 through 110 of Count Eight as Paragraph 111 of this Count Nine as if fully set forth herein.

112. From the inception of her employment with Defendant through the time of her termination, Plaintiff added significant value to the business of Defendant by booking significant profits and bringing in many new revenue-generating clients.

113. Defendant has unjustly not paid Plaintiff the bonus that she earned in the year 2002, which bonus represented a significant part of her compensation for such year.

114. Accordingly, Defendant has been unjustly enriched by the value Plaintiff brought to Defendant, and by retaining Plaintiff's owed bonus payment for the year 2002.

115. As such, Defendant is liable to Plaintiff for damages caused thereby.

### COUNT TEN - Breach Of Implied Covenant Of Good Faith And Fair Dealing

116. Plaintiff repeats and realleges the allegations of Paragraphs 111 through 115 of Count Nine as Paragraph 116 of this Count Ten as if fully set forth herein.

117. Pursuant to the implied contracts that were created, Defendant owed Plaintiff a duty of good faith and fair dealing in regard to her right to receive the performance bonus, and to be retained as an employee as long as she remained profitable for the company.

118. Defendant discharged Plaintiff despite her providing continuous financial value to Defendant throughout here tenure.

119. Further, Defendant terminated Plaintiff, in part, to avoid paying her the performance bonus she was owed for the profits she booked for Defendant in 2002.

120. Additionally, as further evidence of Defendant's bad faith intent to deny Plaintiff compensation that was clearly identifiable and related to her past service, Defendant has refused to reimburse Plaintiff for certain business expenses of Defendant that she paid out of her own pocket.

121. As such, Defendant has breached the covenant of good faith and fair dealing, and Defendant is liable to Plaintiff for the damages caused thereby.

## COUNT ELEVEN - Unreimbursed Business Expenses

122.  Plaintiff repeats and realleges the allegations of Paragraphs 116 through 121 of Count Ten as Paragraph 122 of this Count Eleven as if fully set forth herein.

123.  During the course of her employment with Defendant, Plaintiff would incur certain business related expenses attributable, in part, to travel, business development and maintenance of business relationships.

124.  Plaintiff and Defendant had established a customary practice whereby Defendant would reimburse Plaintiff for such expenses. More particularly, after incurring such expenses, Plaintiff would submit receipts and vouchers with an expense report to Defendant, which expenses would then would be promptly reimbursed to Plaintiff.

125.  Prior to her termination, Plaintiff incurred certain business related expenses in the amount of $2,740.00, and in accordance with Defendant's policy regarding reimbursement, Plaintiff timely filed the appropriate expense report with Defendant.

126.  In breach of its implied contractual obligation to reimburse its employees for business expenses incurred and properly reported, Defendant has refused to reimburse Plaintiff for such expenses despite several written requests from Plaintiff for such reimbursement.

127.  As such, Defendant has breached the implied contract to reimburse Plaintiff for business expenses incurred and reported, and Defendant is liable to Plaintiff for the damages caused thereby.

05/15/2003 THU 11:30  [TX/RX NO 5248]  ☒019

### COUNT TWELVE - Unpaid Bonus (C.G.S. § 31-71a, et al.)

128. Plaintiff repeats and realleges the allegations of Paragraphs 116 through 121 of Count Ten as Paragraph 128 of this Count Twelve as if fully set forth herein.

129. By firing Plaintiff, Defendant wrongfully avoided paying her a substantial bonus.

130. The bonus was in exchange for additional work performed, as it was entirely performance based.

131. By terminating Plaintiff without paying the bonus owed to her for 2002, Defendant reaped a substantial savings.

132. Defendant had an obligation to pay Plaintiff such sums, and its failure to do so constitutes a failure to pay Plaintiff wages in violation of Connecticut General Statutes § 31-71a, et al.

133. As such, Defendant is liable to Plaintiff for the payment of her performance bonus for the year 2002.

134. Further, Defendant's failure to pay Plaintiff wages was arbitrary, unreasonable, and constitutes bad faith and willful misconduct, and as such, Defendant is liable to Plaintiff for double damages, as well as attorney's fees, costs and interest.

### COUNT THIRTEEN - Negligent Failure To Investigate Harassment Claims Pursuant To Employee Handbook

135. Plaintiff repeats and realleges the allegations of Paragraphs 85 through 94 of Count Six as Paragraph 135 of this Count Thirteen as if fully set forth herein.

136. By creating the Employee Handbook, Defendant assumed a duty to follow the procedures established therein.

137. After the Howley Incident, Defendant failed to follow the guidelines set forth in the Employee Handbook, thereby breaching its duty to follow such established procedures.

138. Further, Plaintiff was damaged as a direct and proximate result of Defendant's breach of its duty to abide by the protocol set forth in the Employee Handbook.

139. As such, Defendant is liable to Plaintiff for the damages caused thereby.

COUNT FOURTEEN - Negligent Failure To Investigate Harassment Claims Pursuant To Defendant's Professional Conduct Policy And Prohibition Against Harassment.

140. Plaintiff repeats and realleges the allegations of Paragraphs 135 through 139 of Count Thirteen as Paragraph 140 of this Count Fourteen as if fully set forth herein.

141. Defendant created and maintained a professional policy entitled "Professional Conduct Policy and Prohibition Against Harassment ("Harassment Policy"), which provides in part:

> The Company will not tolerate harassment of any employee by any other employee or supervisor for any reason ... [w]ith this policy, the Company prohibits not only unlawful harassment, but also other unprofessional and discourteous actions .... [I]n response to every complaint, the Company will take prompt investigatory actions, and corrective actions where necessary. An employee who brings such a complaint to the attention of the Company in good faith will not be adversely affected as a result of reporting the harassment. Any employee who engages in objectionable conduct is subject to discipline up to and including termination.

142. By creating the Harassment Policy, Defendant assumed a duty to follow the procedures established therein.

143. After the Howley Incident, Defendant failed to follow the guidelines set forth in the Harassment Policy, thereby breaching its duty to follow such established procedures.

19

144. Further, Plaintiff was damaged as a direct and proximate result of Defendant's breach of its duty to abide by the protocol set forth in the Harassment Policy.

145. As such, Defendant is liable to Plaintiff for the damages caused thereby.

WHEREFORE, Plaintiff Susan E. Wood claims as follows against Defendant Sempra Energy Trading Corporation:

1. Compensatory damages;

2. Double damages pursuant to C.G.S. § 31-71a, et al.;

3. Punitive damages;

4. Attorney's fees;

5. Costs;

6. Prejudgment interest; and

7. Such other relief as a court of law or equity may grant.

PLAINTIFF,
SUSAN E. WOOD

By: /s/
Brendan J. O'Rourke
Jeffrey M. McCormick
Ann H. Brickley
O'ROURKE & ASSOCIATES, LLC
27 Pine Street
New Canaan, CT 06840
(203) 966-6664
Juris No. 417178