UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>              Plaintiff,<br><br>- against -<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>              Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br><br>June 22, 2005 |

### JOINT PRE-TRIAL MEMORANDUM (REVISED)

Pursuant to the Court's Final Pre-Trial Order, dated May 5, 2005 [doc. #80], Plaintiff Susan E. Wood ("Plaintiff" or "Wood") and Defendant Sempra Energy Trading Corp. ("Defendant" or "Sempra") respectfully submit this Revised Joint Pre-Trial Memorandum. The parties jointly report as follows:

**1.    TRIAL COUNSEL:**

For Plaintiff:   Brendan J. O'Rourke
                    Jeffrey M. McCormick
                    Marianne F. Murray
                    O'Rourke & Associates, LLC
                    27 Pine Street
                    New Canaan, CT  06840
                    (203) 966-6664

For Defendant:   Mary C. Dollarhide
                    Raymond W. Bertrand
                    Paul, Hastings, Janofsky & Walker, LLP
                    1055 Washington Boulevard
                    Stamford, CT  06901-2217
                    Telephone:  (203) 961-7400

**2.    JURISDICTION:**

    A.    **JOINT STATEMENT**

This case was removed from the Stamford Superior Court on federal question grounds because Plaintiff filed a complaint for damages asserting two causes of action (Counts One and Four) arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). The federal courts have jurisdiction over employment cases arising under Title VII, which provides that "[e]ach United States District Court … shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §§ 1331 & 1441(b).

    B.    **PLAINTIFF'S STATEMENT**

Pursuant to 28 U.S.C. §§ 1367(a) & 1441(c), this Court also has supplemental jurisdiction over Plaintiff's remaining state law claims because such claims arise from the same common nucleus of operative facts, and therefore form part of the same case or controversy as Plaintiff's Title VII claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966).

    C.    **DEFENDANT'S STATEMENT**

For the reasons set forth in the attached memorandum of law in support of Defendant's Motion in Limine, Defendant respectfully requests that the Court decline to exercise supplemental jurisdiction over Count Eleven because there is a compelling reasons for declining jurisdiction. See 28 U.S.C. § 1367(c)(4).

-3-

**3.     JURY/NON-JURY:**

This case is to be tried to the Court.

**4.     LENGTH OF TRIAL:**

Counsel for the parties estimate four (4) full days for trial, including cross-examination of witnesses. Counsel have agreed to permit the calling of the adversary's witnesses as part of each party's case in chief.

**5.     FURTHER PROCEEDINGS:**

Counsel for the parties do not believe that any further proceedings will be necessary prior to trial, with the exception of the pretrial conference scheduled for Tuesday, June 28, 2005, and any oral argument that may be scheduled regarding the parties' Motions in Limine and Oppositions thereto.

**6.     NATURE OF CASE:**

Plaintiff has filed a multi-count Complaint against Sempra predicated on (i) gender discrimination, (ii) sexual orientation discrimination, and (iii) retaliatory termination for lodging complaints as to such discrimination. Plaintiff is a female and a lesbian, and alleges that such discrimination and retaliation resulted in the unjustified termination of her position of Assistant Vice President at Sempra. Plaintiff's claims are set forth under Counts One, Two, and Three (based upon Title VII and the Connecticut Fair Employment Act), as well as Counts Four and Five (Retaliatory Discharge, based upon Title VII and the Connecticut Fair Employment Act), all made against Sempra. Plaintiff also has pending a claim for un-reimbursed expenses (Count Eleven).

As a result of Defendant's alleged conduct, Plaintiff seeks: (i) compensatory damages, including front and back pay as lost income, (front pay is demanded because reinstatement is not

a plausible remedy) and emotional distress damages, (ii) attorneys' fees, (iii) punitive damages, and (iv) prejudgment interest.

In her original Complaint, Plaintiff had asserted additional claims relating to her termination and unpaid bonus predicted on the following: (i) Breach of Contract (Count Six), (ii) Breach of Implied Contract (Count Seven), (iii) Promissory Estoppel (Count Eight), (iv) Unjust Enrichment (Count Nine), (v) Breach of Implied Covenant of Good Faith and Fair Dealing (Count Ten), (vi) Unpaid Bonus (Count Twelve), and (vii) Negligent Failure to Investigate Harassment Claims (Counts Thirteen and Fourteen). Such claims, however, were dismissed pursuant to the February 22, 2005, JCH Ruling Re: Defendant's Motion for Partial Summary Judgment.

Defendant denies that it discriminated against or retaliated against Plaintiff in any way and affirmatively alleges that all actions taken with respect to Plaintiff's employment were taken for legitimate business reasons and in accordance with obligations, rights, and privileges afforded by law.

At trial, Defendant will show that Plaintiff's discrimination and retaliation claims are barred, in part, by the statute of limitations because Plaintiff failed to file a charge of discrimination or retaliation within three hundred days after the alleged discriminatory and retaliatory actions occurred. In addition, Defendant will show that Counts One through Five are barred, in whole or in part, to the extent that it is alleged and proven that anyone with supervisory authority over Plaintiff engaged in unlawful discrimination because of gender or sexual orientation, which is specifically denied, because (a) Sempra exercised reasonable care to prevent and correct any such discriminatory behavior, if any, occurred, and (b) Plaintiff

unreasonably failed to take advantage of any preventive or corrective opportunities provided by Sempra, or to otherwise avoid the discrimination she alleges in this action.

As for Plaintiff's claim for damages, Defendant asserts:

(1) Plaintiff may not be awarded punitive damages because Defendant made good faith efforts to comply with all applicable laws, including Title VII and the Connecticut Fair Employment Practices Act. Kolstad v. Ada, 527 U.S. 526 (1999);

(2) Plaintiff's entitlement to economic damages is limited to December 2002 because Plaintiff would have been terminated when her position would have been dissolved for legitimate business reasons.

(3) Plaintiff failed mitigate her damages;

(4) Plaintiff's entitlement to damages is limited to the extent that they exceed what Plaintiff would have earned had Sempra not engaged in the discriminatory conduct alleged by Plaintiff;

(5) any potential back pay or front pay damages should be reduced to the extent of Plaintiff's earnings at her new employment;

(6) Defendant also asserts that Plaintiff's claim for breach of implied contract to pay unreimbursed business expenses (Count 11), fails to state a claim upon which relief can be granted;

(7) Defendant also asserts the affirmative defense of accord and satisfaction and payment as to Plaintiff's claim for breach of implied contract to pay un-reimbursed business expenses.

**7.   TRIAL BY MAGISTRATE JUDGE:**

Counsel for the parties have substantively discussed with their clients and with opposing counsel the option of consent to referral by a Magistrate Judge. The parties do not consent to

trial by a Magistrate Judge.

**8.    LIST OF WITNESSES:**

   **A. Plaintiff's list:**

   1.   **Susan Wood**
        12 Ridgewood
        Rowayton, Connecticut 06853
        Wood will testify as to her hiring by Sempra and her effectiveness as an employee. She will provide background as to her termination and the damages resulting from such termination.

   2.   **Lynda Clemons**
        12 Ridgewood
        Rowayton, Connecticut 06853
        Ms. Clemons will testify as to Mrs. Wood's professional skills and the effect on Ms. Wood of her termination.

   3.   **Steve Prince**
        58 Commerce Road
        Stamford, Connecticut 06902
        (Sempra Address)
        Mr. Prince will testify as to how Sempra evaluates and compensates employees, his knowledge of the Howley incident, and his involvement in Ms. Wood's termination.

   4.   **David Messer**
        58 Commerce Road
        Stamford, Connecticut 06902
        (Sempra Address)
        Mr. Messer will testify as to his knowledge of Ms. Wood's employment, his working and social relationship, and his involvement surrounding her termination.

   5.   **Sarathi Roy**
        372 Central Park West
        New York, New York 10025
        Mr. Roy will testify as to his personal habits, his personal views of gender issues, involvement with Ms. Wood at Sempra, and his actions relating to Ms. Wood's termination.

   6.   **Brian Cumming**
        12216 Lake Erie Road
        Southeast Calgary
        Alberta, Canada

Mr. Cumming will testify as to Ms. Wood's employment at Sempra and his involvement in her termination.

7. **Jackie Mitchell** [Possible]
   47 East 88th Street, Number 10A
   New York, New York 10128

8. **Joe Howley** [Possible]
   56 Highland Avenue
   Montclair, New Jersey 07042
   Mr. Howley will testify as to the "Howley Incident" and his work at Sempra.

9. **Michael Goldstein**
   58 Commerce Road
   Stamford, Connecticut 06902
   (Sempra Address)
   Mr. Goldstein will testify as to his involvement in the investigation of the Howley Incident and Ms. Wood's expressed fear of retaliation and his involvement in the termination of Ms. Wood.

10. **Denise Freda** [Possible]
    804 Ashford Circle
    Brewster, New York 10501
    Ms. Freda will testify as to the hiring and termination of Ms. Wood.

11. **Vincent Cookingham** [Possible]
    22 Ruby Lane
    Goshen, New York 10924
    Mr. Cookingham will testify as to the termination meeting with Ms. Wood.

12. **Steve Soule** [Possible]
    58 Commerce Road
    Stamford, Connecticut 06902
    (Sempra Address)
    Mr. Soule will testify as to his taking a position in the Petroleum Derivatives Department upon Ms. Wood's termination.

13. **Gary Barth**\*
    55 Glen Lake Parkway N.E.
    Atlanta, Georgia 30328-3498
    Mr. Barth, at UPS, will testify that Susan Wood, in her interactions with him, acted professionally and competently while she was at Sempra.

14. **David Stowe**\*

      Atlanta, Georgia
      Mr. Stowe, at Delta Airlines, will testify that Susan Wood, in her interactions with him, acted professionally and competently while she was at Sempra.

15. **Jonathan Pardoe**\*
    Virginia Atlantic Airways Office
    Manor Royal Crawley, England
    RH10, 2NV
    Mr. Pardoe, at Virgin Airlines, will testify that Susan Wood, in her interactions with him, acted professionally and competently while she was at Sempra.

16. **Jason Ervin** [Possible]
    Mr. Ervin will testify that Susan Wood, in her interactions with him, acted professionally and competently while she was at Sempra.

17. **Mel Solis**
    Norwalk, Connecticut
    Psychologist who will testify as to Ms. Wood's treatment with him.

\*Plaintiff intends to file a motion pursuant to F.R.Civ.P. Rule 43(a) to permit these witnesses to testify at trial by live videotape transmission from remote location.

    B.    <u>**Defendant's List**</u>

Sempra will call the following witnesses at trial:

1. **Christine Cantor**
    Subjects include Plaintiff's employment at Sempra and interactions with other Sempra employees, and Sempra's decision to dissolve the Petroleum Derivatives department in December 2002.

2. **David Messer**
    Subjects include Mr. Roy's reorganization of the Petroleum Derivatives Marketing department in 2002, including Mr. Roy's decision to terminate Plaintiff's employment, as well as, Mr. Messer's decision to transfer Mr. Soule into the Petroleum Derivatives department in February 2002, as well as, job opportunities available for energy marketers for the time period March 2002 to the present.

3. **Sarathi Roy**
    Subjects include Plaintiff's employment in Sempra's Petroleum Derivatives Marketing department, including her job responsibilities and job performance, her

interactions with other Sempra employees, and the legitimate business reasons for the decision to terminate Plaintiff's employment (as set forth in Defendant's Proposed Findings of Fact and Conclusions of Law).

Sempra may call the following witnesses at trial:

1. **Brian Cumming**
   Subjects include Plaintiff's transfer from the Natural Gas department to the Petroleum Derivatives department, Plaintiff's employment in the Petroleum Derivatives department, including her job responsibilities, job performance, and her interactions with other Sempra employees.

2. **Vincent Cookingham**
   Subjects include the termination of Plaintiff's employment at Sempra.

3. **Audrey Cullen.**
   Subjects include Plaintiff's hire at Sempra and job opportunities available for energy marketers for the time period March 2002 to the present.

4. **Beth Dwyer**
   Subjects include Plaintiff's employment at Sempra while she worked in the Natural Gas department, including her job responsibilities, job performance, and her interactions with other Sempra employees.

5. **James Evans**
   Subjects include Plaintiff's job performance in the Petroleum Derivatives Marketing department, his conversations with Brian Cumming and Sarathi Roy regarding plaintiff's performance and skill level, his interactions with Plaintiff.

6. **Denise Freda**
   Subjects include the termination of Plaintiff's employment at Sempra, the salaries and bonuses awarded to Sempra employees, Sempra's discrimination and retaliation policies, training provided to Sempra employees, and processing of plaintiff's claim for reimbursement for expenses.

7. **Michael Goldstein.**
   Subjects include the June 20, 2001 incident involving Plaintiff and Joseph Howley and Attorney Goldstein's investigation regarding that incident, Sempra's discrimination and retaliation policies, training provided to Sempra employees.

8. **Joseph Howley**
   Subjects include the June 20, 2001 incident involving Plaintiff and Mr. Howley.

9. **Mary Rose Malchon**
   Subjects include Plaintiff's job performance in the Petroleum Derivatives Marketing department and her interactions with Plaintiff.

10. **Jackie Mitchell**
Subjects include Plaintiff's hire into the Natural Gas department and subsequent transfer to the Petroleum Derivatives department, Plaintiff's employment at Sempra, including her job responsibilities, job performance, her interactions with other Sempra employees, and the June 20, 2001 incident involving Plaintiff and Joseph Howley.

11. **Steve Prince**
Subjects include Plaintiff's employment and the June 20, 2001 incident involving Plaintiff and Joseph Howley.

12. **Brian Rickers**
Subjects include Plaintiff's employment at Sempra and her interactions with other Sempra employees.

13. **Steve Soule**
Subjects include Mr. Soule's employment in the Petroleum Derivatives department in 2002 and prior work experience.

14. **Alberto Vogel**
Subjects include Plaintiff's job performance in the Petroleum Derivatives Marketing department, his conversations with Brian Cumming and Sarathi Roy regarding plaintiff's performance and skill level, his interactions with Plaintiff.

9. **DEPOSITION TESTIMONY:**

   **A. Defendant's List**

   Brian Cumming may testify by deposition at trial. Defendant designates the excerpts from his testimony below. All objections made during deposition are asserted, along with objections noted below. Defendant disagrees with Plaintiff's objection designations, and reserves the right to argue against such objections at trial of this action.

**Cumming Deposition, Deposition April 14, 2004**

Page 5, line 17- Page 6, line 18
Page 6, lines 2-4
Page 6, line 19-Page 11, line 13
Page 14, line 17, Page 15, line 2
Page 16, line 3- Page 19, line1
Page 20, line 15 - Page 22, line 9
Page 25, line 11-Page 26, line 16

Page 27, line 23 - Page 28, line 5
Page 28, line 19-Page 29, line 22
Page 31, line 11 – Page 32, line 1
Page 32, lines 2-12
Page 33, line 15-Page 39, line 14
Page 40, line 24-Page 41, line 10
Page 41, line 21-Page 42, line 11
Page 43, line 24-Page 46, line 20
Page 48, line 24-Page 59, line 20
Page 61, lines 2-12
Page 61, line 22-Page 62, line 6
Page 62, line 16-Page 62, line 25
Page 64, lines 13-15
Page 71, lines 16-24
Page 64, line16-Page 71, line 7
Page 72, line 11-Page 72, line 17
Page 73, line 23-Page 74, line 20
Page 77, line 7- Page 79, line 19
Page 82, lines 13-18
Page 85, lines1-24
Page 86, line14-Page 93, line 19
Page 98, lines 5-9
Page 99, line 15-Page 101, line 20
Page 105, line 12-Page 106, line 16
Page 106, line 22-Page 107, line 4
Page 108, lines 10-16
Page 109, lines 3-9
Page 109, lines 10-16
Page 110, line 23-Page 111, line 1
Page 112, lines 13-19
Page 112, line 24-Page 115, line 10
Page 121, line 15-Page 124, line 5

**B.** **Plaintiff's Objections to Defendant's Cumming Deposition Designations**

- Page 5, line 17- Page 6, line 18
  Objection-lack of foundation.

- Page 14, line 17, Page 15, line 2
  Objection-lack of foundation, non-responsive answer to the question posed.

- Page 17, line 16-Page 18, line 16.
  Objection-lack of foundation, hearsay, non-responsive answer to the question posed.

- Page 20, line 15 - Page 22, line 9
  Objection-lack of foundation, hearsay, speculative.

- Page 25, line 11-Page 26, line 16
  Objection-lack of foundation, hearsay.

- Page 27, line 23 - Page 28, line 5
  Objection-lack of foundation, non-responsive answer to the question posed.

- Page 28, line 19-Page 29, line 22.
  Objection-lack of foundation, hearsay, non-responsive answer to the question posed.

- Page 33, line 15-Page 34, line 24.
  Objection-lack of foundation, hearsay, non-responsive answer to the question posed.

- Page 40, line 24-Page 41, line 10
  Objection-lack of foundation.

- Page 44, line 15-Page 45, line 12.
  Objection-lack of foundation, hearsay, non-responsive answer to the question posed.

- Page 48, line 24-Page 50, line 24
- Page 51, line 15-Page 52, line 13
- Page 52, line 24-Page 56, line 25
- Page 57, line 1-Page 58, line 12.
  Objection-lack of foundation, hearsay, non-responsive answer to the question posed.

- Page 61, lines 2-12
  Objection- non-responsive answer to the question posed.

- Page 61, line 22-Page 62, line 6
  Objection-lack of foundation, hearsay.

- Page 62, line 16-Page 62, line 25
  Objection-lack of foundation.

- Page 64, lines 13-15
  Objection-hearsay.

- Page 77, line 7- Page 79, line 19
  Objection-lack of foundation, hearsay.

- Page 85, line 1-24.
  Objection-lack of foundation, hearsay.

- Page 86, line 14-Page 93, line 19.
  Objection-lack of foundation, hearsay, non-responsive answer to the question posed.

- Page 98, lines 5-9
  Objection-lack of foundation.

- Page 99, line 15-Page 101, line 20.
  Objection-lack of foundation, hearsay, non-responsive answer to the question posed.

- Page 105, line 12-Page 106, line 16.
  Objection-lack of foundation, hearsay, non-responsive answer to the question posed.

- Page 106, line 22-Page 107, line 4
  Objection-lack of foundation.

- Page 108, lines 10-16
  Objection-lack of foundation, hearsay.

- Page 109, lines 3-9
  Objection-lack of foundation.

- Page 110, line 23-Page 111, line 1
  Objection-lack of foundation.

- Page 112, lines 13-19
  Objection-lack of foundation.

- Page 112, line 24-Page 115, line 10.
  Objection-lack of foundation, hearsay, non-responsive answer to the question posed.

- Page 121, line 15-Page 124, line 5.
  Objection-lack of foundation, hearsay, non-responsive answer to the question posed.

**C.      Plaintiff's Counter-Designations of Cumming Deposition**

Page 4, line 22-Page 5, line 16
Page 13, lines 14-23
Page14, line 3-8; line 11-16
Page 15, line 3-23
Page 19, line 2-Page 20, line 2
Page 20, line 9-14
Page 22, line 10-Page 24, line 10
Page 24, line 18-20
Page 24, line 22-Page 25, line 10

Page 28, line 6-18
Page 30, line 22-23
Page 31, line 4-10
Page 40, line 16-23
Page 41, line 11-20
Page 47, line 14-24
Page 48, line 2
Page 48, line 19-23
Page 60, line 11-Page 61, line 1
Page 62, line 7-19
Page 63, line 8-17
Page 64, line 3-11
Page 71, line 8-15
Page 72, line 1-10
Page 72, line 18-Page 73, line 22
Page 76, line 25-Page 77, line 6
Page 78, line 23-Page 79, line 7
Page 80, line 22-24
Page 81, line 2-22
Page 82, line 5-12
Page 83, line 2-3; 6; 10-14; 17-18
Page 96, line 11-23
Page 97, line 12-16; 19
Page 98, line 1-4; 10-14
Page 104, line 23-Page 105, line 2
Page 106, line 17-21
Page 107, line 5-Page 108, line 2
Page 108, line 17-21
Page 109, line 16-Page 110, line 5
Page 110, line 20-22
Page 112, line 2-12

### D.    **Plaintiff's List**

Based upon representations of Defendant's counsel that it would accept trial subpoenae and would produce at trial for Plaintiff to call as witnesses, all Sempra employees who were deposed in this action (with the exception of Brian Cumming), Plaintiff at this time will not designate any deposition transcripts of such Sempra employees. In the event that Sempra is unable to produce such employees to testify a trial, Plaintiff reserves her right to introduce the deposition testimony of any such deposed Sempra employee.

**10.   INTERROGATORIES/REQUESTS TO ADMIT:**

Plaintiff intends to offer as evidence at trial:

  1.   Sempra Interrogatory Response No. 3

**11.   EXHIBITS:**

Plaintiff's and Defendant's proposed Exhibit Lists are attached hereto. Pursuant to section XI of the Court's Joint Trial Memorandum Instructions, the parties reserve the right to introduce an exhibit not listed in such Exhibit Lists, if its production is for the purpose of unanticipated rebuttal or impeachment at trial. In addition, the parties respectfully reserve the right to designate additional exhibits as information is received from third parties or from the opposing party. The parties also reserve the right to designate demonstrative exhibits that are not to be admitted into evidence. The parties respectfully reserve the right to further designate exhibits necessary to establish an evidentiary basis for admitting any item on their respective Exhibit List to which the opposing party may object.

**12.   ANTICIPATED EVIDENTIARY PROBLEMS:**

  **A. PLAINTIFF**

1.   Plaintiff anticipates that Defendant will attempt to introduce a broad array of irrelevant and inadmissible hearsay evidence and argument in support of its defenses. Specifically, as set forth in Defendant's witness list, Plaintiff believes Defendant will attempt to present inadmissible hearsay statements regarding conversations among Plaintiff's co-workers about her skill and performance level (e.g., James Evans, Albert Vogel).

2.   Plaintiff anticipates that Defendants will also improperly attempt to elicit testimony on the subject of Plaintiff's efforts to mitigate damages by testifying about job

opportunities available for energy marketers, presumably outside Sempra, during the period subsequent to March 2002 by persons not qualified to so testify (e.g., David Messer, Audrey Cullen) or which are based upon hearsay.

2.

**B. DEFENDANT**

As discussed in detail in the accompanying memoranda of law in support of Defendant's motions in limine, Defendant anticipates the following evidentiary problems:

**1.** Defendant anticipates Plaintiff will attempt to introduce a broad array of irrelevant and inadmissible hearsay evidence and argument in support of her claims. Specifically, Defendant believes Plaintiff will attempt to testify regarding statements made to her by co-workers, Billy Lasher and "Alison." In addition, Defendant anticipates Plaintiff will attempt to testify about a conversation she had with Trish Johnsmeyer, a former Sempra employee, who Plaintiff alleges quit because "she felt she was discriminated against because she was a woman," and otherwise attempt to use inadmissible "me too" evidence.

**2.** Defendant also anticipates Plaintiff will attempt to introduce evidence regarding alleges damages she incurred after December 2002. As discussed in the attached memorandum of law, the business group that Plaintiff worked for at the time of her termination, the Petroleum Derivative Marketing group, was dissolved in December 2002. As a result of this dissolution, every employee in the Petroleum Derivative Marketing group who held the same title as Plaintiff was terminated, including the male employee who Plaintiff claims replaced her. For this reason, Plaintiff is not entitled to a back pay award following December 2002 as a matter of law and, therefore, evidence concerning back pay and front pay is irrelevant. Defendant also anticipates Plaintiff may attempt to introduce speculative evidence regarding her claim for front

pay.

   **3.**  Defendant also anticipates that Plaintiff may attempt to introduce evidence and testimony solely related to claims previously dismissed by this Court. Specifically, Defendant anticipates Plaintiff may introduce evidence concerning her hostile work environment claim and unpaid bonus claim in an attempt to garner sympathy from the Court and to damage the reputation of Sempra and Roy.

   **4.**  Defendant respectfully requests that the Court decline to exercise supplemental jurisdiction over Count Eleven because there is a compelling reasons for declining jurisdiction. See 28 U.S.C. § 1367(c)(4). Namely, Sempra, through its counsel, tendered a check to Plaintiff, which Plaintiff cashed, for the full amount Plaintiff claims Sempra owed her ($2,739.58), rather than incurring the cost of defending the claim. Nevertheless, Plaintiff still insists on unnecessarily expending the parties' and, more importantly, the Court's time, effort, and resources litigating a claim at trial that Sempra already satisfied.

   **5.**  Defendant anticipates Plaintiff may introduce testimony from three witnesses not previously identified during the course of this litigation. Besides failing to comply with this Court's discovery order and the Federal Rules, this evidence is also irrelevant. Defendant understands Plaintiff seeks to have these witnesses testify regarding their assessment of her job performance. It is well established that evidence regarding a client's or customer's subjective assessment is not relevant to an employer's decision to terminate an employee.

**13.** **MOTIONS IN LIMINE:**

  Both parties have filed Motions in Limine.

**14.** **GLOSSARY:**

  Counsel for the parties agree that a glossary of medical and/or technical terms will not be

necessary in this case.

**15.    TRIAL TO COURT:**

Plaintiff and Defendant's Proposed Findings of Fact and Conclusions of Law are submitted herewith. The parties have conferred and agreed that the following facts are uncontroverted and hereby stipulated to.

1.    In September 2000, Plaintiff commenced her employment at Sempra.

2.    Sempra maintains a written anti-harassment policy.

3.    Plaintiff received and read a copy of Sempra's anti-harassment policy several days before she commenced her employment at Sempra.

4.    In or about February 2001, Plaintiff transferred to the Petroleum Derivatives department.

5.    In February 2002, Sarathi Roy became Plaintiff's direct supervisor when he was appointed to head up the marketing function of the Petroleum Derivatives department.

**16.    PRETRIAL CONFERENCE:**

Counsel for the parties confirm that a pretrial conference shall be set for Tuesday, June 28, 2005 at 4:00 p.m.

**17.    TRIAL:**

Counsel for the parties confirm that this case is scheduled to commence trial on Monday, July 25, 2005 at 9:00 a.m.


Dated: _____          Respectfully submitted,

By: _____
    Brendan J. O'Rourke (ct00522)
    Jeffrey M. McCormick (ct21185)
    O'ROURKE & ASSOCIATES, LLC
    27 Pine Street
    New Canaan, CT  06840
    Telephone:  (203) 966-6664
    Facsimile:  (203) 966-5710
    Email: brendan@orourkeandassoc.com
    Counsel for Plaintiff

-20-

Dated: _____   Respectfully submitted,

By: _____

Mary C. Dollarhide (ct12251)
Raymond W. Bertrand (_____)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT  06901-2217
Telephone:  (203) 961-7400
Facsimile:  (203) 359-3031
Email: peterschultz@paulhastings.com
Counsel for Defendant

STM/298588.2