UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                    Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>                    Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>June 24, 2005 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN HEARSAY TESTIMONY AND EVIDENCE OF ALLEGED GENDER DISCRIMINATION RELATING TO OTHER EMPLOYEES OF DEFENDANT**

**I.    INTRODUCTION**

Plaintiff, Susan E. Wood ("Plaintiff" or "Wood"), hereby submits this Memorandum of Law in Opposition to Defendant's Motion in Limine to Exclude Certain Hearsay Testimony and Evidence of Alleged Gender Discrimination Relating to Other Employees of Defendant, dated June 20, 2005 ("Motion in Limine").

**II.    ARGUMENT**

   **a.    Hearsay**

Defendant seeks to exclude testimony of Plaintiff's former co-workers, specifically identifying statements attributable to Billy Lasher ("Lasher"), about employees being uncomfortable with Plaintiff, and statements attributable to "Alison in HR" concerning the circumstances of Plaintiff's termination.  However, rather than frame

1

an objection at trial based upon Plaintiff's actual proffered testimony (particularly where, as here, this matter is being tried to the Court and not a jury), Defendant seeks a premature ruling based upon specific evidence which Plaintiff does not intend to offer.

First, Sempra has chosen to present this issue to the Court using Plaintiff's Interrogatory responses, which Plaintiff has not proposed to introduce as an exhibit at trial.[1]  The evidence and testimony that Plaintiff plans to offer at trial is, in part, set forth in her deposition transcript (see, e.g., portions of Plaintiff's Deposition Testimony, dated December 12, 2003, attached hereto as Exhibit A).  At trial, Plaintiff will decide how such testimony would be offered.  At such time, the Court would be presented with the context, and precise content, of the proffered evidence, and thereby would be fully informed to enter a ruling thereon.

Second, there is ample evidence that will be presented at trial that Defendant's termination was motivated by the fact that Plaintiff is a woman and a lesbian, and in retaliation for her filing a complaint about the "Howley incident".  As part of such proof, Plaintiff is entitled to offer evidence about comments made to Plaintiff by Lasher, a Sempra employee, about (i) Mr. Roy's reputation at Sempra for holding prejudicial views about women and lesbians, and (ii) his impression that other Sempra co-workers were "uncomfortable" with the fact that she is a lesbian.  Such evidence would be relevant and clearly probative of the discriminatory intent behind Plaintiff's termination.  See, e.g., Malarkey v. Texaco, Inc., 983 F.2d 1204, 1210 (2d Cir. 1993).  Similarly, Plaintiff is entitled to offer the statement by "Alison in HR" conveying her thoughts about the unusual nature of the process of Plaintiff's termination.  In short, the foregoing testimony

---

[1] This fact was known to Defendant at the time its Motion in Limine was filed since Plaintiff in the Joint Pre-Trial Memorandum did not list such Interrogatory Responses as an exhibit.

would be admissible under various exceptions to the hearsay rule, as the statements go to mental impression and state of mind (Fed. R. Evid. 803(1), (3)), as well as to reputation (Fed. R. Evid. 803(21)).  In addition, such statements are admissions by a party (Fed. R. Evid. 801(d)(2)), and statements against interest.  Fed. R. Evid. 804(b)(3).

Finally, Fed. R. Evid. 807 provides an alternative basis to admit such testimony should the Court otherwise regard same as inadmissible hearsay.

### b. Statements Concerning Gender Discrimination Toward Other Sempra Employees

Plaintiff is not obligated, nor does it intend, to offer in her case in chief testimony concerning alleged gender discrimination against other employees of Defendant.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine to exclude statements attributable to other Sempra employees concerning their state of mind and sense impressions, and reputation, going to the company's and other employees' perceptions of Plaintiff, should be denied.  Further, the portion of Defendant's Motion in Limine seeking to exclude testimony regarding alleged gender discrimination against other Sempra employees is moot, as Plaintiff does not intend to introduce such testimony.

        PLAINTIFF,
        SUSAN E. WOOD


By:_____
  Brendan J. O'Rourke (ct00522)
  Jeffrey M. McCormick (ct21185)
  O'ROURKE & ASSOCIATES
  27 Pine Street
  New Canaan, CT  06840
  Telephone: (203) 966-6664
  Facsimile:  (203) 966-5710

**CERTIFICATION**

This is to certify that a copy of the foregoing was served via email and federal express, to counsel of record as listed below this 24th day of June, 2005.

_____<br>
Jeffrey M. McCormick

Raymond W. Bertrand, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901

Mary C. Dollarhide, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130