UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                   Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>                   Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>June 24, 2005 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S ALLEGED DAMAGES POST-DECEMBER 2002**

**I.    INTRODUCTION**

Plaintiff, Susan E. Wood ("Plaintiff" or "Wood"), hereby submits this Memorandum of Law in Opposition to Defendant's Motion In Limine to Exclude Evidence of Plaintiff's Alleged Damages Post-December 2002, dated June 20, 2005 ("Motion in Limine").[1] The factual predicate of Defendant's Motion in Limine is, since the Petroleum Derivatives Department disbanded in December 2002, Plaintiff's damages claim should be cut off as of the end of 2002.

---

[1] At the status teleconference held before Judge Hall on April 28, 2005, the Plaintiff, represented by the undersigned counsel, Brendan J. O'Rourke, and Sempra, represented by Attorney Mary Dollarhide, engaged in colloquy concerning the case to be tried.  Among other matters, the Court made direct inquiry of the parties as to whether any of the parties anticipated filing a Motion in Limine.  In response to such inquiry, Plaintiff, by her counsel, stated that Plaintiff intended to file one Motion in Limine, directed towards certain discovery issues which Plaintiff advised had arisen during the discovery phase of the litigation.  Sempra's counsel responded that there was no intent on Sempra's part to file a Motion in Limine.  In light of such colloquy, Sempra's course of conduct bears scrutiny.  While Plaintiff filed one Motion in Limine consistent with its communication to the Court, Sempra has since filed five Motions in Limine, covering an expansive area.  Plaintiff submits such conduct by Sempra is in complete contravention of statements made to the Court and is otherwise improper, warranting, at the discretion of the Court, Court action.

By way of preliminary comment, it is patently obvious that Sempra improperly seeks to have the Court adjudicate questions of fact raised in its Motion in Limine. Sempra proceeds in reliance of the affidavit of a Christine Cantor, a person (i) with a financial interest in the litigation, (ii) who Plaintiff has not deposed, and (iii) who asserts facts and hypothetical opinions that are vigorously disputed by Plaintiff.  In short, Plaintiff asserts that the Court has the grounds to summarily deny Sempra's Motion in Limine, which is in effect a motion for partial summary judgment couched as a Motion in Limine.

**II.     ARGUMENT**

    **A.     <u>The Motion is Legally Improper</u>**

Defendant's Motion in Limine relies upon a recently contrived affidavit, not subject to cross-examination, which is also inaccurate, superficial, and misleading. Based on such affidavit, Sempra in essence seeks relief akin to summary judgment.

The purpose of an *in limine* motion is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. <u>United States v. Van Putten</u>, 2005 WL 612723 *3 (S.D.N.Y.) (quoting <u>Palmieri v. Defaria</u>, 88 F.3d 136, 141 (2d Cir. 1996)). As the court recognized in <u>Van Putten</u>, "although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials", and evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." <u>Id</u>. at *3; <u>Commerce Funding Corp. v. Comprehensive Habilitation Services, Inc.</u>, 2005 WL 1026515 (S.D.N.Y.) (quoting <u>Baxter Diagnostics, Inc. v. Novatek Med., Inc.</u>, 1998 WL 665138, *3 (S.D.N.Y.)

2

(denying a motion *in limine* to preclude presentation of evidence regarding a potential punitive damages claim because the motion was too sweeping in scope to be considered prior to trial)).

As the Court noted in TVT Records v. Island Def Jam Music Group, 250 F.Supp.2d 341 (S.D.N.Y. 2003), in language particularly appropriate to Sempra's instant motion,

> The parties seek to employ their *in limine* motions as pre-emptive weapons with which they endeavor to strike in a shotgun fashion at whole topics and sources of prospective evidence, out of context and before any specific objection against its proper backdrop is raised, that each side anticipates the other may contemplate introducing at some point during the course of the trial, or as dispositive means to fully obviate a trial altogether. Thus, in the guise of addressing limited evidentiary issues, the parties' motions *in limine* would effectively serve as a form of advance trial of substantive portions of the case, or indeed as a substitute for the trial itself.

Id. at 344.

Here, Sempra is improperly using a motion *in limine* to obviate its burden at trial to submit admissible, relevant evidence to the Court as the trier of fact to support its claim that Plaintiff's back and front pay damages should be drastically cut off. In contrast to such factual assertion, Plaintiff plans to introduce evidence at trial which will establish that but for her unlawful termination, she would have remained employed at Sempra even in the face of what Sempra has called the "disbanding" of the Petroleum Derivatives Department. Such factual arguments by Plaintiff (articulated in more depth in the Section II B of this Memorandum) create, at a minimum, a question of fact for resolution at trial. As such, Sempra's "shotgun" gambit should be summarily denied.

3

As an additional basis to deny Sempra's Motion in Limine, Sempra has not provided to Plaintiff supplemental responses to pending interrogatories and production requests which had been promised by Sempra to be delivered by June 23rd. Such responses will provide Plaintiff supplemental information about the employees of Sempra in the Natural Gas and Petroleum Derivatives Department, and bonuses paid thereto, running through the present date, all of which are relevant to Plaintiff's claim for back and front pay. Thus, in the face of not providing Plaintiff information relevant to the assertions made by Cantor in her affidavit, Sempra proposes that the Court resolve such facts by an unchallenged affidavit as promised, the complete factual background to which Sempra has not disclosed to Plaintiff. For such reasons alone, the Motion in Limine should be denied.

**B.     The Motion is Based Upon Erroneous and Disputed Facts and Inadmissible Testimony**

In support of its Motion in Limine, Sempra relies on the untested and self-serving Affidavit of Ms. Cantor. Cantor states that she is a Sempra Executive Vice President, and thus is clearly situated to have an interest in the outcome of the trial and to be motivated to limit Plaintiff's claim for damages. In her affidavit, Cantor states that all employees of Sempra in the Petroleum Derivatives Group who held the same title as Plaintiff, including her replacement, Steven Soule, were terminated (Cantor Affidavit at Par. 6-7). She further opines, hypothetically, that had Plaintiff been employed at Sempra in December 2002, she "would have" also been terminated upon the disbanding of the Petroleum Derivatives.

Plaintiff asserts the following background, and facts to be offered at trial, which clearly put into dispute the facts which are asserted by Sempra through the Cantor Affidavit.

First, with respect to the statement by Cantor that "every employee in the Petroleum Derivatives Marketing Group who held the same title as Susan Wood, Assistant Vice President, was terminated," it is noteworthy that Cantor does not provide the names or the number of people terminated. More importantly, in the face of the assertion by Cantor, Plaintiff is prepared to present evidence that Plaintiff would not have been so terminated, which evidence would include the following: (i) a number of the employees of the Petroleum Derivatives Department at Sempra remained employed after the department was consolidated, (ii) Plaintiff began her employment in the Natural Gas Department of Sempra and had more than enough experience to find a position in a number of other departments at Sempra, including going back to the Natural Gas Department, (iii) Sempra, by the Affidavit of Sarathi Roy submitted in connection with this litigation, itself has admitted that it sought to find employment for Plaintiff outside of the Petroleum Derivatives Department at the time Roy decided to terminate her in early 2002, completely negating Cantor's conclusory hypothetical opinion that Plaintiff "would have been terminated." As such, by its own admission, Sempra would not have necessarily terminated Plaintiff with the closing of the department,[2] because it had already affirmed that Plaintiff could be placed in another department. Corroborating such fact are the statements of a number of people at Sempra including Mr. Messer, President of Sempra, and Brian Cumming, Managing Director of Sempra, who advised Plaintiff that her employment at Sempra would be assured so long as she was productive and

---

[2] Assuming that Sempra was not motivated by unlawful, discriminatory reasons.

5

professional, and further confirmed that her marketing skills were transportable to the other energy desks and departments at Sempra. In sum, the closing of the department or consolidation of the Petroleum Derivatives Department, in no way constitutes a definitive event that would justify cutting off Wood's claim for back and front pay beyond December 2002.

Second, in accordance with Sempra's own testimony, Sempra is an enormously profitable enterprise with a number of employees regularly earning annual income well in excess of $1,000,000.00. Thus, there is absolutely no credibility to the notion that because the Petroleum Derivatives Department, which was a relatively small, hybrid department at Sempra, employing relatively few employees, would not continue to be enormously profitable and provide ample opportunity for Plaintiff to make income well into the six figures, as she contends she would have earned had she not been unlawfully fired.

### III.   CONCLUSION

For the foregoing reasons, the Defendant's Motion in Limine should be denied.

                                                PLAINTIFF,
                                                SUSAN E. WOOD


                                    By:_____
                                         Brendan J. O'Rourke (ct00522)
                                         Jeffrey M. McCormick (ct21185)
                                         O'ROURKE AND ASSOCIATES
                                         27 Pine Street
                                         New Canaan, CT  06840
                                         Telephone: (203) 966-6664
                                         Facsimile:  (203) 966-5710

## CERTIFICATION

This is to certify that a copy of the foregoing was served via first class mail, postage pre-paid, to counsel of record as listed below this 24th day of June, 2005.

_____
Jeffrey M. McCormick

Raymond W. Bertrand, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901

Mary C. Dollarhide, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130