UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD, | CIVIL ACTION NO. |
| Plaintiff, | 3:03-CV-986 (JCH) |
| v. | |
| SEMPRA ENERGY TRADING CORPORATION, | June 24, 2005 |
| Defendant. | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE REQUESTING THAT THE COURT REFUSE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S CLAIMS FOR UNREIMBURSED BUSINESS EXPENSES**

**I.     INTRODUCTION**

Plaintiff, Susan E. Wood ("Plaintiff" or "Wood"), hereby submits this Memorandum of Law in Opposition to Defendant's Motion in Limine Requesting That The Court Refuse To Exercise Supplemental Jurisdiction Over Plaintiff's Claims For Unreimbursed Business Expenses, dated June 20, 2005 ("Motion in Limine"). In Support of this Memorandum in Opposition, Plaintiff states as follows:

**II.    BACKGROUND**

1.     During the course of her employment with Defendant Sempra Energy Trading Corporation ("Defendant" or "Sempra"), Plaintiff would incur certain business related expenses attributable, in part, to travel, business development and maintenance of business relationships.

2. Plaintiff and Defendant had established a customary practice whereby Defendant would reimburse Plaintiff for such expenses. More particularly, after incurring such expenses, Plaintiff would submit receipts and vouchers with an expense report to Defendant, which expenses would then be promptly reimbursed to Plaintiff.

3. Prior to her termination, Plaintiff incurred certain business related expenses in the amount of $2,739.58, and in accordance with Defendant's policy regarding reimbursement, Plaintiff timely filed the appropriate expense report with Defendant.

4. In breach of its implied contractual obligation to reimburse its employees for business expenses incurred and properly reported, Defendant refused to reimburse Plaintiff for such expenses despite several written requests from Plaintiff for such reimbursement, which demands were made by Plaintiff shortly following her termination in March of 2002.

5. Plaintiff then included a claim for breach of implied contract for failure to reimburse business expenses (Count Eleven) in her Complaint in this action, dated May 14, 2003.

6. More than two years after Plaintiff first made written demands of Sempra for payment, and well after Plaintiff filed suit against Sempra, Defendant tendered a check in the amount of $2,739.40 as reimbursement of her claimed business expenditures.

7. While Plaintiff endorsed and deposited such payment, she did not in any way communicate or effectuate an accord and satisfaction of her breach of implied contract claim against Defendant, as (i) Defendant failed to pay any interest on the

amount due Plaintiff, which had remained due for approximately 27 months before Defendant finally tendered payment (which, if calculated at the Connecticut statutory rate of 10%, would equal roughly $620.00), and (ii) such payment did not affect Plaintiff's claim that Sempra had breached an implied contract to reimburse legitimate business expenses <u>in a timely fashion</u>, pursuant to its own customs and practices.

8.   In contradictory fashion, Defendant argues in its Motion in Limine that Plaintiff should be compelled to drop her claim in view of Sempra's partial payment, however, Defendant will not admit that Plaintiff was owed reimbursement under the pending Count.

9.   Plaintiff has no desire to burden this Court, and Defendant's statements in that regard are ill founded. If Defendant allows Plaintiff to take judgment on the Count, and Plaintiff derives the full benefit of such judgment, the unnecessary burden cited by Defendant would be obviated.

### III.   ARGUMENT

Plaintiff asserts that voluntary partial payment by Defendant of the sum due and owing should not preclude Plaintiff's right to have such claim heard and adjudicated by the Court. Plaintiff appropriately chooses not to withdraw her claim, effectively waiving claims for interest, costs and potentially attorneys fees (and which withdrawal would potentially allow a claim that the count was resolved in favor of Defendant), when Defendant has all but admitted to its liability.

In the Motion in Limine, Defendant brazenly asserts that "Plaintiff lacks a legitimate basis upon which to pursue her claims for unreimbursed expenses," and

otherwise accuses Plaintiff of "gamesmanship" and utilizing "bad faith tactics" in refusing to withdrawal such claim[1]. Motion in Limine, pp. 1-2. In an attempt to support such statements, Defendant points to the Court's discretion in exercising supplemental jurisdiction over a claim pursuant to 28 U.S.C. § 1367(c)(4), and cites to U.S. Fire Ins. Co. v. United Limousine Serv., Inc., 328 F.Supp.2d 450 (S.D.N.Y. 2004), in asserting that this matter rises to the level of "exceptional circumstances", and that there are "compelling reasons" for the Court to decline supplemental jurisdiction over Plaintiff's reimbursement claim. A clear reading of the law in this area, however, reveals that Defendant has parsed the reading of the statute and misstated the law. Under the clear precedent in this area, the Court is required to exercise supplemental jurisdiction over Plaintiff's reimbursement claim.

In the U.S. Fire Ins. Co. case, the very case that Defendant has cited in support of its argument, the court stated that "… the Second Circuit has held that § 1367 does more than merely *permit* district courts to hear supplemental claims; it, in fact, *requires* them to do so." Id. at 453. The Second Circuit has further held that district courts may use its discretion to decline supplemental jurisdiction over a state law claim *only* when

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

---

[1] Most obviously, Sempra is attempting to obviate the procedures of Rule 68 of the Federal Rules of Civil Procedure. Such procedure is clearly the vehicle which Defendant should have utilized to resolve this matter. Further to this point, Defendant's demand that Plaintiff withdraw her claim, if acceded to, would preclude Plaintiff from pursuing costs and fees under Fed. R. Civ. P. 54(d), which arise upon a favorable judgment. Indeed, Plaintiff has told Defendant that she would accept an offer of judgment so long as Plaintiff is permitted to pursue interest, costs and fees.

Id. (citing Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 446-48 (2d Cir. 1998); 28 U.S.C. § 1367(c)). Further, while the court in U.S. Fire Ins. Co. acknowledged the fact that § 1367(c)(4) gives it discretion to dismiss supplemental claims in exceptional circumstances where there are other compelling reasons for declining jurisdiction, it declined to do so, stating that "… the Second Circuit has made it clear that this provision may be invoked only when 'circumstances are quite unusual,' … [but] [n]othing about the case at bar is unusual." Id. at 454 (quoting Itar-Tass, 140 F.3d at 448) (internal quotations omitted) (stating that the case does not fall within the scope of § 1367(c)(4)'s "exceptional circumstances" provision). Thus, in the face of Defendant's argument that subsection (c)(4) "compels … [the Court] to decline jurisdiction over Count Eleven," the well articulated holdings interpreting subsection (c)(4) clearly rebuts such statement.

Further, the court in U.S. Fire Ins. Co. cites to a Ninth Circuit case, Executive Software North America, Inc. v. United States District Court for the Central District of California, 24 F.3d 1545 (9th Cir. 1994), which provides a lengthy analysis of 28 U.S.C. § 1367 and its appropriate applications. More particularly, the Executive Software court states that the characterization of subsections (c)(1)-(3) of § 1367 can be explained as factors recognized under current law for legitimate bases upon which supplemental jurisdiction can be denied. Id. at 1560. Meanwhile, the statute's use of "other" indicates that the "compelling reasons" that implicate subsection (c)(4) "should be interpreted to mean reasons as compelling as the preexisting applications of [subsections (c)(1)-(3)]." Id. In that regard, the Executive Software court concluded that

> Congress intended that, outside of circumstances *already* recognized under current law that are codified in subsections

-5-

> (c)(1)-(c)(3), any *further* extension of [subsections (c)(1)-(3)] through subsection (c)(4) should be undertaken only when the district court both articulates "compelling reasons" for declining jurisdiction and identifies how the situation that it confronts is "exceptional."

Id.

In this case, none of the factors articulated in subsections (c)(1)-(3) of § 1367 exist, as (i) Plaintiff's reimbursement claim does not raise a novel or complex issue of state law, (ii) Plaintiff's reimbursement claim does not predominate over her Title VII discrimination and retaliation claims, over which the court has original jurisdiction, and (iii) such Title VII claims have not been dismissed by the court in this action. As such, there are no legitimate, codified bases under subsections (c)(1)-(3) from which "… other compelling reasons" can exist for declining jurisdiction as to Plaintiff's reimbursement claim, as per the requirement of § 1367(c)(4). Further, as the court found as to lesser state law claims in U.S. Fire Ins. Co., a simple reimbursement claim within the context of Title VII discrimination and retaliation claims simply does not fall within the scope of § 1367(c)(4)'s "exceptional" or "unusual" circumstances provision.

Finally, Defendant attempts to argue that the "other compelling reason" and "exceptional circumstance" in this matter is that Plaintiff has acted in bad faith in pursuing her right to seek an adjudication of, and full damages in, her reimbursement claim, and that the litigation of such claim is a threat to judicial economy. Motion in Limine, pp. 1-2. However, even a cursory review of the docket sheet shows that Defendant has been the party acting with disregard to the burden placed upon the Court

in this litigation. Indeed, Defendant has exerted maximum leverage in this litigation against Wood.[2]

Finally, if Sempra insists on litigating this matter, the Court's time and resources will hardly be taxed (compared to Plaintiff's discrimination and retaliation claims contained in the First through Fifth counts of her Complaint), as Plaintiff would estimate less than 20 minutes of trial time to put on her proof of her reimbursement claim.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine Requesting That The Court Refuse To Exercise Supplemental Jurisdiction Over Plaintiff's Claims For Unreimbursed Business Expenses, should be summarily denied.

                                                  PLAINTIFF,
                                                  SUSAN E. WOOD


By:_____
     Brendan J. O'Rourke (ct00522)
     Jeffrey M. McCormick (ct21185)
     O'ROURKE & ASSOCIATES LLC
     27 Pine Street
     New Canaan, CT  06840
     Telephone: (203) 966-6664
     Facsimile:  (203) 966-5710

---

[2] By way of short example, (i) Sempra's filing of a voluminous Motion for Partial Summary Judgment in the face of the fact that this matter has all along been scheduled to be a Court trial, (ii) Sempra's intransigent position as to its expansive discovery objections, which gave rise to the need for a judicial proceeding to resolve same, and (iii) Sempra's filing a Motion for Reconsideration as to the Court's denial of Sempra's Motion for Partial Summary Judgment, contradicts Sempra's articulated concern about judicial economy.

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, to counsel of record as listed below this 24th day of June, 2005.

                                                            _____
                                                            Jeffrey M. McCormick

Raymond W. Bertrand, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901

Mary C. Dollarhide, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130