UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>       Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>       Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>June 24, 2005 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO PRECLUDE TESTIMONY OF PREVIOUSLY
UNDISCLOSED WITNESSES**

**I. INTRODUCTION**

Plaintiff, Susan E. Wood ("Plaintiff" or "Wood"), hereby submits this Memorandum of Law in Opposition to Defendant's Motion in Limine to Preclude Testimony of Previously Undisclosed Witnesses, dated June 20, 2005 ("Motion in Limine"). In Support of this Memorandum in Opposition, Plaintiff states as follows:

**II. BACKGROUND**

1. In its First Set of Supplemental and Amended Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, dated January 23, 2004 ("Defendant's Discovery Responses"), Defendant Sempra Energy Trading Corp. ("Defendant" or "Sempra") listed its reasons for terminating Plaintiff in March of 2002 (Defendant's Discovery Responses, pp. 2-5).

2. More particularly, in responding to Plaintiff's Interrogatory No. 2 regarding Sempra's reasons for terminating Plaintiff, Sempra attributes such decision solely to Sarathi Roy, who, according to Sempra's response, was appointed to head up the marketing function of Sempra's Petroleum Derivatives Department in February of 2002. Defendant's Discovery Responses, p. 2.

3. Sempra further states that among Mr. Roy's primary concerns about Wood was her "professionalism and discretion" and her "behavioral issues", as Mr. Roy had known Wood to make certain "off-color" remarks that "he believed might well offend other Sempra employees or customers." Defendant's Discovery Responses, pp. 2-3.

4. Sempra's response further states that Mr. Roy had concerns about Wood's ability to (i) provide excellent customer service, (ii) maintain confidentiality, and (iii) establish long-term client relationships. Defendant's Discovery Responses, p. 2.

5. Sempra's response later states that Mr. Roy had a "misgiving" that "somewhere down the line, [Wood] might do or say something that would cause Sempra to lose business." Defendant's Discovery Responses, p. 4.

6. In that regard, Defendant's pre-trial submissions have listed several current and former Sempra employees that would be offered as trial witnesses to testify as to Wood's alleged inappropriate and/or unprofessional behavior, and poor client skills, while employed at Sempra.

7. Just prior to completing her part of the Pre-trial Memorandum, and based upon strategic consideration as to how Plaintiff plans to put on her case in chief, Plaintiff contacted Gary Barth, David Stowe, and Jonathan Pardoe, who worked at client's of Sempra and interacted with Wood during her tenure at Sempra, to determine if they

would be willing to provide testimony in support of her professionalism and overall client skills. Plaintiff also contacted Jason Ervin, a former colleague of Wood's at Sempra, as to his availability to provide similar testimony at trial.

8.  Plaintiff heard from Messers Pardoe, Stowe and Barth, who advised Plaintiff that they would be willing to offer testimony. Thus, Plaintiff only recently determined that such witnesses could be called to testify on her behalf, and therefore could be put on Plaintiff's Witness List.

9.  As to Messers Stowe, Pardoe and Ervin, Plaintiff had been sent communications in 2002 (right after her termination from Sempra) expressing unequivocal support for Wood's professionalism and talent. Such communications were produced to Sempra in 2003 as part of Plaintiff's response to Sempra's discovery requests, and are part of Plaintiff's proposed exhibits. See Plaintiff's Proposed Exhibits No.'s 24, 25, 26.

10. Further, Messers Barth, Pardoe and Ervin's[1] companies (United Parcel Service, Virgin Atlantic Airways, and Spinnaker, respectively) were referenced as direct clients of Wood's while she worked at Sempra in her responses to Defendant's written discovery requests (Interrogatory Response No. 10).

11. Therefore, Defendant was put on notice during the discovery phase of this case, and well before the expiration of the discovery deadline, that such individuals may be ultimately designated by Plaintiff as part of her pre-trial submission.

---

[1] While Mr. Ervin was a colleague of Plaintiff's during her tenure at Sempra, Mr. Ervin subsequently left Sempra to join Spinnaker. Further, Mr. Ervin's written statement supportive to Plaintiff is written on Spinnaker letterhead.

12.     Based on the foregoing, Plaintiff should be permitted to offer these four witnesses to testify as to Plaintiff's competence and professionalism in their dealings with her while she was employed at Sempra. More particularly, such evidence shall be offered by Plaintiff as (i) direct evidence to prove the reasons given by Sempra for Wood's termination as false and otherwise pretextual, and (ii) potential rebuttal and impeachment evidence as to Mr. Roy's, or other of Sempra's listed witnesses', testimony regarding Plaintiff's alleged inappropriate and/or unprofessional behavior and poor client skills.

**III.   ARGUMENT**

Plaintiff should not be precluded from offering the trial testimony of Gary Barth, David Stowe, Jonathan Pardoe, and Jason Ervin. Plaintiff properly and timely designated such witnesses in Plaintiff's portion of the Joint Pre-trial Memorandum. Thus, Defendant's assertion of an untimely disclosure is without merit. Further, Defendant has put Wood's competence and interaction with its clients at issue in this case. Indeed, Defendant, in its Witness List, plans to offer a number of witnesses to testify about Plaintiff's lack of professionalism. Thus, Plaintiff is fully entitled to controvert such testimony by offering the testimony of Messers Barth, Stowe, Pardoe and Ervin. Such testimony is therefore highly relevant. Fed. R. Evid. 401, 402.

In the Motion in Limine, Defendant first inaccurately asserts that Plaintiff has failed to obey an order to provide discovery, or has failed to obey an order entered under Fed. R. Civ. P. 26(f). Motion in Limine, p. 2.[2] Defendant then cites to the initial

---

[2] While Defendant has cited to Local Rule 37(b)(2), Plaintiff shall assume that Defendant is referring to Fed. R. Civ. P. 37(b)(2) in responding to its arguments, as Local Rule 37(b)(2) does not exist.

disclosure requirements as articulated by Fed. R. Civ. P. 26(a)(1). Id.³ Defendant next refers the Court to a party's requirement under Fed. R. Civ. P. 26(e) to supplement its initial disclosures should previously unknown information or materials become available. Id. at 2-3.⁴ Defendant then asserts that, "[u]nder the Local Rules, a party that fails to comply with the above rules 'without substantial justification … is not, unless such failure is harmless, permitted to use as evidence at trial … any witness or information not so disclosed.'" Id. at 3 (quoting Fed. R. Civ. P. 37(c)).⁵

Significantly, Plaintiff did not disclose the witnesses as part of the initial disclosure requirements required by Fed. R. Civ. P. 26(a)(1) because, at the time, Plaintiff had not planned to call such witnesses. In addition, in review of Plaintiff's records in this litigation, Plaintiff finds no formal witness list provided by Defendant until Defendant submitted its Witness List in the Joint Pre-trial Memorandum.⁶ In her final trial preparation, Plaintiff considered the four witnesses, confirmed their availability and substance of their testimony, and decided at such time to designate them on her Witness List. Accordingly, such disclosure was timely and properly made in the Joint Pre-trial Memorandum.

Defendant cites to Szarmach v. Sikorsky Aircraft, 2002 WL 32506292 (D. Conn.), in support of its request for the preclusion of Plaintiff's witnesses, and argues that

---

³ Again, while Defendant has cited to Local Rule 26(a) (which refers to definitions applicable to discovery requests, and does not contain the language quoted by Defendant in its Motion in Limine), Plaintiff shall respond by assuming that Defendant is referring to Fed. R. Civ. P. 26(a).

⁴ While Defendant has cited to Local Rule 26(e) (which refers to the parties' planning conference), Plaintiff shall respond by assuming that Defendant is referring to Fed. R. Civ. P. 26(e).

⁵ Again, while Defendant specifically refers to the Local Rules, and cites to Local Rule 37(c), Plaintiff will assume that it is referring to Fed. R. Civ. P. 37(c) in responding to same, as Local Rule 37(c) does not exist.

⁶ As such, any duty to make supplemental disclosures under Fed. R. Civ. P. 26(e) was satisfied by Plaintiff's inclusion of such witnesses in her pre-trial submission.

Plaintiff's failure to include such witnesses prior to her witness list in the Pre-trial Memorandum is an "appropriate circumstance[] [for preclusion] to ensure compliance with the rules of discovery." Id. (quoting Szarmach at *1) (internal quotations omitted). A close examination of the Szarmach case, however, shows that the plaintiff in such case had failed to disclose seven supplemental witnesses in her pre-trial submission (in which she had already listed fourteen witnesses to testify at trial), and not as part of a Rule 26 disclosure. Given the failure to adhere to the pre-trial order, and the close proximity of the trial, the court in Szarmach precluded the plaintiff from calling such supplemental witnesses. Szarmach at *1.

The instant case is clearly distinct from Szarmach. Plaintiff has included the witnesses that Defendant seeks to have precluded in her pre-trial submission, and has otherwise complied with the pre-trial order in this case. As a further distinction, the court in Szarmach, in articulating scenarios in which preclusion is appropriate (including a violation of a pre-trial order), also listed a party's failure to produce documents which are the subject of a discovery order. In this case, as noted above, Plaintiff produced documents in 2003 as part of her response to Sempra's production requests setting forth the supportive statements of Messers Stowe, Pardoe and Ervin concerning Plaintiff. In addition, in her responses to Defendant's Interrogatories, Plaintiff listed Virgin Atlantic Airlines, Spinnaker and United Parcel Service as clients with whom Plaintiff had done business with at Sempra. Therefore, Defendant was put on notice well before the expiration of the discovery deadline that such individuals may be ultimately designated by Plaintiff as trial witnesses.

Defendant further cites to Dunn v. Zimmer, Inc., 2005 WL 563095 (D. Conn.), in support of its argument for the preclusion of certain of Plaintiff's listed witnesses. Motion in Limine, p. 4.  However, Dunn is also clearly distinguishable from this matter, as the Dunn case involved a failure to disclose a rebuttal expert witness within a 30-day period as per Fed. R. Civ. P. 26(a)(2)(c).  Here, Plaintiff did not fail to disclose witnesses within any such prescribed time.  Further, the court in Dunn, in deciding to preclude the rebuttal expert witness (identified several months after the deadline), stated that the "… remedy of exclusion is considered "drastic" and should not be imposed where it could frustrate the overarching objective of the Rules, which is to provide substantial justice for litigants."  Id. at *1.

The Second Circuit has similarly been hesitant to preclude such witness testimony.  In Dunlap-McCuller v. Riese Organization, 980 F.2d 153 (2d Cir. 1992), the court outlined the criteria for evaluating whether an exercise of discretion to preclude witness testimony was appropriate as including: "(1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party."  Id. at 158 (citing Beissel v. Pittsburgh & Lake Erie R.R., 801 F.2d 143, 150 (3rd Cir. 1987)).  In applying these criteria to a situation in which the defendant offered two witnesses at trial that had not been included on its witness list, or anywhere in its pre-trial submission, the Dunlap-McCuller court held that the trial court did not abuse its discretion in admitting the testimony.  Id. at 158-59.

Pursuant to Fed. R. Civ. P. 37(c), Plaintiff further asserts that it has substantial justification for not previously supplementing her initial disclosure statement with regard

to anticipated witnesses, as Plaintiff only recently confirmed the utility and availability of Messers Barth, Stowe, Pardoe, and Ervin to give trial testimony. Also pursuant to Rule 37(c), Plaintiff asserts that such failure to previously supplement her initial disclosure statement regarding anticipated witnesses was harmless to Defendant, as Sempra could not have been surprised by Plaintiff's designations, nor could it claim to be prejudiced in good faith, based upon Plaintiff's 2003 responses to Sempra's production requests in which Wood specifically identified her former customers while working at Sempra. In fact, Sempra may well have been in a better position than Plaintiff to have anticipated these particular individuals being potentially designated as witnesses, as it is Defendant that has put Wood's behavior and professionalism with her former customers at issue in this case. As such, Plaintiff asserts that she should not be so sanctioned as a result of Defendant's lack of foresight to depose such third party witnesses, which had been previously identified, and were readily available to it.

Defendant next asserts that, even if the Court finds that Plaintiff's listed witnesses should not be precluded from testifying at trial, Messers Barth, Stowe, and Pardoe (former clients and/or customers of Plaintiff's during her tenure at Sempra) should still be precluded, as their testimony is irrelevant pursuant to Fed. R. Evid. 402. Motion in Limine, p. 4. To the contrary, as stated above, Defendant itself has made Plaintiff's alleged poor professionalism, and overall conduct with Sempra's customers, as central issues in this case. As such, Plaintiff is required, under her burden of proof regarding her discrimination claims, to show that Defendant's proffered reasons for terminating her are merely pretextual. Therefore, such evidence is highly relevant to the central issues of this case.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine to Preclude Testimony of Previously Undisclosed Witnesses, should be summarily denied.

>
> PLAINTIFF,
> SUSAN E. WOOD
>
>
> By:_____
>   Brendan J. O'Rourke (ct00522)
>   Jeffrey M. McCormick (ct21185)
>   O'ROURKE & ASSOCIATES LLC
>   27 Pine Street
>   New Canaan, CT  06840
>   Telephone: (203) 966-6664
>   Facsimile:  (203) 966-5710

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, to counsel of record as listed below this 24th day of June, 2005.

_____
Jeffrey M. McCormick

Raymond W. Bertrand, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901

Mary C. Dollarhide, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130