UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD, | CIVIL ACTION NO. |
| Plaintiff, | 3:03-CV-986 (JCH) |
| v. | |
| SEMPRA ENERGY TRADING CORPORATION, | June 24, 2005 |
| Defendant. | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY CONCERNING CLAIMS NO LONGER AT ISSUE**

**I.      INTRODUCTION**

Plaintiff, Susan E. Wood ("Plaintiff" or "Wood"), hereby submits this Memorandum of Law in Opposition to Defendant's Motion in Limine to Exclude Evidence and Testimony Concerning Claims No Longer at Issue, dated June 20, 2005 ("Motion in Limine").  In Support of this Memorandum in Opposition, Plaintiff states as follows:

**II.      BACKGROUND**

1.      In its First Set of Supplemental and Amended Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, dated January 23, 2004 ("Defendant's Discovery Responses"), Defendant Sempra Energy Trading Corp. ("Defendant" or "Sempra") listed its reasons for terminating Plaintiff in March of 2002 (Defendant's Discovery Responses, pp. 2-5).

2.    More particularly, in responding to Plaintiff's Interrogatory No. 2 regarding Sempra's reasons for terminating Plaintiff, Sempra attributes such decision solely to Sarathi Roy, who, according to Sempra's response, was appointed to head up the marketing function of Sempra's Petroleum Derivatives Department in February of 2002.  Defendant's Discovery Responses, p. 2.

3.    Sempra further states that among Mr. Roy's primary concerns about Wood was her "professionalism and discretion" and her "behavioral issues", as Mr. Roy had known Wood to make certain "off-color" remarks that "he believed might well offend other Sempra employees or customers."  Defendant's Discovery Responses, pp. 2-3.

4.    Sempra's response provides an example of such an "off-color" remark that Mr. Roy was so concerned about, regarding how Wood sent an e-mail to Mr. Roy in which she commented that she would "love to have" one of the female employees in Sempra's office.  Defendant's Discovery Responses, p. 3.

5.    Sempra's response later states that Mr. Roy had a "misgiving" that "somewhere down the line, [Wood] might do or say something that would cause Sempra to lose business."  Defendant's Discovery Responses, p. 4.

6.    Further, during several of the depositions taken in this matter of key Sempra employees, Plaintiff's alleged inappropriate and/or unprofessional behavior has been offered as a reason for her termination.

7.    Finally, Defendant's pre-trial submissions have listed several current and former Sempra employees that would be offered as trial witnesses to testify as to Wood's alleged inappropriate and/or unprofessional behavior while employed at Sempra.

8.    As such, Sempra, by its proferred defense as to the reasons for the termination of Plaintiff, has directly interjected the issues of the "behavior" and professionalism of Mr. Roy, and other Sempra employees, in the trial.  In short, Plaintiff is entitled to show that Mr. Roy's behavior, including visiting "massage parlors", which behavior was known by others at Sempra (including Sempra's President, David Messer), was far more brazen and risqué than the purported behavior of Wood, which Mr. Roy has claimed gave him "misgivings", and otherwise made him uncomfortable with Wood.  In short, Sempra and Mr. Roy applied a classic "double standard".

9.    Based upon the foregoing, Plaintiff plans to offer evidence in her case in chief of Mr. Roy's inappropriate and/or unprofessional conduct, as well as the ribald atmosphere that surrounded Sempra's office in general, as direct evidence to prove Sempra's claimed reasons for Plaintiff's termination were pretextual.

## III.    ARGUMENT

Plaintiff should not be limited in introducing evidence as to Mr. Roy's inappropriate and/or unprofessional behavior, or to the ribald atmosphere that surrounded Sempra's office in general, as such evidence would be both highly relevant and probative pursuant to Fed. R. Evid. 401 - 403.

In the Motion in Limine, Defendant baselessly asserts that all evidence potentially offered by Plaintiff concerning Mr. Roy's inappropriate and/or unprofessional behavior, or to the overall atmosphere that surrounded Sempra's office in general, is irrelevant, as such evidence "… go[es] directly to [Plaintiff's] dismissed hostile work environment claim, and [does] not relate to the remaining claims before this Court."  Motion in

Limine, pp. 2-3.  Defendant then argues in the alternative that, even if the evidence that it seeks to exclude is relevant to Plaintiff's remaining claims, Fed. R. Evid. 403 would exclude such evidence as being substantially more prejudicial than probative.  Motion in Limine, pp. 3-4.

To the contrary, as demonstrated above, the evidence that Defendant is attempting to exclude goes directly to the heart of Plaintiff's central claims in this case – Defendant's discriminatory and retaliatory intent in terminating Plaintiff (Counts One through Five of Plaintiff's Complaint).  More particularly, as part of Plaintiff's burden of proof on her discrimination claims, she must show that Defendant's proffered reasons for terminating her were pretextual.  As Defendant has made clear throughout the discovery and pre-trial phases of this case, Sempra plans to offer evidence at trial regarding Plaintiff's alleged inappropriate and/or unprofessional behavior as one of the reasons for her termination.   Wood intends to discredit such explanation by showing Sempra employees, including Mr. Roy, were involved in the same type of conduct claimed to be problematic when ascribed to Plaintiff.  Such proof would show Sempra's stated reason to be (i) false, supporting the factual finding that Sempra's claimed reason for terminating Plaintiff was pretextual, and (ii) otherwise was given to conceal a discriminatory motivation.  In addition, such proof establishes a clear double standard being applied by Sempra, and therefore an additional basis to find Sempra's explanation pretextual.  Given such context, Defendant's assertion that such evidence can only be relevant to Plaintiff's dismissed hostile work environment claim has no merit.

The Court should also note the "shield and sword" nature of Sempra's Motion in Limine.  While Sempra plans to put Plaintiff's personal behavior at issue in trial, it seeks

to shield its employees, including Mr. Roy, from their own questionable and salacious behavior being exposed, by arguing that such evidence would "prejudice" Sempra. The inconsistency and unfairness of such argument needs no further articulation.

As to the evidence that Defendant seeks to exclude concerning bonuses (Motion in Limine, p. 4), Defendant obfuscates the issue. Plaintiff is claiming bonus payments as part of her proof of damages in the case to be tried, which goes to wrongful termination under state and federal discrimination statutes. As such, Plaintiff's damages claims include lost wages in the form of back pay and front pay. Plaintiff is not offering proof on bonus payments as part of a contract or quasi contract claims. Plaintiff fully understands the Court's ruling dismissing her former contract related claims; however, such ruling does not in any way preclude Plaintiff from introducing evidence pertaining to her claim for damages under her preserved discrimination and retaliation claims.

## IV.    CONCLUSION

For the foregoing reasons, as the evidence that Defendant seeks to exclude is both highly relevant under Rule 401 and 402, and sufficiently probative under Rule 403, Defendant's Motion in Limine to Exclude Evidence and Testimony Concerning Claims No Longer at Issue, should be summarily denied.

PLAINTIFF,
SUSAN E. WOOD


By:_____
     Brendan J. O'Rourke (ct00522)
     Jeffrey M. McCormick (ct21185)
     O'ROURKE & ASSOCIATES LLC
     27 Pine Street
     New Canaan, CT  06840
     Telephone: (203) 966-6664
     Facsimile:  (203) 966-5710

# CERTIFICATION

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, to counsel of record as listed below this 24th day of June, 2005.

_____
Jeffrey M. McCormick

Raymond W. Bertrand, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901

Mary C. Dollarhide, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130