# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard · Stamford, CT 06901
telephone 203 961 7400 · facsimile 203 359 3031 · www.paulhastings.com

2005 JUL -7  A 9: 20
2005 JUL -8  P 5: 22

CHAMBERS JANET C. HALL
U.S. DISTRICT JUDGE
DISTRICT COURT
BRIDGEPORT, CONN.

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
New York
Orange County
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, D.C.

(203) 961-7477
raymondbertrand@paulhastings.com

July 6, 2005

28309.00004

**VIA OVERNIGHT MAIL**

The Honorable Janet C. Hall, U.S.D.J.
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT  06604

Re:   Susan E. Wood v. Sempra Energy Trading Corp.
      Docket No. 3:03-CV-986 (JCH)

Dear Judge Hall:

We write in response to the Court's direction at the pre-trial conference of June 28th concerning Defendant's summary of Brian Ricker's expected trial testimony and the issue of whether plaintiff has made the requisite showing that certain witnesses (Messrs. Barth, Stowe and Pardoe) be allowed to testify via satellite.

We anticipate that Brian Rickers will testify about his observations of the incident that occurred between Plaintiff and Mr. Howley in June 2001, his conversations with Plaintiff regarding her employment at Sempra, his statements to Sempra employees about Plaintiff, Plaintiff's job performance in the Natural Gas department and Petroleum Derivatives department, and his interactions with Plaintiff.

Also, in the parties joint pre-trial memorandum, plaintiff indicated that she intended to file a motion in limine requesting that certain previously undisclosed witnesses be allowed to testify via satellite.  See Joint Pre-Trial Mem. at 8.  To date, plaintiff has not filed such a motion, nor has she articulated what are the "compelling circumstances" that prevent these witnesses from appearing in person.  See  Fed.R.Civ.P. 43(a) (allowing remote testimony via satellite only "for good cause shown in *compelling circumstances*") (emphasis added).[1]

---

[1] See U.S. v. Gigante, 166 F.3d 75, 80 (2d Cir. 1999) ("the use of remote, closed-circuit television testimony must be carefully circumscribed[.]"); Murphy v. Tivoli Enter., 953 F.2d 354, 359 (8th Cir. 1992) (excluding telephone testimony from trial and stating that exceptions to Rule 43(a) should be interpreted narrowly "because of the importance of a party's right to cross-examine and impeach witnesses"); Gulino v. Bd. of Ed., No. 96 Civ. 8414(CBM), 2002 WL 32068971, at *1 (S.D.N.Y. Mar. 31, 2003) (denying request for

**Paul Hastings**
ATTORNEYS

The Honorable Janet C. Hall, U.S.D.J.
July 6, 2005
Page 2

Further, "[t]he Supreme Court has recognized 'a preference for live testimony' because cross-examination is the greatest legal engine ever invented for the discovery of truth.'" U.S. v. Delvi, 275 F. Supp. 2d 412, 417 (S.D.N.Y. 2003) (quoting White v. Illinois, 502 U.S. 346, 356 (1992)) (internal quotation marks omitted).[2] Only by having the witnesses appear in person, will the Court be able to effectively observe the demeanor of Messrs. Barth, Stowe and Pardoe. These witnesses' demeanor are particularly important here because plaintiff did not previously disclose these individuals as potential witnesses in this case.

In the interest of a full and fair trial, if the Court permits Gary Barth, David Stowe, Jonathan Pardoe to testify[3], Sempra respectfully urges the Court to require them to appear in person at the trial.

---

video testimony because "there is no legally sufficient reason offered as to why the request should be granted"); Dagen v. CFC Group Holdings, Ltd., No. 00 Civ. 5682(CBM), 2003 WL 22533425, at *1 (stating that requests for remote testimony "should not be granted lightly"); U.S. v. Delvi, 275 F. Supp. 2d 412, 417 (S.D.N.Y. 2003) (quoting White v. Illinois, 502 U.S. 346, 356 (1992)) (internal quotation marks omitted) ("The Supreme Court has recognized 'a preference for live testimony' because cross-examination is the greatest legal engine ever invented for the discovery of truth.'"); RLS Assoc., LLC v. The United Bank of Kuwait PLC, No. 01 Civ. 1290 (CSH), 2005 WL 578917, at *7 (S.D.N.Y. Mar. 11, 2005) ("There is a strong preference for live testimony being recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness."); Fed. R. Civ. R. 43(a), Advisory Comm. Notes to 1996 Amendment (as the Advisory Committee observed: "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.").

[2] RLS Assoc., LLC v. The United Bank of Kuwait PLC, No. 01 Civ. 1290 (CSH), 2005 WL 578917, at *7 (S.D.N.Y. Mar. 11, 2005) ("There is a strong preference for live testimony being recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness."); Fed. R. Civ. R. 43(a), Advisory Comm. Notes to 1996 Amendment (as the Advisory Committee observed: "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.").

[3] Currently pending before the Court is Defendant's Motion in Limine to Excluded Evidence of Undisclosed Witnesses.

**Paul Hastings**
ATTORNEYS

The Honorable Janet C. Hall, U.S.D.J.
July 6, 2005
Page 3

Sincerely,

*[signature]*

Raymond W. Bertrand
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

RWB/emc

cc: Brendan O'Rourke, Esq. (via overnight mail)

STM/299451.2