UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORP.,<br><br>                Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>July 18, 2005 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION
FOR ADDITIONAL DISCOVERY OF BONUS INFORMATION**

Pursuant to the Court's order during the July 15, 2005 telephonic conference in the above-captioned matter, the Defendant, Sempra Energy Trading Corp. ("Sempra") hereby resubmits in pleading format its July 13, 2005 correspondence to the Court. Sempra opposes Plaintiff's motion seeking additional discovery of 2004 and 2005 bonus information. Such information is irrelevant and the request for additional discovery is untimely. As set forth fully in the appended correspondence, Sempra requests that the Court deny this additional discovery as a matter of law.

Respectfully Submitted,

By: _____
Mary C. Dollarhide (ct12251)
Raymond W. Bertrand (ct22968)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email  marydollarhide@paulhastings.com
         raymondbertrand@paulhastings.com

Counsel for Defendant
Sempra Energy Trading Corp.

## CERTIFICATE OF SERVICE

The undersigned, a member of the bar of this Court, hereby certifies that on this 18th day of July, 2005, a true and correct copy of the foregoing Defendant's Objection to Plaintiff's Motion for Additional Discovery of Bonus Information was served on the following counsel of record via UPS overnight delivery to:

>Brendan J. O'Rourke, Esq.
>Jeffrey M. McCormick, Esq.
>Ann H. Brickley, Esq.
>O'Rourke & Associates, LLP
>27 Pine Street
>New Canaan, CT  06840

_/s/ Raymond W. Bertrand_
Raymond W. Bertrand

STM/300073.1

**Paul Hastings**
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard • Stamford, CT 06901
telephone 203 961 7400 • facsimile 203 359 3031 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(203) 961-7477
raymondbertrand@paulhastings.com

July 13, 2005

28309.00004

VIA FACSIMILE AND OVERNIGHT MAIL

The Honorable Janet C. Hall
The United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

Re:   *Susan E. Wood v. Sempra Energy Trading Corp.*
      Docket No. 3:03-CV-986 (JCH)

Dear Judge Hall:

We write in response to Plaintiff's July 12, 2005 letter to the Court, which we received via facsimile on July 13, 2005.

### Sempra's 2004 and 2005 Bonus Information is Irrelevant

The first issue Plaintiff raises relates to her request for Sempra's employee bonus awards for 2004 and 2005. Sempra has objected to producing the requested information because it is not relevant to this litigation.

Information about bonuses paid to other employees at Sempra is relevant to this case only to the extent that such information provides a point of reference from which to measure Plaintiff's performance against employees in similar positions while she was employed at Sempra. Otherwise, bonuses are highly dependent upon individual performance and contributions, as well as prevailing economic conditions. Therefore, Plaintiff cannot analogize herself post-termination to other employees in different economic circumstances, who worked in different departments, who held different titles, in order to surmise the bonuses she might have received had she not been terminated by Sempra. Furthermore, as discussed in Sempra's motion in limine, Plaintiff's employment would have terminated in December 2002 when Sempra dissolved the Petroleum Derivatives department. For these reasons, information about bonuses Sempra paid to its employee in 2004 and 2005 is irrelevant.

**Paul Hastings**
ATTORNEYS

The Honorable Janet C. Hall
July 13, 2005
Page 2

### Sempra Previously Provided Bonus Information for 2003

On January 23, 2004, Sempra served on Plaintiff its supplemental responses and objections to Plaintiff's Interrogatories. In the Company's response to Interrogatory number 3, Sempra responded, "Bonuses for the years 1999 through 2003 were paid as follows:" Sempra then listed the bonuses it had paid to its Vice Presidents and Assistant Vice Presidents in the Petroleum Derivatives and Natural Gas departments. Included in this list were the bonuses Sempra paid to its executives in 2003, which reflected the compensation these employees received for the work they performed in 2002, the last year Plaintiff was employed by Sempra and the year the department she worked in was dissolved.

### Plaintiff's Request For Additional Discovery Is Untimely

Trial in this matter is scheduled to commence in less than two weeks. Yet on the eve of trial, Plaintiff seeks a discovery order from the Court. Plaintiff's request is untimely in light of the fact that she did not raise this issue with the Court prior to the close of the discovery or at the pre-trial conference. Sempra respectfully requests that it be permitted to continue with its pre-trial preparations and not be burdened by having to conduct additional discovery that is irrelevant to the issues at hand and untimely by more than a year.

Respectfully submitted,

*Ray Bertrand/emc*

Raymond W. Bertrand
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc: Brendan O'Rourke, Esq.

STM/299847.4