UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORP.,<br><br>                Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>July 18, 2005 |

**DEFENDANT'S MOTION IN LIMINE TO REQUIRE
ALL WITNESSES TO TESTIFY IN PERSON AT TRIAL**

Pursuant to the Court's order during the July 15, 2005 telephonic conference in the above-captioned matter, the Defendant, Sempra Energy Trading Corp. ("Sempra") hereby resubmits in pleading format its July 6, 2005 correspondence to the Court. Sempra moves this Court in limine for an Order requiring all witnesses to testify in person at trial. Plaintiff has offered no compelling circumstances to justify satellite testimony for any witnesses, and live testimony is important in ascertaining the veracity of all witnesses. As set forth fully in the appended correspondence, the Defendant seeks a ruling prior to trial to preclude any satellite testimony as a matter of law.

Respectfully Submitted,

By: _____
Mary C. Dollarhide (ct12251)
Raymond W. Bertrand (ct22968)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email   marydollarhide@paulhastings.com
        raymondbertrand@paulhastings.com

Counsel for Defendant
Sempra Energy Trading Corp.

## CERTIFICATE OF SERVICE

The undersigned, a member of the bar of this Court, hereby certifies that on this 18th day of July, 2005, a true and correct copy of the foregoing Motion in Limine to Require All Witnesses to Testify in Person at Trial was served on the following counsel of record UPS overnight delivery to:

> Brendan J. O'Rourke, Esq.
> Jeffrey M. McCormick, Esq.
> Ann H. Brickley, Esq.
> O'Rourke & Associates, LLP
> 27 Pine Street
> New Canaan, CT  06840

_____
Raymond W. Bertrand

STM/300032.1

**Paul**Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard · Stamford, CT 06901
telephone 203 961 7400 · facsimile 203 359 3031 · www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
New York
Orange County
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, D.C.

(203) 961-7477
raymondbertrand@paulhastings.com

July 6, 2005

28309.00004

**VIA OVERNIGHT MAIL**

The Honorable Janet C. Hall, U.S.D.J.
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT  06604

Re:   *Susan E. Wood v. Sempra Energy Trading Corp.*
      Docket No. 3:03-CV-986 (JCH)

Dear Judge Hall:

We write in response to the Court's direction at the pre-trial conference of June 28th concerning Defendant's summary of Brian Ricker's expected trial testimony and the issue of whether plaintiff has made the requisite showing that certain witnesses (Messrs. Barth, Stowe and Pardoe) be allowed to testify via satellite.

We anticipate that Brian Rickers will testify about his observations of the incident that occurred between Plaintiff and Mr. Howley in June 2001, his conversations with Plaintiff regarding her employment at Sempra, his statements to Sempra employees about Plaintiff, Plaintiff's job performance in the Natural Gas department and Petroleum Derivatives department, and his interactions with Plaintiff.

Also, in the parties joint pre-trial memorandum, plaintiff indicated that she intended to file a motion in limine requesting that certain previously undisclosed witnesses be allowed to testify via satellite.  See Joint Pre-Trial Mem. at 8.  To date, plaintiff has not filed such a motion, nor has she articulated what are the "compelling circumstances" that prevent these witnesses from appearing in person.  See  Fed.R.Civ.P. 43(a) (allowing remote testimony via satellite only "for good cause shown in *compelling circumstances*") (emphasis added).[1]

---

[1] See U.S. v. Gigante, 166 F.3d 75, 80 (2d Cir. 1999) ("the use of remote, closed-circuit television testimony must be carefully circumscribed[.]"); Murphy v. Tivoli Enter., 953 F.2d 354, 359 (8th Cir. 1992) (excluding telephone testimony from trial and stating that exceptions to Rule 43(a) should be interpreted narrowly "because of the importance of a party's right to cross-examine and impeach witnesses"); Gulino v. Bd. of Ed., No. 96 Civ. 8414(CBM), 2002 WL 32068971, at *1 (S.D.N.Y. Mar. 31, 2003) (denying request for

**Paul Hastings**
ATTORNEYS

The Honorable Janet C. Hall, U.S.D.J.
July 6, 2005
Page 2

Further, "[t]he Supreme Court has recognized 'a preference for live testimony' because cross-examination is the greatest legal engine ever invented for the discovery of truth.'" U.S. v. Delvi, 275 F. Supp. 2d 412, 417 (S.D.N.Y. 2003) (quoting White v. Illinois, 502 U.S. 346, 356 (1992)) (internal quotation marks omitted).[2] Only by having the witnesses appear in person, will the Court be able to effectively observe the demeanor of Messrs. Barth, Stowe and Pardoe. These witnesses' demeanor are particularly important here because plaintiff did not previously disclose these individuals as potential witnesses in this case.

In the interest of a full and fair trial, if the Court permits Gary Barth, David Stowe, Jonathan Pardoe to testify[3], Sempra respectfully urges the Court to require them to appear in person at the trial.

---

video testimony because "there is no legally sufficient reason offered as to why the request should be granted"); Dagen v. CFC Group Holdings, Ltd., No. 00 Civ. 5682(CBM), 2003 WL 22533425, at *1 (stating that requests for remote testimony "should not be granted lightly"); U.S. v. Delvi, 275 F. Supp. 2d 412, 417 (S.D.N.Y. 2003) (quoting White v. Illinois, 502 U.S. 346, 356 (1992)) (internal quotation marks omitted) ("The Supreme Court has recognized 'a preference for live testimony' because cross-examination is the greatest legal engine ever invented for the discovery of truth.'"); RLS Assoc., LLC v. The United Bank of Kuwait PLC, No. 01 Civ. 1290 (CSH), 2005 WL 578917, at *7 (S.D.N.Y. Mar. 11, 2005) ("There is a strong preference for live testimony being recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness."); Fed. R. Civ. R. 43(a), Advisory Comm. Notes to 1996 Amendment (as the Advisory Committee observed: "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.").

[2] RLS Assoc., LLC v. The United Bank of Kuwait PLC, No. 01 Civ. 1290 (CSH), 2005 WL 578917, at *7 (S.D.N.Y. Mar. 11, 2005) ("There is a strong preference for live testimony being recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness."); Fed. R. Civ. R. 43(a), Advisory Comm. Notes to 1996 Amendment (as the Advisory Committee observed: "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.").

[3] Currently pending before the Court is Defendant's Motion in Limine to Excluded Evidence of Undisclosed Witnesses.

PaulHastings
ATTORNEYS

The Honorable Janet C. Hall, U.S.D.J.
July 6, 2005
Page 3

Sincerely,

*/s/ Raymond W. Bertrand*

Raymond W. Bertrand
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

RWB/emc

cc: Brendan O'Rourke, Esq. (via overnight mail)

STM/299451.2