UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                 Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORP.,<br><br>                 Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br><br><br>July 20, 2005 |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM**
**ADDRESSING ADMISSIBILITY OF THIRD-PARTY OPINIONS**

Pursuant to the Court's request at the July 15, 2005 telephonic conference in the above-captioned matter, Defendant Sempra Trading Energy Corp. ("Sempra") hereby submits this supplemental memorandum addressing the admissibility of recommendations, or third-party opinions. As set forth below, such opinions should be excluded because they are not relevant under Fed. R. Evid. 402 and because they amount to inadmissible lay opinion testimony under Fed. R. Evid. 701(b).

**I.**     **DISCUSSION**

    **A.**     **Client's Perceptions of Plaintiff's Qualifications is Irrelevant and Should Be Excluded**

Plaintiff seeks to offer into evidence the testimonies of three former customers. The subjective opinions of Gary Barth, David Stowe, and Jonathan Pardoe (collectively, "Undisclosed Witnesses") do not bear upon or rebut Sempra's proffered legitimate business

1

reason for terminating Plaintiff. Moreover, the testimony does not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable," and is therefore inadmissible. Fed. R. Evid. 401, 402.

As in this case, the plaintiff in Peters v. Lincoln Elec. Co. sought to enter into evidence affidavits by co-workers offering positive comments on her job performance. 285 F.3d 456, 474 (6th Cir. 2001). The Sixth Circuit observed that such affidavits did "little, if anything, to rebut [defendant's] proffered legitimate business reason." Id. at 474. Especially apropos of the present case, the court determined that, "in the wake of [defendant's] [] downturn and subsequent overhaul of the entire management, [defendant's] explanation that the company was reorganizing its management in an effort to spur economic growth is not contradicted by any evidence that its treatment of Plaintiff was not part of this change." Id. at 475. Likewise, in this matter, testimony by the Undisclosed Witnesses about positive interactions with Plaintiff sidesteps Sempra's business reasons for eliminating Plaintiff in the wake of significant economic losses. "It is simply stating the obvious to observe that what may have satisfied one management regime does not necessarily satisfy its successor, and Plaintiff's proffered evidence does not serve to rebut [defendant's] current management views regarding [plaintiff's] insufficient skills . . . ." Id. at 474.

In short, the opinions of Plaintiff's past clients has no bearing on whether Plaintiff was sufficiently suited to remain with the Petroleum Derivatives department going forward, and should therefore be excluded under Fed. R. Evid. 402.

### B. The Undisclosed Witnesses' Proffered Testimony Is Inadmissible Lay Opinion

Not only is the Undisclosed Witnesses' proffered testimony irrelevant under Fed. R. Evid. 402, it is inadmissible lay opinion testimony that should be excluded or limited under Fed. R. Evid. 701(a).

"The rules of evidence allow a lay witness to testify in the form of an opinion, provided such testimony 'is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determinations of a fact in issue.'" Hester v. BIC Corp., 225 F.3d 178, 181 (2d Cir. 2000); see Fed. R. Evid. 701(b). "Rule 701(b) is designed to 'provide assurances against the admission of opinions which would merely tell the jury what result to reach.' Thus, if attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by [Rule 701(b)]." Id. at 181-82 (emphasis in original); see U.S. v. Rea, 958 F.2d 1206 (2d Cir. 1992).

Plaintiff cannot introduce testimony by the Undisclosed Witnesses to assert that Plaintiff was qualified for her job and was therefore impermissibly terminated from Sempra. In Lightfoot v. Union Carbide Corp., the Second Circuit stated that, opinion testimony as to why plaintiff suffered an adverse employment action must be helpful to the trier of fact, and requires showing that: "(a) the witness had 'established a solid foundation of his intimate involvement with [the defendant's] operation,'"; [and] (b) the witness's opinion was thus based on observations about [the defendant's] decision-making process . . . ." 110 F.3d 898, 911-12 (2d Cir. 1997) (citation omitted); Abdus-Sabur v. The Port Auth. of New York, No. 00Civ.5496 (VM), 2001 WL 1111984, at *1 (S.D.N.Y. Sept. 20, 2001) (same). The Undisclosed Witnesses in this case are

3

not intimately acquainted with Sempra's operations, and their opinions about Plaintiff's qualifications therefore are not based on observations about Sempra's decision-making process.

In <u>Hester</u>, the Second Circuit determined that certain proposed witnesses' opinions about the plaintiff's qualifications and defendants motives were inadmissible because the proposed witnesses were not "involved in [defendant's] decision-making processes, or had personal knowledge of it. Nor had they any basis for knowing whether [plaintiff] was adequately performing her duties as a Group leader." 225 F.3d at 184. The Undisclosed Witnesses in the present case are similarly unfamiliar with Sempra's decision-making process or with Sempra's business concerns when it terminated the Plaintiff. The proposed testimonies by Barth, Stowe, and Pardoe would merely amount to subjective and conclusory assertions about what decision the Court should reach about the Plaintiff. Such testimony is neither based on rational perceptions nor is helpful to the trier of fact and should therefore be barred under Rule 701(b).

For the foregoing reasons, the Court should exclude or limit the Undisclosed Witnesses' testimonies for lack of rational perception and helpfulness.

## II.     CONCLUSION

For the foregoing reasons, Sempra respectfully requests that the Court issue an Order excluding or limiting the testimony of Gary Barth, David Stowe, Jonathan Pardoe.

4

Respectfully Submitted,

By: _____
Mary C. Dollarhide (ct12251)
Raymond W. Bertrand (ct22968)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1055 Washington Boulevard
Stamford, CT  06901-2217
Telephone:  (203) 961-7400
Facsimile:  (203) 359-3031
Email   marydollarhide@paulhastings.com
          raymondbertrand@paulhastings.com

Counsel for Defendant
Sempra Energy Trading Corp.

## **CERTIFICATE OF SERVICE**

The undersigned, a member of the bar of this Court, hereby certifies that on this 20th day of July, 2005, a true and correct copy of Defendant's Supplemental Memorandum Addressing Admissibility of Third-Party Opinions was served on the following counsel of record via facsimile and the court's electronic filing system:

> Brendan J. O'Rourke, Esq.
> Jeffrey M. McCormick, Esq.
> Ann H. Brickley, Esq.
> O'Rourke & Associates, LLP
> 27 Pine Street
> New Canaan, CT  06840

_____
Raymond W. Bertrand

STM/300020.1