UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                    Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>                    Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>July 22, 2005 |

**PLAINTIFF'S REPLY TO DEFENDANT'S SUPPLEMENTAL
MEMORANDUM ADDRESSING ADMISSIBILITY
OF THIRD-PARTY OPINIONS**

**I.    INTRODUCTION**

Plaintiff, Susan E. Wood ("Plaintiff" or "Wood"), hereby submits this Reply to Defendant's Supplemental Memorandum Addressing Admissibility of Third-Party Opinions, dated July 21, 2005 ("Supp. Memo"). In support of this Reply, Plaintiff states as follows:

**II.    BACKGROUND**

1.    On June 20, 2005, Defendant Sempra Energy Trading Corp. ("Defendant" or "Sempra") filed a Motion in Limine to Preclude Testimony of Previously Undisclosed Witnesses ("Motion in Limine"), which argued that Messers Barth, Stowe and Pardoe ("Third-Party Witnesses") were undisclosed prior to the filing of the Joint Pre-trial Memorandum, and in the alternative, the Third-Party Witnesses' testimony was irrelevant pursuant to Fed. R. Evid. 402.

2.    On June 24, 2005, Plaintiff filed a Memorandum in Opposition to Defendant's Motion in Limine to Preclude Testimony of Previously Undisclosed Witnesses ("Memo in Opp."), which provided legal and factual argument to the effect

that Plaintiff had made timely designations of the Third-Party Witnesses in the Joint Pretrial Memorandum, and that their testimony was highly relevant to the central issues of this case.

3. On July 14, 2005, during a teleconference with Judge Hall, Defendant's Motion in Limine was denied by the Court, thereby permitting Plaintiff to call the Third-Party Witnesses during the trial of this case.

4. Now, despite the fact that it already argued in its Motion in Limine that testimony from the Third-Party Witnesses would be irrelevant, Sempra is attempting to take another bite at the apple by filing its Supp. Memo, in which it again argues that such testimony is irrelevant under Fed. R. Evid. 402, as well as it being inadmissible lay opinion testimony under Fed. R. Evid. 701.

5. As stated in Wood's Memo in Opp., in its responses to Plaintiff's written discovery,[1] Sempra attributes the decision to terminate Plaintiff in March of 2002 solely to Sarathi Roy, who, according to Sempra, was appointed to head up the marketing function of Sempra's Petroleum Derivatives Department in February of 2002. Defendant's Discovery Responses, p. 2.

6. Sempra further states that among Mr. Roy's primary concerns about Wood was her "professionalism and discretion" and her "behavioral issues", as Mr. Roy had known Wood to make certain "off-color" remarks that "he believed might well offend other Sempra employees or customers." Defendant's Discovery Responses, pp. 2-3.

---

[1] See Defendant's First Set of Supplemental and Amended Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, dated January 23, 2004 ("Defendant's Discovery Responses").

7. Sempra's response further states that Mr. Roy had concerns about Wood's ability to (i) provide excellent customer service, (ii) maintain confidentiality, and (iii) establish long-term client relationships. Defendant's Discovery Responses, p. 2.

8. Sempra's response later states that Mr. Roy had a "misgiving" that "somewhere down the line, [Wood] might do or say something that would cause Sempra to lose business." Defendant's Discovery Responses, p. 4.

9. In that regard, Defendant's pre-trial submissions have listed several current and former Sempra employees that would be offered as trial witnesses to testify as to Wood's alleged inappropriate and/or unprofessional behavior, and poor client skills and/or relations, while employed at Sempra, placing her professional conduct squarely in issue.

10. Based on the foregoing, the testimony of the Third-Party Witnesses should be admissible, as Plaintiff's competence and professionalism in their dealings with her while she was employed at Sempra is highly relevant. More particularly, such evidence shall be offered by Plaintiff as (i) direct evidence to prove the reasons given by Sempra for Wood's termination as false and otherwise pretextual, and (ii) potential rebuttal and impeachment evidence as to Mr. Roy's, or other of Sempra's listed witnesses', testimony regarding Plaintiff's alleged inappropriate and/or unprofessional behavior, and poor client skills and/or relations.

### III.  ARGUMENT

The testimony of the Third-Party Witnesses should be admissible at trial, as Defendant has put Wood's professionalism and interaction with its clients squarely at

issue in this case. As stated above, Defendant itself has made Plaintiff's alleged unprofessionalism, and overall business conduct and interaction with Sempra's customers, as central issues in this case. As such, Plaintiff is entitled to demonstrate that Defendant's proffered reasons for terminating her are merely pretextual. Therefore, such evidence is highly relevant to the central issues of this case, pursuant to Fed. R. Evid. 401, 402.

In its Supp. Memo, and only a few days before trial, Defendant has now shifted its stated reasons for terminating Wood, going from her "professionalism and discretion" and "behavioral issues" that "might well offend other Sempra employees or customers," (see Defendant's Discovery Responses), to purely "business reasons … in the wake of significant economic losses [by Sempra]." Supp. Memo, p. 2. As per Sempra's new-found reason for terminating Plaintiff, it argues that any testimony that the Third-Party Witnesses may give regarding Plaintiff's professionalism and good relations with them as Sempra customers would "sidestep" the purely economically-based judgment of Mr. Roy in terminating her. If Sempra is now prepared to abandon its previous proffered reasons for Wood's firing, is willing to stipulate to her professionalism and appropriate behavior in her interaction with Sempra customers and as an employee in general, and will agree not to offer any testimony or evidence at trial consistent with its prior position for her firing, only then would the need to call the Third-Party Witnesses be obviated. Otherwise, Defendant's tactic is a thinly-veiled attempt to block highly relevant testimony.

Defendant then argues that, not only is such testimony from the Third-Party Witnesses irrelevant, but it is inadmissible lay opinion testimony under Fed. R. Evid.

701. Supp. Opp., pp. 3-4. In order to avail itself of this argument, Defendant again attempts to characterize the testimony of the Third-Party Witnesses as merely "meaningless assertions" that should be excluded for "lack of helpfulness" in determining a fact in issue. See Supp. Memo, p. 3. As stated above, however, without a withdrawal of what it has previously represented as the reasons for Wood's termination, this argument has no merit, and the Third-Party Witnesses' trial testimony will fit squarely with the central issues of this case, thereby rendering such testimony admissible lay opinion testimony pursuant to Fed. R. Evid. 701.

The cases which Defendant offers in support of its new theories are readily distinguishable from the issues here. As stated above, Plaintiff is not offering the testimony in question to establish the Third-Party Witnesses' (i) "intimate involvement with the defendant's operation", (ii) Sempra's "decision-making process", (iii) Sempra's "motives", or (iv) Sempra's "business concerns", as Defendant asserts. Supp. Memo, pp. 3-4. Rather, their lay opinions will be rationally based upon their own perceptions, as well as extremely helpful in coming to a clear understanding of certain facts in issue, that being Plaintiff's professionalism and behavior in interacting with them as Sempra customers, falling squarely within Fed. R. Evid. 701.

IV.    CONCLUSION

Based upon the foregoing, Defendant's Supp. Memo should be rejected as a meritless submission, and the Court should sustain its prior ruling denying Defendant's Motion in Limine regarding the Third-Party Witnesses.

PLAINTIFF,
SUSAN E. WOOD

By:_____

Brendan J. O'Rourke (ct00522)
Jeffrey M. McCormick (ct21185)
O'ROURKE & ASSOCIATES LLC
27 Pine Street
New Canaan, CT  06840
Telephone: (203) 966-6664

Facsimile:  (203) 966-5710

-7-

**CERTIFICATION**

          This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, to counsel of record as listed below this 22nd day of July, 2005.

_____

Jeffrey M. McCormick

Raymond W. Bertrand, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901