UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                    Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING<br>CORPORATION,<br><br>                    Defendant. | Civil Action No.<br>3:03-CV-986 (JCH)<br><br><br><br><br>July 22, 2005 |

**MOTION TO COMPEL SEMPRA TO COMPLY WITH PRE-TRIAL
MEMORANDUM AND REPRSENTATIONS TO COURT AND COUNSEL**

Plaintiff, Susan E. Wood ("Plaintiff" or "Wood"), hereby respectfully moves this Court to compel Defendant Sempra Energy Trading Corporation ("Sempra") to comply with the terms of the Pre-Trial Memorandum concerning the calling of witness Brian E. Cumming ("Cumming").

In the June 22, 2005 Joint Pre-Trial Memorandum, Plaintiff listed Cumming as a witness. Thereafter, Sempra advised that it would be relying on Cumming's deposition testimony (who is no longer an employee at Sempra), and in response Plaintiff submitted its own designations to be used in Plaintiff's case in chief, and objections to Sempra's designations.

During the Court's July 14th teleconference (and as the Court was ready to rule on the parties' objections to each other's designations to the Cumming deposition transcript), Sempra advised Plaintiff and the Court for the first time that it would be making Cumming available for live testimony during the trial rather than submitting his

deposition testimony. Upon inquiry of the Court, Plaintiff withdrew Plaintiff's designations of the Cumming deposition to be used in her case in chief, and advised that based upon Sempra's counsel's representation that Mr. Cumming would be available, Plaintiff would call Cumming on Tuesday in her case in chief.

Last evening, Sempra's counsel advised (notwithstanding Plaintiff's designation of Cumming as her witness), that Sempra intended to withdraw its representation to Plaintiff's counsel and the Court, and would seek to prevent Plaintiff from calling Cumming because, as Attorney Dollarhide stated in a phone message, Plaintiff "did not have Cumming under subpoena." Sempra, no doubt seeks a tactical advantage in disrupting Plaintiff's opportunity to call Cumming in her case in chief. Plaintiff's counsel advised Sempra's counsel that such tactic was unacceptable and confirmed this in writing dated earlier today.

Plaintiff again hesitates to burden the Court with an additional motion on an issue that was resolved by the Pre-Trial Memorandum and by Sempra's representations during the July 14th tele-conference. However, Plaintiff would be severely prejudiced by Sempra's maneuver, and thus wishes to give advance notice to the Court.

Accordingly, Plaintiff respectfully requests that Sempra be required to abide by its agreement to make Cumming available to testify in her case in chief, and that Plaintiff be permitted to call him as her witness first.

        PLAINTIFF
        SUSAN E. WOOD

By: _____
    Brendan J. O'Rourke  ct00522)
    Jeffrey M. McCormick (ct21185)
    O'ROURKE & ASSOCIATES, LLC
    27 Pine Street
    New Canaan, CT  06840
    Telephone:  (203) 966-6664
    Facsimile:  (203) 966-5710
    Email: brendan@orourkeandassoc.com
    Counsel for Plaintiff

## CERTIFICATION

This is to certify that a copy of the foregoing was served via first class mail, postage pre-paid, to counsel of record as listed below this 22nd day of July, 2005.

                                                                  _____
                                                                  Marianne F. Murray

Mary C. Dollarhide, Esq.
Raymond W. Bertrand, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901