UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JUL 25 A 9: 06

| | |
|---|---|
| SUSAN WOOD, <br><br> Plaintiff, <br><br> -against- <br><br> SEMPRA ENERGY TRADING CORP. <br><br> Defendant. | CIVIL ACTION NO. <br> 3:03-CV-986 (JCH) <br><br><br> July 25, 2005 |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA DUCES TECUM OF CUSTODIAN OF RECORDS OF PAUL, HASTINGS, JANOFSKY & WALKER, LLP

Paul, Hastings, Janofksy & Walker respectfully move to quash the subpoena duces tecum served on it by Plaintiffs on July 22, 2005, commanding its Custodian of Records to produce numerous documents at U.S. District Court in Bridgeport on July 25, 2005 at 9 a.m. For reasons more fully set forth below, the motion to quash should be granted for three reasons: (1) the subpoena was not served in a timely manner; (2) the subpoena seeks documents that constitute privileged attorney work product; and (3) the subpoena is unduly burdensome; and (4) seeks irrelevant information and is more burdensome than probative.

allow reasonable time for compliance[.]" Fed. R. Civ. Pro. 45(c)(3)(A)(i). Plaintiff's subpoena should be quashed because it was not timely served and provides the Movant with insufficient notice to comply. The subpoena purportedly commands the Movant's Custodian of Records to produce voluminous and imprecisely-identified amounts of information in less than one business day and less than three days total.

The Plaintiff did not serve the subpoena until the Friday before a trial beginning Monday, July 25, 2005. Movant, the Defendant's attorney in this case, was at the Defendant's place of business all day Friday preparing for trial, and did not return to its own office until 8:00 p.m. Due to Movant's focus on preparing for the commencement of trial, it could not review the subpoena until 12:30 p.m. Saturday. This last-minute service of a subpoena seeking production of "all letters, memoranda, e-mails, and any other forms of communication" between Movant or any of its employees and five potential witnesses in this case, none of whom are parties to this action, is unreasonable. Only two full days fall between the service of this subpoena and the time for production, and Movant has already committed its resources to preparation for trial during this short period.

Moreover, discovery in this case closed in 2004. Nevertheless, Plaintiff has served this subpoena, seeking additional discovery, more than one year after the

Manufacturing Corp., 1999 WL 219904 at *2 (S.D.N.Y. Apr. 14, 1999) (quashing a subpoena served after close of discovery; "Discovery of information in a lawsuit, whether from parties or non-parties, is still 'discovery,' and it is subject to this Court's supervision, discovery orders and deadlines."). The Plaintiff is attempting to circumvent the discovery process by serving this subpoena on the eve of trial long after discovery has ended and after Plaintiff already has submitted previous motions for additional discovery.

### B.     The Subpoena Requests Production of Privileged Work Product

Rule 45(c) also authorizes this Court to quash the subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies[.]" Fed. R. Civ. Pro. 45(c)(3)(A)(iii). The subpoena seeks communications between Movant, the Defendant's attorney, and various potential witnesses it may call in its defense. The questions, responses and other dialogue between Movant and these individuals potentially reveals defense strategy and legal opinions related to the case. Movant respectfully requests the Court quash the subpoena because these communications represent attorney work product in preparation for this trial and are therefore privileged. See Fed. R. Civ. Pro. 26(b)(3) ("the court shall protect against the disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."); United States v. Adlman, 134 F.3d 1194, 1197 (2d

C.      **The Subpoena Is Unduly Burdensome**

Rule 45(c) further authorizes the Court to quash a subpoena if it "subjects a person to undue burden." Fed. R. Civ. Pro. 45(c)(3)(A)(iv). The untimeliness of this subpoena subjects Movant to an undue burden because it would require it to halt preparations for trial at a critical time to comply with a document production request that is voluminous, imprecise and time-consuming. Plaintiff's subpoena demands a document production that could require many hours of research and assembly, and makes that demand only one business day before trial begins. Movant is focusing all its efforts on preparing an efficient and organized defense. Plaintiff's subpoena attempts to bring that preparation to a standstill by forcing Movant to focus not on the trial preparation to be expected during this period, but on responding to a wide-ranging and non-specific request for documents that properly should have been addressed during discovery, not on the eve of trial.

## CONCLUSION

Because the Plaintiff's subpoena was untimely, seeks production of protected attorney work product, and would create an undue burden on Movant on the very eve of trial, Movant respectfully requests that the Court quash this eleventh-hour duces tecum subpoena.

_____
Mary C. Dollarhide
Raymond Bertrand
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Blvd., 10th Floor
Stamford, Connecticut 06902

Counsel for Defendant Sempra Energy
Trading Corp.

## CERTIFICATE OF SERVICE

This is to certify that true and correct copies of the foregoing Memorandum of Law in Support of Motion to Quash Subpoena Duces Tecum of Custodian of Records of Paul, Hastings, Janofsky & Walker, LLP was served on the following parties this 25th day of July, 2005 by U.S. mail upon:

> Brendan J. O'Rourke
> O'Rourke & Associates, LLC
> 27 Pine Street
> New Canaan, CT 06840

_____
Raymond Bertrand

STM/300428.1
07/24/05

RECEIVED JUL 2 2 2005

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Connecticut

Susan E. Wood

**V.**

Sempra Energy Trading Corporation

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 3:03-CV-986 (JCH)

TO:
Custodian of Records
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, Connecticut 06901-2217

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | | COURTROOM |
|---|---|---|
| US District Court, 915 *9/4* ...ort, CT 06604 | | |
|  | | DATE AND TIME |
|  | | July 25, 2005 9:00 a. |

☐ YOU ARE COMMANDED to appear ... time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All letters, memoranda, e-mails, and any other forms of communication Paul Hastings, and any of its employees, has had, directly or indirectly, with Brian Cumming, Stephen Soule, Brian Rickers, Jamie Evans, and Maryrose Malchow, after the date such individuals ceased being employees of Sempra Energy Trading Corporation.

| PLACE | DATE AND TIME |
|---|---|
| US District Court, 915 Lafayette Blvd., Bridgeport, CT 06604 | July 25, 2005 9:00 a.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (Attorney for Plaintiff) | July 22, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brendan J. O'Rourke, Esq. O'Rourke & Associates, LLC
27 Pine Street
New Canaan, CT 06840
(203) 966-6664

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

| | |
|---|---|
| | Check Number: 4162 |
| | Check Date: Jul 22, 2005 |
| | Duplicate |
| | Check Amount: $50.00 |

| Item to be Paid - Description | Discount Taken | Amount Paid |
|---|---|---|
| Witness Fees | | 50.00 |

**O'ROURKE & ASSOCIATES, LLC**
ATTORNEYS AT LAW
27 PINE STREET
NEW CANAAN, CONNECTICUT 06840

Bank of America.

51-57/119

NUMBER 4162

Memo: Witness Fees

PAY: Fifty and 00/100 Dollars

DATE: Jul 22, 2005

AMOUNT: **********$50.00

TO THE ORDER OF:
Custodian of Records  Paul, Hastings
Janofsky & Walker, LLP
1055 Washington Blvd
Stamford, CT  06901

⑈004162⑈ ⑆011900571⑆ 94611 21252⑈

O'ROURKE & ASSOCIATES, LLC
NEW CANAAN, CONNECTICUT  06840

4162