UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>      Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>July 26, 2005 |

### PLAINTIFF'S MEMORANDUM OF LAW RE:
### EVIDENCE OF DAMAGES

In response to the Court's request for relevant law in the area of damages evidence, Plaintiff Susan E. Wood hereby offers the following:

In the context of claims brought under Title VII and the Connecticut Fair Employment Practices Act, "… in determining damages, 'all doubts are to be resolved in favor of the injured party; the wrongdoer does not become the beneficiary of his own wrongful conduct.'" <u>Evans v. State of Connecticut</u>, 967 F.Supp. 673, 680 (D. Conn. 1997) (quoting <u>E.E.O.C. v. Kallir, Philips, Ross, Inc.</u>, 420 F.Supp. 919, 923 (S.D.N.Y. 1976), *aff'd*, 559 F.2d 1203 (2d Cir.), *cert. denied*, 434 U.S. 920 (1977)).

In calculating lost wages damages, courts may factor earned and anticipated earnings, pay increases, and bonuses, among other factors. <u>See</u> <u>Whittlesey v. Union Carbide Corp.</u>, 742 F.2d 724 (2d Cir. 1984); <u>Whittlesey v. Union Carbide Corp.</u>, 1983 WL 652 (S.D.N.Y. 1983); <u>Palma v. Pharmedica Communications, Inc.</u>, 2003 WL 22750547 (D. Conn 2003).

Pay increases and bonuses are to be included in such calculation despite the fact that some speculation is involved. <u>See</u> *e.g.*, <u>Whittlesey</u>, 742 F.3d at 727; <u>Whittlesey</u>, 1983 WL 652 at * 1-3; <u>Zhang v. American Gem Seafoods, Inc.</u>, 339 F.3d 1020, 1040 (9th

Cir. 2003); Shapiro v. Textron, Inc., 1997 WL 45288, *1 (E.D.La.); see also Jesso v. Letica Corporation, 2000 WL 33538576, *4 (Mich.App.) (holding that possible bonuses and raises may be taken into consideration if there is evidence to support them).  Further, it has been held that:

> … the evidence must show both the existence and amount of net income loss.  It is proper to allow [fact-finder] consideration of loss of earnings, if there is relevant, competent and sufficient evidence of that loss.  Evidence of plaintiff's future earning capacity need not be capable of exact monetary determination, but must indicate fairly the capacity of the plaintiff to earn money in his usual vocation, and the probability of his being able to do so in the future.  The usual method of proof is to compare actual earnings before and after plaintiff was harmed.  Nonetheless, the [fact-finder] must almost always speculate to some extent with respect to future earning capacity.  … To assess a plaintiff's future earning capacity, the [fact-finder] must draw inferences from the available evidence, whether or not it is aided by expert testimony.

Wooton v. Viking Distribution Co., Inc., 136 Or.App. 56, 66-67, 899 P.2d 1219 (Or.App. 1995).

Finally, even where the victim of discrimination does not show that his or her performance would have equaled that of other persons who were given bonuses, the victim may be awarded the average of all performance-based bonuses companywide, rather than the actual bonuses earned by those persons.  E.E.O.C. v. Colgate-Palmolive Co., 612 F.Supp. 1476, 1479-80 (S.D.N.Y. 1985).

                                        PLAINTIFF,
                                        SUSAN E. WOOD

By: _____
    Brendan J. O'Rourke (ct00522)
    Jeffrey M. McCormick (ct21185)
    O'ROURKE & ASSOCIATES, LLC
    27 Pine Street
    New Canaan, CT  06840
    Telephone:  (203) 966-6664
    Facsimile:  (203) 966-5710
    Email: brendan@orourkeandassoc.com
    Counsel for Plaintiff

## CERTIFICATION

      This is to certify that a copy of the foregoing was served via first class mail, postage pre-paid, to counsel of record as listed below this 26th day of July, 2005.

                                                                       _____
                                                                        Jeffrey M. McCormick

Mary C. Dollarhide, Esq.
Raymond W. Bertrand, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901