UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>       Plaintiff,<br><br>    v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>       Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br><br>August 9, 2005 |

**MOTION FOR ORDER TO CONVENE SCHEDULING CONFERENCE**

**I. INTRODUCTION**

Plaintiff, Susan E. Wood ("Plaintiff" or "Wood"), hereby moves that the Court order a scheduling conference be convened, via teleconference, to attempt to find a date earlier than the current October 24th date that has been set for re-commencement of the trial in the above matter.

**II. BACKGROUND**

Plaintiff commenced her trial against the Defendant, Sempra Energy Trading Corporation ("Defendant" or "Sempra"), on July 25th ("Trial"). The Trial proceeded on July 25th, 26th, and 27th. Both before and during the Trial, the Court had requested that the parties tailor their presentation of evidence so as to seek to complete the Trial within three (3) days. At the Court's urging, Plaintiff completed the presentation of her case in

chief on Wednesday, July 27th, and in so doing, dropped several proposed witnesses whose testimony may have been duplicative.

During Plaintiff's case in chief, Defendant, by agreement of the parties, called the following witnesses on its defense (who were also called by Plaintiff): Susan Wood, Sarathi Roy, Michael Goldstein, Brian Cumming, David Messer, and Denise Freda. In addition, Defendant called Jamie Evans as its witness outside the normal order of witnesses, with the consent of and agreement by Plaintiff. The only witnesses called by Plaintiff who were not also called by Defendant were Jonathan Pardoe and David Stowe, whose total testimony approximated one (1) hour of time. In short, Plaintiff and Defendant utilized approximately equal amounts of time during the three (3) days of the Trial.

Presently, Defendant is prepared to conclude its defense, and in connection therewith has listed five (5) witnesses that it wishes to call: Christine Cantor, Elizabeth Dwyer, Jackie Mitchell, Alberto Vogel, and Brian Rickers. In colloquy with the Court, Sempra had given an estimate of three hours and forty-five minutes (3:45) for their five remaining witnesses, which estimate according to Sempra's counsel, Mary Dollarhide, included direct and cross examination. Thus, as represented to the Court by Defendant, only one half day of time will be necessary to close the evidence in this Trial.

### III.  ARGUMENT

In the areas of issuing continuances of trials, and scheduling trials, which is analogous to the issues involved here, "[t]rial judges necessarily require a great deal of latitude," and are given "broad discretion." Grotto v. Herbert, 316 F.3d 198, 206 (2d Cir.

2003); see also Sapir v. Sapir, 205 F.3d 1324 (Table), 2000 WL 234456, *1 (2d Cir. N.Y.) ("A trial judge has broad discretion in scheduling a trial").  Further, in the context of a motion for continuance of a trial, the Second Circuit has stated that "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.  The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge … ."  Grotto, 316 F.3d at 206.

In this case, Plaintiff respectfully asserts that a three (3) month delay in re-commencing the Trial to conclude testimony that has been estimated to equal 3 hours and 45 minutes, or approximately one half day, is unwarranted and unreasonable.  The principal cause for the delay is a five (5) week trial which Defendant's lead trial counsel, Mary Dollarhide, has reported is to commence on September 9, 2005.  September 9th is a Friday, leaving open the early part of the week of September 5th.  Plaintiff further asserts that given the fact this Trial has commenced, Defendant's counsel's September 9th trial should not take precedence over the completion of a pending trial which necessitates approximately one half day.  If dates before September 9th are not available, surely Defendant's outside counsel, Paul Hastings, could coordinate communication with the court in California so as to seek to free up a day to complete this pending matter.

Further, Plaintiff's lead trial counsel, Brendan J. O'Rourke, hereby expresses his willingness to cancel any and all personal time in order to re-commence and complete the Trial in either August or September.  In particular, the undersigned would agree to reschedule his trip to Madison, Wisconsin, currently scheduled to take place during the week of August 29th, so as to leave open the afternoon of September 1st and the full day of September 2nd to re-commence the Trial.  Further, the undersigned is willing to cancel

3

or suspend vacation during the week of August 22nd so as to complete the Trial.  Further, with adequate notice, Plaintiff and Plaintiff's counsel would endeavor to reschedule any conflicting personal or professional responsibilities in order to accommodate the re-commencement of the Trial to an earlier date.

As an additional reason to seek an earlier date to re-commence the Trial, a three (3) month delay will cause difficulty in recollecting trial testimony.  Although the Court and the parties took notes during trial, notes provide only a limited ability to assist with prior testimony, and notes may be inaccurate.  In addition, although the Court Reporter worked diligently and carefully, certain testimony that was fast paced was difficult to record.  A review of the Trial transcript evidences such problem.  In particular, there are various occurrences where the testimony that was recorded deviated from the actual testimony.  By way of example, see Exhibit A attached hereto, which sets forth certain portions of the Trial record, and certain inaccuracies therein, from the first day of testimony alone.  Thus, notes and the trial transcript will be an imperfect resource to review in late October when prior testimony will no doubt be called into question.

Finally, the Court itself (Hall, J.) expressed its preference to re-commence and complete the Trial in late August or early September, as opposed to October.  See Trial transcript, dated July 27, 2005, pp. 189-90, attached hereto as Exhibit B ("I doubt very much I want to wait until October").

4

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court order a scheduling conference take place forthwith to determine an earlier date to re-commence and complete the Trial in this matter.

        PLAINTIFF,
        SUSAN E. WOOD


By: _____
      Brendan J. O'Rourke (ct00522)
      Jeffrey M. McCormick (ct21185)
      O'ROURKE & ASSOCIATES, LLC
      27 Pine Street
      New Canaan, CT  06840
      Telephone:  (203) 966-6664
      Facsimile:  (203) 966-5710
      Email: brendan@orourkeandassoc.com
      Counsel for Plaintiff

## CERTIFICATION

This is to certify that a copy of the foregoing was served via first class mail, postage pre-paid, to counsel of record as listed below this 9th day of August, 2005.

_____
Brendan J. O'Rourke


Raymond W. Bertrand, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901

Mary Dollarhide, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130