UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                     Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>                     Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br><br><br>August 18, 2005 |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR ORDER TO CONVENE SCHEDULING CONFERENCE**

**I.    INTRODUCTION**

Plaintiff Susan E. Wood ("Plaintiff" or "Wood") hereby objects to Defendant Sempra Energy Trading Corporation's ("Defendant" or "Sempra") Motion for Order to Convene Scheduling Conference, dated August 17, 2005 ("Motion").

**II.    BACKGROUND**

1.    In furtherance of the teleconference held with the Court on Tuesday, August 16th, with respect to the scheduling of the recommencement of the trial of this matter, the parties were heard at length by the Court regarding their respective positions. During the teleconference, the Defendant articulated objections based upon the inconvenience of its trial counsel and other matters.

2.    After hearing such objections, however, the Court held that the trial of this matter would recommence on August 30, 2005, and while doing so, expressly articulated

1

that it was cognizant of the burden that such ruling may cause the parties, and particularly the Defendant.

3. As such, Plaintiff asserts that the Court has already considered the arguments made by Defendant in this matter regarding inconvenience and purported scheduling conflicts, and, upon hearing such argument, still scheduled the trial to recommence on August 30, 2005.

### III. ARGUMENT

In the Motion, Defendant asserts three reasons for wishing to postpone the recommencement of the trial. First, the fact that Sempra's General Counsel, Attorney Michael Goldstein, who is reported to have been on vacation in Israel as of the date of the teleconference of August 16th, is not scheduled to return until the "morning of August 30th." Defendant asserts that General Counsel Goldstein is its "client representative." Defendant does not, however, explain why another officer of Sempra could not serve as client representative for the conclusion of the trial, which should last no longer than one day. In addition, there is no explanation as to why Attorney Goldstein cannot return early from his vacation. Indeed, Plaintiff's lead counsel, Brendan O'Rourke, scheduled to be in Wisconsin through August 31st with his son, who is matriculating to the University of Wisconsin. In an effort to enable the Court to schedule the completion of the trial, Attorney O'Rourke has changed his personal schedule, and intends to return to Connecticut from Wisconsin on August 29th in anticipation of the August 30th trial. Certainly, Sempra's chosen "client representative" should also be required to exercise the same modifications to his personal schedule.

The second reason proffered by Sempra is that the witness Elizabeth Dwyer is reported to be "scheduled to be in Scotland with her family on August 30th." Plaintiff asserts that, as stated above, there is no explanation as to why Ms. Dwyer cannot reschedule her plans. In addition, Ms. Dwyer's testimony should be comparatively limited in its scope, given the fact that the trial record has established that in conferring about Wood's termination from Sempra, Mr. Roy and Mr. Messer did not have any discussions with Ms. Dwyer, nor did they review any written documentation relating to Ms. Dwyer that would bear on Wood's firing.

The third reason given by Sempra is that Jacqueline Mitchell, Managing Director of Sempra, is also reported to be scheduled for vacation the week of August 29th. As set forth above, given the fact that Plaintiff and her counsel have rearranged their professional and personal schedules to complete this matter, no less should be expected from Defendant.

Finally, as to each of the unavailable witnesses reported by Defendant, Sempra has not explained why video conferencing would not be an alternate route to obtain their testimony.

### IV.  CONCLUSION

Based upon the foregoing, Plaintiff objects to having another teleconference scheduled on this matter, and wishes to reaffirm the plan to go forward with the trial on August 30th, consistent with the changes already implemented by Plaintiff and her counsel as to their personal and professional schedules.

        PLAINTIFF,
        SUSAN E. WOOD


By: _____
       Brendan J. O'Rourke (ct00522)
       Jeffrey M. McCormick (ct21185)
       O'ROURKE & ASSOCIATES, LLC
       27 Pine Street
       New Canaan, CT  06840
       Telephone:  (203) 966-6664
       Facsimile:  (203) 966-5710
       Email: brendan@orourkeandassoc.com
       Counsel for Plaintiff

## CERTIFICATION

This is to certify that a copy of the foregoing was served via first class mail, postage pre-paid, to counsel of record as listed below this 18th day of August, 2005.

_____
Brendan J. O'Rourke

Raymond W. Bertrand, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901

Mary Dollarhide, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130