UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>　　　　　Plaintiff,<br><br>- against -<br><br>SEMPRA ENERGY TRADING CORP.,<br><br>　　　　　Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH) |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO FILE DOCUMENTS UNDER SEAL

Pursuant to L. Civ. R. 5(d) Defendant, Sempra Energy Trading Corp. ("Sempra"), hereby files this memorandum of law in support of its motion seeking this Court's permission to file documents under seal in the above-captioned matter. Sempra hereby requests that this Court perform an ex parte, *in camera* review of 35 exhibits (10 affidavits and 25 client documents) to be attached to Sempra's Opposition to Plaintiff's Motion in Limine (#96) (the "Sealed Exhibits"). As Sempra has been instructed by this Court to provide information regarding the collection and preservation of documents related to this litigation, it is imperative that this Court review the Sealed Exhibits. These documents, however, contain Sempra's counsel's privileged attorney-client communications and attorney work-product. This Court's ex parte, *in camera* inspection of the Sealed Exhibits is necessary to maintain the privilege status of these records.

### I.　BACKGROUND

On or about June 21, 2005, Plaintiff filed a Motion in Limine requesting that the Court enter certain orders against Sempra for alleged discovery abuses. On June 24, 2005, Sempra filed its Opposition to Plaintiff's motion. The purpose of Sempra's Opposition was to

provide this Court with information regarding the collection and preservation of documents related to this litigation.

On July 27, 2005, the Court requested that counsel submit detailed affidavits from those individuals involved in responding to Plaintiff's discovery requests. In compliance with this Court's directive, Sempra is prepared to provide the Sealed Exhibits to this Court in order to provide the requested information related to Sempra's efforts to the collect and preserve documents in this matter.

## II. ARGUMENT

The Sealed Exhibits contain communications between Sempra's employees and counsel, in-house counsel and outside counsel, related to the discovery phase of this litigation, and as such should not be required to be produced without due protection from this Court. Connecticut's Local Rule of Civil Procedure 5(d) provides that counsel may seek the court's permission to file a document under seal. Specifically, L. Civ. R. 5(d) states "[u]ntil such document is ordered sealed, the document shall be treated as [a] public document subject to public inspection. In the alternative, counsel can seek advance permission of the Court to file a document under seal without submitting the document to be sealed."

Connecticut has adopted a formulation of the attorney-client privilege which states that "where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser except the protection be waived." Loftis v. Amica Mutual Insurance Company, 175 F.R.D. 5, 8-9 (D. Conn 1997). Submission of documents to this Court for an *in camera* inspection will not

waive the privilege of Sempra's attorney-client privilege communications. Plasmanet, Inc. v. Apax Partners, Inc., 02 Civ. 9290 (BSJ)(THK) 2003 U.S. Dist. LEXIS 13533, * 9-10 (S.D.N.Y. August 1, 2003)(While upholding defendants' motion to defer discovery on an affirmative defense related to advice received from counsel, the court's ruled that its *in camera* inspection of the documents at issue did not waive the attorney-client privilege.) See also United States v. Zolin, 491 U.S. 554 (1989) (nothing in the Federal Rules of Evidence bars in camera review of privileged documents, nor does such review destroy the privilege). The Sealed Exhibits contain communications between Attorneys Michael Goldstein, Wayne Kubicek, Peter Schultz, Mary Dollarhide and Raymond Bertrand and Sempra employees Vincent Cookingham, Denise Freda, Joseph Howley, David Messer, Jackie Mitchell, Mark Parrott, Sarathi Roy, and Steven Prince, describing advice from counsel and Sempra's responses to said advice. Sempra's compliance with this Court's directive to file Sempra's Memorandum in Opposition to Plaintiff's Motion in Limine and the accompanying exhibits should not also require a waiver its privileged attorney-client communications.

Furthermore, the Sealed Exhibits include the thoughts, impressions and conclusions of Sempra's counsel on the legal issues addressed therein. "At it's core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area in which he can analyze and prepare his client's case. United States v. Nobles, 422 U.S. 225, 238, 45 L. Ed. 2d 141, 95 S. Ct. 2160 (1975). "The disclosure of opinion work product is particularly disfavoured by the courts and requires a far stronger showing of necessity and unavailability by other means." Loftis, 175 F.R.D. at 18 (citations omitted). The Sealed Exhibits contain Sempra's counsel's impressions regarding the proper methods and techniques by which to secure the appropriate documents for Sempra's defence of Plaintiff's allegations. The Sealed Exhibits, as

such, are directly relevant to this Court's direction for Sempra's counsel to provide information related to the collection and preservation of documents in this matter. However, in order to obtain the production of Sempra's counsel's opinion work-product in the Sealed Exhibits, Plaintiff must, and cannot, exhibit the required "extraordinary justification." <u>S.N. Phelps & Co. v. Circle K Corp.</u>, No. 96 cv 5801 (JFK) 1997 U.S. Dist. LEXIS 713, *20, (S.D.N.Y. January 27, 1997).

For the reasons described herein, Sempra respectfully requests this Court grant Sempra's motion to file documents under seal and for this Court to conduct an ex parte, *in camera* review of the Sealed Exhibits.

DATED: August 24, 2005

Respectfully submitted,

DEFENDANT SEMPRA ENERGY TRADING CORP.

By: _____
Mary C. Dollarhide (ct12251)
Raymond W. Bertrand (ct22968)
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
marydollarhide@paulhastings.com
raymondbertrand@paulhastings.com

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of August 2005, a copy of the foregoing was forwarded via hand delivery to counsel for the Plaintiff at the following address:

> Brendan J. O'Rourke, Esq.
> O'ROURKE & ASSOCIATES, LLC
> 27 Pine Street
> New Canaan, CT  06840

> Raymond W. Bertrand

STM/301899.2