UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>August 26, 2005 |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR ORDER DECLARING ALBERTO VOGEL AS UNAVAILABLE WITNESS AND MOTION TO CONDUCT DEPOSITION OF ALBERTO VOGEL**

Plaintiff, Susan E. Wood ("Plaintiff" or "Wood"), hereby objects to Defendant's Motion For an Order Declaring Alberto Vogel as Unavailable Witness and Motion to Conduct Deposition of Alberto Vogel.

In what has become part of a clear pattern of tactical motions made on the eve of the recommencement of trial, and with full knowledge that Plaintiff's lead counsel is out of town (this is the third motion served by Sempra in as many days), Sempra's latest motion served this morning seeks to have one of its witnesses, Alberto Vogel ("Vogel") declared unavailable and seeks to force Plaintiff's counsel to conduct his deposition tomorrow, a Saturday, on the weekend before trial recommences.

This motion should be denied. If, as Sempra alleges Mr. Vogel is under subpoena to testify at trial on August 30th, he should appear to testify or be prepared to accept the consequences of his failure to appear. The "accommodation" that Sempra seeks for him

1

is unwarranted and unjustified given the remedy Sempra seeks in its place—to force Plaintiff's counsel to interrupt trial preparation (not to mention responding to Sempra's various motions) on the Saturday before trial. If Mr. Vogel is unwilling to travel to Court to testify, there is no reason that Mr. Vogel's testimony cannot be taken at trial via videoconference as has been the case with other remotely located witnesses. That Sempra did not even seek leave to do so but instead attempts to compel Plaintiff's counsel to appear for deposition on the Saturday before the recommencement of trial can only be construed as being the latest effort by Sempra to gain tactical advantage.

Accordingly, for the reasons set forth herein, Sempra's motion should be denied in its entirety and any deposition of Mr. Vogel taken over Plaintiff's strenuous objection, should not be permitted to be submitted as part of Sempra's case.

PLAINTIFF,
SUSAN E. WOOD

By: _____
Brendan J. O'Rourke (ct00522)
Marianne F. Murray(ct14393)
O'ROURKE & ASSOCIATES, LLC
27 Pine Street
New Canaan, CT  06840
Telephone:  (203) 966-6664
Facsimile:  (203) 966-5710
Email: Marianne@orourkeandassoc.com
Counsel for Plaintiff

## CERTIFICATION

This is to certify that a copy of the foregoing was served via facsimile and first class mail, postage prepaid, to counsel of record as listed below this 26th day of August, 2005.

_____
Marianne F. Murray


Raymond W. Bertrand, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT  06901

Mary Dollarhide, Esq.
Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive
San Diego, CA  92130