UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>                Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br>January 17, 2006 |

## DECLARATION OF RAYMOND W. BERTRAND IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES

I, Raymond W. Bertrand, declare as follows:

1. I am an attorney duly licensed to practice law in the state of Connecticut. I am an associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel of record for Defendant Sempra Energy Trading Corp. ("Sempra), in the above-captioned action. I am the primary associate attorney assigned to this case.

2. I submit this Declaration in support of Defendant's Motion for Attorneys' Fees made pursuant to Federal Rule of Civil Procedure 54(d)(2), Local Rule 11, 42 U.S.C. § 2000e-5(k), and the Judgment entered by this Court on December 16, 2005 in favor of Defendant.

3. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would testify competently thereto.

Page 1   DECLARATION OF RAYMOND W. BERTRAND IN SUPPORT OF
DEFENDANT'S MOTION FOR ATTORNEYS' FEES

LEGAL_US_W
# 53164499.1

PAUL HASTINGS LLP
1055 Washington Blvd.
Stamford, CT 06901
(203)961-7400

4. Paul, Hastings, Janofsky & Walker LLP ("PHJ&W") has an established procedure for recording time spent on client matters. Each timekeeper (attorney, paralegal, and legal clerk) records the time worked on each client matter each day. These time records are submitted to the firm's accounting department. At the end of each month, the accounting department prepares client billing statements which set forth the services rendered and the fees and costs incurred for each client matter that month. These time records and billing statements are prepared in the ordinary course of business. On information and belief, the billing statements submitted to Sempra in this matter were prepared in accordance with this standard procedure and were reviewed for accuracy prior to being sent to Sempra.

5. I have reviewed all of the attorney billing statements submitted to Sempra for the cost of their defense, attached as Exhibit A.

6. The hourly attorney, paralegal and analysts' rates in defense of this case are reflected in the attached billing statements. PHJ&W determines the hourly rate for its attorneys, paralegals and analysts based on the reasonable and customary rate charged in the relevant legal market for attorneys and staff of similar experience, education, skill, and knowledge of their particular area of law or expertise.

7. Mary Dollarhide, a partner with PHJ&W, has more than fifteen years of experience representing employers in labor and employment law matters. Attorney Dollarhide supervised the filing of all pleadings and trial documents in this case and acted as lead trial attorney.

Page 2   DECLARATION OF RAYMOND W. BERTRAND IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES

LEGAL_US_W
# 53164499.1

PAUL HASTINGS LLP
1055 Washington Blvd.
Stamford, CT 06901
(203) 961-7400

8.  Peter Schultz has more than eight years of experience representing employers in labor and employment law matters. Attorney Schultz took the Plaintiff's deposition and defended numerous other depositions. He also prepared the filing of various pleadings, including Sempra's motion for summary judgment, through March 2005.

9.  I have 10 years experience as an attorney, with five years experience representing employers in labor and employment law matters. Prior to joining PHJ&W, I served in the United States Navy as an officer in the Judge Advocate General's Corps for five years. I prepared pretrial and trial pleadings, met with fact witnesses and acted as second chair at trial.

10. Victoria Shin joined Paul, Hastings, Janofsky and Walker LLP after completing a judicial clerkship and worked was a junior associate with the firm prior to accepting an Assistant United States Attorney position. Attorney Shin assisted Sempra in preparing the motions in limine discussed below.

11. Judy Miller, a paralegal in the employment law department, had significant interaction with arranging trial witnesses, preparing exhibits and binders for trial. Had Ms.

Page 3   DECLARATION OF RAYMOND W. BERTRAND IN SUPPORT OF
DEFENDANT'S MOTION FOR ATTORNEYS' FEES

LEGAL_US_W
# 53164499.1

PAUL HASTINGS LLP
1055 Washington Blvd.
Stamford, CT 06901
(203)961-7400

Miller not participated in the matter that she did, an attorney, with a higher billing rate would have completed these same tasks.[1]

12.  The descriptions included in the attached billing statements contain confidential, attorney work product information. For this reason, I have caused the descriptions to be redacted. Below I have a summary of the services Paul Hastings' rendered in this matter and the approximate fees incurred for these services. Should it be necessary, Sempra is prepared to submit these billing statements to the Court for an *ex parte*, in camera inspection and review.

13.  On information and belief, Plaintiff filed her fourteen count Complaint on June 4, 2003. From the date of filing through May 3, 2004, the parties engaged in pre-trial discovery. In connection with the discovery phase of litigation, Sempra's attorneys answered the Complaint (doc #7, 40), attended various conferences (doc #11, 30), prepared and filed a motion for protective order (doc # 22) and opposed Plaintiff's motion to compel (doc #29). Sempra's attorneys also interviewed various company employees as part of its initial investigation, prepared written responses to Plaintiff's discovery demands and produced approximately seven hundred pages of documents to Plaintiff. Sempra's attorneys also assisted in the preparation of

---

[1] In deciding Sempra's motion for attorneys' fees, it is appropriate for the Court to consider the reasonable fees billed by paralegals and the practice support analyst who appeared at trial to present exhibits electronically (Ron Marino). Fees for such individuals are recoverable by the prevailing party under civil rights statutes. Missouri v. Jenkins, 491 U.S. 274, 285-288 (1989) (discussing 42 U.S.C. § 1988; praising the use of lower cost individuals such as paralegals because it "encourages cost-effective delivery of legal services[.]"). See also Chapman v. Pacific telephone and Telegraph, 456 F. Supp. 77, 83 (N.D. Cal. 1978) (allowing paralegal and law clerk fees to a prevailing party in a Title VII lawsuit). These fees have not been incorporated into the calculations set forth below in paragraphs 13 through 15. Should it be necessary, Sempra is prepared to submit its billing statements, in an unredacted form, to the Court for an *ex parte*, in camera inspection and review, which would provide a description of these individuals' work and the related fees and costs incurred by Sempra.

responses to Plaintiff's interrogatories. In addition, Sempra's attorneys propounded and served discovery demands upon Plaintiff. Upon receipt of Plaintiff's responses to these demands, Sempra reviewed and analyzed the documents Plaintiff produced, as well as, the interrogatory responses provided by Plaintiff. In addition, Sempra's attorneys issued subpoenas to various non-party witnesses and analyzed documents received from these witnesses. In terms of depositions, Sempra's attorneys deposed Plaintiff for one day. Plaintiff noticed the depositions of nine individuals (Sarathi Roy, David Messer, Steve Prince, Joseph Howley, Michael Goldstein, Jackie Mitchell, Vincent Cookingham, Denise Freda, Brian Cumming) and Sempra's attorneys defended each of these depositions. In advance of each deposition, a Sempra attorney met with the deponent to prepare him or her for the deposition. In total, Sempra's attorneys spent approximately 422 hours from the inception of this matter through the close of discovery on May 4, 2004, assisting Sempra in its defense. Sempra incurred approximately $168,082 in attorneys' fees during this phase of the litigation.

14. Following the close of discovery, Sempra moved for partial summary judgment. In connection with this motion, Sempra's counsel conducted legal research associated with the motion, analyzed the record developed through discovery, prepared and submitted to this Court a motion and memorandum of law in support of Sempra's motion, along with attached exhibits (doc # 41, 42, 43 and 45). Plaintiff opposed Sempra's motion and Sempra's counsel reviewed the opposition brief and affidavit submitted by Plaintiff (doc # 49, 50, 51). Sempra's counsel then prepared and submitted a Reply (doc #58). Sempra's counsel then prepared for, and attended, oral argument on the motion for summary judgment. Following this Court's ruling on the motion for summary judgment, Sempra moved for reconsideration (doc #69). In total,

Sempra's attorneys spent approximately 219 hours from the close of discovery through February 22, 2005, the date the Court issued its ruling on the motion for summary judgment, assisting Sempra in its defense. Sempra incurred approximately $90,087 in attorneys' fees during this phase of the litigation.

15.  After the Court issued its ruling on the motion for summary judgment, Sempra's attorneys prepared for trial. Pursuant to the Court's Final Pre-Trial Order (doc # 80), the parties attended a pre-trial conference before this Court on June 28, 2005. Prior to this conference, Sempra's attorneys prepared Sempra's portion of the Joint Pre-Trial Memorandum (doc # 97). In connection with this submission, Sempra's counsel prepared and filed the following motions in limine: (1) Motion in Limine Regarding Supplemental Jurisdiction Over Plaintiff's State Law Claim for Unreimbursed Business Expenses (doc # 90); (2) Motion in Limine to Exclude Evidence of Plaintiff's Alleged Damages Post-December 2002 (doc # 87); (3) Motion in Limine to Preclude Testimony of Previously Undisclosed Witnesses (doc # 86); (4) Motion in Limine to Exclude Evidence and Testimony Concerning Claims No Longer at Issue (doc #88); (5) Motion in Limine to Exclude Certain Hearsay Testimony and Evidence of Alleged Gender Discrimination Relating to Other Employees of Defendant (doc #89), (6) Motion in Limine to Require All Witnesses to Testify in Person at Trial (doc #112). Also, Sempra's counsel prepared its Proposed Findings of Fact and Conclusions of Law. In addition, Sempra's attorneys prepared its Opposition to Plaintiff's Motion in Limine (doc # 96, 143, 145, 158) and Opposition to Plaintiff's Motion for Additional Discovery (doc # 110). To prepare for trial, Sempra attorney's met or spoke with each of the following fact witnesses, each of whom testified at trial: David Messer, Sarathi Roy, Brian Cumming, Jamie Evans, Elizabeth Dwyer, Jacqueline Mitchell,

Page 6    DECLARATION OF RAYMOND W. BERTRAND IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES

LEGAL_US_W
# 53164499.1

PAUL HASTINGS LLP
1055 Washington Blvd.
Stamford, CT 06901
(203)961-7400

Joseph Howley, Michael Goldstein, Denise Freda and Christine Cantor. In addition, Sempra's attorneys interviewed and/or prepared to testify at trial the following witness, each of whom Plaintiff identified on her witness list: Steve Prince, Vincent Cookingham, Steve Soule and Gary Barth. For each of these fact witnesses, Sempra's attorneys prepared an outline to assist them with their questioning. At trial, Attorney Dollarhide and myself represented Sempra, along with the assistance of Judy Miller, a paralegal, and Ron Marino, a practice support analyst. The trial lasted four days, with the first three days being held in July and the last day on August 30, 2005. After the first three days of trial, Sempra's attorneys met with the following individuals and assisted them with the preparation of their affidavits: Denise Freda, Mark Parrott, David Messer, Jacqueline Mitchell, Joseph Howley, Sarathi Roy, Vincent Cookingham, Michael Goldstein, Peter Schultz and Wayne Kubicek (doc # 145). These affidavits set forth Sempra's efforts to collect documents and information responsive to Plaintiff's discovery demands and were submitted in further support of Defendant's Opposition to Plaintiff's Motion in Limine. In total, Sempra's attorneys spent approximately 1,188 hours from the date this Court issued its ruling on Sempra's motion for summary judgment through the date of judgment assisting Sempra in its defense. Sempra incurred approximately $523,788 in attorneys' fees during this phase of the litigation.

16. I verify that the attached business records reflect the charge for work Sempra's attorneys performed in the defense of this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: January 17, 2005

_____
Raymond W. Bertrand

## CERTIFICATE OF SERVICE

The undersigned, a member of the bar of this Court, hereby certifies that on this 17th day of January, 2006, a true and correct copy of the foregoing Declaration of Raymond W. Bertrand in Support of Defendant's Motion for Attorneys' Fees was served on the following counsel of record via hand delivery:

> Brendan J. O'Rourke, Esq.
> Jeffrey M. McCormick, Esq.
> Ann H. Brickley, Esq.
> O'Rourke & Associates, LLP
> 27 Pine Street
> New Canaan, CT  06840

_____
Raymond W. Bertrand

Page 9    DECLARATION OF RAYMOND W. BERTRAND IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES

LEGAL_US_W # 53164499.1

PAUL HASTINGS LLP
1055 Washington Blvd.
Stamford, CT 06901
(203)961-7400