UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>　　　　　　　　　Plaintiff,<br><br>- against -<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>　　　　　　　　　Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br>January 25, 2006 |

### SUPPLEMENTAL DECLARATION OF RAYMOND W. BERTRAND IN SUPPORT OF DEFENDANT'S BILL OF COSTS

**Pursuant to Federal Rules of Civil Procedure 54; Local Rule 54; 28 U.S.C. Sections 1920-1924**

I, RAYMOND W. BERTRAND, declare as follows.

1.　　I am an attorney duly licensed to practice law in this Court and in the State of Connecticut. I am an associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, counsel of record for Defendant Sempra Energy Trading Corp., in the above-captioned action.

2.　　I submit this supplemental Declaration in further support of Defendant's Bill of Costs.

3.　　In her Objection to Defendant's Bill of Costs, counsel for Plaintiff contends they provided Defendant's counsel with a copy of the deposition transcripts for those witnesses deposed by Plaintiff.

1

4. Paul, Hastings, Janofsky & Walker LLP ("PHJ&W") has an established procedure for maintaining correspondence exchanged during the course of litigation. Each piece of correspondence is maintained in a correspondence file, which is kept in chronological order.

5. I have reviewed the correspondence file for this matter and was unable to located any correspondence or cover letter sent to counsel for Defendant by opposing counsel enclosing the deposition transcripts purportedly provided. Nor was I able to locate the actual deposition transcripts purportedly provided by Plaintiff's counsel. On information and belief, counsel for Defendant was not provided with a copy of deposition transcripts for witnesses deposed by Plaintiff.

6. On January 25, 2006, I contacted Goldfarb & Ajello Court Reporting Services, the court reporting service utilized by Plaintiff in this matter, and spoke with Melody Ajello. Ms. Ajello advised me that Plaintiff's counsel only purchased two copies of the deposition transcripts for depositions Plaintiff noticed. One of these transcripts is the "certified" copy that is sealed and presented to the Court at the time of trial pursuant to Fed.R.Civ.P 30(f)(1). The other copy presumably is the deposition transcript Plaintiff's counsel used throughout this litigation and at trial. If Plaintiff had indeed provided counsel for Defendant's with a copy of the deposition transcripts for their use, she necessarily would have had to order three deposition transcripts from the court reporting service. Ms. Ajello can be reached directly at (203)966-2309.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: January 25, 2005              _____
                                              Raymond W. Bertrand

## CERTIFICATE OF SERVICE

The undersigned, a member of the bar of this Court, hereby certifies that on this 25th day of January, 2006, a true and correct copy of the foregoing Declaration of Raymond W. Bertrand in Support of Defendant's Bill of Costs was served on the following counsel of record via regular U.S. mail:

>  Brendan J. O'Rourke, Esq.
>  Marianne F. Murray, Esq.
>  O'Rourke & Associates, LLP
>  27 Pine Street
>  New Canaan, CT  06840

_____
Raymond W. Bertrand

LEGAL_US_W # 53206242.1