Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2003 WL 1842876 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

**H**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Neville EVANS, Plaintiff,
v.
THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, et al., Defendants.
**No. 00 Civ. 5753(LAK).**

April 1, 2003.

African-American employee brought action under
Title VII and § 1981 against port authority and
supervisors alleging racial discrimination in failing
to promote, retaliation, and hostile work
environment. On defendants' motions for attorney
fees, the District Court, Kaplan, J., held that: (1)
port authority was not entitled to award of attorney
fees, and (2) supervisors failed to show that they
were entitled to award of attorney fees.

Motions denied.

West Headnotes

**[1] Civil Rights 78 €══1484**

78 Civil Rights
    78III Federal Remedies in General
        78k1477 Attorney Fees
            78k1484 k. Awards to Defendants;
Frivolous, Vexatious, or Meritless Claims. Most
Cited Cases

**Civil Rights 78 €══1592**

78 Civil Rights
    78IV Remedies Under Federal Employment
Discrimination Statutes
        78k1585 Attorney Fees
            78k1592 k. Awards to Defendants;
Frivolous, Vexatious, or Meritless Claims. Most
Cited Cases

Municipal corporation, as employer, was not
entitled to award of attorney fees, in lawsuit brought
by African-American employee who alleged racial
discrimination under Title VII and § 1981, although
corporation was prevailing party and employee's
case was weak. 42 U.S.C.A. §§ 1981, 2000e-5(k).

**[2] Civil Rights 78 €══1490**

78 Civil Rights
    78III Federal Remedies in General
        78k1477 Attorney Fees
            78k1490 k. Taxation. Most Cited Cases

**Civil Rights 78 €══1597**

78 Civil Rights
    78IV Remedies Under Federal Employment
Discrimination Statutes
        78k1585 Attorney Fees
            78k1597 k. Taxation. Most Cited Cases
Supervisors, as prevailing parties, failed to show
that they were entitled to award of attorney fees, in
lawsuit brought by African-American employee
who alleged racial discrimination under Title VII
and § 1981, although Title VII portion of case
against them was entirely frivolous; supervisors did
not allocate defense costs between Title VII claims
and remaining parts of defense, and they did not
address question of whether partly frivolous claim
raised at outset entitled them to recover entire cost
of defending themselves through trial. 42 U.S.C.A.
§§ 1981, 2000e-5(k).

ORDER

KAPLAN, J.
*1 [1] This employment discrimination action was
brought against the Port Authority of New York and
New Jersey (the "Authority") and a number of its
individual executives and employees pursuant to the
Civil Rights Act of 1964, as amended, 42 U.S.C. §
2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 2

Not Reported in F.Supp.2d, 2003 WL 1842876 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

The individual defendants were sued also under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Ad. C. § 8-502, as well, in certain instances, on common law theories. Defendants prevailed entirely in the action, partly on motions for summary judgment and partly by virtue of a unanimous jury verdict. The Authority and defendants Lee Home, Ernesto Butcher and Adrienne Holmes now move for attorneys' fees under Title VII as "prevailing parties. " *See* 42 U.S.C. § 2000e-5(k). In order to prevail on such a motion, the movant must establish that the plaintiff's action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christianberg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *see also Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984).

All of the defendants were prevailing parties. The remaining question on liability is whether they have satisfied the *Christianberg Garment* requirements.

The Authority has not made a sufficient showing to warrant an award of attorneys' fees against it. The Court granted its motion for summary judgment only in part, dismissing the hostile work environment and some failure to promote claims, but not others. While plaintiff's case even on the aspect of the case against the Authority was weak-so weak, in fact, that the Court seriously would have considered setting aside a plaintiff's verdict, had one been returned, as against the weight of the evidence-the Court is not prepared to say that the failure to promote claims that went to trial were so deficient that they met the *Christianberg* standard.

[2] The same cannot be said with respect to Messrs. Butcher and Home and Ms. Holmes. The Court granted summary judgment dismissing all claims against Home and all Title VII claims against Holmes and Butcher, leaving only small aspects of the original claims against them for trial Plaintiff then voluntarily withdrew the remaining claim against Holmes during trial. The jury found for Butcher on the modest remaining claim against him, which did not rest on Title VII.. Moreover, it

must be borne in mind that, to the extent the case was brought against these defendants under Title VII , it was entirely frivolous in light of the fact that co-employees of a corporate employer like the Authority are not proper defendants in a Title VII case. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1317 (2d Cir.1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Thus, insofar as this action was brought against the individual defendants under Title VII, it was frivolous from the outset.

*2 The difficulty that remains, however, is that individual movants have failed to address the question whether the fact that they prevailed on all claims and that the Title VII claims against them were frivolous from the outset entitles them to recover the entire cost of defending themselves. Nor do their papers suggest that they have allocated the defense costs as between the Title VII claims and the remaining parts of the defense.

One other point requires discussion. Defendants' motion also seeks to tax costs. This application must be made in the first instance to the Clerk.

Accordingly, the motion is denied in all respects. The denial is without prejudice to an application to the Clerk in the normal course to tax costs and to a renewed motion, provided it is filed no later than April 11, 2003, for attorneys' fees, bearing in mind the points made in this order.

SO ORDERED.

S.D.N.Y.,2003.
Evans v. Port Authority of New York and New Jersey
Not Reported in F.Supp.2d, 2003 WL 1842876 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:00cv05753 (Docket) (Aug. 03, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 31175221 (S.D.N.Y.), 90 Fair Empl.Prac.Cas. (BNA) 704
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

**H**
Briefs and Other Related Documents

United States District Court, S.D. New York.
Joann HORSFORD, Plaintiff,
v.
THE SALVATION ARMY and Edward Plesnitzer,
Defendants.
**No. 99 CIV. 5721(JCF).**

Oct. 1, 2002.

Black former employee from Trinidad sued former employer, alleging race and national origin discrimination in violation of Title VII. The District Court granted partial summary judgment for employer, and, following trial, entered judgment on jury verdict for employer on remaining claims. On employer's motion for award of attorney fees, the District Court, Francis, United States Magistrate Judge, held that: (1) motion was untimely; (2) employer did not make sufficient showing of excusable neglect; and (3) award of attorney fees was not warranted.

Motion denied.

West Headnotes

[1] **Federal Civil Procedure 170A** ⬭1597 2742.1

170A Federal Civil Procedure
    170AXIX Fees and Costs
        170Ak2742 Taxation
            170Ak2742.1 k. In General. Most Cited
Cases

**Federal Civil Procedure 170A** ⬭2742.5

170A Federal Civil Procedure
    170AXIX Fees and Costs
        170Ak2742 Taxation
            170Ak2742.5 k. Attorney Fees. Most
Cited Cases

Local Civil Rule for Southern District of New York establishing 30-day time limit for post-judgment motions to recover costs relates only to taxable costs, which do not include attorney fees. Local Civil Rules for Southern District of New York, Rule 54.1.

[2] **Civil Rights 78** ⬭1597

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1585 Attorney Fees
            78k1597 k. Taxation. Most Cited Cases
(Formerly 78k421)
Former employer did not make sufficient showing of excusable neglect to excuse untimely filing of motion for attorney fees as prevailing party in former employee's action alleging violations of Title VII. Civil Rights Act of 1964, § 706(k), as amended, 42 U.S.C.A. § 2000e-5(k); Fed.Rules Civ.Proc.Rule 6(b), 28 U.S.C.A.

[3] **Civil Rights 78** ⬭1592

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1585 Attorney Fees
            78k1592 k. Awards to Defendants; Frivolous, Vexatious, or Meritless Claims. Most Cited Cases
(Formerly 78k416)
Former employer was not entitled to award of attorney fees as prevailing party in former employee's action alleging violations of Title VII, even if employer's motion for fees was timely; employee's key claims survived summary judgment, indicating that employee's position was supported by some evidence and was likely not frivolous. Civil Rights Act of 1964, § 706(k), as amended, 42 U.S.C.A. § 2000e-5(k).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 31175221 (S.D.N.Y.), 90 Fair Empl.Prac.Cas. (BNA) 704
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

Anthony Ofodile, Esq., Brooklyn.
Cindy E. Molloy, Esq., Tratner and Molloy, New York.

## MEMORANDUM AND ORDER

FRANCIS, Magistrate J.

*1 This is an employment discrimination case in which the plaintiff, Joann Horsford, claimed to have been denied equal employment opportunities on the basis of her race and national origin. After prevailing at trial, Ms. Horsford's employer, the Salvation Army, and her supervisor, Edward Plesnitzer, now move for an award of attorneys' fees pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.* Because the application was untimely and because an award of fees is unwarranted in any event, the motion is denied.

### Background

Ms. Horsford worked for the Salvation Army as a child case worker in a group home for troubled girls. She filed this action in 1999, claiming that the Salvation Army and Mr. Plesnitzer had denied her promotional opportunities, subjected her to a hostile work environment, and ultimately terminated her because she is black and comes from Trinidad in the West Indies. She alleged that this conduct violated Title VII, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* and 42 U.S.C. § 1981 . She also asserted a claim for intentional infliction of emotional distress.

Following the completion of discovery, the defendants moved for summary judgment. The Honorable William H. Pauley, U.S.D.J., to whom the case was then assigned, granted the motion in part and denied it in part in a Memorandum and Order dated October 26, 2001. He dismissed the plaintiff's claims of race discrimination for lack of any evidence of race-based animus. Judge Pauley also rejected the plaintiff's hostile work environment claims both as time-barred and as unsupported by the evidence proffered. Likewise, he dismissed the Title VII claims against Mr. Plesnitzer since there is no provision for individual

liability under that statute. Finally, he found the plaintiff's claims insufficient to support a cause of action for intentional infliction of emotional distress.

However, Judge Pauley denied summary judgment with respect to the failure to promote and unlawful termination claims insofar as they were based on allegations of national origin discrimination. He found that Ms. Horsford had established a prima facie case based on generally satisfactory work history coupled with allegations that Mr. Plesnitzer had voiced a desire to "break up the West Indian house" where the plaintiff worked and that he had directed Ms. Horsford's direct supervisor to write disciplinary warnings against her. Although the defendants presented evidence that the plaintiff had been terminated for neglecting her responsibilities while making an unauthorized personal phone call, Judge Pauley found that disputed factual issues precluded summary judgment.

The parties then consented to proceed to trial before me pursuant to 28 U.S.C. § 636(c). Trial was held from April 29 to May 3, 2002, at the conclusion of which the jury rendered a verdict for the defendants. At that time, plaintiff's counsel indicated an intent to move for a new trial, while defendants' counsel expressed the desire to move for an award of fees. I directed counsel to agree on a briefing schedule, and I delayed entry of judgment to allow them to do so.

*2 When no timetable for motions was forthcoming from counsel, I caused the judgment to be entered on June 28, 2002. The defendants filed the instant motion on August 2, 2002.

### Discussion

#### A. *Timeliness*

Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure provides that any motion for attorneys' fees and related nontaxable expenses "must be filed and served no later than 14 days after entry of judgment," "[u]nless otherwise provided by statute or order of the court." In this case, the defendants

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 3

Not Reported in F.Supp.2d, 2002 WL 31175221 (S.D.N.Y.), 90 Fair Empl.Prac.Cas. (BNA) 704
**(Cite as: Not Reported in F.Supp.2d)**

filed their motion 35 days after judgment was entered, and it is therefore untimely on its face.

[1] The defendants, however, argue that their application should be considered on the merits for two reasons. First, they contend that, pursuant to local rule, the deadline for filing such a motion is 30 days, not 14 days, after entry of judgment. They rely on Local Civil Rule 54.1 which provides that " [w]ithin thirty (30) days after the entry of final judgment ... any party seeking to recover costs shall file with the clerk a request to tax costs [.]" This reliance is misplaced. The local rule relates only to taxable costs, and, as the rule itself makes clear, attorneys' fees are not taxable costs. Thus, the time limit for filing a fee application remains 14 days from the entry of judgment. *See Rosendale v. Iuliano,* No. 99 Civ. 11701, 2002 WL 2031564, at *2 (S.D.N.Y. Sept.4, 2002) (Local Civil Rule 54.1 not applicable to attorneys' fees motion); *Slader v. Pearle Vision Inc.,* 199 F.R.D. 125, 126 (S.D.N.Y.2001) (same).

[2] Second, the defendants ask that I retroactively extend the deadline and thus render their motion timely. Generally, once a deadline established by the Federal Rules of Civil Procedure has passed, it may only be enlarged on the basis of a motion in which the moving party demonstrates that the failure to comply was a result of excusable neglect. Fed.R.Civ.P. 6(b). Here, the defendants never filed a motion for enlargement, but merely raised their arguments in their reply brief. In any event, they have not made a sufficient showing of excusable neglect. Counsel for the defendants points out that she was absent from her office for substantial periods following the trial due to the death of her mother. There is no doubt that a personal tragedy close in time to a litigation deadline could excuse the failure to meet that deadline. But defendants' counsel has provided no details that would explain, first, the delay from the conclusion of the trial on May 3 to the entry of judgment on June 28, and then the additional delay until August 2. Therefore, the defendants' fee application is untimely.

B. *The Merits*

[3] Even if the defendants' motion had been properly submitted, I would deny it on the merits. Section 706(k) of Title VII provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee ... as part of the costs[.]" 42 U.S.C. § 2000e-5(k). A prevailing plaintiff in a Title VII suit is ordinarily entitled to an award of fees unless special circumstances would render such an award unjust. *See Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). By contrast, a prevailing defendant may not recover fees unless the court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *see also Dailey v. Societe Generale,* 915 F.Supp. 1315, 1325 (S.D.N.Y.1996), *aff'd in part and vacated in part on other grounds,* 108 F.3d 451 (2d Cir.1997); *Oppenheimer v. Charles Samelson, Inc.,* 903 F.Supp. 586, 586-87 (S.D.N.Y.1995). It is significant in this case that the plaintiff's key claims survived summary judgment. Although not dispositive, this indicates that the plaintiff's position was supported by some evidence and therefore was likely not frivolous. *See Walker v. NationsBank of Florida N.A .,* 53 F.3d 1548, 1559 (11th Cir.1995); *Hughes v. Regents of the University of Colorado,* 967 F.Supp. 431, 440-41 (D.Col.1996). Moreover, the evidence presented by the plaintiff at trial tracked her submissions on summary judgment, and there is no indication that she concocted testimony or fabricated proof. The jury, quite properly in my view, simply found the defendants' evidence far more compelling, but that is not sufficient to warrant a fee award.

*3 It is indeed unfortunate that a non-profit organization like the Salvation Army must bear the economic burden of defending a case such as this. However, it would be equally unfortunate-and contrary to the purposes of Title VII-if fear of liability for attorneys' fees were to chill the assertion of civil rights claims. *See Christianburg,* 434 U.S. at 422.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 4

Not Reported in F.Supp.2d, 2002 WL 31175221 (S.D.N.Y.), 90 Fair Empl.Prac.Cas. (BNA) 704
**(Cite as: Not Reported in F.Supp.2d)**

*Conclusion*

For the reasons set forth above, the defendants'
motion for an award of attorneys' fees is denied.

SO ORDERED.

S.D.N.Y.,2002.
Horsford v. The Salvation Army
Not Reported in F.Supp.2d, 2002 WL 31175221
(S.D.N.Y.), 90 Fair Empl.Prac.Cas. (BNA) 704

Briefs and Other Related Documents (Back to top)

• 1:99cv05721 (Docket) (Jul. 19, 1999)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.