# EXHIBIT A

STATE OF CONNECTICUT

COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

| | |
|---|---|
| SUSAN WOOD<br>*Complainant* | DECISION ON RECONSIDERATION |
| V. | REQUEST GRANTED |
| SEMPRA ENERGY TRADING CORP.<br>*Respondent* | CHRO NO. 0220365<br>EEOC NO. 16aa201087 |

## SECTION I – SUMMARY OF COMPLAINT AND ORIGINAL INVESTIGATION

The Complainant filed this complaint with the CHRO on April 17, 2002, alleging that the Respondent (her former employer) terminated her employment because of her gender and sexual orientation, in violation of Conn. Gen. Stat. §§ 46a-60, 46a-81, and Title 7. The Respondent filed an answer to the complaint on June 10, 2002, in which it denied the Complainant's allegations of discrimination. The Complainant filed a rebuttal to the Answer on July 22, 2002.

This case was dismissed pursuant to the MAR process on August 14, 2002, on the grounds that there was no reasonable possibility that further investigation would result in a finding of reasonable cause, and the parties were so notified by certified mail on that date.

## SECTION II – SUMMARY OF RECONSIDERATION

The Complainant filed this request for reconsideration on August 29, 2002, within the 15-day statutory deadline. In her request, the Complainant argued that the "reasonable possibility" standard is a low one, that the evidence submitted by Complainant, coupled with Respondent's

objection to producing documents in response to CHRO's Schedule A Request for Information, paragraphs 11(e), (g) & (h), should be enough to support her claim that reconsideration should be granted.

### SECTION III – ANALYSIS

Section 46a-54-62a(e) of the Regulations of the CHRO provides that a request for reconsideration may be granted if any one or more of the following is shown:

(1)   an error of fact or law should be corrected;

(2)   new evidence has been discovered; or

(3)   other good cause for reconsideration has been shown.

Both the first and the third of these three have been met in the present case.

First of all, it is almost impossible to tell from the MAR decision in this case what findings of fact or law were made which should be corrected, because the decision merely states: "The record did not support your claim that respondent's actions were motivated, at least in part, by the identified protected classes." There were no findings of fact at all. Therefore, this decision is insufficient as a matter of law, and this must be corrected.

Another independent ground upon which reconsideration should be granted is that the Respondent's Answer contains contradictions and a lack of any evidence to support it. For example, the Respondent admitted paragraph 21 of the complaint, which alleged that Complainant inquired of Mr. Roy at the termination meeting as to whether she had done anything inappropriate or wrong giving rise to the termination, and that Mr. Roy said "No". After admitting this, however, the Respondent included the following sentence in its Answer to

2

paragraph 21: "This assessment was based in part upon Mr. Roy's knowledge of Complainant's previous deal errors and questions about her professionalism (see paragraph 20) which contributed to her non-selection for the new group." In other words, it appears that Mr. Roy thought she <u>had</u> done some things wrong and/or inappropriate, but did not tell her. Why didn't he? Furthermore, there is <u>no</u> documentation to back up this assertion (e.g. performance appraisals), nor is there evidence to support the other assertion in the Answer to paragraph 21 that "the decision to terminate her employment was based upon his (Mr. Roy's) assessment of her potential for revenue generation." Where is the documentation to back up this assertion that Complainant's generation of revenue was less than others who were retained? Only a full investigation of this case can produce answers to these important issues. The question of how the Respondent treated others who were similarly situated to the Complainant should also be investigated. Respondent's refusal to provide any documentation or other evidence of its discipline/termination of others (which could have been redacted to avoid the privacy concerns asserted by Respondent), provides good cause for reconsideration. Another issue is whether the Complainant's problems with Mr. Howley contributed to her termination, and if so, whether her protected class status played any part in her dispute with Mr. Howley, through his alleged friendship with Mr. Roy.

Therefore, the reasons given by Complainant support reconsideration and a full investigation. Only after the above questions have been answered, and the above documentation has been obtained, can a cause or no cause determination be made.

## SECTION IV – RECOMMENDATION

For the reasons set forth herein, it is hereby recommended that this request for reconsideration be GRANTED.

___1/23/03___  
Date

___[signature]___  
David M. Teed  
Assistant Attorney General

## SECTION V – DECISION

RECOMMENDATION  
APPROVED/DISAPPROVED

___1/24/03___  
Date

___[signature]___  
Cynthia Watts Elder  
Executive Director  
Commission on Human Rights and Opportunities

4

# EXHIBIT B

# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Drive · San Diego, CA 92130
telephone 858 720 2500 · facsimile 858 720 2555 · www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(858) 720-2660
marydollarhide@paulhastings.com

June 7, 2005

28309.00004

**VIA FACSIMILE AND US MAIL**

Brendan J. O'Rourke, Esq.
O'Rourke & Associates, LLC
27 Pine Street
New Canaan, CT 06840

Re: Sempra v. Wood/Confidential Settlement Proposal

Dear Mr. O'Rourke:

Thank you for your input yesterday regarding the joint pre-trial memorandum. Please feel free to work with Ray Bertrand on the mechanics of preparing the pleading. He and I are in regular contact.

As for our continued discussion regarding settlement, Sempra Energy Trading ("SET") has authorized me to communicate the following good faith settlement proposal to Ms. Wood at this time. We believe the following accurately reflects the damages Ms. Wood is likely to receive in the event of a Plaintiff's verdict in this matter, with no discount being made to reflect Ms. Wood's risk of loss.

The proposed package consists of the following:

| | |
|---|---|
| Compensation from the date of termination (3/8/02) through year-end (12/31/02) | $ 101,563.02 |
| Severance of 1.4 months consistent with certain other employee separations | $ 14,925.80 |
| Additional Compensation for Emotional Distress | $ 50,000.00 |
| Grand Total | $ 166,488.82 |

Consistent with the Company's legal obligations under the Internal Revenue Code, SET is willing to structure the settlement to provide favorable tax treatment to Ms. Wood, thus enhancing the overall value of the package. SET would be willing to characterize 50% of the settlement funds as compensation for alleged emotional injury with a physical injury component (i.e., sleeplessness) such that it be insulated from taxes. The other 50% of the funds will be deemed compensation for back pay and subject to all applicable

SAN/116058.1

Paul Hastings
ATTORNEYS

Brendan J. O'Rourke, Esq.
June 7, 2005
Page 2

withholdings. Ms. Wood would obviously need to perfect a Stipulation of Dismissal before any payment could be made.

We each take a different view, I know, about the relative strengths of our cases on the merits. But even crediting Ms. Wood's arguments on liability, I do not see the exposure as significantly, if any, greater than SET is now offering.

I know you will communicate this offer to Ms. Wood, and hope that you will impress upon her the value of settling the case now, before both you and I incur additional fees preparing for trial.

I look forward to your prompt response. Please consider this offer open until 5:00 p.m. (EDT), Thursday, June 9, 2005.

Very truly yours,

Mary C. Dollarhide
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

MCD:ll

SAN/116058.1

# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
3579 Valley Centre Dr. • San Diego, CA 92130
telephone 858 720 2500 • facsimile 858 720 2555 • www.paulhastings.com

**FACSIMILE TRANSMISSION**

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Brendan J. O'Rourke | O'Rourke & Associates | (203) 966-5710 | (203) 966-6664 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Mary C. Dollarhide | (858) 720-2555 | (858) 720-2660 | MCD |

| client name: | Sempra Energy Trading | client matter number: | 28309.00004 |
|---|---|---|---|
| date: | June 7, 2005 | pages (with cover): | 3 |

**comments:**

Original to follow by mail.

**If you do not receive all pages, please call immediately Facsimile Center:**

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

SAN/112708.1