UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br><br>                Plaintiff,<br><br>v.<br><br>SEMPRA ENERGY TRADING CORPORATION,<br><br>                Defendant. | CIVIL ACTION NO.<br>3:03-CV-986 (JCH)<br><br><br><br>February 23, 2006 |

**REPLY IN SUPPORT OF DEFENDANT SEMPRA ENERGY TRADING CORP.'s MOTION FOR AWARD OF ATTORNEYS' FEES**

**I.  INTRODUCTION**

       While Plaintiff's Opposition brief attempts to circumvent the real issues relevant to the decision before this Court, the bottom line is that this Court's prior rulings found that Plaintiff's Title VII claims were groundless. Indeed, Plaintiff's Title VII hostile work environment claim failed at the summary judgment stage for two separate and independent reasons, and Plaintiff's remaining Title VII claims failed at trial because she could not make the minimal showing necessary to establish a prima facie case of discrimination or retaliation. Sempra respectfully submits that the Court should now exercise its discretion and award Sempra its attorneys' fees because:

- Sempra put Plaintiff and her counsel on notice of the frivolity of her claims at the outset of this case;

- Sempra's request for only a portion of its fees takes into consideration the need to fulfill the deterrent purpose of the statute, while not causing financial ruin to the Plaintiff; and

1

- Plaintiff rejected a reasonable settlement offer and required Sempra and the Court to unnecessarily expend significant resources.

Each of these facts support an attorneys' fee award in favor of Sempra.

## II. DISCUSSION

### A. This Court's Prior Rulings Establish That Plaintiff's Title VII Claims Were Without Foundation.

Plaintiff cannot, and does not, dispute that this Court granted summary judgment in Sempra's favor on two separate bases on the Title VII hostile work environment claim. See Wood v. Sempra Energy Trading Corp., NO. CIV.A.3:03CV986 (JCH), 2005 WL 465423 *8 (D.Conn. Feb 22, 2005). Nor does Plaintiff dispute that the Court found that the evidence she relied on at trial to support her remaining Title VII claims was so insubstantial that she failed to meet the "minimal showing" required to establish a prima facie case of discrimination or retaliation. See id. Wood v. Sempra Energy Trading Corp., NO. 3:03 CV 986 JCH, 2005 WL 3416126 *5-6, 8 (D.Conn. Dec 12, 2005). These rulings establish the factual predicate on which the Court can, in its discretion, elect to make an attorney's fees award in favor of Sempra. See Memorandum of Law in Support of Defendant Sempra Energy Trading Corp.'s Motion for Award of Attorney's Fees, at 3-8 (discussing import of Court's rulings under Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978)).

### B. Plaintiff's Hostile Work Environment Claim Was Groundless And Related to More Than The Howley Incident.

Plaintiff devotes a single paragraph of her Opposition (a footnote) to addressing Sempra's argument that the Court's summary judgment ruling on the Title VII hostile work environment claim justifies an award of attorney's fees. See Opposition Brief, at 5, f.n. 2. In the footnote, Plaintiff asserts that "[t]he allegations of hostility centered on Wood receiving negative treatment after making a complaint about the Howley incident. ... Thus, there is little

significance to the fact that partial summary judgment was granted Sempra on that aspect of the Title VII claim." Id.

Even a cursory inspection of the Court's ruling on the motion for summary judgment reveals that Plaintiff's Title VII hostile work environment claim had as much to do with Plaintiff's allegations concerning Sarathi Roy's alleged actions as it did with the Howley incident. See Wood v. Sempra Energy Trading Corp., NO. 3:03 CV 986 JCH, 2005 WL 465423 * 5, 14-15 (D.Conn. February 22, 2005). Further, even if Plaintiff's hostile work environment claim centered on the Howley incident and was closely related to her other Title VII claims, Plaintiff nevertheless failed to establish the minimum showing necessary to a establish a prima facie case of discrimination or retaliation. Thus, in light of the fact that the Court found that summary judgment on the hostile work environment claim was warranted on two separate and independent grounds and Plaintiff failed to establish the minimal showing necessary to support a prima facie case on her remaining Title VII claims, Plaintiff's Title VII hostile work environment claim should be deemed groundless.

C. **Plaintiff's Discrimination and Retaliation Claims Were Groundless.**

In her Opposition, Plaintiff minimizes the significance of the Court's Bench Trial Ruling and instead reargues the merits of her case, not by summarizing the record as a whole as the Court did in its ruling, but by selectively choosing facts and casting them in the light most favorable to herself.[1]

---

[1] Plaintiff also makes a number of factual assertions that are inaccurate. For example, in her Opposition, Plaintiff asserts that the CCHRO "held that Wood's complaint *had merit* ...." Plaintiff's Opposition to Defendant's Motion For Award of Attorney's Fees ("Opposition"), at 3. This assertion is incorrect. On August 14, 2002, the CCHRO dismissed Plaintiff's administrative complaint "on the grounds that there was no reasonable possibility that further investigation would result in a finding of reasonable cause." See CCHRO Decision on Reconsideration dtd. January 23, 2003. On August 29, 2002, Attorney O'Rourke, who worked as a CCHRO Hearing Officer from 1988 to 2000, requested that the agency reconsider its August

3

Plaintiff's legal analysis is flawed in two important respects. First, the determination of whether a case should be deemed groundless is to be decided on the record as a whole. It was based on this record that the Court determined the Plaintiff had failed to proffer sufficient evidence to support a prima facie case of discrimination or retaliation. See Wood v. Sempra Energy Trading Corp., NO. 3:03 CV 986 JCH, 2005 WL 3416126 *5-6, 8 (D.Conn. Dec 12, 2005). Having failed to make this minimal showing, it is certainly within the Court's discretion to award Sempra its attorney's fees.

Second, the Court is not required, as it was on the motion for summary judgment, to take the facts in the light most favorable to Plaintiff in deciding the pending motion. See, e.g., Blue v. U.S. Dept. Of Army, 914 F.2d 525, 535-36 (4th Cir. 1990) ("Cases that are ultimately viewed as frivolous may well survive . . . motions for summary judgment in which the evidence may be presented in sketchy fashion and credibility may not be taken into account.") (internal quotations and citations omitted). Rather, the Court can, and should, consider Plaintiff's credibility in assessing whether her claims were frivolous.[2] Id. Without specifically addressing

---

14, 2002 decision. The agency granted this request and identified five questions that needed to be answered before a no-reasonable-cause determination could be issued. In the concluding paragraph, the decision notes that "[o]nly after the above questions have been answered, and the above documentation has been obtained, can a cause or no cause determination be made." Notably, before the CCHRO could make this determination, Plaintiff quickly requested a right to sue letter. Thus, contrary to Plaintiff's assertion, the agency never had an opportunity to reconsider the merits of Plaintiff's claims. Further, as the Court is aware, the determination of whether a case is frivolous can be judged both when the litigation was brought, and also as the case evolved. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978) (an employer's fees motion may be granted if a court finds that a "[plaintiff's] claim was frivolous, unreasonable, or groundless, *or that the plaintiff continued to litigate after it clearly became so.*"). Since each of the questions the CCHRO raised were answered by the time discovery closed and the Court later decided that based on these facts and the record as a whole that Plaintiff failed to establish a prima facie case of discrimination or retaliation, Sempra respectfully submits it is within the Court's discretion to award Sempra attorney's fees.

[2] Plaintiff's credibility is of paramount importance in deciding the pending motion because her Title VII claims are almost entirely premised on her allegations concerning Sarathi Roy. See

4

this issue, Plaintiff's Opposition seeks to impose the heightened summary judgment standard on the pending motion by making credibility determinations in her favor on the points she raises in her Opposition. See, e.g., Opposition, at 5 ("Wood testified to a number of statements that Roy made seeking to prove that he had a stereotyped view of women as evidence of his unlawful motivations to terminate Wood."). While Sempra cannot know with certainty how the Court decided these issues, a fair reading of the Bench Trial Ruling suggests that the Court made these determinations in Sempra's favor. See, e.g., Wood v. Sempra Energy Trading Corp., NO. 3:03 CV 986 JCH, 2005 WL 3416126 *6 (D.Conn. Dec 12, 2005) ("Most significantly, this court also credits the testimony of Roy, who fired Wood, with regard to his reasons for terminating her."). Therefore, considering the record as a whole, the respective credibility of the parties and the fact that Plaintiff failed to proffer corroborative testimony with respect to her allegations, Sempra respectfully submits that Plaintiff's Title VII causes of action were groundless.

### D. Plaintiff's Continuation of the Suit After Discovery and a Settlement Offer Demonstrates Bad Faith and Supports an Attorney's Fee Award.

Plaintiff acknowledges in her Opposition that Sempra offered to settle this litigation for a sum that would have fully compensated her had she been allowed to continue her employment until December 2002, the date Sempra disbanded the Petroleum Derivatives Department and laid-off the marketers who worked in the department. Plaintiff rejected this offer and continued to pursue this senseless litigation. While Plaintiff argues that the Court should consider this fact in her favor in deciding the pending motion, this argument ignores the

---

Memorandum of Law in Support of Defendant Sempra Energy Trading Corp.'s Motion for Award of Attorney's Fees, at 7 (setting forth reasons why credibility issue should be decided in Sempra's favor and significance on pending motion).

economic realities of litigation. Further, contrary to Plaintiff's assertion, this fact supports making an attorneys' fees award.

Even in victory, there is no "upside" for Sempra. The company has incurred more than nine hundred thousand dollars in legal fees. Sempra also has invested hundreds of manpower hours. Sempra's marketers, traders, computer specialists, in-counsel and senior executives all have been entangled in assisting in the defense of this matter. The fact that Sempra offered to settle for a fraction of the cost it incurred in defending this case is not indicative that the Plaintiff's claims had merit; it simply made good business sense. To draw any other inference would discourage employer-defendants from considering settlement. Moreover, as discussed above and in Sempra's memorandum of law, the best indicators of whether Plaintiff's Title VII claims were groundless are the Court's summary judgment and Bench Trial rulings.

In deciding whether to exercise its discretion to award Sempra attorney's fees, the Court should consider the fact that Plaintiff rejected a reasonable settlement offer. See Christiansburg, 434 U.S. at 422 ("if a plaintiff is found to have brought or continued [] a [frivolous, unreasonable, or groundless] claim in *bad faith*, there will be an even stronger basis for charging [her] with the attorney's fees incurred by the defense."). While Sempra is mindful that it is important not to discourage individuals from bringing meritorious Title VII claims, there is an equally important public policy interest in not burdening federal courts with frivolous lawsuits. Also, parties' should be encouraged to accept a settlement where, as here, there has been a reasonable settlement offer. See, e.g., Morgan v. Union Metal Manufacturing, 757 F.2d 792, 796 (6th Cir. 1985) (affirming attorney's fee award in age and disability discrimination matter on common law ground that suit maintained in bad faith after plaintiff rejected settlement

offer that would have made her whole). Thus, an award of attorney's fees in this case is appropriate under <u>Christiansburg</u> and would promote equally important public policy goals.

### III. CONCLUSION

This Court's prior rulings establish that Plaintiff's Title VII claims were groundless and an attorneys' fee award is appropriate since Plaintiff refused to dismiss her Title VII claims after it should have become apparent to her that she could not prevail on them. Moreover, Plaintiff's rejection of Sempra's reasonable settlement offer caused Sempra and the Court to unnecessarily expend significant resources. Accordingly, based on the record before this Court, this Reply, and as the prevailing party under Title VII, Sempra respectfully requests an award of attorneys' fees in the amount of two hundred twenty-five thousand dollars ($225,000).

Dated: February 23, 2006        PAUL, HASTINGS, JANOFSKY & WALKER LLP

*Raymond W. Bertrand /C.R.*
_____
Mary C. Dollarhide (ct12251)
Raymond W. Bertrand (ct22968)
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Blvd.
Stamford, CT 06901
(203)961-7477

Attorneys for Defendant Sempra Energy Trading Corp.

## **CERTIFICATE OF SERVICE**

The undersigned, a member of the bar of this Court, hereby certifies that on this 23rd day of February, 2006, a true and correct copy of the foregoing Reply in Support of Defendant Sempra Energy Trading Corp.'s Motion for Award of Attorneys' Fees was served on the following counsel of record via regular U.S. mail to:

> Brendan J. O'Rourke, Esq.
> Jeffrey M. McCormick, Esq.
> O'Rourke & Associates, LLP
> 27 Pine Street
> New Canaan, CT  06840

_____
Raymond W. Bertrand

LEGAL_US_W # 70540956.2