UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN E. WOOD,<br>　　　　Plaintiff, | :<br>: |
| | :　　CIVIL ACTION NO. |
| v. | :　　3:03-cv-986 (JCH) |
| | : |
| SEMPRA ENERGY TRADING<br>CORPORATION, | : |
| 　　　　Defendant. | :　　APRIL 3, 2006 |

**RULING RE: DEFENDANT'S MOTION FOR AWARD
OF ATTORNEYS' FEES (DOC. NO. 162)**

The defendant, Sempra Energy Trading Corp., who prevailed in a bench trial before this court, has moved for the award for attorneys' fees pursuant to Fed. R. Civ. P. 54(d)(2), Local Rule 11, and 42 U.S.C. § 2000e-5(k). As grounds for its Motion, Sempra notes that it put the plaintiff and her attorney on notice of the "frivolity of her claims" well in advance of trial. Sempra seeks $225,000, which represents approximately one-quarter of the fees Sempra incurred after placing Wood on notice of what Sempra viewed as the "fatal defects" of her case.

The legal standard for the award of attorneys' fees in Title VII cases, pursuant to 42 U.S.C. § 2000e-5(k), has been well defined by the Supreme Court and the Second Circuit. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 228, 230 (2d Cir. 2004); AFSCME v. County of Nassau, 96 F.3d 644, 650 (2d Cir. 1996). First, because of public policy reasons, it is clear that the statute, while not distinguishing on its face between prevailing plaintiffs and defendants, requires that the standard for the award to a prevailing defendant is not the same as that of the basis of an award to a prevailing plaintiff. AFSCME, 96

F.3d at 650 (citing Christiansburg, 434 U.S. at 418-19).  In order to award a Title VII defendant employer legal fees, this court must make a finding that the Title VII claims were "frivolous, unreasonable, or groundless."  Christiansburg, 434 U.S. at 422.  As the Circuit has recently said in the Tancredi opinion, a trial court must resist the "understandable temptation to engage in post hoc reasoning" that because the plaintiff did not prevail, her "action must have been unreasonable or without foundation."  378 F.3d at 230 (citing Christiansburg, 434 U.S. at 421-22).

This court does not find the temptation strong in this case.  The court has present recollection of the trial of this case, the evidence it heard, and its ultimate decision in the defendant's favor as reflected in its Bench Trial Ruling (Doc. No. 160).  While the court did conclude that the plaintiff had failed to make a prima facie showing of discrimination (before addressing alternatively whether on the record as a whole she had met her burden of proof), the court does not view that as making her claims "frivolous, unreasonable, or without foundation."  AFSCME, 96 F.3d at 646.  The court was required to make difficult determinations about credibility and motivation.  Ultimately the plaintiff did not succeed in persuading the court of her view, but that in no way means that her claims were frivolous.  Indeed, the court's reaction to receiving the defendant's Motion for Attorneys' Fees, with the memory of its Ruling and those difficult decisions still fresh in its mind was that, if anything, its Motion might be viewed as frivolous.[1]  It is the court's clear view that the plaintiff's case had foundation and was not unreasonable, nor frivolous.  AFSCME, 96 F.3d at 646; Tancredi, 378 F.3d at 223, 230.

---

[1] In making this non-conclusory observation, the court does not seek to invite further motion practice under Rule 11.

For the foregoing reasons, the defendant's Motion for Attorneys' Fees is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 3rd day of April, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge