*NHCT*
*03-CV-986*
*HALL*

06-0374
Wood v. Sempra Energy Trading Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 0.23 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." Unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/), the party citing the summary order must file and serve a copy of that summary order together with the paper in which the summary order is cited. If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of June, Two thousand seven.

PRESENT:

> JOHN M. WALKER, JR.
> JOSÉ A. CABRANES
> *Circuit Judges,*
>
> RICHARD W. GOLDBERG*,
> *Judge.*



------------------------------------------------x

SUSAN E. WOOD,

> *Plainitff-Appellant,*

---

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

Issued as Mandate:   JUN 2 6 2007

-v.-                                                          No. 06-0374-cv

SEMPRA ENERGY TRADING CORP.,

                    *Defendant-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:       MARIANNE F. MURRAY, (Brendan J. O'Rourke, *on the brief*), O'Rourke & Associates, LLC, New Canaan, CT

FOR APPELLEE:        KELLY KOELKER (Mary C. Dollarhide, San Diego, CA, and Raymond W. Bertrand, Stamford, CT, *on the brief*), Paul, Hastings, Janofsky & Walker LLP, Atlanta, GA

       Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

       **UPON CONSIDERATION** whereof, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

       Plaintiff-Appellant Susan Wood ("plaintiff") appeals a judgment of the District Court entered in favor of defendant after a bench trial.  Plaintiff commenced the instant action in Connecticut Superior Court in May 2003 asserting claims of discrimination against the defendant employer; the action was removed to federal District Court in June 2003.  On appeal, plaintiff argues that the District Judge improperly considered an "ex parte submission" offered by defendant which, according to defendant, consisted of privileged documents showing compliance with plaintiff's discovery requests. Plaintiff seeks (1) vacatur of the District Court's judgment on the ground that consideration of such documents casts doubt on the Court's impartiality and denied plaintiff a fair trial, and (2) remand for a new trial before a different judge.

       We reject plaintiff's argument that the District Court's improperly considered *"ex parte"* evidence.  First, in denying the motion which gave rise to defendant's submission of the documents in question—*i.e.*, plaintiff's motion *in limine* seeking to compel defendant's compliance with various discovery requests—the District Judge explicitly stated that she did not rely on the documents.  Because we find no evidence in the record suggesting that this statement was inaccurate, we conclude that plaintiff's claim that she was prejudiced by the Court's reliance on these documents is without merit.  *Cf. Westwood Chem., Inc. v. Owens-Corning Fiberglas Corp.*, 445 F.2d 911, 918 (6th Cir. 1971) ("[I]n a trial to the court, it is presumed that evidence which is improper will be disregarded by the court.").

       Second, the District Court's consideration of the documents (absent reliance on them) did not cast doubt on the Court's impartiality.  Although plaintiff characterizes the relevant

2

documents as improper "*ex parte*" submissions, they were, in reality, merely documents submitted *in camera*, which courts may properly exercise their discretion to review. *See United States v. Zolin*, 491 U.S. 554 (1989) (holding that *in camera* review is permitted to assess the applicability of the crime-fraud exception to attorney-client privilege); *see also In re Grand Jury Subpoenas*, 318 F.3d 379, 386 (2d Cir. 2003) (noting that *in camera* review "is a practice both long-standing and routine in cases involving claims of privilege") (collecting cases). Plaintiff received adequate notice of defendant's request for *in camera* review and twice objected to the request in written submissions to the District Court. Any claim that plaintiff was prejudiced by the District Court's consideration of such documents is undermined by the fact that the reason the District Court granted defendant's request to consider the documents was to assess defendant's compliance with discovery obligations, rather than to aid its consideration of the merits of the parties' claims.

Accordingly, we conclude that the record is devoid of error. There is no suggestion of impropriety by Judge Hall in this record, or anything remotely resembling an appearance of impropriety. The judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By *Lucille Carr*

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by [signature]
DEPUTY CLERK

3