UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SUSAN WOOD

       v.                                      3:03cv986 (JCH)

SEMPRA ENERGY TRADING CORP.

**RULING ON BILL OF COSTS**

On December 16, 2005, judgment entered for the defendant after a bench trial ruling. Judgment was affirmed by U. S. Court of Appeals mandate on June 26, 2007. On July 10, 2007, the defendant submitted a Bill of Costs. On July 17, 2007, an objection was filed by the plaintiff and on July 31, 2007, the defendant filed supplemental declarations in support of its bill of costs. For the reasons stated below, the defendant's bill of costs is **GRANTED IN PART AND DENIED IN PART**.

      A. FEES OF THE CLERK: The defendant submits a claim for fees of the clerk in the amount of $150.00. The filing fee for the petition for removal in the amount of $150.00 is allowed pursuant to 28 U.S.C. § 1920 and Local Rule 54(c)(6)(iii). Costs are entered in the amount of **$150.00.**

      B. FEES OF THE STATE MARSHAL: The defendant submits claims for service fees of subpoenas. The defendants are allowed to recover costs for service only to the extent that the costs of service do not exceed the costs that would have been charged if the U.S. Marshal had effected service. United States v. Merritt Meridian Constr. Corp., 95 F.3d 153, 172 (2d Cir. 1996). Pursuant to Local Rule 54(c)(4)(i), witness fees are taxable when the witness has actually testified, or was necessarily in attendance during

the trial.

The defendant submits a claim for service of two trial subpoenas on Alberto Vogel, each in the amount of $196.00. The court record does not reflect that Vogel testified at this trial, and defendant's own submissions show that Vogel did not even attend the trial; these claims are therefore not allowed. The defendant also submits claims for service of two trial subpoenas on Brian Rickers, both in the amount of $196.00, for a total claim of $392.00. The supporting documentation does not show a breakdown of mileage fees charged, and the claim is therefore reduced to $45.00 for service of each subpoena, which is the statutory fee of the U.S. Marshal.

Service costs are entered in the amount of **$90.00**.

C. COURT REPORTER FEES - DEPOSITION TRANSCRIPTS: Defendant is entitled to costs for an original and one copy of the transcript and any court reporter attendance fees, to be taxed at the prevailing page rate in accordance with Local Rule 80. Pursuant to Vol VI, Chap. XX of the "Guide to Judiciary Policies and Procedures," maximum transcript rates for an original and one copy are $4.13 per page. Deposition transcripts are taxable "if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, or if they are necessarily obtained for the preparation of the case and not for the convenience of counsel." Local Rule 54(c)(2)(ii).

The plaintiff objects on the basis that the transcripts were provided to the defendant by the plaintiff. The defendant submits that the transcripts were not provided by the plaintiff, and there were no further submissions by the plaintiff in response to this claim.

The defendant submits a claim for the deposition transcripts of Vincent Cookingham in the amount of $157.50, and Steve Prince in the amount of $632.25. As Mr. Cookingham and Mr. Prince did not testify at trial, the defendant has not specifically shown that their depositions were successfully used in support of their summary judgment motion, and as the defendant has not otherwise shown (with sufficient specificity) why their deposition transcripts were necessary, those claims are not allowed.

The defendant also submits claims for deposition transcripts of Denise Freda in the amount of $168.75, Brian Cumming in the amount of $285.75, Joseph Howley in the amount of $351.00, David Messer in the amount of $364.50, Jacqueline Mitchell in the amount of $360.00, Sarathi Roy in the amount of $643.50 and Susan Wood in the amount of $1,070.70. The claims are allowed as all testified at trial, the court concludes that their use was necessary for preparation of the case, and the amounts claimed are within the statutory rates. The claim for the deposition and videotaping of Alberto Vogel in the amount of $1,178,75 is reduced to $775.41 to reflect the statutory page rate for the transcript, and the cost of videotaping (which was ordered by the court). The claims for the videotaping of the deposition of Sarathi Roy in the amount of $220.00, and Susan Wood in the amount of $1,187.40, are not allowed as no provision in Local Rule 54 authorizes the award of the costs of videotaping when such videotaping has not been ordered by the court.

Transcript costs are entered in the amount of **$4,019.61.**

D. COURT REPORTER FEES - TRIAL TRANSCRIPTS: Costs for trial and pre-trial transcripts are only allowed if approved by the court prior to trial, or if they are necessarily obtained for use in the case. See Local Rule 54(c)2(I). Condensed, ASCII

3

disk, expedited, or daily transcripts are recoverable as costs only when the court is convinced that it was necessary for the party to obtain transcripts in these formats. See Oscar Gruss & Son v. Lumbermans Mutual Cas. Co., 422 F.2d 1278, 1284-85 (2d Cir. 1970); Local Rule 54 (c)(7)(iv) (specifically prohibiting an award of costs for "an expedited or daily transcript produced for the convenience of counsel"). The defendant submits claims for trial transcripts for trial days 1, 2, and 3 in the amount of $3,566.40. The defendant also submits a claim for the transcript of a discovery conference, and for the fourth day of trial, in the amount of $1,328.80. The plaintiff objects to these costs. Because the court did not approve these expenses before trial, and because the court concludes that these transcripts were obtained for the convenience of counsel (rather than because they were necessary for use in the case), they will not be allowed.

The defendant additionally submits a claim in the amount of $167.91 for the summary judgment hearing transcript. This is not an allowable cost unless necessary for use in the case, and the court concludes that these transcripts were obtained for the convenience of counsel, rather than because they were necessary.

E. WITNESS FEES: The defendant submits a claim for the deposition witness fee for Alberto Vogel, in the amount of $64.00. The court notes that the supporting documentation is the same invoice that was supplied to support service of trial subpoena on Mr. Vogel. The statutory witness attendance fee is $40.00 per day, see 28 U.S.C. § 1821; therefore this claim is reduced to $40.00. The defendant submits a claim for the witness fee for Brian Rickers' attendance at trial in the amount of $55.00. Again, because the statutory witness attendance fee is $40.00 per day, this claim is reduced to $40.00.

Costs are taxed in the amount of **$80.00**.

F.  FEES FOR TRAVEL & LODGING: The defendant submits a claim for airfare for witness Jamie Evans in the amount of $3,503.85, with miscellaneous expenses in the amount of $152.33, and lodging in the amount of $297.14.  The plaintiff objects to the airfare claim on the basis that the airfare was not at the coach fare rate.  The defendant submits further documentation in the form of a declaration of a professional travel agent indicating that the amount of a typical coach fare for Mr. Evans's travel would be $2,828.98.  The airfare claim is therefore reduced to $2,828.98 and is allowed.  The miscellaneous expenses of $152.33, and the lodging expenses of $297.14, are reasonable expenses given the distance the witness was required to travel, and are supported by receipts.  These expenses are therefore allowed.

The defendant also submits a claim for airfare for witness Brian Cummings in the amount of $5,065.00, and lodging in the amount of $352.33.  The plaintiff objects to the airfare claim on the basis that the airfare was not at the coach fare rate.  The defendant submits further documentation in the form of a declaration of a professional travel agent indicating that the amount of a coach fare for Mr. Cummings travel would be $4,130.25.  The airfare claim is therefore reduced to $4,130.25 and is allowed.  The $352.33 lodging expense is a reasonable expense given the distance the witness was required to travel, and is supported by receipt, and is therefore allowed.

Travel and lodging costs are allowed in the amount of **$7,761.03**.

G. SUMMARY: For the reasons previously stated, the defendant's bill of costs are allowed as follows:

| | |
|---|---|
| Fees of the Court | $   150.00 |
| Fees of the State Marshal | $     90.00 |
| Fees of the Court Reporter | $ 4,019.61 |

| | |
|---|---|
| Fees for Witnesses | $     80.00 |
| Fees for Travel & Lodging | $ 7,761.03 |
| Total | $12,100.64 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Bridgeport, Connecticut, this 5th day of June, 2008.

Robin D. Tabora, Clerk

By_____/s/Chrystine W. Cody_____
         Deputy-in-Charge